IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Comes now the Plaintiff, Jeanne Ann Burton, Trustee, (the "Plaintiff" or "Trustee") by and through special counsel and pursuant to 11 U.S.C. §542, and Local Rule 9075-1, and moves this Court for an expedited order directing Afsoon Hagh ("Hagh"), Hagh Law PLLC ("Hagh Law") and First-Citizens Bank & Trust Company ("First Citizens") to immediately turn over to the Trustee, or alternatively to pay into the Court, $715,000.00 currently being held in a bank account at First Citizens in the name of Hagh Law and/or Hagh.

## NECESSITY FOR EXPEDITED RELIEF

1. By this Expedited Motion and pursuant to Local Rule 9075-1, the Trustee seeks entry of an Order (1) shortening the notice for responding to the Motion and establishing a response deadline of January 14, 2020 at 5:00 p.m. and (2) expediting a hearing on the Motion and scheduling such hearing for January 15, 2020 at 1:30 p.m. (the "Hearing").

2. The Trustee seeks to have the Motion decided on an expedited basis because the funds at issue in this matter are at risk of dissipation by midnight on January 17, 2020. Currently, Hagh Law, Hagh and First Citizens are enjoined from transferring the $715,000 at issue in this matter until midnight on January 17, 2020 by virtue of a Preliminary Injunction issued by the Williamson County Circuit Court. The injunction expires on January 17, 2020 and, based upon Hagh Law's violation of two prior state court orders regarding the safe-keeping of the funds, they will be immediately in jeopardy of dissipation upon the expiration of the injunction.

3. Notice of this Motion is being provided via the Court's electronic case filing system to all parties having filed a notice in the adversary proceeding, and is being sent by email to the United States Trustee's office, attorney John Spragens (who has informed undersigned counsel that he will be representing Defendant Hagh Law in this matter), counsel for the Debtor, and Defendant Afsoon Hagh. Notice will also be sent via Federal Express to Defendant First Citizens to the branch manager of its Franklin branch, to its Tennessee agent for service of process, and to the CEO of First Citizens. The Trustee submits that the notice of the Motion as provided for herein constitutes good and adequate notice of the Hearing.

4. The Trustee asks that the Court establish a response deadline of January 14, 2020 at 5:00 p.m., and that it set a hearing for January 15, 2020 at 1:30 p.m.

**MOTION FOR TURNOVER OF FUNDS**

1. This matter involves the safekeeping of $715,000 that the Trustee believes is property of this estate.

2. Upon information and belief, Cummings Manookian PLC ("CM" or the "Debtor") was a law firm founded by Brian Cummings and Brian Manookian ("Manookian") in 2015 that specialized in representing plaintiffs in personal injury and medical malpractice cases. In September 2018, Brian Cummings withdrew from CM. Subsequently, on December 2018, Brian Manookian's law license was temporarily suspended by the Tennessee Board of Professional Responsibility.

3. After the withdrawal of Brian Cummings from CM, Mr. Cummings took over as primary counsel of record (through his new law firm) on certain CM matters.

4. Not all CM files were outsourced to other counsel after December 2018. CM continued providing legal services to some existing clients until at least March 2019, through Afsoon Hagh. Hagh is a licensed attorney, is the wife of Manookian, and provided legal services to CM on certain cases both before and after December 2018.

5. On March 25, 2019, Afsoon Hagh formed Hagh Law PLLC with the Tennessee Secretary of State. The information filed with the Secretary of State shows that Hagh Law had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM). *See* Secretary of State Screenshot, attached hereto as Exhibit A.

6. On April 25, 2019, Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Plaintiffs") filed a motion (the "Receivership Motion") in the Williamson County Circuit Court asking the court to appoint a receiver to assist the Chase Plaintiffs in collecting a $750,000 sanctions award rendered jointly and severally against Brian Manookian, Mark Hammervold, CM and Hammervold PLC. The Receivership Motion is attached hereto as <u>Exhibit B</u>. In the Receivership Motion, the Chase Plaintiffs asked the court to appoint a receiver for the purpose of levying on choses in action belonging to CM and Hammervold PLC.

7. On June 20, 2019, the Williamson County Circuit Court granted the Receivership Motion and entered an order (the "Receivership Order") appointing Phillip G. Young (the "Receiver") as receiver for the purposes of collecting the CM and Hammervold PLC choses in action. The Receivership Order is attached hereto as <u>Exhibit C</u>. Among the powers granted by the court to the Receiver was: "The right to file notices of attorney'*[sic]* liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership. . . ."

8. In furtherance of this directive, the Receiver filed attorneys' liens in a number of cases, including the case of *Fitzgerald v. Osborne*, Williamson County Circuit Court Case No. 2018-CV-311 (the "Fitzgerald Case"), in which CM had served as plaintiffs' counsel.

9. The Fitzgerald Case settled on August 19, 2019. Pursuant to the non-confidential settlement agreement, the defendant in that case agreed to pay the plaintiffs $4,050,000.00 to settle the matter.

10. According to the engagement agreement between the plaintiffs and CM dated May 23, 2018, CM was to receive one-third of the fees from the settlement of the Fitzgerald Case. Based upon the settlement amount and the engagement agreement, CM was entitled to receive $1,350,000.00 in fees.[1]

11. The Receiver made demand on the defendant's counsel to remit $1,350,000.00 to the Receiver. The defendant's counsel refused, stating that Brian Manookian had directed him to remit the funds to Hagh Law PLLC. *See* August 21, 2019 email from Steven Meisner, attached hereto as Exhibit D.

12. Brian Manookian, as counsel for Hagh Law, argued that CM was entitled to no fees for two reasons: (1) because the engagement agreement between CM and the plaintiffs did not allegedly allow CM to receive any fees if it withdrew from representation; and (2) Brian Manookian, on behalf of CM, allegedly sent a letter to the plaintiffs on December 7, 2018 in which CM withdrew from representing the plaintiffs and disclaimed any rights to fees.[2] According to Manookian, CM waived its rights to attorney fees to allow the plaintiffs to retain new counsel in the case since Manookian had been suspended by the Board of Professional Responsibility.

13. The engagement agreement between CM and the plaintiffs did not, in fact, specify that CM was entitled to no attorneys' fees if CM withdrew from representation.

---

[1] There is some question as to whether the engagement letter is subject to any privilege. The Trustee will bring a copy of this agreement to the Hearing for possible in camera inspection, should the Court so desire.
[2] Again, there is some question as to whether this December 7, 2018 letter is subject to any privilege. The Trustee will bring a copy of this letter to the Hearing for possible in camera inspection.

14. Furthermore, even though CM allegedly notified the plaintiffs on December 7, 2018 that it was withdrawing as counsel and that it was waiving its rights to any attorneys' fees, CM never formally withdrew as counsel in the Fitzgerald Case and it kept representing the plaintiffs through attorney Afsoon Hagh. In fact, in the Fitzgerald Case, Brian Manookian filed a motion to withdraw as counsel of record on December 7, 2018, though he never submitted an order approving his withdrawal. The motion to withdraw filed by Brian Manookian specifically stated, "Afsoon Hagh continues to represent the Plaintiffs". The motion to withdraw is attached hereto as Exhibit E. That motion was signed by Brian Manookian, but included Afsoon Hagh's name, as attorneys for Cummings Manookian.

15. At least through March 2019, Hagh continued to file pleadings in the Fitzgerald Case on behalf of CM. *See* Fitzgerald Case Pleadings, attached hereto as collective Exhibit F. From March 2019 through the settlement of the Fitzgerald Case in August 2019, Hagh filed pleadings and/or made appearances through her new firm, Hagh Law, and Brian Manookian filed pleadings and/or made appearances through his new firm, Manookian PLLC.

16. Because the defendant's counsel in the Fitzgerald Case refused to turn funds over to the Receiver, the Receiver sought and was granted a temporary restraining order on August 23, 2019 (the "First TRO"). A copy of the First TRO is attached hereto as Exhibit G. The First TRO prevented the defendant in the Fitzgerald Case from delivering any attorneys' fees to Hagh Law.

17. Ultimately, Manookian and the Receiver entered into an Agreed Order Regarding Temporary Restraining Order (the "Agreed Order") on August 29, 2019. The

Agreed Order is attached hereto as Exhibit H. Pursuant to the terms of the Agreed Order, Hagh Law was ordered to hold $760,000 (the "Trust Funds") in an IOLTA trust account pending the Receiver's and/or the court's determination of the ownership of the Trust Funds; the remaining attorneys' fees from the Fitzgerald Case (totaling approximately $590,000) were released to Hagh Law. The $590,000 released to Hagh Law were, in fact, fees earned by CM.

18. In October 2019, Brian Manookian, as counsel for Hagh Law, informed the Receiver that the Trust Funds had been moved from Hagh Law's IOLTA trust account to a regular checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC". That account was maintained at First-Citizens Bank & Trust Company.

19. According to Manookian, Hagh and/or Manookian moved the Trust Funds because they were instructed by the Board of Professional Responsibility that it was unethical for Hagh Law to continue holding the Trust Funds in its trust account. So, without leave of court, Hagh and/or Manookian transferred the Trust Funds out of the Hagh Law IOLTA trust account.

20. Upon learning of the unilateral movement of the Trust Funds, and in order to protect the Receiver's interest in the Trust Funds, the Receiver filed a motion asking the court to order that the Trust Funds be paid into the Williamson County Circuit Court. That motion is attached hereto as Exhibit I.

21. The court issued an oral ruling on November 5, 2019 requiring Afsoon Hagh and/or Hagh Law to deposit the Trust Funds with the clerk of the Williamson County Circuit Court by noon on November 12, 2019. That same day Brian Manookian, as counsel for Hagh and Hagh Law, informed the court's assistant that he planned to submit a

competing order prior to November 12, 2019. *See* November 5, 2019 email from Brian Manookian, attached hereto as Exhibit J. However, on November 8, 2019, Manookian withdrew as counsel for both Hagh and Hagh Law. *See* Notice of Withdrawal, attached hereto as Exhibit K.

22. Ultimately, the court entered an Order Directing Hagh Law PLLC to Deposit Funds into Court on November 12, 2019. That order is attached hereto as Exhibit L. Pursuant to the terms of that order, Hagh Law was required to deposit the Trust Funds with the clerk of the Williamson Court Circuit Court by no later than noon on November 12, 2019.

23. The Trust Funds had not been deposited with the court as of November 18, 2019. Therefore, the Receiver sought and was granted a temporary restraining order (the "Second TRO") on November 18, 2019. The Second TRO is attached hereto as Exhibit M. Pursuant to the terms of the Second TRO, Afsoon Hagh, Hagh Law and First Citizens were each restrained from moving the Trust Funds or allowing the Trust Funds to be moved, pending further order of the court. The Second TRO was clarified and was extended in order to meet practical concerns and scheduling of the parties.

24. On December 10, 2019, the court held a hearing on the Receiver's request to enjoin the disposition of the Trust Funds. On December 13, 2019, the court entered a Temporary Injunction (the "Injunction") in which it enjoined Hagh, Hagh Law and/or First Citizens from transferring $715,000 of the Trust Funds until January 17, 2020 absent a further order of a court of competent jurisdiction. The Injunction is attached hereto as Exhibit N. All of the parties and the state court acknowledged that, due to the filing of this

8
Case 3:20-ap-90002   Doc 2   Filed 01/08/20   Entered 01/08/20 16:48:05   Desc Main
Document      Page 8 of 13

bankruptcy case, this Court was the appropriate forum to make a decision regarding the disposition of the Trust Funds.

25. 11 U.S.C. §541 defines what is considered property of the bankruptcy estate. Property of the estate is defined very broadly by the Bankruptcy Code, as including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1).

26. The Trustee has a legal and/or equitable interest in the $715,000.00 being held by First Citizens in an account for the benefit of Hagh and/or Hagh Law.

27. The estate has a legal interest in the $715,000.00 by virtue of the engagement agreement between CM and the Fitzgerald Case plaintiffs, dated May 23, 2018. While Brian Manookian, on behalf of CM, allegedly attempted to withdraw from representing those plaintiffs and disclaim any rights to fees on December 7, 2018, the court records from the Fitzgerald Case show that CM did not withdraw as counsel. In fact, Afsoon Hagh, explicitly on behalf of CM, continued filing pleadings and making appearances in the case. No counsel was ever substituted for CM nor did Afsoon Hagh or Brian Manookian ever file a notice of firm change or address change in the Fitzgerald Case. Simply put, the actions of Manookian and Hagh belie their attempt to paper a fraudulent transfer of the Fitzgerald Case fees from CM to their newly-created law firms.

28. Even if CM did not have a legal interest in the fees generated by the Fitzgerald Case, it has an equitable interest in those fees. Tennessee courts have found that a law firm is entitled to quantum meruit compensation for its services if the following elements are met: (1) there is no existing, enforceable contract between the parties involving the same subject; (2) the party seeking compensation proves that it provided

valuable goods and services; (3) the other party benefitted from the goods and services; (4) the parties to the transaction should have reasonably understood that the person providing the goods and services expected to be compensated; and (5) the circumstances demonstrate that it would be unjust to refuse the party compensation. *See, e.g., Johnson v. Hunter,* 1999 Tenn. App. LEXIS 783, *22 (Tenn. Ct. App. 1999) (citations omitted). A law firm that voluntarily resigns from a case does not necessarily forfeit its right to quantum meruit compensation. *See id.* (Two law firms had an agreement to serve as co-counsel and share fees; the relationship between the two firms broke down, causing one firm to withdraw; the court found that, even though the fee sharing agreement was unenforceable, the withdrawing firm was nonetheless entitled to quantum meruit compensation). Therefore, even if the CM engagement agreement was found to have been terminated, CM would nonetheless be entitled to some portion of the Fitzgerald Case fees on a quantum meruit calculation.

29. This Court has the statutory authority to determine whether property is, or might be, property of a bankruptcy estate, and to take all appropriate steps to safeguard that property: "These sections of Title 28 grant the Court statutory jurisdiction to determine property of a debtor's bankruptcy estate and to enforce the protections the Bankruptcy Code affords such property interests." *Sexton v. Dep't of Treasury, IRS,* 508 B.R. 646, 650 (Bankr. W.D. Va. 2014).

30. The Trustee has a legal or equitable interest in the $715,000 being held in the Hagh Law/Afsoon Hagh bank account at First Citizens, though it might take a trial of this adversary proceeding to fully determine the extent of those rights.

31. Hagh Law has demonstrated, by its willful violation of at least two prior court orders, that it cannot be trusted to safeguard these funds. It moved funds from a trust account to a regular bank account in contravention of a court order and it refused to deposit funds into the Williamson County Circuit Court, despite a court order to do so.

32. Based upon the facts of this case, First Citizens, Hagh Law and Afsoon Hagh should be ordered to turnover the $715,000.00 to the Trustee, where it can be safely deposited and held in the Trustee account established for this case pending the conclusion of this adversary proceeding or further order of this Court, pursuant to 11 U.S.C. §542. Alternatively, the Court should order First Citizens, Hagh Law and Afsoon Hagh to turnover the $715,000.00 to the Clerk of this Court for safekeeping, pending the conclusion of this adversary proceeding.

WHEREFORE, pursuant to LBR 9075-1, the Trustee respectfully requests the Court to enter an order (i) establishing a response deadline of January 14, 2020 at 5:00 p.m., (ii) setting a hearing in this matter for January 15, 2020 at 1:30 p.m., (iii) ordering First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Trustee for deposit in the Trustee's account, pending the conclusion of this adversary proceeding or further order of this Court, (iv) alternatively, ordering First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Clerk of this Court to hold, pending the conclusion of this adversary proceeding or further order of this Court, and (v) for such other and further relief as the Court deems equitable and appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served this 8th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, and the following individuals by email and/or Federal Express:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com

Afsoon Hagh
afsoon@haghlaw.com

First Citizens Bank & Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609
(Via FedEx)

First Citizens Bank & Trust Company
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919
 (Via FedEx)

First Citizens Bank & Trust Company
ATTN Branch Manager
228 S. Royal Oaks Blvd.
Franklin, TN 37064
(Via FedEx)

                                            /s/ Phillip G. Young
                                            Phillip G. Young