IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | | |
|---|---|---|
| DEAN CHASE; SANDRA CHASE; and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

**ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS' MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF**

---

This matter came before this court on May 23, 2019 on the Motion of Plaintiffs (a) pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, for the issuance of *Writs of Execution and Distringas/Fieri Facias* on the assets of defendants Cummings Manookian PLC and Hammervold PLC and to appoint a receiver for the collection of their choses in action (Counts I and II of the complaint); (b) for Relief pursuant to Tenn. Code Ann.§ 26-4-101 *et.seq.* (Count III of the Complaint), and (c) for temporary injunctive relief pursuant Tenn. R. Civ. Proc. 65.04 (Count IV of the Complaint) (hereinafter the "Plaintiffs' Motion"). The Court having first considered and denied in full the separate motions of defendant Hammervold PLC to dismiss the above captioned lawsuit and to disqualify Plaintiffs' counsel, as reflected by separate orders entered

contemporaneously herewith, and having thereafter further considered the merits of the Plaintiffs' Motion[1], the responses in objection filed thereto, and the arguments of all counsel at the hearing on this matter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

## COUNTS I AND II OF THE PLAINTIFF'S COMPLAINT

The Court **GRANTS** the relief requested in Plaintiffs' Motion as reflected in Counts I and II of the complaint, with certain conditions set forth herein to address: (a) the specific concerns of defendants Brian Cummings and Cummings Law concerning contacts with their clients, as raised in their written objection to Plaintiff's Motion and presented in oral argument at the hearing of this matter; and (b) to address one particular concern raised by defendant Brian Manookian concerning past settlements of cases where funds have already been released, as raised in oral argument of this matter.

Specifically, the Court finds it is necessary and appropriate to issue the requested writs and appoint a receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 in order to enable Plaintiffs to levy on the choses in action of Cummings Manookian PLC and Hammervold PLC, specifically any rights to money, or property of any kind, from any third party, including without limitation, from clients, counsel or co-counsel, and the contract or other rights arising under the Jeweler Agreements as referenced in Plaintiffs' Motion. The Court hereby appoints Phillip Young receiver of Cummings Manookian and Hammervold PLC for purposes of collecting all Choses of Action of these two entities, vesting in Mr. Young all of the usual powers and duties of a receiver under Tennessee law, including the following as requested in Plaintiffs' Motion and as modified herein:

---

[1] To the extent that capitalized terms are not otherwise defined herein, the Court incorporates the definitions for such capitalized terms used in Plaintiffs' Motion.

2

a. On-sight viewing (in native format) and making copies of all records of Cummings Manookian and Hammervold PLC related to any and all cases in which Cummings Manookian and/or Hammervold PLC had not yet, as of 1:00 p.m. on May 23, 2019 (hereinafter the "**Order Effective Date**") received all compensation they are owed, including but not limited to the specifically identified Pending Litigation of both, and the Jeweler Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b. On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c. The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d. Except as set forth below as concerns cases in which Brian Cummings or Cummings Law are sole or co-counsel, the right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian or Hammervold PLC, acting by or through any of their agents, were or are engaged

3

including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e. The right to make demand on any obligee owing money or property of any kind to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

f. The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g. The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Notwithstanding the foregoing, and in order to address the concerns raised by Brian Cummings and Cummings Law in their response, absent further court order, the Receiver is specifically ordered not to contact clients of Mr. Cummings or Cummings Law, and though no receiver has been requested in Plaintiffs' Motion as to Cummings Law, the court clarifies that the Receiver shall have no right to inspect the books and records of Cummings Law, absent further order of this Court. However, this restriction, and for that matter any other restriction on the receiver's rights under this order, or any other term of this order, shall not in any way impair the right of Plaintiffs to engage in such discovery in this action as it is entitled under the Tennessee Rules of Civil Procedure, Tenn. Code Ann. § 26-4-101 et. seq., and any other basis at law or in equity, or from otherwise executing on the Sanctions Judgment against any of the Sanctions Judgment Debtors.

4

To the extent deemed necessary and appropriate in the exercise of his discretion, the Receiver may apply directly to the Clerk of this Court, and the Clerk is hereby directed to issue to the Receiver, all such writs of Execution, Distringas, and/or Fieri Facias as the Receiver deems appropriate to carry out the Receiver's duties. The Receiver is hereby authorized to carry out said writs to take possession of the proceeds of any Choses in Action of Cummings Manookian and or Hammervold PLC as would the sheriff if the writs had been issued to the sheriff, to the same extent as set forth in Title 26 of the Tennessee Code and in Tenn. R. Civ. Proc. 69.

In order to avoid the risk of Plaintiffs recovering any amount in excess of the Sanctions Judgment Balance plus accrued interest thereon at that time, the Receiver is ordered to not distribute any money collected in this matter, either in the form of payments to the Receiver or payments to Plaintiffs, pending further order of this court. Likewise, and for the same reason, to the extent that Plaintiffs recover any portion of the Sanctions Judgment Balance via judgment execution efforts undertaken in the underlying case in which the Sanctions Judgment was rendered, Plaintiffs shall timely report same to the Receiver and to this court in order to allow the Receiver to avoid recovering an amount greater than the Sanctions Judgment Balance plus accrued post-judgment interest through that date.

## COUNT III OF LAWSUIT

The Court **GRANTS** Plaintiffs' request for relief pursuant to Tenn. Code Ann. § 26-4-101 *et. seq.* as requested in Count III of the Lawsuit filed in the above captioned matter. Specifically, the court **ORDERS** that, within 30 days of the Order Effective Date (as that term is defined above), each Defendant[2] shall file with this court, and provide to Plaintiff, (a) a sworn statement identifying

---

[2] Other than Mark Hammervold in his individual capacity, since Mr. Hammervold has not been personally served with the lawsuit at this time

5

all rights or interest in property, of any kind, tangible or intangible, matured or unmatured (including but not limited to cash, stocks, choses in action or money due), and known by Defendant to be, or believed by Defendant to be, owned in whole or in part by any of the Sanctions Judgment Debtors, or held in trust for any of the Sanctions Judgment Debtors (unless held in a trust that is exempt from the claims of creditors pursuant to Tenn. Code Ann. §35-15-501 through 509), regardless of whether such property could be levied upon by execution or not, (b) the last known location and holder of said property, and (c) all documents on which the foregoing belief is based. It is further **ORDERED** that all Defendants are (except as specifically provided below) prohibited from transferring, paying or delivering said property to anyone else; or consenting to, or participating in, the transfer, payment or delivery of said property to anyone else, and to the extent said defendant has possession or control of said property, the Defendant shall act as follows: (i) to the extent that the property in question constitutes proceeds of any chose in action of Cummings Manookian and/or Hammervold PLC (including but not limited to fees, expenses or other compensation due from any source) said proceeds shall be immediately remitted by the Defendant to the Receiver in such manner as directed by the Receiver in writing, and (ii) to the extent that the property in question is any other type of property, the Defendant is instructed to hold said property in trust for the benefit of Plaintiffs, pending further order of this court.

## COUNT IV OF LAWSUIT

Plaintiffs' separate request for injunctive relief pursuant to Tenn. R. Civ. Proc. 65 is DENIED.

Any relief sought in Plaintiffs' Motion not addressed specifically herein, and all relief sought in Plaintiffs' Motion as to Mark Hammervold personally, is reserved for future ruling by this Court.

6

**IT IS SO ORDERED.**

*[signature]*
**Judge David Allen**

Submitted for Entry:

*[signature]*

Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

*[signature]* Greg Oakley/with permission by DP

Gregory H. Oakley; No. 16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, a true and correct copy of the foregoing has been served by: first class mail, postage prepaid, except where indicated below, to:

Brian Manookian, Esq.,
45 Music Square West
Nashville, TN 37203

*Pro se and Counsel for Cummings Manookian, PLC, Manookian PLLC, and Afsoon Hagh*

Mark Hammervold, Esq.
1758 N. Artesian Ave.,
Chicago, IL 60647-5311

Mark Hammervold, Esq.
315 Deaderick St., Suite 1550
Nashville TN 37238

*Counsel for Hammervold, PLC*

Brian Cummings, Esq. **(via email only)**
4235 Hillsboro Pike, Suite 300
Nashville TN 37215
brian@cummingsinjurylaw.com

*Pro se and as Counsel for Cummings Law, LLC*

Daniel H. Puryear

**CLERK'S CERTIFICATE**
I hereby certify that a true and exact copy of foregoing has been mailed or delivered to all parties or counsel of record.

6/20/19

Date    Circuit Court

8