

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | |
|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., ) ) ) Plaintiffs, ) ) v. ) ) CUMMINGS MANOOKIAN PLC; ) MANOOKIAN PLLC; BRIAN ) PHILIP MANOOKIAN; ) HAMMERVOLD PLC; MARK ) HAMMERVOLD; CUMMINGS ) LAW LLC; BRIAN CUMMINGS; ) and AFSOON HAGH, ) ) Defendants. ) | No. 2019-221 |

## RECEIVER'S MOTION FOR ORDER DIRECTING HAGH LAW, PLLC TO DEPOSIT FUNDS INTO COURT OR, IN THE ALTERNATIVE, GRANTING ADDITIONAL TIME TO FILE A MOTION REGARDING FUNDS

Phillip G. Young, Jr. (the "Receiver"), the court-appointed receiver in this matter, purusuant to Tennessee Rules of Civil Procedure 67.01 and 67.02, hereby moves for an order directing Hagh Law, PLLC ("Hagh Law") to deposit into this Court $760,000.00 (the "Funds") it is holding from the settlement of the *Marty Fitzgerald et al. v. James Osborn* matter (the "Fitzgerald Case"). Alternatively, were the Court to deny that request, the Receiver requests additional time to file a motion regarding ownership and distribution of the Funds. In support of this Motion, the Receiver states as follows:

1. On August 29, 2019, the Court entered an *Agreed Order Regarding Temporary Restraining Order* (the "Order"). In the Order, the Court directed Hagh Law to retain $760,000.00 in its IOLTA trust account pending further order of this Court. More

Case 3:20-ap-90002   Doc 2-9   Filed 01/08/20   Entered 01/08/20 16:48:05   Desc
Exhibit I    Page 1 of 6

specifically, the Court provided in the Order: "If the Receiver claims that Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds, he may file a motion with this Court – or bring an action in any other Court of competent jurisdiction – within thirty (30) days. If the Receiver alleges that he has not been provided sufficient information to make such a determination, then the Receiver may file a motion with this Court seeking an extension of time within which to ask for disposition of the funds. If an extension of time is granted, Hagh Law PLLC shall deliver to the Receiver, at his request but not less than monthly, redacted account statements for the Hagh Law PLLC IOLTA trust account so that the Receiver may confirm that the $760,00.00 remains on deposit."

2. On September 24, 2019, the Court entered an *Order Granting Receiver's Request for Additional Time to File a Motion Regarding the Fitzgerald Settlement Funds and Directing Hagh Law, PLLC to Provide Proof of Funds* (the "September 24 Order"). That order extended the time in which the Receiver had to file a motion regarding the ownership and distribution of the Funds to October 28, 2019.

3. Since the September 24 Order, Hagh Law has, in fact, provided the Receiver with proof that $760,000.00 is being held in an account. However, it is unclear whether the account in which the Funds are being held are an IOLTA trust account or a normal checking account.[1] Brian Manookian, as counsel for Hagh Law, has informed the Receiver that the Tennessee Board of Professional Responsibility advised Hagh Law that it could not hold the Funds in an IOLTA trust account because the case that generated the Funds

---

[1] The bank account statement provided to the Receiver lacks any IOLTA or trust account designation.

had been concluded. Therefore, the Receiver was informed that Hagh Law had, or would soon be, transferring funds from an IOLTA trust account to a regular checking account in the name of Hagh Law.

4. The Order required that the Funds be held in Hagh Law's IOLTA trust account. The Receiver agreed to this provision because of the protected nature of trust accounts and because the Receiver believed that maintaining the Funds in a trust account removed any perception of misconduct. While the Receiver does not want to ask Hagh Law to violate an ethical prohibition from the Board of Professional Conduct, he believes that the Funds need to be better protected than the protections offered by a normal checking account.

5. Moreover, while the Receiver has received certain documents from Mr. Manookian and Hagh Law regarding the ownership of the Funds, he has yet to receive all documents that the Receiver believes are necessary for the determination of ownership and distribution of the Funds. Specifically, the Receiver has requested a copy of an alleged agreement between the *Fitzgerald* plaintiffs and Hagh Law, as well as a list of expenses incurred by Cummings Manookinan, PLC in relation to cases that Mr. Manookian claims were taken over by Hagh Law. The process of gaining access to these relevant documents has taken longer than the Receiver anticipated, and he does not want to file a motion with this Court each month asking for further extensions of time to make a determination about the ownership and distribution of the Funds.

6. Accordingly, pursuant to Tenn. R. Civ. Proc. 67.01 and 67.02, the Receiver respectfully requests that the Court order Hagh Law to deposit the Funds into this Court. Depositing the Funds with the Court will give all parties more protection (both in

perception and reality) than holding the Funds in a normal checking account, and will prevent the judicial inefficiency caused by the Receiver filing monthly motions to extend time until all relevant documents are produced.

7. Alternatively, if the Court is not inclined to order Hagh Law to deposit the Funds into the Court, the Receiver requests that he be granted an extension through December 31, 2019 to file a motion with this Court concerning the disbursement of the Fitzgerald Case settlement funds, pursuant to the provisions of the *Agreed Order Regarding Temporary Restraining Order* entered on August 29, 2019.

WHEREFORE, the Receiver respectfully moves this Court to grant this Motion and enter an order as follows:

A. Directing Hagh Law, PLLC to immediately deposit $760,000.00 into the Court, pending a further order of this Court regarding the ownership and distribution of those funds; or

B. Alternatively, granting the Receiver an extension until December 31, 2019 to file a motion with this Court concerning the disbursement of Funds, pursuant to the provisions of the *Agreed Order Regarding Temporary Restraining Order* entered on August 29, 2019; and

C. Granting such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.,
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

**THIS MOTION IS EXPECTED TO BE HEARD ON NOVEMBER 5, 2019 AT 11:00 A.M. IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com

Mark Hammervold
mark@hammervoldlaw.com
(email only upon request)

This 28th day of October, 2019.

_____
Phillip G. Young, Jr.