EXHIBIT

1
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | Adv. Proc. No. 3:20-ap-90002 |
| MANOOKIAN, PLLC; and FIRST-<br>CITIZENS BANK & TRUST COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

_____

**DECLARATION OF BRIAN MANOOKIAN**
_____

Pursuant to 28 U.S. Code § 1746, Brian Manookian declares as follows.

1.     I am an adult over the age of eighteen and am competent to make this declaration. I have personal knowledge of the matters stated herein.

2.     In January of 2015, I formed the law firm Cummings Manookian with Brian Cummings. The firm consisted of two lawyers – Brian Manookian and Brian Cummings – who served as partners in the firm. Cummings Manookian focused on plaintiff's side law with a particular specialty in medical malpractice cases.

3.     In May of 2018, I was asked by Marty and Melissa Fitzgerald to represent them in a case involving the death of their seventeen-year-old daughter in a motor vehicle accident. I

1

agreed to do so, and they entered into a standard Cummings Manookian engagement agreement retaining me as their lawyer.

4. The engagement agreement provided that both the client and Cummings Manookian had the independent right to terminate their relationship.

    a. In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.

    b. Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.

5. On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian. On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.

6. On September 21, 2018, I was temporarily suspended from the practice of law with an effective date of December 7, 2018. Pursuant to applicable Rules of Professional Conduct, on October 11, 2018, I moved to withdraw as counsel in the Fitzgerald matter.

7. On December 7, 2018, Cummings Manookian gave written notice to the Fitzgeralds of its termination of representation, and to request in writing that they obtain another firm or attorney to represent them. Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to

2

reimbursement for all advanced costs and expenses, which I estimated to be less than three thousand dollars ($3,000).

8.     Because Brian Cummings had left the firm, and I was suspended from the practice of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to other firms and attorneys capable of handling those specific matters.  A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field.  The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case.  Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.

9.     Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.

10.     At no time during Cummings Manookian's representation of the Fitzgeralds was an offer to settle the matter received.  Cummings Manookian did not effectuate any settlement of the case or the payment of monies to the Fitzgeralds.  Cummings Manookian did not secure any recovery for the Fitzgeralds.

11.     Hagh Law subsequently settled the Fitzgerald case on behalf of the Fitzgeralds. The Fitzgeralds paid Hagh Law a percentage of their recovery as compensation for services it provided in securing a recovery.   The Fitzgeralds did not pay any portion of the settlement to Cummings Manookian, and they did not consent to any portion of the settlement funds being paid to Cummings Manookian. Cummings Manookian has never been in possession of any portion of the Fitzgerald Fee.

3

I declare under penalty of perjury the foregoing is true and correct. Executed on January 13, 2020.

Brian Manookian

Case 3:20-ap-90002    Doc 7-1    Filed 01/14/20    Entered 01/14/20 15:05:57    Desc
Exhibit Declaration of Brian Manookian    Page 4 of 4