# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
|     Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HAGH LAW, PLLC; AFSOON ) | |
| HAGH; MANOOKIAN, PLLC; and ) | |
| FIRST-CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
|     Defendants. ) | |
| ) | Adv. Proc. No. 3:20-ap-90002 |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## PLAINTIFF'S REPLY TO HAGH LAW, PLLC
## AND AFSOON HAGH'S OBJECTION AND RESPONSE
## TO PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Comes now the Plaintiff, Jeanne Ann Burton, Trustee, (the "Plaintiff" or "Trustee")

by and through special counsel and files this Reply (the "Reply") to Hagh Law, PLLC and

Afsoon Hagh's Objection and Response to Plaintiff's Expedited Motion for Turnover of

Funds (the "Objection"), and in further support of her Expedited Motion for Turnover of

Funds (the "Motion").

Defendants Hagh Law, PLLC and Afsoon Hagh (the "Defendants") argue in their

Objection that 11 U.S.C. §542 does not authorize the relief sought in the Motion because

the ownership of the $715,000 is in "dispute." While the Trustee acknowledges that the

Defendants assert some claim to the $715,000, the Trustee does not believe that the Defendants' claim to those funds is a legitimate, good faith claim. They allege that, because the Debtor allegedly withdrew from representation of the Fitzgerald plaintiffs in December 2018, the Defendants are entitled to 100% of the more than $1,300,000 generated by the resolution of the Fitzgerald case. The Defendants ignore the fact that, despite the alleged disengagement letter, pleadings continued to be filed under the firm name of "Cummings Manookian PLC" for months after December 2018. They ignore the fact that no substitution of counsel or notice of change of address was ever filed in the Fitzgerald case. Finally, they have offered no evidence that either of the Defendants are entitled to a fee, despite multiple requests of any proof of the Defendants' alleged engagement. At best, they have offered evidence that the Defendants <u>might</u> be entitled to some quantum meruit claim to a portion of the Fitzgerald fees (since the Defendants have produced no engagement letter with the Fitzgerald plaintiffs); and the Defendants have already received more than $600,000 from those fees. For all these reasons, there is no good faith dispute that the remaining $715,000 are not property of the estate, both as a matter of law and equity. Any "dispute" to the ownership of the funds is only the result of the shell game that the Defendants are attempting to play with this Court; that is, because the Defendants were the alter ego of the Debtor.

However, even if the Court were to accept the Defendants' argument that there is a good faith dispute as to the ownership of the $715,000 currently subject to a state court injunction, this Court could still fashion injunctive relief under Rule 7065 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §105(a) that protects those funds.

Should the Court determine that injunctive relief is more appropriate than relief under §542, the issuance of an injunction rests within the trial court's discretion. *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). When determining whether to grant injunctive relief, the trial court should consider the following four factor test: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *PACCAR, Inc. v. TeleScan Techs., LLC*, 319 F.3d 243, 249 (6th Cir. 2003). Courts typically find that these are factors to be balanced and are "not prerequisites that must be met." *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1480 (6th Cir. 1995) (quotation omitted).

Here, Movant satisfies the four-factor test as follows: (1) Cummings Manookian PLC ( "Cummings Manookian" or the "Debtor") is entitled to all or some of the attorneys' fees earned as part of the settlement of the Fitzgerald Case (as that term is defined in the Motion); (2) this bankruptcy estate will suffer irreparable harm without injunctive relief; (3) the potential harm to Afsoon Hagh ("Hagh") and/or Hagh Law PLLC ("Hagh Law") does not outweigh the substantial harm that is likely to be suffered by this bankruptcy estate; and (4) the public interest will benefit from restraining parties from attempting to circumvent orders of courts and from dissipating assets in which a bankruptcy estate holds a substantial interest.

**A. The Debtor is likely to be found to be entitled to all, or the largest portion of, the attorneys' fees earned from the settlement of the Fitzgerald Case.**

By virtue of the engagement letter between the Debtor and the plaintiffs in the Fitzgerald Case, the Debtor (and now the Trustee) has a claim in law to its contractual share of the funds paid to resolve the Fitzgerald Case, in satisfaction of its attorneys' fees. No other engagement letter with any other party has been produced. However, even if the engagement agreement with Cummings Manookian was replaced with a subsequent engagement agreement with other counsel, and even if Brian Manookian's withdrawal had some legal effect, at the very least Cummings Manookian would be entitled to a recovery of attorneys' fees on the equitable basis of *quantum meruit*. *See also Gupton v.* Davis, 2012 Tenn. App. LEXIS 668, *23-29 (Tenn. Ct. App. 2012); *Castelli v. Lien*, 910 S.W. 2d 420, 427 (Tenn. Ct. App. 1995). Even viewing this in a light most favorable to Afsoon Hagh, and/or Hagh Law, PLLC (that Cummings Manookian ceased its representation of the plaintiffs when Hagh Law, PLLC was formed in March 2019), Cummings Manookian would be entitled to a share of the attorneys' fees earned in the Fitzgerald Case for its work performed prior to March 29, 2019. Therefore, the Trustee is likely to prevail, at law or on a theory of *quantum meruit*, in a claim to all or a portion of the attorneys' fees earned as part of the Fitzgerald Case settlement.[1]

Moreover, the state court entered an order on November 12, 2019 directing Hagh Law, PLLC to deposit with the clerk of the court $760,000.00 by Noon on November 12,

---

[1] Afsoon Hagh has already received over $600,000 from the Fitzgerald Case fees; $715,000 remain frozen pursuant to a state court injunction.

2019. No such deposit was made. The state court then, in considering these same facts, granted a temporary injunction. Therefore, the "likely to succeed on the merits" portion of the temporary restraining order has already been heard and decided; that is, the state court has already determined and ordered that the $715,000.00 must be safeguarded.[2]

**B. Without turnover or an injunction preventing the withdrawal or transfer of these funds, the Trustee and this bankruptcy estate face the prospect of losing a substantial source of income that might be due the Debtor; therefore, irreparable harm is likely.**

The following facts lead the Trustee to believe that Hagh Law, PLLC and/or Afsoon Hagh are likely to dissipate the $715,000.00 if it is not immediately frozen:

- Despite commencing the Fitzgerald Case (from which the $715,000.00 originates) and providing months of legal services to the Fitzgerald plaintiffs, Cummings Manookian was excluded from the payment of fees;

- Brian Manookian failed to disclose in the receivership that Cummings Manookian had represented the plaintiffs in the Fitzgerald Case;

- The settlement agreement that resolved the Fitzgerald Case specifically directed the defendant and his counsel to make the settlement funds payable to the plaintiffs and Hagh Law, PLLC, without any mention of Cummings Manookian;

---

[2] Note that the state court issued the injunction through January 17, 2020 only because all parties agreed that this Court was the appropriate forum to determine the long-term plan for these funds. It was anticipated that this Court would determine whether to order turnover, extend the injunction, or issue some other relief.

- Shortly after the Receiver filed an attorneys' lien in the Fitzgerald Case, Brian Manookian began demanding the immediate turnover of the Fitzgerald Case settlement funds, according to counsel for the defendant in that case;

- Hagh Law violated a prior order of the state court that required the $760,000.00 to be maintained in an IOLTA trust account; and

- Hagh Law violated a prior order of the state court that required it to deposit $760,000.00 with the clerk of the court.

This Court has the authority to Afsoon Hagh, Hagh Law, PLLC and its banking institution to turnover the funds in question or, in the alternative, to restrain their dissipation, and such action is the only way that the Court can safeguard these funds in which this estate has an interest.

**C. The potential harm to Afsoon Hagh and/or Hagh Law, PLLC does not outweigh the substantial harm that is likely to be suffered by the Trustee and this bankruptcy estate.**

As discussed above, the bankruptcy estate faces the irreparable harm of losing some or all of the $715,000.00 that was previously ordered to be deposited with the state court, and which has been the subject of a state court injunction. As outlined in the Motion, there is ample evidence that Cummings Manookian is entitled to some or all of the $760,000.00 at issue. There is no harm or very little harm that would be caused by maintaining the status quo and protecting $715,000.00 pending further determination as to its rightful owner. At most, this would cause a slight delay in the distribution of these funds while preserving the bankruptcy estate's claims to its legal or equitable portion of those funds.

**D. The public interest is best served by preventing Afsoon Hagh and/or Hagh Law PLLC from allowing the withdrawal or transfer of $715,000.00, thus preventing continued violations of court orders.**

The State Court appointed a receiver to collect debts owed to Cummings Manookian and Hammervold PLLC. By separate order, it ordered all defendants to that action (including Brian Manookian and Afsoon Hagh) not to attempt to transfer or divert assets of Cummings Manookian. Mr. Manookian and/or Ms. Hagh previously attempted to have all attorneys' fees due from the settlement of the Fitzgerald Case paid to Hagh Law, PLLC, to the exclusion of Cummings Manookian, which constituted an attempt to violate or circumvent a clear and direct order of the state court. Then, the state court ordered Hagh Law to maintain $760,000.00 in an IOLTA trust account which it violated by moving funds into a checking account. Subsequently, the state court ordered Hagh Law to deposit with the Court $760,000.00 for safekeeping, which it refused to do. Cummings Manookian then filed this bankruptcy in an attempt to divest the state court with authority to enforce its orders, though the state court did enter an injunction to freeze $715,000.00 temporarily in order to give this Court an opportunity to take action. It serves the public interest for a Court to take any and all necessary actions to ensure that other court orders are not violated. It also serves the public interest to preserve assets of a bankruptcy estate for distribution to a debtor's creditors. Safeguarding these funds, and thereby preserving assets that might be paid to creditors, furthers the public policy goal behind the Bankruptcy Code. Therefore, entry of a turnover order or a temporary injunction in this case is in furtherance of a public interest.

WHEREFORE, whether the Court considers the relief sought in the Motion a request for injunctive relief or a motion for turnover, the Court should enter an order (a) directing First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Trustee for deposit in the Trustee's account, pending the conclusion of this adversary proceeding or further order of this Court; (b) directing First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Clerk of this Court to hold, pending the conclusion of this adversary proceeding or further order of this Court; or, (c) at the very least, enjoining First Citizens, Afsoon Hagh and Hagh Law from withdrawing, transferring or otherwise removing the $715,000 currently on deposit with First Citizens.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton,
Trustee

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served this 14th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, including the following:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com

/s/ Phillip G. Young
Phillip G. Young