# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | Adv. Proc. No. 3:20-ap-90002 |
| MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

_____

## HAGH LAW, PLLC AND AFSOON HAGH'S MOTION TO STRIKE
_____

On the evening of January 14, 2020, the Trustee filed what she styled as a "Reply" to Defendants' Response to Plaintiff's Expedited Motion for Turnover of Funds. (Doc. 10.) The Trustee's "Reply" is not a reply in any commonly recognized sense of the word. It is a completely new motion requesting an injunction. That injunctive request is made on less than 24 hours' notice as a "Reply" to an already expedited motion that the Trustee has apparently now abandoned. The "Reply" should be stricken for the following reasons.

1. Plaintiff has raised entirely new issues in its Reply brief that were never argued in its initial motion. Those issues cannot be raised now. Hancock v. Soc. Sec. Admin., No. 3:18-cv-00220 (M.D. Tenn. Jan. 15, 2019) (Crenshaw, J.) ("[B]ecause this

1

latter argument was not raised until [the movant's] reply brief, the Magistrate Judge properly found the argument waived.") (citing <u>Kuhn v. Washentaw Cnty.</u>, 709 F.3d 612, 624 (6th Cir. 2013) (an argument is waived if not raised in the initial brief)); <u>accord</u> <u>Sanborn v. Parker</u>, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held ... that arguments made to us for the first time in a reply brief are waived."); <u>Laporte v. City of Nashville</u>, No. 3:18-CV-00282, 2019 WL 845413, at *4, n. 8 (M.D. Tenn. Feb. 21, 2019) (declining to consider argument that was raised "for the first time in her reply brief"); <u>In re First Energy Corp. Sec. Litig.</u>, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004) ("It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the opposition.") (collecting cases).

2. The Court did not invite a Reply Brief on Plaintiff's already expedited motion, nor do the Local Bankruptcy Rules contemplate a reply under these circumstances, much less one that requests entirely different relief, requiring entirely different analysis, briefing, and a substantial evidentiary showing.

3. To the extent the Plaintiff seeks to pursue injunctive relief, it should make that claim expressly and appropriately in a stand-alone motion.

For the above reasons, Plaintiff's improper "Reply" should be stricken.

2

Date: January 15, 2020

Respectfully submitted,

**John Spragens, TN Bar No. 31445**
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
P (615) 983-8900
F (615) 682-8533
john@spragenslaw.com
*Attorney for Hagh Law PLLC and Afsoon Hagh*

3

## CERTIFICATE OF SERVICE

I certify that on January 15, 2020, a true and correct copy of this Motion to Strike was

served upon all parties of record.

**Notice was electronically mailed to:**

PHILLIP G YOUNG on behalf of Plaintiff Jeanne Ann Burton
phillip@thompsonburton.com

**Notice will be delivered via FedEx to:**

First-Citizens Bank and Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609

**Notice will be delivered via hand delivery to:**

Manookian PLLC
c/o Brian Manookian, Managing Member
45 Music Square W
Nashville, TN 37203

**John Spragens**

4