# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | )<br>) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7<br>) Judge Walker |
| Debtor. | )<br>) |
| JEANNE ANN BURTON, TRUSTEE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Adv. Proc. No. 3:20-ap-90002<br>) |
| HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## HAGH LAW, PLLC AND AFSOON HAGH

Come now Defendants Hagh Law, PLLC ("Hagh Law") and Afsoon Hagh ("Hagh" collectively "Defendants"), by and through counsel, and for their Answer to the Complaint filed by Plaintiff Jeanne Ann Burton states as follows:

### **PARTIES**

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants deny that there exists any statutory predicate which would entitle Plaintiff to relief as alleged in Paragraph 9 of the Complaint.

## BACKGROUND

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except that they admit that Hagh is a licensed attorney and the spouse of Manookian. Defendants affirmatively state that CM ceased to be able to conduct business in December 2018. Defendant Hagh provided legal services individually and through Hagh Law when it was formed.

13. Defendants admit that Hagh filed at least one pleading that continued to contain the firm name of CM, but affirmatively state that as a matter of law, these filings must be deemed to be in her individual professional capacity because CM was no longer authorized to conduct business after the date on which the suspension of Manookian became effective.

14. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint, other than admitting that Manookian filed one or more motions to withdraw as counsel in the Fitzgerald case at some point in

time.

15. Defendants admit the allegations in Paragraph 15 of the Complaint

16. Defendants admit the allegations in the first sentence of paragraph 16 of the Complaint, and affirmatively state that the pleadings in in the various cases speak for themselves. Defendants deny that either Hagh or Hagh Law is a successor entity to CM as implied in paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 19 of the Complaint and affirmatively state that the pleadings filed in the various cases speak for themselves. Defendants deny that Manookian PLLC is a successor entity to CM as implied in paragraph 19 of the Complaint. The records in the various case files will speak for themselves.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

## THE RECEIVERSHIP

21. Defendants neither admit nor deny the allegations in Paragraph 21 of the Complaint. The case files in the subject lawsuit will speak for themselves.

22. Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint. The case files in the subject lawsuit speak for themselves, but Defendants deny that the receivership action created any right to collect amounts owed to CM beyond those rights existing as of December 2018 upon dissolution of CM.

23. Defendants are without knowledge or information sufficient to admit or deny the filing

of attorneys' liens as alleged in paragraph 23 of the Complaint, but deny that CM is entitled to anything other than cost advances in the cases pursued by the Receiver.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

### FITZGERALD CASE

25. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint as to the truth of the first sentence, however, the second sentence is admitted.

26. Defendants deny the case settled on August 19, 2019 as alleged in paragraph 26 of the Complaint and assert that the Settlement Agreement in this case speaks for itself.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the substance of the allegations in Paragraph 29 of the Complaint. Defendants affirmatively state that in addition to the position set forth by Manookian, applicable law precluded CM from recovering any fee other than costs advanced.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny that Defendant Hagh did anything in these cases on behalf of CM as alleged in paragraph 32 of the Complaint, but Defendants admit Hagh was retained by the Fitzgeralds.

33. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint. The documents in the Receivership

action speak for themselves.

34. The documents in the Receivership action speak for themselves. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint but suggest the record will speak for itself.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, other than to admit that Manookian license was suspended..

39. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint, but affirmatively state that the record in the receivership case speaks for itself.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint, except Defendants admit that none of the Fitzgerald settlement proceeds have been deposited with the court clerk in the receivership case, and Defendants' affirmatively state that the record in the receivership case speaks for itself.

41. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and affirmatively state that the record in the receivership action speaks for itself.

## FIRST CLAIM FOR RELIEF

(Conversion)

42. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

## SECOND CLAIM FOR RELIEF

(State Law Fraudulent Transfer)

46. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

(As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

50. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF

(Tortious Interference with Contract)

(As to Defendants Afsoon Hagh and Hagh Law)

57. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Successor Liability and Alter Ego)

(As to Defendants Hagh Law and Manookian PLLC)

62. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. The case quoted in paragraph 64 of the Complaint speaks for itself, but Defendants deny it is applicable in this matter.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants admit that CM provided legal services as described, but deny the remaining allegations in Paragraph 67 of the Complaint.

68. Defendants are without knowledge or information sufficient to admit or deny the first sentence in Paragraph 68 of the Complaint. Defendants deny the second sentence in Paragraph 68 of the Complaint, except to state that certain clients of CM are now clients of Hagh and/or Hagh Law. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69. Defendants affirmatively state that the schedules and claims filed in this bankruptcy speak for themselves and note that neither establishes the validity of any debt or asset of CM. Defendants deny the allegation in paragraph 69 of the Complaint that there were any transfers of CM's account receivables to Defendants and also denies that any action of Defendants had any effect on the ability of CM to pay its obligations as they came due.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

## SIXTH CLAIM FOR RELIEF

(Turnover)

(As to Defendants Afsoon Hagh, Hagh Law and First Citizens)

72. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

# SEVENTH CLAIM FOR RELIEF

(Declaratory Judgment)

(As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

77. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny all relief requested by Plaintiff in the "WHEREFORE, the Plaintiff requests that the Court enter a judgment" section of the Complaint and all its subparts and Defendants deny any and all allegations not addressed or expressly admitted above.

82. Defendants hereby deny all allegations in the Complaint to which they have not directly responded.

# AFFIRMATIVE DEFENSES

1. *Failure to State a Claim*.  Plaintiff's claims should be dismissed to the extent Plaintiff fails to state a claim upon which relief can be granted.

2. *Failure to Plead Fraud with Particularity*.  Plaintiffs' claims should be dismissed for failure to plead fraud with the particularity required by Tennessee Rule Civ. P. 9.02.

3. *Reservation of Right to Assert Additional Affirmative Defenses*.  Defendants reserve the right to assert any additional affirmative defenses allowed by applicable law and rules depending upon any evidence discovered in their defense of the Complaint.

WHEREFORE, Defendants respectfully request that the Court dismiss this lawsuit with prejudice, award Defendants their attorneys' fees and costs of this action to the extent provided by law, and grant such further relief as is just.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 16, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.