IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF MANOOKIAN, PLLC

Comes now Defendant Manookian PLLC, by and through counsel, and for its Answer to the Complaint filed by Plaintiff Jeanne Ann Burton states as follows:

### PARTIES

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant is without knowledge sufficient to admit or denies the allegations in Paragraph 5 of the Complaint.

1

## JURISDICTION AND VENUE

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies that there exists any statutory predicate which would entitle Plaintiff to relief as alleged in Paragraph 9 of the Complaint.

## BACKGROUND

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint, with the exception of Defendant admits that Afsoon Hagh is a licensed attorney.

13. Defendant admits that Hagh filed certain pleadings that continued to contain the firm name of CM, but affirmatively state that as a matter of law, these filings must be deemed to be in her individual professional capacity because CM was no longer authorized to conduct business after the date on which the suspension of Manookian became effective.

14. The allegations of Paragraph 14 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint, upon information and belief.

16. Defendant admits the allegations in the first sentence of paragraph 16 of the Complaint, and affirmatively states that the pleadings in in the various cases speak for themselves.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Admitted that Brian Manookian and Manookian PLLC were retained as counsel in certain cases from which CM had withdrawn as a result of Brian Cummings' withdrawal and Brian Manookian's suspension, and the resulting termination of CM's existence. Denied that Brian Manookian was required to file any notice of substitution of counsel or address changes. Denied that Brian Manookian "simply changed the firm name on his signature block."

20. Denied that CM had office space, furnishings, equipment, or client files on or after May 17, 2019. Denied that Manookian PLLC has "used" any CM property or case files such that compensation would be required. By law and rules governing professional conduct, the case files are owned by the client, not CM or Manookian PLLC.

## **THE RECEIVERSHIP**

21. Defendant neither admits nor denies the allegations in Paragraph 21 of the Complaint. The case files in the subject lawsuit will speak for themselves.

22. Defendant neither admits nor denies the allegations in Paragraph 22 of the Complaint. The case files in the subject lawsuit speak for themselves, but Defendant denies that the receivership action created any right to collect amounts owed to CM beyond those rights existing as of December 2018 upon dissolution of CM.

23. Defendant is without knowledge or information sufficient to admit or deny the filing of attorneys' liens as alleged in Paragraph 23 of the Complaint but denies that CM is entitled to anything other than cost advances in the cases pursued by the Receiver. Moreover, the case files speak for themselves as to their content.

24. The allegations of Paragraph 24 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

## FITZGERALD CASE

25. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint as to the truth of the first sentence, however, the second sentence is admitted.

26. Defendant denies the case settled on August 19, 2019 as alleged in Paragraph 26 of the Complaint and assert that the Settlement Agreement in this case speaks for itself.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies that Defendant Hagh did anything in these cases on behalf of CM as alleged in paragraph 32 of the Complaint, but Defendant admits Hagh Law and

4

Manookian PLLC were retained by the Fitzgeralds and that both Manookian Hagh filed pleadings and made appearances in the case.

33. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint. The documents in the Receivership action speak for themselves.

34. The documents in the Receivership action speak for themselves. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint.

36. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint but suggest the record will speak for itself.

38. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, other than to admit that Manookian license was suspended.

39. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint, but affirmatively state that the record in the receivership case speaks for itself.

40. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint, except Defendant admits that none of the Fitzgerald settlement proceeds had been deposited with the court clerk in the receivership case, and Defendant affirmatively states that the record in the receivership

5

Case 3:20-ap-90002    Doc 43    Filed 03/16/20    Entered 03/16/20 15:15:41    Desc Main
Document      Page 5 of 10

case speaks for itself.

41. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and affirmatively state that the record in the receivership action speaks for itself.

## FIRST CLAIM FOR RELIEF

(Conversion)

42. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## SECOND CLAIM FOR RELIEF

(State Law Fraudulent Transfer)

46. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

(As to Defendant Afsoon Hagh, Hagh Law and Manookian PLLC)

50. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF

(Tortious Interference with Contract)

(As to Defendant Afsoon Hagh and Hagh Law)

57. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Successor Liability and Alter Ego)

(As to Defendant Hagh Law and Manookian PLLC)

62. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. The case quoted in paragraph 64 of the Complaint speaks for itself, but Defendant denies it is applicable in this matter.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant admits that CM provided legal services as described but denies the remaining allegations in Paragraph 67 of the Complaint.

68. Admitted that Brian Manookian is the 100% owner of Manookian PLLC. Denied that

Afsoon Hagh continues representing CM's clients, as CM has no clients. The remaining allegations of this paragraph are denied.

69. Defendant affirmatively state that the schedules and claims filed in this bankruptcy speak for themselves and note that neither establishes the validity of any debt or asset of CM. Defendant denies the allegation in paragraph 69 of the Complaint that there were any transfers of CM's account receivables to Defendant and also denies that any action of Defendant had any effect on the ability of CM to pay its obligations as they came due.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

## SIXTH CLAIM FOR RELIEF

(Turnover)

(As to Defendant Afsoon Hagh, Hagh Law and First Citizens)

72. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

(Declaratory Judgment)

(As to Defendant Afsoon Hagh, Hagh Law and Manookian PLLC)

77. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

8

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies all relief requested by Plaintiff in the "WHEREFORE, the Plaintiff requests that the Court enter a judgment" section of the Complaint and all its subparts and Defendant denies any and all allegations not addressed or expressly admitted above.

82. Defendant hereby denies all allegations in the Complaint to which they have not directly responded.

## **AFFIRMATIVE DEFENSES**

1. *Failure to State a Claim*. Plaintiff's claims should be dismissed to the extent Plaintiff fails to state a claim upon which relief can be granted.

2. *Failure to Plead Fraud with Particularity*. Plaintiffs' claims should be dismissed for failure to plead fraud with the particularity required by Tennessee Rule Civ. P. 9.02.

3. *Reservation of Right to Assert Additional Affirmative Defenses*. Defendant reserve the right to assert any additional affirmative defenses allowed by applicable law and rules depending upon any evidence discovered in their defense of the Complaint.

WHEREFORE, Defendant respectfully request that the Court dismiss this lawsuit with prejudice, award Defendant their attorneys' fees and costs of this action to the extent provided by law and grant such further relief as is just.

Respectfully submitted,

/s/ John Spragens
John Spragens, TN Bar No. 031445
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing was filed March 16, 2020 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ John Spragens