IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No. 3:19-bk-07235
    Debtor. ) Chapter 7
) Judge Walker
BRIAN CUMMINGS, )
    Plaintiff, )
)
v. ) Adv. Proc. No. 3:23-ap-90036
)
BRETTON KEEFER; JEANNE )
BURTON, TRUSTEE; and AFSOON )
HAGH, )
    Defendants. )

## SECOND AFFIDAVIT OF BRIAN CUMMINGS

I, Brian Cummings, being duly sworn, state and affirm as follows:

1. My name is Brian Cummings. I am over eighteen (18) years of age and am competent to testify in all respects. I have personal knowledge regarding the matters stated in this Affidavit, which are true and correct.

2. I was counsel for Defendant Bretton Keefer in the matter of *Bretton Keefer, as surviving adult son and next-of-kin of his deceased mother, Chesta Shoemaker v. Vanderbilt University Medical Center and Dr. Gretchen Edwards*, Case No. 19C358 in the Circuit Court for Davidson County, Tennessee (the "*Shoemaker* case"). A true and correct copy of the Complaint I filed in the *Shoemaker* case is attached as Exhibit 1.

3. In late September 2020, Defendant Hagh's husband, Brian Manookian, made oral comments to me suggesting that I potentially had no right to payment of any portion of the fees earned in the *Shoemaker* case. Mr. Manookian shared his opinion that, based on the "Updated Legal Representation and Engagement" letter Defendant Keefer had signed with Manookian PLLC

WBD (US) 4925-1192-9486
Case 3:20-ap-90002    Doc    Filed 02/09/26    Entered 02/09/26 15:33:00    Desc Main
Document    Page 1 of 5

and the Attorney-Client Agreement dated April 19, 2017 between Cummings Manookian PLC and Defendant Keefer, that the potential existed that I would be paid no fee in the *Shoemaker* case.

4. To ensure that there was no doubt concerning the terms of my representation of Defendant Keefer, I asked Defendant Keefer to sign an Attorney-Client Agreement with my new firm. To my surprise, Defendant Keefer refused. Defendant Keefer explained that he had been expressly told not to sign any new Attorney-Client Agreement with me.

5. Defendant Keefer also told me that he believed I was trying to increase the total attorney's fee, even though I had clearly stated in the proposed Attorney-Client Agreement that the total fee paid to all attorneys would remain at 33.33%, the rate set forth in the April 19, 2017 Attorney-Client Agreement between Cummings Manookian PLC and Defendant Keefer.

6. After these discussions with Defendant Keefer and the issues with Defendant Hagh that I described in my January 23, 2026 affidavit, I called the Tennessee Board of Professional Responsibility ("BPR") for advice. As detailed in my January 23, 2026 affidavit, the BPR told me in no uncertain terms that I was required to withdraw.

7. I did not voluntarily withdraw from representation in the *Shoemaker* case. I was forced to do so by Defendant Keefer and Defendant Hagh. The BPR told me that, based on the statements of Defendant Keefer and Defendant Hagh, I was ethically required to withdraw and that I was required to withdraw effective immediately.

8. As directed by the BPR, I sent a letter to Defendant Keefer and Defendant Hagh on October 2, 2020. A true and correct copy of my October 2, 2020 letter is attached as Exhibit 2.

9. After the Court granted my Motion to Withdraw in the *Shoemaker* case, I filed a Notice of Attorney's Lien. A true and correct copy of my Notice of Attorney's Lien, filed November 27, 2020, is attached as Exhibit 3.

2

10. Jeanne Ann Burton, as Chapter 7 Bankruptcy Trustee for Cummings Manookian, also filed a Notice of Attorney's Lien in the *Shoemaker* case.

11. After the *Shoemaker* case settled, attorney Craig Gabbert with the law firm of Bass, Berry & Sims PLC requested that I send written confirmation that I agreed to his proposal that Defendant Keefer receive his portion of the settlement funds, John Edwards' firm receive its portion of the attorney's fee, and the balance of the settlement funds be sent to Mr. Gabbert's trust account, to which my lien would attach. A true and correct copy of an email Brian Manookian sent to me forwarding Mr. Gabbert's request is attached as Exhibit 4.

12. I agreed to Mr. Gabbert's proposal, and sent an email confirming this agreement to Mr. Gabbert, Defendant Hagh, and an attorney at John Edwards' firm. In response, the attorney at Mr. Edwards' firm confirmed that Mr. Gabbert would hold "the attorney's fees in trust in compliance with [my] attorney's lien." A true and correct copy of this email exchange is attached as Exhibit 5.

13. Approximately one month later, Mr. Gabbert sent an email to Phillip Young and copying a number of attorneys, including Defendant Hagh and me, stating: "Your client's claim/lien has attached to my escrow account by agreement, as has those of Brian Cummings and Phillip North's client. I am holding the fee there. The only thing I released were the funds necessary to pay/reimburse actual costs of travel, experts, etc." A true and correct copy of Mr. Gabbert's email is attached as Exhibit 6.

14. I have not been asked to consent to the release of any of the escrowed funds that are being held in compliance with and subject to my attorney's lien.

3

Further the Affiant sayeth not.

_____
Brian Cummings

State of Tennessee )
)
County of Davidson )

Sworn to and subscribed before me, this the 9th day of February, 2026.

_____
Notary Public

My Commission Expires: 03/06/2029

4

WBD (US) 4925-1192-9486

Respectfully Submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Elizabeth S. Tipping
Elizabeth S. Tipping, No. 023066
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
Liz.Tipping@wbd-us.com
*Counsel for Plaintiff Brian Cummings*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed and served via the Court's ECF system this, the 9th day of February, 2026.

/s/ Elizabeth S. Tipping
Elizabeth S. Tipping

5