**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **BRIAN CUMMINGS,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:23-ap-90036** |
| | ) | |
| **BRETTON KEEFER; JEANNE** | ) | |
| **BURTON, TRUSTEE; and AFSOON** | ) | |
| **HAGH,** | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO OBTAIN TRANSCRIPT

Plaintiff Brian Cummings respectfully moves this Court for an Order granting him leave to obtain a copy of the transcript (at the rate established by the Judicial Conference of the United States) from the December 2025 trial in the Adversary Proceeding of *Burton v. Hagh*, Case No. 3:20-ap-90002 (the "Hagh AP"), prior to the date it will be available to the public, because the date it will be available to the public is after the trial in this case. In support of this Motion, Plaintiff states as follows:

1.      This Court conducted the trial in the Hagh AP on December 9-10, 2025. A transcript of the trial was prepared by the Court Reporter and filed on the docket. However, pursuant to the Court's standard procedures, electronic access to the transcript is restricted until May 7, 2026 and it may only be viewed (but not copied) at the Bankruptcy Court Clerk's Office. The Court Reporter has advised that the transcript is under seal and that relief must be sought from this Court in order to obtain a copy.

2.	Among the matters before the Court in the Hagh AP trial were the Trustee's claims concerning the attorney's fees in the case of *Bretton Keefer, as surviving adult son and next-of-kin of his deceased mother, Chesta Shoemaker v. Vanderbilt University Medical Center et al.*, Case No. 19C358 in the Circuit Court for Davidson County, Tennessee (the "*Shoemaker* case"). The instant case asks this Court to determine the proper allocation of the fees from the *Shoemaker* case, and the proof at the upcoming trial will include some of the facts presented during the Hagh AP trial. Additionally, two of the potential witnesses identified by parties in this case testified at the Hagh AP trial.

3.	The attorneys for all of the other parties have obtained (or have the ability to obtain) copies of the transcript from the Hagh AP trial. However, since Plaintiff was not a party to the Hagh AP (or represented by an attorney who also represents a party in the Hagh AP), he cannot obtain a copy of the transcript until the restriction is lifted on May 7, 2026, after the trial in the instant case. This significantly prejudices Plaintiff, as all other parties have access to and can use the Hagh AP trial transcripts for impeachment or other purposes at trial.

4.	Plaintiff's request that he be allowed to purchase a copy of the transcript from the Hagh AP trial will not prejudice any party. Plaintiff is making this request at this time because all parties in the Hagh AP have now had an opportunity to review and request redaction of the transcript and the period to request redactions has passed:

a.	The transcript was filed by the Court Reporter on February 6, 2026.

b.	The deadline to file a Notice of Intent to Request Redaction was February 13, 2026. According to the Court Docket, no party filed a Notice of Intent to Request Redaction.

c.  The deadline to file a Request for Redaction was February 27, 2026. According to the Court Docket, no party filed a Request for Redaction.

d.  The redacted transcript was due by March 9, 2026. Because no requested redactions were filed, no redacted transcript was necessary or filed.

*See* Hagh AP Docket, entries 377 and 378.

5.  Good cause exists to permit Plaintiff to obtain a copy of the transcript from the Court Reporter at the standard rate established by the Judicial Conference of the United States. The parties to the Hagh AP have elected not to request redaction of the transcript. Trial in this case will begin on March 23, 2026, and two witnesses from the Hagh AP trial have been identified as potentially testifying again. Without access to the transcript, Plaintiff will not be able to adequately prepare for trial or use prior testimony for cross-examination or impeachment purposes, but all other parties have access to the transcript and will be able to use it. This creates substantial prejudice to the Plaintiff and will undermine the fairness of the proceedings.

6.  Simultaneously herewith, Plaintiff is filing a motion seeking this same relief in the Hagh AP along with a Transcript Order Form so that his transcript order may be processed as soon as this Court rules.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order granting him leave to obtain a copy of the transcript from the December 2025 trial in *Burton v. Hagh*, Case No. 3:20-ap-90002, prior to the trial in this case, and authorizing the Court Reporter to provide the transcript to Plaintiff (at the rate established by the Judicial Conference of the United States).

3

Respectfully Submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By:  /s/ Elizabeth S. Tipping
Elizabeth S. Tipping, No. 023066
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
(629) 250-3388
Liz.Tipping@wbd-us.com
*Counsel for Plaintiff Brian Cummings*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed and served via the Court's ECF system this, the 11th day of March, 2026.

/s/ Elizabeth S. Tipping
Elizabeth S. Tipping

4