# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |

## MANOOKIAN PLLC'S RESPONSE TO TRUSTEE'S MOTION TO SCHEDULE PRETRIAL CONFERENCE OR TO ENTER PRETRIAL ORDER

Manookian PLLC responds as follows to the Trustee's request for a Pretrial Conference to narrow the contested issues and additionally correct various misstatements made therein. This matter is set for expedited hearing on October 20, 2021, at 11:00 a.m.

## BACKGROUND

1. This is an adversary proceeding that has been pending since January 8, 2020.

2. The Trustee instituted this action against two law firms and one lawyer making serious, significant, and scandalous claims against the AP Defendants. The Trustee simultaneously requested, and received, turnover of more than $700,000 in funds that do not belong to the Debtor; funds which, to date, remain escrowed with the Court.

3. Having instituted the action, the Trustee then promptly refused to litigate it. Instead, she has requested continuance after stay after continuance, all in an effort to avoid prosecuting her own claims.

4. The reason for her reticence is simple: the claims lack the slightest shred of factual or legal merit. In fact, many of the allegations are not only demonstrably false, but factually impossible.

5. For example, the Trustee has sued Afsoon Hagh for purportedly using the furniture and equipment at Cummings Manookian's former office building since November of 2019. <u>But Ms. Hagh has not utilized that building since the birth of her first child in July of 2018</u>. This is provable through years of surveillance video footage, key card swipe records, and on-site network logins. The Trustee's claims to the contrary are baseless and, to the present day, entirely unsupported. The Trustee simply made them up.

6. As another example, the Trustee has alleged that Manookian PLLC has both made and received "fraudulent transfers." But the Trustee refuses to identify any such transfer by date, parties, or property. <u>This is likely the case because Manookian PLLC has never made nor received a transfer of any kind, nor has it ever even held a bank account</u>. The Trustee's claims are not based in fact. Rather, again, they were simply made up.

7. The Trustee additionally variously alleged that:

   a. The Adversary Proceeding Defendants have done some undisclosed thing with some undisclosed "intellectual property" belonging to Cummings Manookian. <u>But the Trustee will not identify that purported intellectual property or what the Defendants are alleged to have done with it</u>.

   b. The Adversary Proceeding Defendants owe Cummings Manookian some undisclosed amount of money for some unspecified work. <u>But the Trustee will not detail what she is even asking for from the Adversary Proceeding Defendants or the grounds on which she would be entitled to such relief</u>.

8. These are serious claims against a lawyer and two law firms. They have serious consequences each day they remain outstanding.

9. In an effort to determine even the slightest bases for the Trustee's claims, the Adversary Proceeding Defendants have posed extensive written discovery to reveal what exactly she is alleging and upon what mistaken set of facts her allegations rest.

10. The Trustee has "responded" by objecting to, or otherwise refusing to answer, practically every Request for Admission, Interrogatory, and Request for Production.

11. The Trustee, for example, refuses to:

   a. Identify what furniture or equipment was used by Ms. Hagh;

   b. state what funds were supposedly improperly sent or received by Manookian PLLC;

   c. provide even a general description of the purported "intellectual property" supposedly taken from Cummings Manookian; or

   d. even describe the nature of any work of any kind done by Cummings Manookian that would somehow entitle it to relief from any of the Adversary Proceeding Defendants.

12. Against this backdrop, the Trustee has simultaneously refused to sit for a deposition such that the Adversary Proceeding Defendants can even attempt to ascertain where her factual allegations come from or why the AP Defendants were sued in this case. To that end, Counsel for Manookian PLLC requested dates for the Trustee's deposition over half a dozen times; those requests have been ignored.

13. In short, the Trustee was quick to make vague but highly inflammatory allegations—sounding in fraud—against an impeccably credentialed lawyer and two law firms, but when asked to provide evidence in support of her claims, she refuses.

14. This is an untenable situation for the Adversary Proceeding Defendants. The Trustee bolstered her meritless claims into a restraining order that has resulted in over $700,000 of money earned by and belonging to Hagh Law being held in escrow for over a year.

15. Moreover, having been sued for fraud (among other causes of action sounding in deceit and duplicitous financial behavior), Manookian PLLC, Hagh Law and Afsoon Hagh have had and continue to have significant reputational and other fallout impacting the Defendants' banking relationships and ability to acquire professional liability insurance.

## THE LIMITED CURRENT DISPUTE

16. The Parties have attempted to agree on a Pretrial Order laying out dates for discovery in an effort to move this long-pending case – with significant ongoing costs to the AP Defendants – to resolution.

17. The Parties are in agreement as to almost all dates and issues. There is primarily one point of disagreement.

18. The Trustee does not want to be required to respond to any Motions for Summary Judgment, regardless of when they are filed, until the last possible date under the Pretrial Order, up to seven months from now in July of 2022.

19. The AP Defendants, conversely, anticipate filing prompt Motions for Summary Judgment given that the claims against them are frivolous, without factual support, and incapable of factual support.

20. The Trustee's position is that she must first take discovery in order to determine if support exists for her claims. Then, and only then, should she be required to respond to any challenges to her Complaint.

21. But that is not how this works. *See generally* Fed. R. Civ. P. 56. The Trustee has filed suit making various significant and scandalous allegations. Rule 11 required that she already have a good faith factual and legal basis for such claims.

22. Moreover, neither Rule 56 nor Bankruptcy Rule 7056 limits the time when a party can file summary judgment.

23. Rule 56(d), however, addresses precisely the concern the Trustee raises. To the extent "a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition, the court may:

   a. Defer considering the motion or deny it;
   b. Allow time to obtain affidavits or declaration to take discovery; or
   c. Issue any other appropriate order." Fed. R. Civ. P. 56(d)

24. And that is precisely what should occur here. There should be no limitation on when the AP Defendants may file Motions for Summary Judgment. The Trustee should then be required to respond in opposition, or, alternatively, show by affidavit or declaration, under Rule 56(d), why she cannot respond.

25. Trustee, should not, however, be permitted to continue prolonging a frivolous adversary proceeding which has tied up significant funds for approaching two years, by preventing hearing on AP Defendant's forthcoming Motions for Summary Judgment <u>for another seven (7) months</u>.

For all of the foregoing reasons, Manookian PLLC requests the Court enter a Pretrial Order containing the discovery deadlines proffered by Manookian PLLC, and rejecting the Trustees' request to delay any hearing on summary judgment, unless and until she prevails on a Rule 56(d) motion.

Date:   October 19, 2021                                    Respectfully submitted,


*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed October 19, 2021 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


*/s/ John Spragens*