| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO COMPEL
## DISCOVERY RESPONSES FROM MANOOKIAN, PLLC

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Manookian, PLLC (the "Interrogatories") and Plaintiff's First Requests for Production of Documents Propounded to Defendant Manookian, PLLC (the "Requests") propounded to Manookian, PLLC ("Manookian Law") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Manookian Law.[1]  Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on

---

[1] Those documents are attached as collective Exhibit 1.

December 24, 2020. Due to the holidays, and upon request by counsel for Manookian Law, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 26, 2021, Manookian Law served responses to the Interrogatories, Requests, and the requests for admission. The responses are attached as collective <u>Exhibit 2.</u> The Trustee deemed Manookian Law's responses to the requests for admission adequate, but viewed Manookian Law's responses to the Interrogatories and Requests as seriously deficient. Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Manookian Law's responses to the Interrogatories and Requests until October 29, 2021. On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Manookian Law identifying the deficiencies in the responses to the Interrogatories and Requests. A copy of the Meet and Confer Letter is attached hereto as <u>Exhibit 3.</u> Notably, because Manookian Law had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Interrogatories and Requests by November 12, 2021. On November 12, 2021, counsel for Manookian Law responded to the Meet and Confer Letter in writing (the "Response"). The Response is attached hereto as <u>Exhibit 4.</u> In essence, the Response made clear that Manookian Law stands by its prior discovery responses, declined to provide any updated responses, but invited the Trustee's counsel to initiate a conference call with counsel for Manookian Law and Brian Manookian, individually. Counsel of the Trustee replied to the Response on

November 16, 2021 (the "Reply"). In the Reply, the Trustee declined the invitation to conduct a call with counsel for Manookian Law and his client, but expressed a willingness to conduct a call involving counsel only. Despite requesting a response by November 29, 2021, counsel for Manookian Law did not respond until December 3, 2021. In an email dated December 3, 2021, counsel for Manookian Law agreed to have a telephone call that involved counsel only. On December 7, 2021, counsel for the Trustee initiated that call and explained more fully the deficiencies with Manookian Law's responses. Counsel for Manookian Law agreed to consult with his client and inform the Trustee's counsel of their position. As of the date of this motion, no further communication has been received by the Trustee or her counsel

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Manookian Law's responses to the Interrogatories and Requests remain deficient. More specifically, the Trustee identifies the following continuing deficiencies with the amended responses:

- Interrogatory 5: Interrogatory 5 asks Manookian Law to identify from which specific cases it claims entitlement to some attorneys' fee, and in what amount. Manookian Law's response to Interrogatory 5 states that no fee is due it from most of the listed cases but states that the fees are "to be determined" in two cases, *Fitzgerald v. Osborn* and *Shoemaker v. Vanderbilt Medical*. Both of those cases have now settled and the Trustee is entitled to know whether Manookian Law claims entitlement to any fees therefrom. Manookian Law should be compelled to fully respond to

Interrogatory 5 and specifically identify in what fees, if any, it claims an interest.

- Interrogatory 8: Interrogatory 8 asks Manookian Law to state the legal and/or factual support for its claims to fees in certain cases identified in the responses to Interrogatory 5. Interrogatory 8 specifically requests "reference to any communication establishing the amounts to which the Defendant claims entitlement." Manookian Law does not identify the legal or factual support for any claim to fees, nor does it identify any documents. Manookian Law should be compelled to specifically identify the communications with clients or other counsel that are responsive to this interrogatory.

- Request 1: Request 1 seeks production of any document or communication that Manookian Law alleges supports the denials in its answer. Despite Manookian Law's repeated allegations that it is in possession of information that would disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Manookian Law has refused to provide any documents in response to this Request. Manookian Law should be compelled to respond to this Request and, to the extent it does not, it should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between

Manookian Law and plaintiffs to certain cases identified specifically in the Requests and Interrogatories. Manookian Law has refused to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged). Manookian Law offers to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Manookian Law should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 4: Request 4 seeks the production of documents or communications that evidence the termination of any attorney/client relationship between Manookian Law and any party to the cases specifically identified in the Requests. Manookian Law has refused to produce these documents on the grounds of attorney-client privilege (although disengagement letters are not privileged). Manookian Law offers to produce these communications "subject to entry of a suitable protective order", which the Trustee has provided. Manookian Law should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports its response to Interrogatory 5, namely the percentage of fees to which Manookian Law claims an interest in certain cases. Again, Manookian Law has refused to produce these documents. If Manookian Law's objection is one of privilege, the Trustee has proposed a protective order but Manookian

Law has not responded.  Manookian Law should be compelled to produce all documents responsive to Request 5.

- Request 8:   Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case.  Manookian Law objects, noting that "[t]he entity Manookian PLLC did not correspond with counsel for the Defendants in the Fitzgerald matter."  Manookian Law seems to take the position in this case that it, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter.  In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Manookian Law and counsel for the Defendants.  Since Manookian Law was formed in January 2019, and the Fitzgerald matter was settled in August 2019, there should be a finite set of documents that are responsive to this request.  Manookian Law should be compelled to produce all documents responsive to this request without hiding behind a false distinction between Manookian Law as an entity and Brian Manookian, its sole member.  Manookian Law also claims that correspondence with defense counsel in that matter might be privileged; the Trustee is unaware of any privilege that would extend to communications between opposing counsel.  Manookian Law should be compelled to produce the requested documents.

For the reasons outlined above, the Trustee requests that the Court compel Manookian Law to respond to the outstanding Interrogatories and Requests listed in this

Motion.[2]  The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[3]  Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties.  Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

Respectfully Submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:    615.465.6008
Fax:    615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

---

[2] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv)).
[3] *See* Fed. R. Civ. P. 37(a)(5)(A).

**RULE 37 CERTIFICATION**

I certify that I, in good faith, conferred or attempted to confer with Manookian Law's counsel in an effort to obtain discovery responses without court action. Specifically, on October 29, 2021 I sent counsel for Manookian Law a detailed "Meet and Confer Letter". Further written correspondence between counsel occurred on November 12, 2021, November 16, 2021, and December 3, 2021. I telephoned Manookian Law's counsel on December 7, 2021 attempting to resolve this dispute. Despite these attempts, and despite conversations regarding necessary discovery over the past year, Manookian Law has failed to adequately respond to the discovery as detailed in this Motion.

/s/ Phillip G. Young, Jr.

**Certificate of Service**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

John Spragens
Spragens Law, PLC
311 22nd Avenue, North
Nashville, TN 37203

This 20th day of December, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.