# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Walker |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) ) ) ) | Adv. Proc. No. 3:20-ap-90002 |
| Defendants. | ) | |

## MANOOKIAN, PLLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify each person that provided any information used to answer these Interrogatories.

**Response: Brian Manookian**

2. Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response: Objection, this interrogatory is overly broad. To the extent the Plaintiff wishes to identify specific contentions, denials, or defenses, Defendant is happy to address them on an individual basis. Otherwise, Brian Manookian generally has knowledge of the matters addressed in the Answer.**

3. Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response: Objection. This interrogatory is so absurdly overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant is happy to do so.**

4. Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response: Objection. This interrogatory is so absurdly overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant is happy**

2

to do so.  Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response:   Manookian PLLC disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client.  To the extent Plaintiff is inquiring into Manookian PLLC's entitlement to payment from the following cases, Manookian PLLC answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | To be determined. |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | None |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | None |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

3

6. List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response: Manookian PLLC does not utilize a website, email addresses, telephone numbers, or a physical address as it is not an operating entity.**

7. List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response: Brian Manookian (1/14/2019 -10/06/2020)**

8. State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," Manookian PLC as an entity has no contractual relationship with or did no work for the Plaintiff. For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or Manookian PLC may be entitled to some portion of a fee but has not made a claim to it.**

4

9. Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10. Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

5

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response: Objection. This is not an appropriate interrogatory. Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true. If Plaintiff would like Defendant to expound on any particular denial, Defendant is happy to do so upon submission of a specific interrogatory.**

Respectfully Submitted,

/s John Spragens /

John Spragens

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served by fax on the following on January 26, 2021:

Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:   (615) 465-6008
Fax:   (615) 807-3048
phillip@thompsonburton.com
Attorneys for Jeanne Ann Burton, Trustee


/s John Spragens        /

JOHN SPRAGENS

7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Walker |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) ) ) ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |
| Defendants. | | |

## MANOOKIAN, PLLC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: Objection.  This Request is absurdly overly broad and so general in nature as to defy good-faith response.  To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2. Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: Defendant has no documents or materials responsive to this request.**

3. Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Objection. Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection and related activities upon entry of a suitable protective order which Defendant believes can easily be reached by agreement.**

4. Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: Objection. Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit**

2

inspection and related activities upon entry of a suitable protective order which Defendant believes can easily be reached by agreement.

5. Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Objection. This Request is overly broad and unduly burdensome. Defendant will nevertheless attempt to respond. For the cases in which Manookian PLLC does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Manookian PLLC did no work on the matter and/or had no contractual relationship with the client. In fact, Manookian PLLC does not recognize certain of the cases and believes it may have never even interacted with the client. To the extent any non-privileged, responsive documents exist, inspection and related activities will be permitted as requested.**

6. Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response: Manookian PLLC has not advanced any expenses on any case to its knowledge.**

3

7.     Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response: Objection.   This Request is overly broad, unduly burdensome, and impossibly vague.   Every document and communication "related" to the "operation" of Manookian PLLC would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.   Notwithstanding the foregoing objection, documents related to the creation and formation of Manookian PLLC are available directly from the Tennessee Secretary of State.   For other non-privileged, responsive materials such as articles of incorporation, inspection and related activities will be permitted as requested.**

8.     Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

4

**Response: Objection.** This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine. Notwithstanding the foregoing, the pleadings in the *Fitzgerald* matter are available from the Williamson County Circuit Court Clerk. The entity Manookian PLLC did not correspond with counsel for the Defendants in the *Fitzgerald* matter.

9.     Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response:** Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal.

10.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

5

**Response: Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.**

11. Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response: Defendant did not reference any document in its responses to Plaintiff's First Set of Interrogatories, therefore no production is required in response to this Request.**

Respectfully Submitted,

/s John Spragens /

John Spragens

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served by fax on the following on January 26, 2021:

Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6008
Fax: (615) 807-3048
phillip@thompsonburton.com
Attorneys for Jeanne Ann Burton, Trustee

/s John Spragens /

JOHN SPRAGENS

7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                           )

)

CUMMINGS MANOOKIAN,     )    **Case No. 3:19-bk-07235**
PLLC,                      )    **Chapter 7**
    Debtor.             )    **Judge Walker**

)

JEANNE ANN BURTON,     )
TRUSTEE,                )
    Plaintiff,          )

)

v.                            )

)

HAGH LAW, PLLC; AFSOON     )
HAGH; MANOOKIAN, PLLC;     )
and FIRST-CITIZENS BANK &     )
TRUST COMPANY,         )    **Adv. Proc. No. 3:20-ap-90002**
    Defendants.

## MANOOKIAN PLLC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

1.     Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2.     Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3. Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED,**

4. Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN OR HAVE ANY OWNERSHIP INTEREST IN 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203. THAT PROPERTY IS OWNED BY 45 MSW PARTNERS.**

5. Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED, AS MANOOKIAN PLLC HAS NOT USED ANY FURNITURE, EQUIPMENT, COMPUTERS OR OTHER PROPERTY BELONGINING TO CUMMINGS MANOOKIAN, PLC LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESEE 37203.**

2

6.    Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:  ADMITTED, AS MANOOKIAN PLLC HAS NOT USED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN, PLC.**

7.    Admit that Brian Manookian is Defendant's only member.

**Response:  ADMITTED**

Respectfully Submitted,

/s John Spragens        /

John Spragens

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this document has been served by fax on the following on January 26, 2021:

Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:  (615) 465-6008
Fax:  (615) 807-3048
phillip@thompsonburton.com

Attorneys for Jeanne Ann Burton, Trustee


/s John Spragens          /

JOHN SPRAGENS

4