# THOMPSON BURTON PLLC

### ATTORNEYS AT LAW
#### A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

November 24, 2020

VIA U.S. MAIL AND ELECTRONIC MAIL

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

> **Re:** ***Burton v. Hagh Law, PLLC et al.***
> **Discovery Propounded to Afsoon Hagh and Hagh Law, PLLC**

Dear Craig:

Please find enclosed discovery propounded to your clients, Afsoon Hagh and Hagh Law, PLLC, by my client, Jeanne Ann Burton, Trustee. Please contact me with any questions.

Sincerely,

1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No. 3:19-bk-07235
    Debtor. ) Chapter 7
) Judge Walker
JEANNE ANN BURTON, TRUSTEE, )
    Plaintiff, )
)
v. )
)
HAGH LAW, PLLC; AFSOON HAGH; )
MANOOKIAN, PLLC; and FIRST- )
CITIZENS BANK & TRUST )
COMPANY, )
    Defendants. )
) Adv. Proc. No. 3:20-ap-90002

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO DEFENDANT HAGH LAW, PLLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Interrogatories (the "Interrogatories") to Defendant Hagh Law, PLLC ("Defendant") and requests that Defendant respond to the following Interrogatories, separately and fully, under oath and within the time provided by law.

### DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.    *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.    *"Answer"* means the Answer by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

2

E.     *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

F.     *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.     *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.     *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.     *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.     *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.     *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the

3

business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L. *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M. *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N. *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O. *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P. *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

4

Q.  *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

## INSTRUCTIONS

1.  When asked to identify a document, state: (a) its location; (b) the location of all copies of the documents that are not identical duplicates of the original; (c) the name and title of each person presently in charge of the custody and maintenance of the original and all non-identical copies; (d) the date of the original and all non-identical copies; (e) the author and signatories of the original and all non-identical copies; (f) its length; (g) the original document's content and how each non-identical copy differs from the original; and (h) each person who received the original or a copy of the document. If the document is available only in machine-readable form, state the form in which the document is available and the type of machine required to read the document. If the document was, but no longer is, in your possession, custody or control, state or identify: (a) what disposition was made of the document; (b) the date of the disposition, and (c) each person that either authorized or has knowledge of the disposition.

2.  When asked to identify a natural person, state his or her: (a) name; (b) title or position; (c) present or last known business address; (d) present or last known home address; (e) present or last known business telephone number; (f) present or last known home and/or mobile telephone number. If the person no longer is employed by the person for which he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employment of the person and his/her title or position when he/she engaged in the activity that is the subject of the interrogatory.

3.  When asked to identify a non-natural person, state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of

5

business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the organization with respect to the subject matter stated in the interrogatory; and (e) the relationship of the entity to the parties to this proceeding; and (f) the name, address and phone number of any attorney who has contacted the Defendants or the Defendants' agents on behalf of said entity.

4.      When asked to identify a transfer of property, state: (a) the date and amount (in dollars if made in cash or as a measure of the fair market value of other property transferred, if other than cash) of the transfer; (b) the mode of the transfer (such as by check, cash, other property, memorandum, book entry or other method of transfer); (c) each person who has or is believed to have first-hand knowledge of the transfer; (d) the account the property was transferred from; and (e) identify each document relating to the transfer pursuant to the above Instruction No. 1.

5.      When asked to identify a communication, state: (a) the date, time and place of the communication; (b) the form of the communication (such as memorandum, letter, or conversation); (c) each person who has or is believed to have first-hand knowledge of the communication; (d) the substance of the communication; and (e) each document relating to the communication.

6.      Whenever appropriate, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to outside their scope.

7.      When asked to state each and every basis for a given proposition or allegation, state or identify; (a) each person who has or purports to have knowledge of the facts underlying the proposition or allegation; (b) each document used or relied upon to formulate, or which supports

6

or substantiates, the allegation or proposition; and (c) the rationale and each fact supporting the allegation or proposition.

8. With respect to each document or communication that the Defendant does not produce or divulge based upon any claim or privilege or for any other reason, state: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name and address of each person to whom the document was directed or addressed; (d) the name and address of each person to whom a copy of the document was directed or sent; (e) the name and address of each person to whom has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description or the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy of it bears; and (m) the reason the document or communication was not produced.

9. You shall make any objections you might have to this discovery request in writing and deliver those written objections to the offices of Thompson Burton, PLLC, ATTN: Phillip Young, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, or at such place as may be agreed upon by the parties, on or before 30 days of the date of this discovery was served.

10. You are asked to state each and every basis to support the answers to the Interrogatories set forth below.

7

11.     These Interrogatories are intended to be continuing and you are obligated to amend your responses to them on a timely basis as more information becomes available to you or your counsel to the full extent required by applicable rules and case law.

## INTERROGATORIES

1.      Identify each person that provided any information used to answer these Interrogatories.

**Response:**

2.      Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response:**

3.      Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

4.      Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

8

5. State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response:**

6. List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response:**

7. List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response:**

8. State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response:**

9

9. Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response:**

10. Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:**

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response:**

12. State the date on which the Defendant was formed.

**Response:**

10

Dated this 24th day of November, 2020.

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6008
Fax: (615) 807-3048
phillip@thompsonburton.com

Attorneys for Jeanne Ann Burton, Trustee

11

# OATH

STATE OF TENNESSEE

COUNTY OF DAVIDSON

_____, as the corporate representative of Hagh Law PLLC, being first duly sworn, states that the responses to the foregoing Interrogatories are true and correct to the best of his/her knowledge, information and belief.

_____

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

12

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By:     /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT HAGH LAW, PLLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Production of Documents (the "Requests") to Defendant Hagh Law, PLLC ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.      *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.      *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
| --- | --- |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

E.    *"Complaint"* means the Complaint filed by Trustee in this matter and/or any amendments to it.

2

F.  *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.  *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.  *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.  *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.  *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.  *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or

3

formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.    *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.    *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.    *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.    *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.    *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q.    *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

4

## <u>INSTRUCTIONS</u>

1.　As required by law, your responses should supply documents not only in your possession, custody, or control, but also such information and documents which are available to all other persons acting on your behalf in this case.

2.　If you claim privilege for any document or any communication encompassed by this discovery, set forth the basis for such claim of privilege and give a sufficient description to identify, specifically, each document or communication, the authors and the persons to whom it was addressed and/or copies, and the basis for your claim of privilege.

3.　When this discovery calls for a document which, while known to you, is not in your possession or control, identify its present location and custodian if known, or otherwise its last known location and custodian.

4.　Where the context in the discovery makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

5.　This discovery is continuing in nature, and you are requested to supplement your response to any request promptly after receiving or obtaining any further documents responsive to any request herein. You are also requested to produce additional responsive documents within fourteen (14) days upon discovery of said documents.

5

<u>**REQUESTS FOR PRODUCTION**</u>

1. Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response:**

2. Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:**

3. Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:**

4. Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters..

**Response:**

5. Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

6

**Response:**

6.     Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response:**

7.     Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response:**

8.     Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response:**

9.     Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

7

**Response:**

10.     Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response:**

11.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response:**

12.     Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:**

8

Dated this 24th day of November, 2020.

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6008
Fax: (615) 807-3048
phillip@thompsonburton.com

Attorneys for Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing

document has been forwarded by United State Mail, first class, with sufficient postage, on this the

24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

9

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## REQUESTS FOR ADMISSION PROPOUNDED TO HAGH LAW, PLLC

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Admission (the "Requests") to Defendant Hagh Law, PLLC ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.      *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.      *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.      *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

D. *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

E. *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

F. *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

G. *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

H. *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

2

I. *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

J. *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

K. *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

L. *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

M. *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

3

N.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

O.     *"Relate", "relating to", "refer to", "referencing", "regarding", "pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

P.     *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

## INSTRUCTIONS

1.     These Requests shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action this is additionally responsive or necessary to maintain the accuracy of answers previously served.

2.     If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to any admission, the matter with respect to which an admission is requested will be deemed admitted.

3.     In accordance with Federal Rule of Civil Procedure 36, you must supply an answer to any request for admission not unequivocally admitted that specifically denies the matter or sets forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. If only a portion of the request for admission should, in good faith, be denied, you must specify so much of the matter that is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

4

1. Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**

2. Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**

3. Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response:**

4. Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**

5. Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**

5

6. Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:**

7. Admit that Afsoon Hagh is Defendant's only member.

**Response:**

Dated this 24th day of November, 2020.

By:    /s/ Phillip G. Young, Jr.
         Phillip G. Young, Jr. (021087)
         Thompson Burton PLLC
         6100 Tower Circle, Suite 200
         Franklin, Tennessee 37067
         Tel:    (615) 465-6008
         Fax:    (615) 807-3048
         phillip@thompsonburton.com

         Attorneys for Jeanne Ann Burton, Trustee

6

## <u>OATH</u>

STATE OF TENNESSEE

COUNTY OF _____

_____, as corporate representative of Hagh Law PLLC, being first duly sworn, states that the answers to the foregoing Requests for Admission are true and correct to the best of his/her knowledge, information and belief.

_____

      Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

      Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

7

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

8