# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law PLLC ("Hagh Law" or "Defendant") hereby submits its responses to Plaintiff's First Set of Interrogatories Propounded to Hagh Law, PPC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9. Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

### SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

### INTERROGATORIES

1. Identify each person that provided any information used to answer these Interrogatories.

**Response: Afsoon Hagh**

2. Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response: Afsoon Hagh, Brian Manookian, Phillip Young, Jeanne Burton**

3. Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

Response: Objection. This interrogatory is so overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests.

4.　　Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

Response: Objection. This interrogatory is so absurdly overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests. Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.

5.　　State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

Response: Hagh Law disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:

| Case Name | |
| --- | --- |
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | To be determined |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | To be determined. |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |

| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

6. List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response: Hagh Law does not have a website. Hagh Law does not have an email address. Afsoon Hagh utilizes the email address afsoon@haghlaw.com. Hagh Law utilizes the phone number 615-266-3653 and the fax number 615-266-3655. Hagh Law utilizes Afsoon Hagh's residence for all work. Hagh Law receives mail at 45 Music Square West, Nashville, Tennessee 37203 by permission of its owner 45 MSW Partners. Hagh Law has never physically occupied or utilized office space, furniture, or fixtures at 45 Music Square West.**

7. List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response: Afsoon Hagh, sole member since formation of Hagh Law**

8. State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," Hagh Law as an entity has no contractual relationship with or did no work for the Plaintiff. For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or Hagh Law secured a settlement or payment for the client.**

9. Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10. Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response: Objection. This is not an appropriate interrogatory. Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true. If Plaintiff would like Defendant to expound on any particular denial, Defendant will consider that request after it is received. Without waiving the foregoing, Defendant incorporates herein its response to interrogatory 6 above and Defendants' theory of the case set forth in the Joint Pretrial Statement.**

12.    State the date on which the Defendant was formed.

**Response: 03/25/2019**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## OATH

Afsoon Hagh, as the corporate representative of Hagh Law PLLC, hereby declares under penalty of perjury that that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709360.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
)  **Case No. 3:19-bk-07235**
CUMMINGS MANOOKIAN, PLLC, )  **Chapter 7**
)  **Judge Walker**
Debtor. )
)
JEANNE ANN BURTON, TRUSTEE, )
)
Plaintiff, )
)
v. )  **Adv. Proc. No. 3:20-ap-90002**
)
HAGH LAW, PLLC; AFSOON HAGH; )
MANOOKIAN, PLLC; and FIRST- )
CITIZENS BANK & TRUST COMPANY, )
)
Defendants. )

---

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant") hereby submits its responses to Plaintiff's First Requests for Production of Documents Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.      Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

**SPECIFIC RESPONSES**

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

**REQUESTS FOR PRODUCTION**

1.      Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy a good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2.      Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: No documents responsive to this request.**

3. Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome.**

4. Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: There are no documents responsive to this request.**

5. Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome. Without waiving the foregoing objection, for the cases in which Hagh Law does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or**

had no contractual relationship with the client.  In fact, Defendant does not recognize certain of the cases and believes it may have never even interacted with the client.

6.  Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response: Attached.**

7.  Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response:  Objection.  This Request is overly broad, unduly burdensome, and impossibly vague.  Every document and communication "related" to the "operation" of Hagh Law would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.  Notwithstanding the foregoing objection, documents related to the creation and formation of Hagh Law are available directly from the Tennessee Secretary of State.  For other non-privileged, responsive materials such as articles of incorporation, inspection and related activities will be permitted as requested.**

8.  Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection.  This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine.  Moreover, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.**

9. Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response: Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court. Any other documentation is irrelevant to this case.**

10. Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response: Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal. All exhibits will be identified in compliance with the applicable federal and local rules.**

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response: Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.**

12. Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response: Subject to the entry of an appropriate protective order, Defendant will produce any documents referenced in its responses to Plaintiff's First Set of Interrogatories.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709439.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, )
)
     Debtor. )
)
JEANNE ANN BURTON, TRUSTEE, )
)
     Plaintiff, )
)
v. )
)
HAGH LAW, PLLC; AFSOON HAGH; )
MANOOKIAN, PLLC; and FIRST- )
CITIZENS BANK & TRUST COMPANY, )
)
     Defendants. )

Case No. 3:19-bk-07235
Chapter 7
Judge Walker

Adv. Proc. No. 3:20-ap-90002

---

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO
## REQUESTS FOR ADMISSION

---

Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Request for Admission.

1. Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2. Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3. Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED.**

4. Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203.**

5. Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203.**

6. Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response: ADMITTED, AS DEFENDANT HAS NOT USED UTILIZED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN PLC.**

7. Admit that Afsoon Hagh is Defendant's only member.

**Response: ADMITTED.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29502521.1