# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT HAGH LAW, PLLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NUMBERS 5 AND 8

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law PLLC ("Hagh Law" or "Defendant") hereby submits its supplemental responses to interrogatories 5 and 8 to Plaintiff's First Set of Interrogatories Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.     Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9. Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

**SPECIFIC RESPONSES**

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

**INTERROGATORIES**

5. State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response: Hagh Law disputes that there are "CM Cases" to the extent that Plaintiff asserts that an individual's right of action belongs to law firms or lawyers as opposed to the individual client. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33.33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |

| | |
|---|---|
| Miller v. Vanderbilt Medical | 33.33% |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | 16.66% |
| Shoemaker v. Vanderbilt Medical | 23.11% |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: Every individual has a right to counsel of his or her choice. Defendant's entitlement to a fee in those cases where one is claimed is based on written engagement letters that defendant has with each of specified clients pursuant to which defendant was retained by the client to pursue the client's claim in exchange for specified compensation. Defendant has also agreed to share a portion of her recovery with other attorneys working on some of these cases. Copies of these documents will be made available for inspection upon entry of an appropriate protective order.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## DECLARATION UNDER PENALTY OF PERJURY

Afsoon Hagh, as the representative of Hagh Law PLLC, under penalty for perjury, hereby states that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

_____
Afsoon Hagh

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 30th day of November 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

### DEFENDANT HAGH LAW, PLLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant") hereby submits its supplemental responses to Plaintiff's First Requests for Production of Documents Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

#### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.      Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9. Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

<u>**SPECIFIC RESPONSES**</u>

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

<u>**REQUESTS FOR PRODUCTION**</u>

1. Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis. To date, the Plaintiff has declined do so; moreover, this requests would encompass all pleadings which are publicly available to the trustee as well as all attorney-client and work-product privileged materials which belong directly to the client and for which Defendant has no ability to waive.**

2.     Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:  No documents responsive to this request.**

3.     Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:   Objection. Defendant believes these materials may be attorney-client privilege and the request for every Document or Communication is unreasonably burdensome. Without waiving the foregoing, to the extent they have not already been provided, Defendant will produce engagement letters with the clients subject to entry of a suitable protective order.**

4.     Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response:  No documents responsive to this request.**

5.     Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response:  Objection.  For the cases in which Hagh Law does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or had no contractual relationship with the client.  For the other matters, this Request is overly broad and unduly burdensome.**

**Without waiving the foregoing, to the extent any non-privileged, responsive documents exist, see response to RFPD No. 3.**

7.     Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response:   Objection.   This Request is overly broad, unduly burdensome, and impossibly vague.  Every document and communication "related" to the "operation" of Hagh Law would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.  Without waiving the foregoing objection, Defendant will produce documents directly related to the formation of Hagh Law and its ownership structure.  Defendant further notes that some documents related to the creation and formation of Hagh Law are available directly from the Tennessee Secretary of State and that it has no written operating agreement.**

8.     Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection.  This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine.  Notwithstanding the foregoing, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.  The entity Hagh Law did not correspond with counsel for the Defendants in the Fitzgerald matter. Afsoon Hagh communicated with counsel for defendants in the Fitzgerald matter on innumerable**

occasions over a number of years on a host of topics ranging from discovery disputes, to the logistics of scheduling depositions; to the extent Plaintiff can identify key words, topics or dates of correspondence that the trustee seeks, Defendant will make a good faith effort to locate and produce for such correspondence.

9. Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:** **Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 30th day of November 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.