# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90002 |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

---

## PLAINTIFF'S RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF WRITTEN DISCOVERY TO THE PLAINTIFF

---

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Responses to Manookian PLLC's First Set of Written Discovery to the Plaintiff (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1.     Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2.     Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3.     Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4.     Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5.     Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7.     Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8.     Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.


## INTERROGATORIES

1.     Identify by case name every previously pending legal action in which Cummings Manookian withdrew, terminated their representation, or stopped providing legal services to any client from January 1, 2018 to the present. For each case, state the date on which Cummings Manookian withdrew, terminated their representation, or stopped providing legal services in a pending case from, January 1, 2018 to the present.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this

2

Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she is unaware of any case in which Cummings Manookian terminated its representation or stopped providing legal services from January 1, 2018 to the Petition Date. However, the Trustee has been provided a letter from Cummings Manookian to the Fitzgerald plaintiffs that allegedly served as a notice of withdrawal, though it remains unclear whether that letter was delivered or whether Cummings Manookian actually withdrew.

2.     For every matter you listed in response to Interrogatory No. 1, identify by case, date, description, and attorney the last or most recent legal task or service completed by Cummings Manookian in the case (for example: Jones v. Johnson, take deposition of Dr. Johnson, 2/1/19, 3.5 hours, Brian Manookian)

**RESPONSE**:

No matter was listed in response to Interrogatory No. 1.

3.     For any matter in which you allege Cummings Manookian is entitled to an attorney's fee, reimbursement of costs, or monies of any kind from Afsoon Hagh, Hagh Law PLLC, or Manookian PLLC:

  a.  identify the case by style and docket number;

  b.  state the date Cummings Manookian began representing the client and the date Cummings Manookian stopped providing legal services in the matter;

  c.  identify and describe in detail all legal work performed by Cummings Manookian in the case (i.e., research, drafting motions, arguing motions, responding to discovery, taking depositions, etc.), including a description of the number of hours spent performing each task, the date the task was performed, and which attorney or attorneys performed the work;

  d.  identify any and all offers of settlement obtained by Cummings Manookian during its period of representation in the case;

  e.  identify any actual recovery of monies obtained by Cummings Manookian

3

in the matter, and;

    f.   identify and itemize any costs for which you allege Cummings Manookian

    is due reimbursement.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she alleges that Cummings Manookian is entitled to fees and/or expenses in the following matters:

| Case Name | Court |
| --- | --- |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

    4.    For any matter in which you allege Cummings Manookian is entitled to an attorney's fee, reimbursement of costs, or monies of any kind from Afsoon Hagh, Hagh Law PLLC, or Manookian PLLC provide the total number of hours Cummings Manookian spent working on the case, even if such number is an estimate (if the number is an estimate please so state).

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this

4

Interrogatory in that it seeks information for which the Trustee is still seeking discovery.

5. For every instance in which you allege a Defendant in this case committed "fraud," identify with specificity:

        a. the precise content of purportedly false representation or the material omission made by the Defendant;

        b. the date of the purportedly false representation or material omission;

        c. the identify of any individual or entity who relied upon the purportedly false representation or material omission; and

        d. a detailed description of the damages suffered by the individual or entity as a result of their reliance on the purportedly false representation or material omission.

**RESPONSE**:

The Trustee alleges in her Complaint that all three defendants received *fraudulent transfers* under 11 U.S.C. §548 and/or T.C.A. § 66-3-301. Therefore, there are no "fraudulent representations" or "material omissions" alleged.

6. Identify with specificity the date upon which Cummings Manookian completely ceased, as an entity, providing legal services.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory to the extent it calls for a legal conclusion. Notwithstanding these objections, the Trustee can state that Cummings Manookian ceased providing legal services on the Petition Date, November 6, 2019.

7. Identify each and every day since July 3, 2018 that Afsoon Hagh or any employee of Hagh Haw, PLLC was present at 45 Music Square West, Nashville, Tennessee.

5

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC.

8.     Identify with specificity the "furnishings and equipment" you allege Afsoon Hagh

or Hagh Law PLLC utilized in Paragraph 17 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC.

9.     Identify the "office space" and the specific "furnishings and equipment" you allege

Brian Manookian or Manookian PLLC utilized in Paragraph 20 of your Complaint.

**RESPONSE**:

Premises located at 45 Music Square West, Nashville, Tennessee and all furnishings, equipment, and personal property located therein.

10.     Identify any and all office space, real property, furnishings, equipment, telephone

numbers, and email addresses that you allege were owned by Cummings Manookian PLLC in your

Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states, upon information and belief, that Cummings Manookian PLLC had a leasehold interest in 45 Music Square West, Nashville, Tennessee, and had an interest in all furnishings and equipment located therein. The Trustee further states that Cummings Manookian PLLC had an interest in all telephone numbers and email addresses that appeared in any signature block listing the law firm of Cummings Manookian, PLLC, including those utilized by Afsoon Hagh and Brian Manookian.

6

11.     Specifically identify the "property" and "client files" you allege were owned by Cummings Manookian and "use[d]" by Brian Manookian or Manookian PLLC as alleged in Paragraph 20 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Manookian PLLC utilized office space located at 45 Music Square West, Nashville, Tennessee, all furnishings and equipment located therein, and utilized Cummings Manookian PLLC's client list and contact information to continue working on cases for which Cummings Manookian had an engagement agreement with the clients.

12.     Identify with specificity all work done by Cummings Manookian in the Fitzgerald Case, including, but not limited to, all pleadings drafted, all motions attended, all depositions attended, and specify the number of hours spent on each task, individually, including which attorney performed the work.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all work done in the Fitzgerald Case was performed by Cummings Manookian, PLLC and its attorneys, and further states that pleadings of public record in that matter indicate on their face that substantial work was performed by Cummings Manookian, PLLC. The Trustee further states that the number of hours spent by Cummings Manookian, PLLC is irrelevant because it had a binding contingency agreement in that matter.

13.     Identify any and all offers of settlement obtained by Cummings Manookian for resolution of the Fitzgerald Case during any time you allege Cummings Manookian was involved in the Fitzgerald Case.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is

7

more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that any and all settlement offers in the Fitzgerald Case were obtained by Cummings Manookian.

14.     Identify the date on which Cummings Manookian stopped providing legal services in the Fitzgerald Case.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory to the extent it calls for a legal conclusion. Notwithstanding these objections, the Trustee states that Cummings Manookian, PLLC continued providing legal services in the Fitzgerald case through the conclusion of that matter.

15.     Identify and itemize with specificity the "leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs" you allege Afsoon Hagh, Hagh Law, or Manookian PLLC have taken from Cummings Manookian or exercised control over to the exclusion of Cummings Manookian as alleged in Paragraph 44 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because questions involving transfers to Afsoon Hagh and Hagh Law are irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that the Defendants used space located 45 Music Square West, Nashville, Tennessee, they used all furnishings and equipment therein, they utilized telephone numbers and email addresses that had been associated with Cummings Manookian, PLLC and listed on numerous court pleadings as the contact information for Cummings Manookian, PLLC, and have taken, have attempted to take, or have improperly asserted an interest in fees and expenses owing to Cummings Manookian, PLLC in the cases identified in the response to Interrogatory No. 3 above.

16.     Do you contend that Cummings Manookian ever employed Afsoon Hagh? If so, please identify the start and end dates of her employment as well as the terms of her employment, including her duties, salary, hours, etc.

8

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that she does not know whether Afsoon Hagh was ever a paid employee of Cummings Manookian, PLLC, but she was certainly its agent.

17.     Do you contend that Cummings Manookian has ever entered into a contract or written agreement of any kind with Manookian PLC, Hagh Law, or Afsoon Hagh? If so, please provide the date of the contract and a detailed description of its content.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because any question concerning agreement with Afsoon Hagh or Hagh Law is irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that she is not currently aware of any such contract or written agreement.

18.     Identify and itemize with specificity all economic damages Cummings Manookian claims to have suffered and is seeking from any Defendant in this action (for example: reimbursement of deposition transcript in Johnson case, reimbursement of expert witness fee in Johnson case, payment of attorney's fee in Johnson case).

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that this estate is entitled to some or all fees and expenses collected related to the cases listed in the response to Interrogatory No. 3 above.

9

## VERIFICATION

Trustee   cAB,Tr

I, **Jeanne Ann Burton,** swear or affirm that the answers to the foregoing Interrogatories and are true, complete, and accurate. I also understand that it is my duty to properly notify my attorney should I later learn that any of these answers are incomplete, inaccurate, or misleading, or should I obtain further information relative to the answers provided herein.

Witness my hand this the 2nd day of March ,2021.

_____
Jeanne Ann Burton, Trustee

STATE OF TN

COUNTYOF Davidson _____

SWORN   TO   AND   SUBSCRIBED   before   me   this   2ND   day   of _____ March _____ 2021.

_____
Kim L. Turner
NOTARY PUBLIC

KIM L. TURNER
STATE OF TENNESSEE
NOTARY PUBLIC
WILLIAMSON COUNTY
My Commission Expires SEPT. 5, 2021

10



## REQUESTS FOR PRODUCTION

1.      Produce any and all documents evidencing any ownership interest in real property at any time by Cummings Manookian, including 45 Music Square West, Nashville, Tennessee 37203.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

2.      Produce any and all documents evidencing any rent payment by Cummings Manookian to the owner of 45 Music Square West from September 1, 2018 to the present.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

3.      Produce any and all documents evidencing or reflecting Cummings Manookian's performance of its obligations under the terms of any lease agreement from September 1, 2018 to the present.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

4.      Produce any and all documents evidencing or reflecting the ownership of any

11

fixtures or furniture located at 45 Music Square West, Nashville Tennessee 37203 at any time by

Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

5.      Produce any and all documents evidencing the ownership of "intellectual property"

by Cummings Manookian that you reference in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

6.      Produce any and all documents identifying the "intellectual property" that you

allege was improperly utilized by the Defendants in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that documents filed in the public record in cases identified in the response to Interrogatory No. 3 above list telephone numbers and email addresses that were associated with Cummings Manookian, PLLC and utilized by one or more Defendants.

7.      Produce any and all documents evidencing the ownership of any telephone number

by Cummings Manookian.

**RESPONSE**:

12

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

8.    Produce and any all documents evidencing the ownership of any website or email address by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

9.    Produce any and all documents reflecting, regarding, or evidencing any legal services provided by Cummings Manookian in the *Fitzgerald* matter.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that an engagement letter between Cummings Manookian PLLC and the Fitzgerald Plaintiffs is responsive to this request, but is in the possession or control of the Defendant and needs not be produced. Further, all pleadings filed in the Fitzgerald case are responsive to this request but are publicly available.

10.    Produce any and all documents reflecting, regarding, or evidencing any legal services provided by Cummings Manookian in any lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that the engagement letter between Cummings Manookian PLLC and

13

the Fitzgerald plaintiffs is responsive to this request, but that document in the possession or control of the Defendant and need not be produced. Further, all pleadings filed in the Fitzgerald matter are responsive to this request but are publicly available.

11.    Produce any and all itemized statements reflecting work performed by Cummings

Manookian in a lawsuit in which you allege Cummings Manookian is owed monies by Manookian

PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

12.    Produce any and all offers of settlement received by Cummings Manookian in any

lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh

Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

13.    Produce any and all communications or correspondence between Jeanne Burton or

Phillip Young with any purported creditor of Cummings Manookian or any person acting on behalf

of a purported creditor of Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is not relevant to this matter, as neither Jeanne Burton nor Phillip Young possess any communications or correspondence with creditors related to the allegations brought in this adversary proceeding. The Trustee further objects to this Request on the grounds that it is overly broad and unduly burdensome.

14

14. Provide any and all contracts or written agreements between Cummings Manookian and Manookian PLC.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

15. Provide any and all contracts or written agreements between Cummings Manookian and Hagh Law.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

16. Provide any and all contracts or written agreements between Cummings Manookian and Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

17. Provide and any all documents or materials evidencing or reflecting Afsoon Hagh's employment with Cummings Manookian to the extent you allege she was an employee of Cummings Manookian.

**RESPONSE**:

15

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that pleadings she filed in the public records of certain cases identified in the response to Interrogatory No. 3 above, including the Fitzgerald matter, indicate that she was an agent of Cummings Manookian, PLLC, though the Trustee possesses no documents that indicate she was a paid employee. The pleadings referenced above are publicly available.

18.    Provide any and all documents evidencing or reflecting any salary paid to Afsoon

Hagh by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

19.    Provide any and all pay stubs evidencing or reflecting any payment of any kind by

Cummings Manookian to Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Manookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

20.    Provide any and all documents or materials reflecting any work done or legal

services provided by Brian Cummings on the Fitzgerald case.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more

16

available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Manookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

21. Produce any and all documents reflecting a false representation made by any

Defendant in this matter to Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant because her Complaint is not based upon any false representation. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

22. Produce any and all documents reflecting a material omission committed by any

Defendant in this matter to the detriment of Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant because her Complaint is not based upon any material omission. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

23. Produce any and all documents reflecting or evidencing any "fraud" perpetrated by

any Defendant in this matter as alleged in the Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is overly broad, as the Trustee does not know how to interpret the term "fraud". Notwithstanding these objections, the Trustee states all facts and documents

17

referenced herein support the claim that Cummings Manookian, PLLC made fraudulent transfers to the Defendants.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

18

**Certificate of Service**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 1st day of March, 2021.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) **Chapter 7** |
| | ) **Judge Walker** |
| Debtor. | ) |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Adv. Proc. No. 3:20-ap-90002** |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

---

## PLAINTIFF'S RESPONSES TO MANOOKIAN PLLC'S SECOND SET OF WRITTEN DISCOVERY TO THE PLAINTIFF

---

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Responses to

Manookian PLLC's Second Set of Written Discovery to the Plaintiff (the "Discovery"), states as

follows:

### GENERAL OBJECTIONS

1.      Trustee's Responses to the Discovery shall not constitute a waiver of her

objections as to admissibility.

2.      Trustee objects to the Discovery to the extent it exceeds the scope of permissible

discovery.

3.      Trustee objects to the Discovery to the extent that the information sought is

protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4.      Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5.      Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7.      Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8.      Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.      Identify with specificity the property and transfers referenced in Paragraphs 47 and 48 of your Complaint including the date of the transfers, as well as precisely what you contend was received by Manookian PLLC, in what manner, and on what date.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that, from the date of its inception as an entity, Manookian PLLC utilized office space located at 45 Music Square West, Nashville, Tennessee, all

2

furnishings and equipment located therein, and utilized Cummings Manookian PLLC's client list and contact information to continue working on cases for which Cummings Manookian had an engagement agreement with the clients. Further, according to Manookian PLLC's discovery responses, it currently asserts an interest in fees that the Trustee believes belongs to Cummings Manookian PLLC.

2.      Identify with specificity the "substantial transfers from Cummings Manookian" you allege were received by Afsoon Hagh, Hagh Law, and / or Manookian PLLC, including the nature of the property transferred, the value of the property transferred, and the dated of the transfers.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to the relevance of this Interrogatory with respect to Afsoon Hagh and Hagh Law as Manookian PLLC has no standing to seek discovery on their behalf. Notwithstanding these objections, the Trustee states that, from the date of their inception as entities, Manookian PLLC and Hagh Law, PLLC utilized office space located at 45 Music Square West, Nashville, Tennessee, all furnishings and equipment located therein, and utilized Cummings Manookian PLLC's client list and contact information to continue working on cases for which Cummings Manookian had an engagement agreement with the clients. Further, according to the Defendants' discovery responses, all three defendants currently assert an interest in fees that the Trustee believes belongs to Cummings Manookian PLLC. Finally, Afsoon Hagh and/or Hagh Law, PLLC received a substantial distribution of funds from the Fitzgerald settlement that was property of Cummings Manookian, PLLC.

3.      Identify the clients and vendors of Cummings Manookian referenced in Paragraph 63 of your Complaint that alleges "are the same or are vastly similar to the clients and vendors of Hagh Law and Manookian PLLC," including the names of the clients and vendors and the dates and nature of any agreements between the clients, vendors, Cummings Manookian, Hagh Law, and Manookian PLLC.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to the relevance of this Interrogatory with respect to Afsoon Hagh and Hagh Law as Manookian PLLC has no standing to seek discovery on their behalf. Notwithstanding these

Case 3:20-ap-90002    Doc 104-1    Filed 01/19/22    Entered 01/19/22 17:51:31    Desc
Exhibit Defendant Manookian PLLCs Interrogatories and Responses    Page 24 of 29

objections, the Trustee states that the plaintiffs in the matters identified in the Plaintiff's response to Interrogatory No. 3 of the First Set of Discovery were Cummings Manookian, PLLC's clients who Afsoon Hagh, Hagh Law PLLC, and/or Manookian PLLC now claim are their own clients.

4.     Identify with specificity the "assets" you allege in Paragraph 66 of your Complaint

were transferred from Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this interrogatory to the extent it is duplicative of a number of other interrogatories. Notwithstanding these objections, the Trustee states that the Defendants used space located 45 Music Square West, Nashville, Tennessee, they used all furnishings and equipment therein, they utilized telephone numbers and email addresses that had been associated with Cummings Manookian, PLLC and listed on numerous court pleadings as the contact information for Cummings Manookian, PLLC, and have taken, attempted to take, or have improperly asserted an interest in fees and expenses owing to Cummings Manookian, PLLC in the cases identified in the response to Interrogatory No. 3 in the First Set of Discovery, all without any compensation to Cummings Manookian, PLLC.

5.     Describe in as much detail as possible, including listing dollar amounts and the

bases for same, the "legal and/or equitable interest in the attorney's fees generated by each of the

CM Cases" you allege are held by Cummings Manookian, including when and whether attorney's

fees were even generated in those matter. In so doing, describe the bases or theory for CM's

purported "legal and/or equitable interest."

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this interrogatory because it is vague and compound. Notwithstanding these objections, the Trustee states that this estate has a legal interest in all fees generated by the cases listed in the response to Interrogatory No. 3 of the First Set of Discovery by virtue of the Debtor's engagement letters with those plaintiffs. Alternatively, to the extent the Court determines that the Debtor has no legal interest in the fees generated by those cases, the Trustee has an equitable claim, for *quantum meruit*, for the services provided by Cummings Manookian, PLLC on those cases.

4

AAB, Tr
Trustee    VERIFICATION

I, **Jeanne Ann Burton,** swear or affirm that the answers to the foregoing Interrogatories and are true, complete, and accurate. I also understand that it is my duty to properly notify my attorney should I later learn that any of these answers are incomplete, inaccurate, or misleading, or should I obtain further information relative to the answers provided herein.

Witness my hand this the 2nd day of March ,2021.

_____
Jeanne Ann Burton, Trustee

STATE OF TN
COUNTY OF Davidson _____

SWORN    TO    AND    SUBSCRIBED    before    me    this    2nd day
of March _____ 2021.

_____
NOTARY PUBLIC



5



## REQUESTS FOR PRODUCTION

1.   Produce any and all documents evidencing the "legal and/or equitable interest in   the attorney's fees generated by each of the CM Cases" you allege are held by Cummings Manookian as recited in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee.  The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery.  Notwithstanding these objections, the Trustee states that the engagement letters between Cummings Manookian PLLC and the plaintiffs in the cases listed in the response to Interrogatory No. 3 of the First Set of Discovery are responsive to this request, but those in the possession or control of the Defendant and need not be produced.  Further, all pleadings filed in the matters listed in the response to Interrogatory No. 3 of the First Set of Discovery are responsive to this request but are publicly available.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

6

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 1st day of March, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.