## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No, 3:19-bk-07235 |
| | Chapter 7 |
| CUMMINGS MANOOKIAN, PLLC | Judge Walker |
| Debtor. | Adv. Proc. No. 3:20-ap-90002 |
| JEANNE ANN BURTON, TRUSTEE | |
| Plaintiff, | |
| v. | |
| HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC, | |
| Defendants. | |

### DEFENDANT HAGH LAW, PLLC AND AFSOON HAGH'S
### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Hagh Law PLLC and Afsoon Hagh the "Hagh Defendants"), through counsel, file this response in opposition to Plaintiff's Motion to Compel. The Hagh Defendants have either fully responded to all outstanding discovery, lodged proper objections, or have offered to make further responses and production upon the narrowing and clarifying of objectively unreasonable and overbroad requests. From its complete sets of Interrogatories, Requests for Production, and Requests for Admission, Plaintiff identifies only a single interrogatory, five requests for production, and no requests for admission for which she believes supplemented responses are necessary.

Case 3:20-ap-90002   Doc 107   Filed 01/26/22   Entered 01/26/22 16:52:43   Desc Main
Document   Page 1 of 5

As discussed below, the Hagh Defendants continue to be entirely willing to supplement any and all responses upon identification of appropriate parameters. Stated alternatively, outside of privileged materials, the Hagh Defendants are in no way drawing a hard line against any particular requests. Rather, the Hagh Defendants are simply asking that the Plaintiff reign in or clarify certain requests that are incredibly overbroad, overly burdensome, or impossibly vague. Unfortunately, Plaintiff has not taken up the Hagh Defendants on that open offer. In response to Plaintiff's Motion to Compel, Defendants address each of the requests identified by Plaintiff, including proposing a reasonable resolution to the current impasse.

**Interrogatory No. 8 (Hagh Law and Afsoon Hagh):** This interrogatory asks the Hagh Defendants to state the legal or factual support for any amount of payment that the Hagh Defendants believe they are entitled to receive from work performed on a specific list of litigation matters. The interrogatory goes on to state, "without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement. [sic]"

The Hagh Defendants fully answered this interrogatory by identifying the bases of their compensation claims as their engagement agreements with Marty and Melissa Fitzgerald, Sandy Miller, Pamela Salas, and Bretton Keefer. It is not clear from Plaintiff's Motion what additional information she believes has not been provided.

**Request for Production No. 1 (Hagh Law):** This request states, in its entirety, "Please produce every Document or Communication that you allege supports your denials in your Answer."

This is an absurdly overbroad request. As just one example, Plaintiff has alleged that Defendant Hagh utilized office space at 45 Music Square West after September 2018. But Defendant Hagh never again worked at 45 Music Square West after taking maternity leave in June

of 2018. "Every document" supporting Ms. Hagh's denial that was not at 45 Music Square West after June 2018 would encompass an impossibly large universe of materials including all of her medical records reflecting her presence at the Hospital for labor and delivery, as well as any document – including family and vacation photographs, personal text messages, grocery and store receipts, etc. – evidencing her presence at any location other than 45 Music Square West for over two years. This is just a single example of the overbreadth of Request for Production No. 1.

The Hagh Defendants have offered to reevaluate this Request and supplement their response to the extent Plaintiff will narrow and clarify the Request by identifying discrete denials in the Answer. Plaintiff has thus far refused to do so.

**Request for Production No. 3 (Hagh Law):** This request seeks every document or communication evidencing the creation of an attorney/client relationship between Defendant and any party to a specific number of cases, including but not limited to engagement letters. The Hagh Defendants have agreed to produce all non-privileged materials, including engagement letters, subject to entry of a suitable protective order.

**Request for Production No. 5 (Hagh Law):** This request seeks production of every Document or Communication that evidences the amount of money the Hagh Defendants are entitled to from a specific list of cases. Again, the Hagh Defendants identify its engagement agreements which they have already agreed to produce upon entry of a suitable protective order.

**Request for Production No. 8 (Hagh Law):** This request seeks "all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee." This is, again, an absurdly overbroad request. All documents

Case 3:20-ap-90002   Doc 107   Filed 01/26/22   Entered 01/26/22 16:52:43   Desc Main
Document   Page 3 of 5

and communications "relating or referring" to a multi-year matter would include reams of attorney-client privileged materials, deposition and hearing transcripts, mountains of discovery responses, insurance policies, police reports, pleadings, emails, newspaper articles, and scores of other categories of documents from various repositories, the majority of which are totally immaterial to this matter.

In response, Defendants requested that Plaintiff identify key words, topics, or dates of correspondence that the Trustee seeks so that Defendants could even begin to formulate a search or search parameters. Defendants remain willing and open to doing so. Stated alternatively, if the Plaintiff will just identify with even a small amount of precision what she is looking for, Defendants will undertake to locate and produce those materials.

**Request for Production No. 9 (Hagh Law):** Plaintiff seeks any and all bank statements for any account from which funds from the settlement of *Fitzgerald v. Osborn* were deposited, transferred, or held. The disputed funds from that matter are being held by the Court. Prior to the funds being deposited with the Court, they were held by prior Defendant to this action, Citizens Bank and Trust. The Trustee, through Special Counsel, has already been provided with those statements.

For all of the foregoing reasons, Plaintiff's Motion to Compel and request for costs and fees should be denied. The Hagh Defendants have already given full responses to every interrogatory and request for production within their capacity to do so, and have repeatedly offered to supplement any other responses to the extent the Plaintiff chooses to narrow or clarify them. The Hagh Defendants remain willing to do so. Defendants limited objections are justified given the overly broad requests.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed January 26, 2022, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr
Craig V. Gabbert, Jr.

32374068.1