IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

### DEFENDANT MANOOKIAN PLLC'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant Manookian PLLC files this response in opposition to Plaintiff's Motion to Compel. Defendant has fully answered all outstanding discovery posed by Plaintiff, or otherwise explained why Plaintiff's request defies response. In doing so, Defendant has repeatedly offered to supplement any response where supplementation is made possible if Plaintiff will simply clarify or narrow her request. Plaintiff has declined to do so, filing the present motion instead.

The fundamental issue on the small number of discovery responses to which Plaintiff seeks a compelled response is that (1) the underlying request is so broad, vague, or general, that Defendant is not capable of providing a meaningful reply, or (2) the request presumes a predicate

that does not exist. With respect to the former problem, Defendant remains willing to work with Plaintiff to provide supplemented responses to the extent Plaintiff is able to simply identify what exactly she is looking for.

Defendant provides the following responses to the individual discovery requests that Plaintiff contends are deficient.

**Interrogatory 5** – This interrogatory asks Defendant Manookian PLLC to "state what amounts that the Defendant alleges it is entitled to from each of the [following] cases." But Defendant has not alleged it is entitled to any amount of money from any of the listed cases, and particularly, the Defendant has never alleged it is entitled to any from the Plaintiff.

**Interrogatory 8** – This interrogatory asks Manookian PLLC to state the bases for its response to Interrogatory Number 5. Manookian PLLC correctly states that basis. It does not make a claim to any money for 14 of the 16 cases because it had no contractual relationship with the litigants or did no work for the litigants. For the remaining 2 cases, Manookian PLLC has not made a claim to entitlement of any monies.

**Request for Production 1** – This request asks Manookian PLLC to "produce every Document or Communication that you allege supports your denials in the Answer." This is a ridiculous and overbroad request. For example, the allegations against Manookian PLLC include assertions that it "utilized" Cummings Manookian's phone number and email address. Thus, every email ever sent by Manookian PLLC from its own email accounts would "support its denial" of that allegation. Likewise, every record of every phone call ever made by Manookian PLLC – none of which were made from a phone number owned by Cummings Manookian – therefore "support its denials" in the Answer. Nevertheless, as stated by Manookian PLLC in its response to this

Request, "to the extent Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis."

**Request for Production 3** – This request seeks every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to a specific list of cases. Again, this request is needlessly and absurdly overbroad. *Each and every* communication that ever occurred between Manookian PLLC and its clients necessarily evidences the creation of an attorney/client relationship. To the extent the Plaintiff simply wants engagement agreements, the Defendant has already agreed to permit inspection and related activities upon entry of a protective order.

**Request for Production 4** – This request seeks every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to a specific list of cases. Again, to the extent any such materials exist, Defendant has already agreed to permit inspection and related activities upon entry of a protective order.

**Request for Production 5** – This request seeks "every Document or Communication that supports your response to Interrogatory No. 5." Interrogatory No. 5 is the interrogatory which asked Defendant to identify the amounts of money it alleges it is entitled to receive for a list of cases. But Manookian PLLC has not alleged it is entitled to monies from those cases, and particularly not from the parties to this suit. Manookian PLLC nevertheless offered to make any responsive documents, to the extent they exist, available for inspection and related activities. As such, Manookian, PLLC responded appropriately as follows:

> Response: Objection. This Request is overly broad and unduly burdensome. Defendant will nevertheless attempt to respond. For the cases in which Manookian PLLC does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Manookian PLLC did no work on the matter and/or had no contractual relationship with the client. In fact, Manookian PLLC does not recognize certain of the cases and believes it may have never even interacted with the client. To the extent any non-privileged, responsive documents exist, inspection and related activities will be permitted as requested.

**Request for Production 8** – This request seeks copies of "all Documents and Communications" that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter."

Again, this response is wildly overbroad. Defendant does not even know what "every document" that *relates* to a lengthy wrongful death case would consist of, but certainly it would include hundreds of pages of attorney-client privileged materials for which the clients, the Fitzgeralds, hold the privilege. To the extent Plaintiff wishes to identify even general categories of materials she wants, Defendant is happy to attempt to locate and produce responsive documents. As currently posed, however, this Request is not capable of meaningful response.

For all of the foregoing reasons, Plaintiff's Motion to Compel should be denied. For those documents for which Defendant has requested a protective order, Defendant will work with Plaintiff to submit a protective order for entry to this Court and provide any responsive documents immediately thereafter.

Date: January 26, 2022

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed January 26, 2022 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*