**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No, 3:19-bk-07235** |
| | **Chapter 7** |
| **CUMMINGS MANOOKIAN, PLLC** | **Judge Walker** |
| Debtor. | **Adv. Proc. No. 3:20-ap-90002** |
| **JEANNE ANN BURTON, TRUSTEE** | |
| Plaintiff, | |
| v. | |
| **HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,** | |
| Defendants. | |

**DEFENDANT MANOOKIAN, PLLC'S MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION, OR, ALTERNATIVELY, TO DEEM ADMITTED**

Pursuant to Federal Rules of Bankruptcy Procedure 7036 and Federal Rule of Civil Procedure 36, Manookian PLLC, Adversary Proceeding Defendant (the "Defendant"), respectfully moves to determine the sufficiency of Plaintiff Jeanne Ann Burton's Responses to Requests for Admission or, alternatively, to deem those Requests discussed below admitted.

**I.      Introduction and Background**

This is an adversary proceeding.  The Plaintiff is the Trustee for a defunct law firm, Cummings Manookian ("CM").  The Defendant is the law firm, Manookian PLLC.  Over two (2) years ago, the Plaintiff sued the Defendant making numerous and serious claims of fraudulent transfer, tortious interference with contracts, and conversion.

1

On January 26, 2021, Defendant served 85 separate requests for admission on Plaintiff. Plaintiff served her responses on February 25, 2021.  **Exhibit 1**.  Following the expiration of a discovery stay, the Defendant wrote Plaintiff on October 21, 2021 to notify her that Plaintiff's responses were deficient.  **Exhibit 2**.  Specifically, Defendant sought supplemented responses to Requests 1-14; 19-55; 57-68; and 70-85.  Defendant asked that supplementation be provided within two weeks by November 5, 2021.  Unfortunately, to date, the Plaintiff has declined to provide full responses.

## II.      Plaintiff's Purported Inability to Admit or Deny

Rule 36 of the Federal Rules of Civil Procedure provides that, in responding to a Request for Admission, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

In response to a full 67 of Defendant's 85 Requests for Admission, the Plaintiff claims that she lacks the ability to admit or deny.[1]  Plaintiff, however, fails to comply with the minimum mandates of Rule 36 by confirming through an express statement that she has made reasonable inquiry into the matter and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

Such inquiry and confirmation of the same are non-discretionary under Rule 36.  The Court should determine that Plaintiff's Responses are insufficient and either (1) order prompt supplementation of those responses in a manner that conforms with Rule 36, or (2) deem each of the offending Responses to Requests admitted.

---

[1] **Exhibit 1**.  Responses to Requests for Admissions Nos. 1-11; 13-14; 21-48; 50-55; 57-68; 71; 76-82.

**III.    Plaintiff's Repeated Objections Based upon Cummings Manookian PLLC's Purported Failure to Respond to Discovery**

In response to 47 separate Requests for Admission, Plaintiff objects by claiming that she is "unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to discovery."[2]  This is perplexing given that (1) the Plaintiff and her lawyer are the very individuals responsible for answering discovery on behalf of Cummings Manookian, PLLC; and (2) the Plaintiff has not posed any discovery to Cummings Manookian, PLLC for it to answer.

Pursuant to Rule 36(a)(6), Defendant requests that the Court find unjustified Plaintiff's objections which are based upon a purported failure of Cummings Manookian, PLLC to answer discovery.  Pursuant to that subsection, Defendant requests that the Court additionally deem the matters admitted or, alternatively, order that supplemented answers be promptly served.

**IV.    Plaintiff's Improper Objections as to Calling for a Legal Conclusion**

Plaintiff has objected to Requests for Admission Nos. 49-55 on the grounds that those Requests "call for a legal conclusion."  **Exhibit 1**.  In fact, each of the Requests ask Plaintiff to admit or deny the truth of matters involving the application of law to fact or opinions about facts and the application of law to facts.

Rule 36(a)(1) defines the permissible scope of Requests for Admission.  "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) *relating to facts, the application of law to fact, or opinions about either*." (Emphasis added.)

---

[2] **Exhibit 1**.  Responses to Requests for Admissions Nos. 1-7; 9-11; 13-14; 21-28; 31-33; 45-48; 50-55; 57-71.

Plaintiff's objections to Requests for Admission Nos. 49-55 are not justified.  Defendant requests that the Court deem those matters admitted or, alternatively, order the Plaintiff to serve full, supplemented Responses.

Date:   January 27, 2022                                    Respectfully submitted,


*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*


## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed January 27, 2022 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


*/s/ John Spragens*

4