# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90002 |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF REQUESTS FOR ADMISSION TO THE PLAINTIFF

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Responses to Manookian PLLC's First Set of Requests for Admission to Plaintiff (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1. Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2. Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3. Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4.     Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5.     Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7.     Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8.     Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

**REQUESTS FOR ADMISSION**

1.     Admit that Afsoon Hagh was never an employee of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

2.     Admit that Cummings Manookian never identified Afsoon Hagh as an employee to

2

the Internal Revenue Service.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

3. Admit that Cummings Manookian never identified Afsoon Hagh as an employee to the Tennessee Department of Revenue.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

4. Admit that Cummings Manookian never filed any documents with any state, local, or federal agency identifying Afsoon Hagh as an employee of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

5. Admit that Afsoon Hagh was never a member of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this

3

issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

6.     Admit that Afsoon Hagh was never a partner in Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

7.     Admit that Afsoon Hagh never held an ownership interest in Cummings

Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

8.     Admit that Afsoon Hagh served as co-counsel with certain attorney members of

Cummings Manookian in various legal cases.

**RESPONSE:**

Trustee admits that Afsoon Hagh made notices of appearance as counsel in several Cummings Manookian matters. Trustee is unable to admit or deny the remainder of this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

4

9. Admit that Afsoon Hagh was never paid a salary by Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

10. Admit that Afsoon Hagh was never paid an hourly wage by Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

11. Admit that Afsoon Hagh was never listed on Cummings Manookian's website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

12. Admit that Afsoon Hagh was never paid any monies by Cummings Manookian.

**RESPONSE:**

Denied. Afsoon Hagh received funds from the settlement of the *Fitzgerald* matter that were otherwise owed to Cummings Manookian.

13. Admit that Cummings Manookian had two members.

**RESPONSE:**

Admitted that Cummings Manookian had at least two members. Trustee is unable to

5

admit or deny any remaining elements of this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

14. Admit that the two members of Cummings Manookian were Brian Manookian and Brian Cummings.

**RESPONSE:**

Admitted that Brian Manookian and Brian Cummings were members of Cummings Manookian. Trustee is unable to admit or deny whether Mr. Cummings and Mr. Manookian were Cummings Manookian's only members because Cummings Manookian, PLC and/or Afsoon Hagh have failed to appropriately or adequately respond to Trustee's outstanding discovery requests on this issue.

15. Admit that Cummings Manookian was a professional limited liability company.

**RESPONSE:**

Admitted.

16. Admit that Cummings Manookian was created to provide professional services in the form of legal services.

**RESPONSE:**

Admitted.

17. Admit that Cummings Manookian specialized in representing plaintiffs in medical malpractice cases.

**RESPONSE:**

Admitted.

18. Admit that Cummings Manookian primarily accepted cases on a contingency fee basis whereby Cummings Manookian was only paid if they recovered monies for their client.

**RESPONSE:**

6

Admitted.

19.     Admit that Cummings Manookian entered into engagement agreements with their clients.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients.  However, Trustee is unable to admit or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

20.     Admit that Cummings Manookian entered into engagement agreements with their clients that laid out the duties and rights of both parties to the contract.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients that laid out the duties and rights of both parties to the contract.  Trustee is unable to admit or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

21.     Admit that Cummings Manookian utilized a standard form engagement agreement whose content and terms with respect to the rights and duties of the parties generally did not vary from case to case ("the Cummings Manookian Engagement Agreement).

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.  Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian on this subject.  Trustee admits that most of the engagement agreements she has been provided appear to be based upon a standard form.

22.     Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that the client terminated Cummings Manookian.

7

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee has not been provided copies of all engagement agreements, and has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' right in the event the client terminated Cummings Manookian.

23. Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee has not been provided copies of all engagement agreements, and has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

24. Admit that the Cummings Manookian Engagement Agreement requires the client to pay Cummings Manookian an attorney's fee in the event the client terminates Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee has not been provided copies of all engagement agreements, and has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee also objects to this request to the extent it calls for a legal conclusion.

25. Admit that the Cummings Manookian Engagement Agreement does not require the client to pay Cummings Manookian an attorney's fee in the event Cummings Manookian withdraws from the representation.

**RESPONSE:**

8

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee has not been provided copies of all engagement agreements, and has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee also objects to this request to the extent it calls for a legal conclusion.

26.     Admit that Cummings Manookian has never entered into a contract or written agreement with Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

27.     Admit that Cummings Manookian has never entered into a contract or written agreement with Hagh Law PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

28.     Admit that Cummings Manookian has never entered into a contract or written agreement with Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookiann PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.

29.     Admit that Cummings Manookian does not own, and has never owned, any real property.

9

**RESPONSE:**

Trustee admits that Cummings Manookian does not currently own any real property. Trustee is unable to admit or deny the remaining elements of this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.

30.     Admit that Cummings Manookian does not own, and has never owned, 45 Music Square West, Nashville, Tennessee 37203.

**RESPONSE:**

Trustee admits that Cummings Manookian does not currently own 45 Music Square West, Nashville, Tennessee 37203.  Trustee is unable to admit or deny the remaining elements of this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.

31.     Admit that Cummings Manookian was a party to a lease for 45 Music Square West, Nashville, Tennessee, 37203 ("the 45 MSW Lease).

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.   Trustee has specifically requested a copy of any such lease but none has been provided.

32.     Admit that Cummings Manookian was required to pay rent to 45 MSW Partners under the terms of the 45 MSW Lease.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.   Trustee has specifically requested a copy of any such lease but none has been provided.

33.     Admit that Cummings Manookian breached the 45 MSW Lease by failing to pay rent to 45 MSW Partners beginning in November of 2018.

10

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee has specifically requested a copy of any such lease but none has been provided.

34. Admit that Cummings Manookian owns no furniture.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no furniture, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there is furniture in the offices where Cummings Manookian operated.

35. Admit that Cummings Manookian has never owned any furniture.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned furniture, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there is furniture in the offices where Cummings Manookian operated.

36. Admit that Cummings Manookian owns no computers.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no computers, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there are computers in the offices where Cummings Manookian operated.

37. Admit that Cummings Manookian has never owned any computers.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that Brian Manookian has

11

alleged that Cummings Manookian has never owned computers, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there are computers in the offices where Cummings Manookian operated.

38.     Admit that Cummings Manookian owns no telephones.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no telephones, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there are telephones in the offices where Cummings Manookian operated.

39.     Admit that Cummings Manookian has never owned any telephones.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned telephones, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there are telephones in the offices where Cummings Manookian operated.

40.     Admit that the web domain cummingsmanookian.com was registered by Brian

Cummings.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.

41.     Admit that the web domain cummingsmanookian.com is owned by Brian

Cummings.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.

12

42.     Admit that Cummings Manookian has never owned any website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.  However, Trustee is aware that Cummings Manookian utilized a website at times during its operations.

43.     Admit that the Defendants have never utilized cummingsmanookian.com as a

website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

44.     Admit that cummingsmanookian.com has not functioned as a website since at least

October of 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian on this subject.

45.     Admit the telephone number 615-266-3333 was purchased individually by Brian

Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. However, Trustee is aware that Cummings Manookian utilized that telephone number at times during its operations.

13

46. Admit that all telephone numbers utilized by Cummings Manookian during its period of operation were privately purchased Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. However, Trustee is aware that Cummings Manookian utilized certain telephone numbers at times during its operations.

47. Admit that none of the Defendants have utilized a phone number owned by Cummings Manookian at any time.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Afsoon Hagh listed a Cummings Manookian telephone number and email address in numerous court pleadings.

48. Admit that none of the Defendants have utilized a phone number owned by Cummings Manookian at any time after October 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Afsoon Hagh listed a Cummings Manookian telephone number and email address in numerous court pleadings after October 2018.

49. Admit that, under Tennessee law, a legal client's file is owned by the client.

**RESPONSE:**

14

Trustee objects to this request on the grounds that it calls for a legal conclusion. However, Trustee affirmatively alleges that a law firm may own client lists, client contact information, and accounts receivable associated with clients.

50.     Admit that Cummings Manookian does not now, nor has it ever, owned a client's case file.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists, client contact information, and accounts receivable associated with clients.

51.     Admit that Cummings Manookian is and was required to return, destroy, or transfer a client's case file upon that client's request.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. Trustee further states that she has not been provided copies of certain disengagement letters that might govern Cummings Manookian's responsibilities to its clients.

52.     Admit that Cummings Manookian does not "own" a client's case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

53.     Admit that Cummings Manookian does not have an ownership interest in any case brought on behalf of a client.

**RESPONSE:**

15

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

54. Admit that any cause of action or right of recovery pursued by Cummings

Manookian on behalf of a client belongs to the client.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

55. Admit that any cause of action or right of recovery pursued by Cummings

Manookian on behalf of a client does not belong to Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

56. Admit that any Cummings Manookian client was empowered to terminate

Cummings Manookian at any time and for any reason.

**RESPONSE:**

Admitted that any client had the right to terminate Cummings Manookian at any time and for any reason.

57. Admit that Cummings Manookian provided no services to Manookian PLLC.

16

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property.

58.     Admit that Cummings Manookian provided no goods to Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property.

59.     Admit that Cummings Manookian provided no services to Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property.

60.     Admit that Cummings Manookian provided no goods to Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property.

61.     Admit that Cummings Manookian provided no services to Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh

17

to utilize its leased premises and certain personal property.

62. Admit that Cummings Manookian provided no goods to Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property.

63. Admit that Cummings Manookian provided no services to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

64. Admit that Cummings Manookian provided no goods to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

65. Admit that Cummings Manookian provided no services to Hagh Law in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on

18

this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.  However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

66.     Admit that Cummings Manookian provided no goods to Hagh Law in the Fitzgerald

case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.  However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

67.     Admit that Cummings Manookian provided no services to Afsoon Hagh in the

Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.  However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

68.     Admit that Cummings Manookian provided no goods to Afsoon Hagh in the

Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.  However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

69.     Admit that Cummings Manookian had an existing, enforceable contract with Marty

and Melissa Fitzgerald covering the subject matter of Cummings Manookian's representation in

19

the Fitzgerald v. Osborn matter.

**RESPONSE:**

Admitted

70.    Admit that Cummings Manookian withdrew from representing the Fitzgeralds in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied.   While Brian Manookian has produced a letter from Cummings Manookian that allegedly terminated the client relationship with the Fitzgeralds, no evidence has been produced that the letter was delivered to the Firtzgeralds, nor was any notice of withdrawal ever filed in that case.

71.    Admit that the Fitzgeralds did not terminate Cummings Manookian from representing them in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.

72.    Admit that Cummings Manookian never recovered any monies for the Fitzgerald in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied.  Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

73.    Admit that Cummings Manookian never even secured an offer of settlement from the Defendants in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied.  Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

20

74. Admit that Cummings Manookian did minimal work on the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied. Cummings Manookian filed a substantial number of pleadings in that case.

75. Admit that none of the work performed by Cummings Manookian in the Fitzgerald v Osborn matter resulted in any settlement or payment to the Fitzgeralds.

**RESPONSE:**

Denied. The work performed by Cummings Manookian in the matter directly caused the settlement payment.

76. Admit that Manookian PLLC has never received a transfer of funds from Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, according to its discovery responses, Manookian PLLC claims an interest in certain funds which Trustee believes to be property of this estate.

77. Admit that Manookian PLLC has never received any funds from Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, according to its discovery responses, Manookian PLLC claims an interest in certain funds which Trustee believes to be property of this estate.

78. Admit that Manookian PLLC has never received any funds belonging to Cummings Manookian.

**RESPONSE:**

21

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.  However, according to its discovery responses, Manookian PLLC claims an interest in certain funds which Trustee believes to be property of this estate.

79.    Admit that Manookian PLLC has never received any monies from Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.

80.    Admit that Manookian PLLC has never received any monies from Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.

81.    Admit that Manookian PLLC has never received any monies from any person or any entity.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.

82.    Admit that Manookian PLLC does not now, nor has it ever, held a bank account.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.

83.    Admit that Hagh Law PLLC has never received any monies from Cummings Manookian.

**RESPONSE:**

Denied.  Hagh Law PLLC received a distribution of a substantial sum of money from the Fitzgerald settlement that was property of Cummings Manookian.

22

84. Admit that Hagh Law has never received any monies from any person intended for Cummings Manookian.

**RESPONSE:**

Denied. Hagh Law PLLC received a distribution of a substantial sum of money from the Fitzgerald settlement that was property of Cummings Manookian.

85. Admit that no person or entity has ever provided Afsoon Hagh, Hagh Law, or Manookian PLLC with monies that such person or entity instructed to be delivered to Cummings Manookian.

**RESPONSE:**

Denied. Afsoon Hagh and Hagh Law received a transfer of funds that the Chancery Court of Williamson County directed to be held in trust. However, the money was unilaterally transferred into an account in the name of Hagh Law and Afsoon Hagh.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

23

<u>**Certificate of Service**</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 25th day of February, 2021.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

24