# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
|     Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HAGH LAW, PLLC; AFSOON ) | |
| HAGH; MANOOKIAN, PLLC; and ) | |
| FIRST-CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
|     Defendants. ) | |
| ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO COMPEL MARTY FITZGERALD TO COMPLY WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel Marty Fitzgerald ("Fitzgerald") to respond to a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Bankruptcy Case (or Adversary Proceeding) (the "Subpoena") issued on December 9, 2021, and served on Mr. Fitzgerald on December 13, 2021.

As indicated in the Subpoena, a true and accurate copy of which is attached hereto as Exhibit A, the Trustee sought discovery from Marty Fitzgerald, one of the plaintiffs in the *Fitzgerald v. Osborn* matter, with regard to a finite set of documents: engagement or disengagement communications with the Debtor, engagement or disengagement

communications with Hagh Law, PLLC, engagement or disengagement communications with Manookian, PLLC, engagement or disengagement communications with Afsoon Hagh, and engagement or disengagement communications with Brian Manookian.  The purpose of this Subpoena was to discover whether the Debtor actually notified Mr. Fitzgerald of its withdrawal, and whether any of the Defendants in this matter were ever formally engaged by the Fitzgerald plaintiffs.  The Subpoena was served on Mr. Fitzgerald on December 13, 2021, as indicated on the return of service attached hereto as Exhibit B.

The Subpoena required production of the requested documents by January 10, 2022.  On December 27, 2021, counsel for the Trustee received an email from Afsoon Hagh, attached hereto as Exhibit C, objecting to the Subpoena on behalf of Mr. Fitzgerald.  The email indicated that separate counsel would reach out to the Trustee's counsel "to further discuss possibilities in reaching an agreement on materials, if any, subject to production."  Neither the Trustee nor the Trustee's counsel have received any further communication from Mr. Fitzgerald or any counsel purporting to act on his behalf, and no documents have been produced as directed by the Subpoena.

The email from Afsoon Hagh raises three possible objections to the Subpoena:  (1) privilege, (2) that the requested documents were not retained, and (3) that production of the documents would be an undue hardship on Mr. Fitzgerald.  Regarding privilege, only communications between attorneys and clients that are substantive are subject to the attorney-client privilege; unless the engagement or disengagement letters contain advice or analysis of Mr. Fitzgerald's case, it would be subject to no such privilege.  *Boyd v. Comdata Network*, 88 S.W.3d 203, 213 (Tenn. Ct. App. 2002) ("The attorney-client privilege is not absolute, nor does it cover all communications between a client and his or her attorney.

The communications must involve the subject matter of the representation and must be made with the intention that they will be kept confidential."). Even if the engagement letters and disengagement letters would be privileged, the Trustee is still entitled to know of their existence; the Defendants cannot simply say "we have a new engagement with the Fitzgerald plaintiffs" without submitting some proof of that allegation. Second, if documents were received but are no longer in Mr. Fitzgerald's possession, then he should provide a written and signed statement to the Trustee explaining what documents are missing. That matter is easily resolvable. Finally, the Subpoena was the least invasive means that the Trustee had at her disposal of gaining access to information essential to the resolution of this matter.[1] The Trustee is sensitive to the fact that Mr. Fitzgerald is involved in this matter only because he was a former client of the Debtor, and possibly one or more of the Defendants. The Trustee issued the Subpoena hoping that it would avoid her having to subpoena him to testify at a deposition, though that is beginning to appear inevitable based upon the Defendants' responses to this and all other discovery attempts. The Trustee and her counsel took great care to narrow the scope of the Subpoena to only documents that were (a) not privileged and (b) absolutely necessary for this matter. The documents requested in the Subpoena are very narrow and not burdensome in the least.

Wherefore, the Trustee requests that the Court compel Marty Fitzgerald to respond to the document requests made of him in the Subpoena.

Dated: February 1, 2022

---

[1] That is especially true because the Defendants have consistently refused to turn over this same information.

Respectfully Submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615.465.6008
Fax: 615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Afsoon Hagh
c/o Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201

Marty Fitzgerald
8158 Golf Club Road
Mount Pleasant, TN 38474

This 1st day of February, 2022.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.