# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |

**TRUSTEE'S RESPONSE TO (i) DEFEFNDANT MANOOKIAN PLLC'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES FROM
FIRST AND SECOND SET OF WRITTEN DISCOVERY AND
(ii) DEFENDANT MANOOKIAN PLLC'S MOTION TO DETERMINE
SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION,
OR, ALTERNATIVELY, TO DEEM ADMITTED**

Comes now the Plaintiff, Jeanne Ann Burton, Trustee, (the "Plaintiff" or "Trustee")

by and through special counsel and files this Response (the "Response") to Defendant

Manookian PLLC's Motion to Compel Responses to Interrogatories from First and Second

Set of Written Discovery (Doc. 104) (the "Motion to Compel") and Defendant Manookian

PLLC's Motion to Determine Sufficiency of Responses to Requests for Admission, or,

Alternatively, to Deem Admitted (Doc. 109) (the "Motion to Determine") (collectively the

"Motions").

Brian Manookian, Afsoon Hagh, and their wholly owned entities (Cummings Manookian, PLC, Hagh Law, PLLC and Manookian, PLLC) have consistently refused to turnover highly relevant and salient information to the Trustee in response to her written discovery. Citing various excuses such as privilege (despite being offered a protective order), relevance, inability to understand a "vague" request, and/or scheduling times for in-person review of documents instead of simply producing them, Mr. Manookian, Ms. Hagh and their entities have resisted substantially all discovery efforts made by the Trustee, resulting in the Trustee's filing of motions to compel against Brian Manookian, Cummings Manookian, PLC, Manookian PLLC, Hagh Law PLLC and Afsoon Hagh. Against this backdrop, Manookian PLLC now asks the Court to compel the Trustee to disclose information that is exclusively within the possession of Manookian PLLC and its affiliates, defying all logic. This discovery gamesmanship needs to end so that this case can progress.

Manookian PLLC served the Trustee with eighty-five (85) requests for admission on January 26, 2021. That same day, Manookian PLLC served the Trustee with eighteen (18) written interrogatories. The next day, January 27, 2021, Manookian PLLC served the Trustee with an additional five (5) written interrogatories. The Trustee provided written responses to the requests for admission on February 25, 2021, and to the interrogatories on March 1, 2021. Copies of the Trustee's responses were attached as exhibits to the Motions. The Trustee fully and completely answered all interrogatories and requests for admission based on the information she has been able to gain in this case, and clearly noted that she would supplement any answer once she completed her discovery of the Defendants to this matter and other third parties.

On October 21, 2021, counsel for Manookian PLLC sent the Trustee's special counsel a "meet and confer letter" concerning the Trustee's discovery responses. A copy of that letter was attached to the Motions. The Trustee responded to that letter on November 5, 2021. A copy of the Trustee's response letter is attached hereto as Exhibit A. In the letter, the Trustee first explained a concept with which this Court is very familiar; that is, that a Chapter 7 Trustee typically has no first-hand knowledge of relevant facts but rather she depends upon disclosures by the debtor and discovery respondents to gain knowledge about the financial dealings of a debtor. The Trustee went on to explain that Mr. Manookian's and Ms. Hagh's refusal to respond to the Trustee's written discovery had severely hampered the Trustee's ability to ascertain relevant facts. She further explained that all allegations in the complaint filed against the Defendants came from publicly available documents, documents that were produced by Brian Manookian, and all reasonable inferences therefrom; accordingly, the Trustee had knowledge of no facts that were beyond the knowledge of Mr. Manookian and Ms. Hagh. Finally, the Trustee offered to supplement the discovery responses once Mr. Manookian, Ms. Hagh, and the entities they control fully and completely responded to her discovery requests.[1]

Despite the Trustee's written responses (which are as complete as possible given the information limitations caused by the Defendants) and the Trustee's thorough explanation of those limitations in the November 5, 2021 letter, Manookian PLLC filed the Motions two and a half months later to complain of a problem of its own making. However, the Motions are not well taken and should be denied. First, all of the information sought

---

[1] The November 5 letter also addressed Manookian PLLC's demands that the Trustee make herself available for two full days of depositions, which is contrary to the limitations established by the Federal Rules of Civil Procedure and completely unnecessary. The Trustee intends to address this issue with the Court at the pretrial conference on February 16, 2022.

in the Motions and the related discovery are not only more available to Mr. Manookian and Ms. Hagh, in most cases it is exclusively available to them. None of the questions asked of the Trustee were asked in order to discover unknown information; they were asked to cause the Trustee to expend unnecessary time and incur unnecessary legal expenses.[2] The Defendants to this action have, in their exclusive possession, facts and documents that answer most, if not all, of the interrogatories and requests at issue in the Motions.

Furthermore, despite the fact that the Defendants possess more information about the Debtor and its operations than does the Trustee at this juncture, the Trustee answered the interrogatories and requests to the best of her ability given the information she currently possesses. For example, after stating her objections to the interrogatories (including that the Defendants already possess, to the exclusion of the Trustee, the information that they request), the Trustee provided responses to the following interrogatories notwithstanding the objections: (First Set) 1, 2, 3, 5, 6, 9, 10, 11, 13, 14, 15, 16, 17, 18, (Second Set) 1, 2, 3, 4 and 5. The Trustee was only unable to provide answers to interrogatory numbers 4, 7, 8, and 12.

Regarding the Requests for Admission, the Trustee has been unable to answer roughly half of the eighty-five requests because the Debtor and its corporate representative, Brian Manookian, have failed to provide relevant information needed to fully respond to those requests (most of which deal with the Debtor's business operations). On August 19, 2020, the Court ordered the Debtor and Mr. Manookian to turnover a host of documents, including bank statements, credit card statements, tax returns, leases, disengagement

---

[2] Manookian PLLC states in its Motions that this information is needed in order to ascertain the nature of the Trustee's complaint. That simply is not true. Manookian PLLC neither filed a Motion to Dismiss nor a Motion for More Definite Statement; it responded to each and every allegation of the Complaint in its Answer.

letters, and proof of delivery of those disengagement letters. *See* 3:19-bk-07235, Doc. 93.

From that list of documents that the Court ordered the Debtor and Mr. Manookian to produce, only one disengagement letter was actually produced.[3]  Again, the Trustee will gladly supplement her responses to the requests for admission once the parties to this action appropriately respond to outstanding discovery requests.  The Defendants and their controlling principals should not be allowed to refuse the turnover of information while simultaneously complaining because the Trustee cannot produce that same information.

For the foregoing reasons, the Court should deny Manookian PLLC's Motions and grant the Trustee's pending motions to compel so that this matter may proceed more smoothly to its conclusion.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton,
Trustee

---

[3] The Trustee has not filed a motion for sanctions, choosing to instead focus on more important issues at the heart of this case.  She reserves her right to do so if the Defendants continue to insist on the Trustee's production of documents and information which are continuing to be withheld from her.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served this 9th day of February, 2022, upon all parties of record requesting notice through the Court's electronic filing system, including the following:

John Spragens, counsel for Manookian PLLC
john@spragenslaw.com

/s/ Phillip G. Young
Phillip G. Young
