# THOMPSON BURTON PLLC

A T T O R N E Y S   A T   L A W
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young                                              Direct Dial: 615-465-6008
phillip@thompsonburton.com

November 5, 2021

John Sprgens
Spragens Law
311 22nd Ave. N.
Nashville, TN 37203
john@spragenslaw.com

> RE:     Burton v. Hagh et al.

Dear John:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee for Cummings Manookian, PLC (the "Trustee") in the Trustee's adversary proceeding against your client, Manookian PLC, as well as Afsoon Hagh and Hagh Law, PLC.  Please consider this the Trustee's response to your letter dated October 21, 2021.

The Trustee has reviewed her responses to your discovery, dated February 25, 2021 and March 1, 2021, and stands by those responses as of this date.  As you probably know, a chapter 7 trustee comes into a case with no first-hand knowledge of the Debtor, its assets, its liabilities, or its interactions with third parties.  A trustee gains knowledge through disclosures by the debtor and discovery (both formal and informal).  In this case, the Debtor (which is controlled by Brian Manookian, your client's principal) has failed to make appropriate disclosures of even the most basic information.  Even after the Court issued an order compelling the production of certain documents those documents were not produced. Similarly, your client, as well as Ms. Hagh, and Hagh Law, PLC have provided insufficient discovery responses as detailed in my letter dated October 29, 2021.  Your client, Hagh Law, PLC, and their principals have consistently evaded producing substantive information necessary for the administration of the Cummings Manookian, PLC bankruptcy estate, the pursuit of this adversary proceeding, and/or the proof (or disproof) of defenses raised in the answers to the complaint filed by the Trustee.  Until the defendants cooperate with discovery efforts, and the Trustee has been afforded an opportunity to depose them, the Trustee will stand by her responses and objections to the written discovery as previously produced.

Furthermore, since you continue to raise allegations that the Trustee has no basis for the allegations made in the complaint, allow me to more fully explain the basis of those allegations. Every allegation in the complaint was born of (1) publicly available documents related to cases in which Cummings Manookian, PLC, Manookian, PLC, Hagh Law, PLC, Afsoon Hagh and/or Brian Manookian served as counsel; (2) documents produced to the Trustee by Brian Manookian and/or Cummings Manookian, PLC; and (3) all reasonable inferences therefrom. Therefore, your client has access to every fact and every document that form the basis of the Trustee's complaint. This is not uncommon in adversary proceedings brought by a chapter 7 trustee; in fact, this is the rule, not the exception. It is not unusual whatsoever for a trustee to respond to discovery by noting that the defendant is in possession of all facts and documents that the trustee possesses.

After receipt of proper discovery responses from your client and the Hagh defendants, and after having an opportunity to depose Mr. Manookian and Ms. Hagh, the Trustee will be glad to supplement her responses to this discovery as required by the Tennessee Rules of Civil Procedure (though, as stated above, your client already has ready access to all such facts and documents but has chosen to withhold them from the Trustee). Until that time, the Trustee deems her responses and stated objections appropriate.

Finally, regarding the deposition of the Trustee, we will provide you potential dates closer to the close of written discovery. At the request of your client and Ms. Hagh, written discovery closes on January 31, 2022, and depositions may be scheduled beginning February 1, 2022. It is premature at this time, three months prior to the earliest possible scheduling of a deposition, to calendar that deposition. This is especially true where written discovery could expand or lessen the potential topics for deposition testimony. Moreover, if your client is insistent on taking the Trustee's deposition for two full days, as your letter indicates, that is a matter that we should discuss with the Court at the February 2, 2022 pretrial conference. At the appropriate time the Trustee will provide available dates for a one-day deposition but will oppose a two-day deposition as that appears to be aimed at harassment, not discovery.

Very Truly Yours,

cc:     Jeanne Ann Burton, Trustee