# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC** | **Chapter 7** |
| Debtor. | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE** | **Adv. Proc. No. 3:20-ap-90002** |
| Plaintiff, | |
| v. | |
| **HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,** | |
| Defendants. | |

## DEFENDANT MANOOKIAN PLLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL AND MOTION TO DETERMINE THE SUFFIENCY OF RESPONSES TO REQUESTS FOR PRODUCTION

Manookian PLLC (the "AP Defendant" or "Defendant"), through counsel, replies as follows to Plaintiff's combined response to the AP Defendant's Motion to Compel and Motion to Determine the Sufficiency of Responses to Requests for Production.

### I.     INTRODUCTION

This is an adversary proceeding against, among others, Manookian PLLC. Manookian PLLC is a law firm. More than two years ago, the Plaintiff sued Manookian PLLC, making a host of generalized, ambiguous, and inflammatory allegations—sounding in fraud—that, in the time since, she refuses to either prosecute or subject to the slightest bit of scrutiny through discovery.

Case 3:20-ap-90002   Doc 122   Filed 02/14/22   Entered 02/14/22 11:52:13   Desc Main
Document     Page 1 of 5

Over a year ago, the Defendant served its first and second sets of written discovery on the Plaintiff, seeking to determine any factual bases for the claims against it, as well as seeking basic information about the damages Plaintiff was attempting to recover from Manookian PLLC. Defendant additionally posed targeted Requests for Admission in an effort to narrow undisputed issues for trial.

Plaintiff responded by outright refusing to answer any of the pending Interrogatories, and lodging bogus, boilerplate objections to substantially all of the pending Requests for Admission. As detailed in Defendant's Motion to Compel and Motion to Determine Sufficiency, the discovery sought by Manookian PLLC was targeted directly toward the allegations made by the Plaintiff in her Complaint, in many cases citing the specific paragraph.

Because the Plaintiff's claims are factually unsupported, were made in violation of Fed. Rule Civ. Pro. 11, and are, in some cases, invented out of whole cloth, the Plaintiff simply refuses to answer discovery about them. To that end, the Plaintiff has for two years made excuse after non-substantive excuse as to why she cannot or will not explain her claims. The effect has been to grind this litigation to a halt.

Enough is enough. This Defendant has been subjected to years of extraordinarily expensive litigation where the individual responsible for initiating the lawsuit steadfastly refuses to answer even the most basic inquiries about her allegations and purported damages. Manookian PLLC is entitled to thorough and complete responses to its outstanding discovery so that it may defend itself and move this proceeding toward an orderly conclusion.

II.     **THE PLAINTIFF'S RESPONSE DOES NOT ADDRESS EVEN A SINGLE ONE OF HER DEFICIENT OUTSTANDING DISCOVERY RESPONSES.**

Defendant's Motion to Compel is seventeen pages long. It identifies each of the twenty-three separate Interrogatories that Plaintiff failed to answer, and explains, point-by-point, why each

Interrogatory is relevant to Plaintiff's claims or Manookian PLLC's defense. Defendant's Motion as to Plaintiff's deficient responses to Requests for Admission is similarly detailed.

The relevance and materiality of the discovery that Plaintiff refuses to answer is self-evident. For example, Interrogatory No. 3, seeks the identities of the "clients and vendors" that the Plaintiff has alleged Defendant "improperly utilized" in her Complaint. As explained in Defendant's Motion to Compel, Defendant needs to know who these people are before it can meaningfully defend itself—particularly because Defendant is not aware of having utilized ***any*** vendor, much less utilizing one "improperly" in an actionable manner giving rise to damages to the Plaintiff. Likewise, Defendant needs to know what damages Plaintiff is claiming Defendant caused Cummings Manookian. This is basic, fundamental information that a party to a lawsuit is entitled, but which the Plaintiff has continually refused to provide. Additional examples abound.

Instead, the Plaintiff doubles down in response to Defendant's Motion to Compel by now refusing to defend *or even address* any of her own interrogatory or request for admissions responses. This bears repeating. After the Defendant posed specific written discovery about Plaintiff's claims and purported damages—and after the Defendant met and conferred and then filed a Motion to Compel explaining, point by point, why each of the individual outstanding discovery inquiries were relevant and material—Plaintiff has, again, simply refused to engage. She does not dispute the relevance of any of the outstanding inquiries. She does not argue that her responses are complete. She does not raise any privilege that would permit her to ignore her discovery obligation. Instead, she simply declines to address even a single one of the inquiries posed to her.

In fact, Plaintiff realizes that providing honest and forthcoming responses to the outstanding written discovery would be devastating to, and dispositive of, her claims. Rather than

3

simply admitting the obvious—that she lacks factual support for her allegations—she continues to make vague, generalized excuses for her failure to participate in mandatory discovery in a lawsuit that she initiated and continues to maintain.

### III. THE PLAINTIFF'S BAD-FAITH, GENERAL, AND UNSPECIFIED "COMPLAINTS" ABOUT OTHER INDIVIDUALS AND ENTITIES HAS NO BEARING ON HER BURDEN OF ANSWERING DISCOVERY ABOUT PLAINTIFF'S OWN CLAIMS AND PURPORTED DAMAGES.

Rather than addressing any specific outstanding discovery requests for which the Defendant seeks a response, Plaintiff again reverts to general finger-pointing at individuals and entities other than Manookian PLLC for her own bad-faith failure to participate in discovery.

Indeed, Plaintiff's Response to Manookian PLLC's Motion to Compel and Motion to Determine Sufficiency of Responses to Requests for Admission consists of five pages generally reciting that some other person or company has not provided some unidentified thing to Plaintiff. This is both factually wrong and legally irrelevant.

The Plaintiff initiated this lawsuit. The Plaintiff made a number of scandalous allegations about the Defendant. The Plaintiff made those allegations with a concurrent obligation that she have factual support for each and every one of her claims. That factual support was required to be present *at the time of pleading*. She cannot now refuse to reveal that factual support—to the extent it ever existed—when faced with specific, targeted written discovery. Defendant is entitled to know the basis of Plaintiff's fraud-based allegations against it.

Stated alternatively, Plaintiff's excuse that she first needs to take some unidentified and unspecified discovery before she can reveal the factual support for a lawsuit that she herself initiated over two years ago is erroneous. Plaintiff is required to come forward with whatever evidence she possesses—or otherwise admit that she does not possess such.

## IV.    CONCLUSION

For the forgoing reasons, Defendant's Motion to Compel and Motion to Determine Sufficiency should be granted.  Additionally, Defendant should be awarded its costs and expenses in pursuing these motions.

Date:   February 14, 2022

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed February 14, 2022 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

Case 3:20-ap-90002    Doc 122    Filed 02/14/22    Entered 02/14/22 11:52:13    Desc Main
Document    Page 5 of 5