Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/15/2022



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
|     Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## REVISED PROTECTIVE ORDER

Plaintiff Jeanne Ann Burton, Trustee and Defendants Hagh Law, PLLC and Afsoon Hagh, (each of the foregoing, a "Party," and collectively, the "Parties") anticipate that certain of their confidential business and/or client records, as well as those of non-parties, may be produced in discovery in the above-captioned action (the "Action") and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), made applicable to this matter by Bankruptcy Rule 7026, the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection according to the terms and conditions set forth below. To expedite the flow of discovery material and the litigation of this

case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1. This Protective Order shall apply to all documents, electronically stored information (ESI), materials, and information disclosed, filed or served in this Action pursuant to the Federal Rules of Civil Procedure or the Local Rules, including without limitation, documents and data produced by any Party or non-party, answers to interrogatories, responses to requests for production, responses to requests for admission, expert disclosures, and deposition testimony.

2. As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

3. As used in this Protective Order, "Confidential Information" is information that the designating Party or non-party believes in good faith is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial, or personal information, such as confidential business or client information.

4. Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential by stamping the term "CONFIDENTIAL" clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format. For a multi-page document, each page containing Confidential Information shall be stamped separately.

5. All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

2

6. Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

(i) the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

(ii) counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

(iii) expert witnesses and consultants, such as e-discovery vendors, who are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

(iv) the Court and its officers, including stenographic reporters and videographers engaged to transcribe or record court proceedings and sworn testimony in this Action; and

(v) other persons by written agreement of the Parties or by order of the Court.

7. Prior to disclosing any Confidential Information to any person listed above (other than counsel of record and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which states that he/she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents and other information produced by non-parties shall be treated as Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential Information by letter to all other Parties in the Action.

9.      Deposition transcripts in this Action shall be treated as Confidential Information until thirty (30) days after receipt of a final copy of the transcript, during which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential Information by letter to all other Parties in the Action.  Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential Information during the recording of such deposition.  No person shall be present during portions of the depositions designated as "CONFIDENTIAL" unless such person is an authorized recipient of Confidential Information pursuant to this Protective Order.

10.      A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot consensually resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party objecting to the designation of the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.   In connection with a motion filed under this provision, the Party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

11.      All Confidential Information designated as such that is contained within any document, including without limitation pleadings, briefs, deposition transcripts, and deposition exhibits, shall, if possible and feasible, be redacted by the Party seeking to file such prior to filing the document with the Court or, in the alternative, filed under seal, unless the Parties otherwise

agree. In the event that any Confidential Information is filed with the Court by any Party, including pages from motions, briefs, memorandum, or other pleadings containing or referencing (in such manner that the Confidential Information may be revealed thereby), the Confidential Information shall be redacted by the filing Party or, upon motion and with leave of Court, filed under seal unless otherwise agreed by the Parties. If a Party believes Confidential Information has been mistakenly filed with or in a pleading, such Party may, at the Party's own cost and expense, move that it be filed under seal.

12. Except as provided in paragraph 11, material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed under seal. The Party wishing to file any Confidential Information with the Court must first move to have the information filed under seal in accordance with the procedure mandated by the local rules.

13. Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" (and any copies thereof) or destroy them. Upon written request, counsel for each Party shall furnish a certificate of compliance that all Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

14. The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information that is received or disclosed pursuant to this Protective Order.

15. The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production

5

as privileged or otherwise protected from discovery.  In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all Parties in writing of the inadvertent disclosure and request the destruction of such document(s).  If the Receiving Party discovers an obviously privileged document, in particular one containing counsel of record in this case as a sender or recipient, it will immediately notify the Producing Party of the document and return or destroy all copies of the document.  If a request is made in good faith to return any such inadvertently produced document(s), the Party(ies) or non-party(ies) that received the document(s) shall within five (5) business days of receipt of such request, confirm in writing that it has destroyed all copies thereof and deleted any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed any work product that incorporates such document or information.  The status of the document(s) as privileged or otherwise protected from discovery shall be deemed to be restored upon the making of such a request.  If, however, the Party claiming privilege either (i) expresses the intent to use such document (or information contained therein) at a hearing, deposition, or trial, or (ii) uses such document (or information contained therein) at a hearing, deposition, or trial, that Party's right to assert the privilege or protection and to request destruction of the document(s) shall be foreclosed.  Compliance with this paragraph shall not be deemed to prejudice the rights of any other Party to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, protection, or immunity is invalid; provided, however, that mere inadvertent production of the information or document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

6

16. Nothing in this Protective Order shall affect the admissibility of any evidence at a trial or hearing in this case.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

<div style="border:1px solid black; text-align:center;">

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

</div>

**AGREED:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

7