IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
| Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90002 |
| ) | |
| HAGH LAW, PLLC; AFSOON ) | |
| HAGH; MANOOKIAN, PLLC; and ) | |
| FIRST-CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
| Defendants. ) | |
| ) | |

### TRUSTEE'S STATUS REPORT IN ADVANCE OF MARCH 17 HEARING

COMES NOW Jeanne Ann Burton, Chapter 7 Trustee for Cummings Manookian PLC and Plaintiff herein (the "Trustee"), by and through counsel, and respectfully provides this Court the following status report in advance of the hearing scheduled in this matter for 8:30 a.m. on March 17, 2022 to consider the following matters: the Trustee's motions to compel as to Hagh Law, PLLC, Afsoon Hagh, Manookian, PLLC, and Marty Fitzgerald; and Manookian, PLLC's motions to compel as to the Trustee. The purpose of this report is to inform the Court of discovery communications between the parties since the February 16, 2022 and to highlight remaining deficiencies, so as to expedite the Court's consideration of the various motions at the upcoming hearing.

1. Since the last hearing on this matter on February 16, 2022, there have been a number of written communications between the parties  This status report details and attaches all such communications.

2. On February 18, 2022, undersigned counsel emailed John Spragens, counsel for Manookian, PLLC, asking that his client begin by fully responding to Interrogatory No. 5 (which asks Manookian, PLLC to state by dollar amount or percentage the interest it claims in the *Fitzgerald* and *Shoemaker* fees) as that might moot a number of other outstanding discovery issues. Mr. Spragens briefly responded to that email on February 28, 2022, but the response did not include an answer to Interrogatory No. 5. Instead, that email requested an in-person meeting between the Trustee, her counsel, Mr. Spragens, and his client. The email also requested deposition dates, despite ongoing written discovery disputes. This correspondence is attached hereto as Exhibit 1.

3. On March 3, 2022, Mr. Spragens sent a letter to undersigned counsel addressing the existing discovery disputes. The letter attached no revised discovery responses. The letter asked the Trustee to enter into a protective order, and promised that "any remaining responsive documents can be produced the same day." The letter also reiterated the request for a face-to-face meeting and the request for deposition dates. This letter is attached hereto as Exhibit 2.

4. The same day, March 3, 2022, Manookian, PLLC served the Trustee with an additional eighty-six (86) requests for admission, in addition to the eighty-five (85) requests for admission previously propounded. The additional requests for admission (without attachments) are attached hereto as Exhibit 3. The Trustee intends to discuss this issue with the Court at the hearing on March 17 as the requests for admission were served after the deadline for serving written discovery.

5. The Trustee responded to Manookian, PLLC's March 3, 2022 letter on March 8, 2022. A copy of that letter is attached hereto as Exhibit 4. That letter included a proposed protective order, which was entered by this Court on March 9, 2022.

6. Similarly, on March 2, 2022, undersigned counsel emailed Craig Gabbert, counsel for Afsoon Hagh and Hagh Law, PLLC, inquiring about additional documents for which Ms. Hagh was

allegedly searching. While Ms. Hagh produced over 10,000 pages of documents in response to the Trustee's requests for production, the vast majority of those pages were pleadings that are contained in the public record of the *Shoemaker* case and invoices evidencing trial expenses in *Shoemaker* and *Fitzgerald*. While the production did include a 2021 engagement letter between Hagh Law, PLLC and the *Shoemaker* plaintiffs, it included no other engagement correspondence nor did it include any email correspondence on any matter. Mr. Gabbert responded to that email on March 3, 2022 and attached a letter dated March 1, 2022. The email correspondence between the parties is attached hereto as <u>Exhibit 5</u>, and the March 1 letter from Mr. Gabbert is attached hereto as <u>Exhibit 6</u>.

7. The March 1 letter from Mr. Gabbert addressed three topics. First, it acted as a "meet and confer" letter with regard to the Trustee's responses to Hagh Law, PLLC's written discovery. Second, it asked the Trustee to withdraw her pending motions to compel as to Afsoon Hagh and Hagh Law, PLLC. Finally, it asked for deposition dates for the Trustee and undersigned counsel. The Trustee responded to this letter on March 8, 2022. A copy of that March 8 letter is attached hereto as <u>Exhibit 7.</u>

8. The majority of relevant documents in the Trustee's possession were produced by Cummings Manookian, PLC, Brian Manookian, Afsoon Hagh, and Hagh Law, PLLC. The Trustee has not previously produced those documents because it is believed that the Defendants each have ready access to these documents. In keeping with the Court's instruction to re-examine prior productions and out of an abundance of caution, the Trustee decided to produce those documents even if they were otherwise readily available to the Defendants. However, substantially all documents that have been previously produced were designated as "confidential" by those parties. In order to avoid any claim that production of a document to Ms. Hagh that originated with Mr. Manookian was a breach of confidentiality, on March 11, 2022 undersigned counsel asked Mr. Spragens and Mr.

Gabbert to confirm that they had no objection to the Trustee producing these documents to their co-defendants. Mr. Spragens responded, asking for clarification, on March 12, 2022. The Trustee provided that clarification on March 13, 2022. A copy of this correspondence is attached hereto as Exhibit 8.

9. On March 13, 2022, the Trustee sent revised responses to the Hagh Law, PLLC written discovery, the first set of Manookian PLLC requests for admission, and the first set of Manookian PLLC written discovery. A copy of the clean and redline copies of each of those responses is attached hereto as collective Exhibit 9. With those responses, the Trustee produced some additional documents and offered to produce even more documents once the defendants confirmed that they would waive any confidentiality to allow a production of documents to their co-defendants. The defendants have not yet confirmed that, but the Trustee remains willing to produce those documents with written confirmation.

10. On March 14, 2022, Manookian, PLLC served Amended Responses to Plaintiff's First Interrogatories and Requests for Production. Those amended responses are attached hereto as Exhibit 10. With the amended responses, Manookian, PLLC produced two documents: an engagement agreement between Manookian, PLLC and the *Shoemaker* plaintiff and a motion to withdraw filed by Brian Manookian in the *Shoemaker* case. Both documents were marked confidential and are not attached for that reason.

11. There remain significant deficiencies with the discovery responses of all parties. Those deficiencies are as follows:

(a) **Marty Fitzgerald** – The Trustee has received no response to the subpoena for documents.

(b) **Manookian, PLLC** – Despite the amended responses, there remain several

deficiencies:

- Interrogatory No. 5 asks Manookian, PLLC to "[s]tate what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases." Manookian, PLLC does not answer that interrogatory with respect to *Fitzgerald* or *Shoemaker*, instead simply answering that certain engagement agreements define the firm's rights. Manookian, PLLC should be compelled to provide an amount or percentage of recovery that it claims to the fees in those two cases.

- Request for Production No. 1 seeks production of any document or communication that supports its denials. Manookian, PLLC produces no documents, claiming that this request is too broad. However, in its previous motions Manookian, PLLC has cited certain documentation, including video from the Debtor's law offices and data regarding key swipes at the Debtor's law offices, that it claims disproves the Trustee's allegations. At a minimum, Manookian, PLLC should be compelled to produce that information that it has affirmatively cited as support for its denials.

- Request for Production No. 8 seeks copies of all documents and communications that relate or refer to the *Fitzgerald* case, including correspondence between Manookian, PLLC and counsel for the defendants in that matter. Manookian, PLLC should be compelled to produce, at a minimum, its email correspondence with opposing counsel and third parties in that case.

(c) **Hagh Law, PLLC** – The most glaring deficiency is that Hagh Law, PLLC has produced no engagement letter with the *Fitzgerald* plaintiffs (despite Manookian, PLLC's insistence

that such document exists) and it has produced no emails. A more complete listing of deficiencies includes:

- Interrogatory No. 8 asks Hagh Law to identify the legal and factual support for its claims to certain fees. Hagh Law has broadly answered this question by referring to "written engagement letters." Relatedly, Request for Production No. 3 asks for the production of those engagement letters. While Hagh Law has produced one engagement letter related to the *Shoemaker* matter it has indicated that it is still looking through files for any other responsive document. Hagh Law, PLLC should be compelled to specifically identify, by parties and date, all written engagement letters it has related to the *Fitzgerald* and *Shoemaker* matters and to produce those documents.

- Request for Production No. 1 seeks production of any document or communication that supports its denials. Hagh Law, PLLC produces no documents, claiming that this request is too broad. However, in its previous motions Hagh Law, PLLC has cited certain documentation, including video from the Debtor's law offices and data regarding key swipes at the Debtor's law offices, that it claims disproves the Trustee's allegations. At a minimum, Hagh Law, PLLC should be compelled to produce that information that it has affirmatively cited as support for its denials.

- Request for Production No. 5 seeks production of any document that supports its claims to fees in the *Fitzgerald* and *Shoemaker* cases. To the extent that Hagh Law contends that anything beyond the single engagement letter establishes its entitlement to fees, it should be required to produce any such documents.

- Request for Production No. 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald* case, including correspondence with defense counsel in that case. Hagh Law objects, noting that "[t]he entity Hagh Law did not correspond with counsel for the Defendants in the Fitzgerald matter." Hagh Law has repeatedly taken the position in this case that it, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh Law and counsel for the Defendants. Since Hagh Law was formed in March 2019, and the Fitzgerald matter was settled in August 2019, there should be a finite set of documents that are responsive to this request. Hagh Law should be compelled to produce all documents responsive to this request without drawing a false distinction between Hagh Law as an entity and Afsoon Hagh, its sole member.

(d) **Afsoon Hagh** – Like Hagh Law, PLLC, Ms. Hagh has produced no email correspondence in response to discovery requests. Other deficiencies include:

- Request for Production No. 1 seeks production of any document or communication that supports its denials. Afsoon Hagh produces no documents, claiming that this request is too broad. However, in its previous motions Ms. Hagh has cited certain documentation, including video from the Debtor's law offices and data regarding key swipes at the Debtor's law offices, that she claims disproves the Trustee's allegations. At a minimum, Afsoon Hagh should be compelled to produce that information that she has affirmatively cited as support for her denials.

- Request for Production No. 3 asks for the production of any document that evidences the creation of an attorney/client relationship with the *Fitzgerald* and/or *Shoemaker* plaintiffs, including engagement letters. While Ms. Hagh has produced one engagement letter related to the *Shoemaker* matter she has indicated that she is still looking through files for any other responsive document. Ms. Hagh should be compelled to specifically identify, by parties and date, all written engagement letters it has related to the *Fitzgerald* and *Shoemaker* matters and to produce those documents.

- Request for Production No. 5 seeks production of any document that supports Ms. Hagh's claims to fees in the *Fitzgerald* and *Shoemaker* cases. To the extent that Afsoon Hagh contends that anything beyond the single engagement letter establishes her entitlement to fees, she should be required to produce any such documents.

- Request for Production No. 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Ms. Hagh has only produced a few filed pleadings and some invoices for expenses in response to this request. Ms. Hagh has repeatedly taken the position in this case that she and/or her law firm, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh and counsel for the Defendants. Ms. Hagh should be compelled to produce all documents responsive to this request, including all emails between defense

counsel and her.

Dated this 15th day of March, 2022.

Respectfully submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Special Counsel to Trustee