# THOMPSON BURTON PLLC

A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

March 8, 2022

John Spragens
Spragens Law, PLC
311 22nd Avenue, North
Nashville, TN 37203
john@spragenslaw.com

> **Re:** ***Burton v. Hagh Law PLLC et al.***
> **United States Bankruptcy Court for the Middle District of Tennessee**
> **Case No. 3:20-ap-90002**
> **Response to March 3, 2022 Letter**

Dear John:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. Please accept this letter as a response to your letter dated March 3, 2022. Your letter raised a number of issues regarding the ongoing discovery disputes between my client, the Trustee, and your client, Manookian PLLC. I will try to address each of those issues in this letter.

First, you asked that the parties enter into a protective order to cover Manookian, PLLC's document production in this matter. We have offered to enter into a protective order several times in the past and at least twice have sent a proposed protective order identical to the one that was entered into by Afsoon Hagh and Hagh Law PLLC. Nevertheless, I am attaching another copy of that proposed protective order to this letter. You have my permission to sign my name to this order and submit it to the Court; alternatively, if you will email me permission to sign your name to this order I will be happy to submit it. Given the time constraints I suggest that we submit this as an expedited order so that it is entered quickly.

Next, in your letter you suggest that we and our clients meet to discuss the outstanding discovery. Respectfully, the Trustee and I think that is unnecessary. We have issued *written* discovery to which *written* responses are required by the Federal Rules of Civil Procedure. Similarly, you have issued the Trustee written discovery to which written responses are required. The Trustee has attempted to answer all of those requests, in writing, to the best of her ability. While we are in the process of reviewing the prior responses per the Court's instructions (and will

1

be providing any supplements by this weekend), when the Trustee was unable to answer the requests for some reason, she clearly delineated those reasons in writing. There is no reason why Manookian PLLC cannot do the same. Prime evidence of why a written response is necessary in this case can be found within your March 3 letter itself. Both the Trustee and I clearly heard you tell the Court at our last hearing that Manookian PLLC had waived or disclaimed any right to receive fees from the *Fitzgerald* or *Shoemaker* matters. In fact, my response in that hearing was something like, "If your client would put that in a written and signed interrogatory response that might moot a lot of our other outstanding requests." However, in your March 3 letter you state, "I am not aware of Manookian PLLC 'disclaiming' any fees as to any case." You then went on to explain that Manookian PLLC's position is that its right to fees in any case is governed by its engagement letters with those clients – though no engagement letters with Manookian PLLC have been produced. This is a prime example of why oral responses to written discovery are not acceptable. We need written responses (or explanations why there can be no responses) to the written discovery.

In that same vein, I will note that your client has still refused to answer Interrogatory No. 5, which I explained could be pivotal in resolving all other discovery disputes with your client. Your statement in your letter that your client is not owed any fees from my client is not responsive to the interrogatory. Interrogatory No. 5 asks your client to state what dollar amount or percentage of fees to which it claims an interest with regard to several specific lawsuits. In the previous responses, your client answered "none" to all but two cases, *Fitzgerald* and *Shoemaker*. With regard to those two cases, it was indicated that Manookian PLLC's interest was yet to be determined. The *Fitzgerald* case has now been resolved for almost three years; the *Shoemaker* case has been resolved for over four months. We need your client to identify, in a signed writing as required by the Federal Rules of Civil Procedure, what interest it claims in the fees generated by each of those two cases. If your client claims an interest, other interrogatories then ask it to identify the basis for those claims. This is a very basic and forthright question that deserves an immediate response before all parties waste more time and effort on discovery disputes that might prove moot.

Finally, your letter requests dates for depositions for both the Trustee and me. As I indicated in the last pretrial conference, we intend to address the scheduling of all depositions once we have resolved these issues concerning written discovery. It profits no party to have depositions scheduled unless and until all parties have received adequate discovery responses. We will be prepared to discuss that scheduling on March 17 if the Trustee has received adequate discovery responses prior to that date.

2

I trust this addresses all of the issues outlined in your March 3 letter. I look forward to getting that protective order entered, receiving documents that are responsive to our requests for production, and receiving answers to the outstanding interrogatories, including Interrogatory No. 5.

Sincerely,

Phillip G. Young, Jr.

cc: Jeanne Ann Burton, Trustee

3