# THOMPSON BURTON PLLC

**ATTORNEYS AT LAW**
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

March 8, 2022

Craig Gabbert
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

> **Re:** ***Burton v. Hagh Law PLLC et al.***
> **United States Bankruptcy Court for the Middle District of Tennessee**
> **Case No. 3:20-ap-90002**
> **Response to March 1, 2022 Letter**

Dear Craig:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. Please accept this letter as a response to your letter dated March 1, 2022. Your letter raised several issues regarding the ongoing discovery disputes between my client, the Trustee, and your clients, Afsoon Hagh and Hagh Law PLLC. I will try to address each of those issues in this letter.

First, you raised issues regarding certain alleged deficiencies in the Trustee's responses to your clients' written discovery. I note that these are largely the same issues raised by Manookian PLLC and that are subject to its motion to compel, set to be heard on March 17. Therefore, we will likely have a ruling on that issue by next week which will be equally applicable to your clients, however the Court rules. Nevertheless, the Trustee and I are in the process of re-examining her prior responses per the Court's instructions and anticipate providing any appropriate supplemental responses by this weekend.

Your letter also requests that the Trustee withdraw her pending motions to compel against Afsoon Hagh and Hagh Law, PLLC. I believe that request is premature, as I understand Ms. Hagh is still accessing an old server and reviewing emails for responsive documents. Despite your client's production of "over 10,000 pages of material," the vast majority of those pages are documents that are available in the public record of the *Shoemaker* case while other very meaningful documents have not yet been produced. As I have previously noted, for example, we have received no email correspondence on either the *Fitzgerald* or the *Shoemaker* cases, nor have

1

we received any engagement letters from Hagh Law PLLC relative to the *Fitzgerald* matter. Once your clients have confirmed that their production is complete, we will re-examine the motions to compel at that time.

Finally, your letter (like Manookian PLLC's letter that was received on the same date) requests dates for depositions for both the Trustee and me. As I indicated in the last pretrial conference, we intend to address the scheduling of all depositions once we have resolved these issues concerning written discovery. It profits no party to have depositions scheduled unless and until all parties have received adequate discovery responses. We will be prepared to discuss that scheduling on March 17 if the Trustee has received adequate discovery responses prior to that date.

I trust this addresses all of the issues outlined in your March 1 letter. Feel free to contact me with any other questions.

Sincerely,

Phillip G. Young, Jr.

cc: Jeanne Ann Burton, Trustee

2