# THOMPSON BURTON PLLC

### ATTORNEYS AT LAW
#### A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

March 13, 2022

Craig V. Gabbert
Glenn Rose
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

RE: Burton v. Hagh Law, PLLC et al; Case No. 3:20-ap-90002 (Bankr. M.D. Tenn.)
Plaintiff's Amended Responses to Hagh Law PLLC's First Set of Interrogatories and
Requests for Production to Trustee Jeanne Ann Burton

Craig:

Pursuant to the Court's direction at the February 16 hearing, the Trustee has re-examined her prior responses to Hagh Law PLLC's First Set of Interrogatories and Requests for Production to Trustee Jeanne Ann Burton and has made some amendments. Please find enclosed the Trustee's Amended Responses to Hagh Law PLLC's First Set of Interrogatories and Requests for Production to Trustee Jeanne Ann Burton. I have also included a redline comparison for your convenience. Contemporaneous to this letter, I am also sending you a link to a file that contains some additional documents that might be responsive to these requests. As I indicated in my prior emails, we have some other documents to which we will grant you access once you and John agree in writing that it is acceptable to share documents produced by Brian Manookian/Cummings Manookian/Manookian PLLC with Afsoon Hagh/Hagh Law, and vice versa.

Sincerely,

Phillip G. Young, Jr.

Enclosure

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:

CUMMINGS MANOOKIAN, PLLC,

Debtor.

JEANNE ANN BURTON, TRUSTEE,

Plaintiff,

v.

HAGH LAW, PLLC; AFSOON HAGH;
MANOOKIAN, PLLC; and FIRST-
CITIZENS BANK & TRUST COMPANY,

Defendants.

Case No. 3:19-bk-07235
Chapter 7
Judge Walker

Adv. Proc. No. 3:20-ap-90002

---

### PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT HAGH LAW, PLLC'S
### FIRST SET OF INTERROGATORIES AND REQUESTS FOR
### PRODUCTION TO TRUSTEE JEANNE ANN BURTON

---

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Amended Responses to Defendant Hagh Law, PLLC's First Set of Interrogatories and Requests for Production to Trustee Jeanne Ann Burton (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1. Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2. Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3. Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4. Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5. Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7. Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8. Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify all individuals who have personal knowledge of the facts alleged in your Complaint.

**Response:**

Jeanne Ann Burton, Trustee; Phillip G. Young, Receiver; Brian Manookian; Afsoon Hagh; Brian Cummings; Mark Hammervold; Steve Meisner; Ronette McCarthy; Marty Fitzgerald; Melissa Fitzgerald; all plaintiffs in all lawsuits identified in Paragraph 23 of the Complaint; all defense counsel in all lawsuits identified in Paragraph 23 of the Complaint; all co-counsel in in all lawsuits identified in Paragraph 23 of the Complaint.

2

2.     Identify by client/plaintiff, defendant, case number, and jurisdiction any and all cases or potential cases for which Cummings Manookian was providing legal services in September 2018.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 23 of the Complaint contains a listing of such cases to the best of the Trustee's knowledge.

3.     For each case you identified in response to Interrogatory 2, state the nature of the case, the ultimate resolution of the representation/case, and the date on which you claim Cummings Manookian ceased providing legal services in the case or for the client if no action was ever filed.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Cummings Manookian provided legal services in each case until the conclusion of each action or November 6, 2019, whichever occurred first.

4.     State with specificity the nature of the relationship, including without limitation the compensation arrangement, that plaintiff alleges existed between Afsoon Hagh and Cummings

3

Manookian. If plaintiff alleges that relationship changed over time, plaintiff should identify each relationship and the dates during which that each arrangement was in place..

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Afsoon Hagh held herself out to be an agent of Cummings Manookian through at least April 2019. The Trustee has been unable to identify the compensation arrangement between Ms. Hagh and Cummings Manookian as that information has been withheld from the Trustee, despite written discovery on that topic to Cummings Manookian and all parties to this action

5.   Identify any and all members and/or partners of Cummings Manookian and state the dates for which each was a member and/or partner.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she is aware that Brian Cummings was a member of Cummings Manookian from January 1, 2015 through approximately September 1, 2018, and that she is aware that Brian Manookian was a member of Cummings Manookian from January 1, 2015 through its bankruptcy filing on November 6, 2019.

4

6.     Identify any individual who was a partner, member, or employee of Cummings Manookian who provided any legal services to any person or entity after December 1, 2018, and state with specificity the client for whom those services were provided, the nature of those legal services, and the last date on which services were provided for each client.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee.  The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets.  The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Brian Manookian and Afsoon Hagh provided legal services to clients of Cummings Manookian after December 1, 2018.  Both Afsoon Hagh and Brian Manookian provided legal services to the plaintiffs in Fitzgerald v. Osborn after December 1, 2018 and through the conclusion of that matter in August 2019 or, in the alternative, at least through April 2019.  Afsoon Hagh and Brian Manookian both provided legal services to the plaintiffs in Shoemaker v. Vanderbilt Medical after December 1, 2018 and through the conclusion of that matter in November 2021 or, in the alternative, at least through April 2019.  Ms. Hagh and Mr. Manookian may have provided legal services in other matters after December 1, 2018, so the Trustee will supplement this response after receiving full and complete responses to her outstanding written discovery.

7.     If you identified Afsoon Hagh in response to the previous interrogatory; state the amount of compensation paid to her or owed to her for work allegedly performed after December 1, 2018 and the basis on which the amount of compensation due was calculated or determined.

**Response:**

5

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Afsoon Hagh has received in excess of $600,000 from settlement proceeds in Fitzgerald v. Osborn, and has received at least $100,000 from settlement proceeds in Shoemaker v. Vanderbilt. The Trustee disputes that Ms. Hagh was entitled to any compensation from the proceeds of either of those cases.

8.      You allege at Paragraph 17 of your Complaint that "Afsoon Hagh, now doing business as Hagh Law, continued utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers, and email address, all to work on CM's client files."

    a. Identify with specificity the office space you allege that Afsoon Hagh utilized, listing the dates on which you allege she was present or on the premises at such office space;

    b. Identify with specificity the precise "furnishings and equipment" you allege that Afsoon Hagh utilized, listing the dates on which you allege she utilized each specific furnishing or equipment;

    c. Identify with specificity the telephone numbers and email addresses that you claim Afsoon Hagh utilized, listing the dates on which you allege she utilized each telephone number or email address;

    d. Identify with specificity the "CM client files" you refer to in Paragraph 17 of your Complaint.

**Response:**

6

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that:

(a) Afsoon Hagh continued utilizing the office spaces of Cummings Manookian located at 45 Music Sq. W, Nashville, Tennessee through May 14, 2021, the date on which the property was sold to a third party.

(b) Afsoon Hagh utilized all furnishings and equipment located in the office spaces of Cummings Manookian at 45 Music Sq. W, Nashville, Tennessee through May 14, 2021. The Trustee has sought, but has been denied, discovery concerning the specific equipment and furnishings in that space.

(c) Afsoon Hagh utilized the telephone number (615)266-3333 and the fax number (615)266-0250 through at least April 2019. She utilized the email address afsoon@cummingsmanookian.com through at least April 2019.

(d) The CM client files referenced in Paragraph 17 of the Complaint relate to all client files, whether electronic or paper, maintained by Cummings Manookian related to the cases listed in Paragraph 23 of the Complaint.

9. Identify with specificity all "property" you refer to in Paragraphs 43 and 44 of your Complaint that you allege Afsoon Hagh or Hagh Law have wrongfully appropriated, exercised control over, or taken, and list the dates on which such property was wrongfully appropriated, exercised control over, or taken.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more

7

available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 44 of the Complaint clearly defines the term "Property" to include the following assets of Cummings Manookian: "leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs". "Leased premises" refers to real property located at 45 Music Sq. W, Nashville, Tennessee. "Furniture" and "equipment" refers to all furniture and equipment in Cummings Manookian's office spaces located at 45 Music Sq. W, Nashville, Tennessee. "Intellectual property" refers to the use of Cummings Manookian's firm name, its client lists and files, its website, its telephone number, its fax number and its email addresses. "Attorneys' fees" and "reimbursement of costs" refers to any compensation Afsoon Hagh and/or Hagh Law has received, or claims it is owed, from settlement proceeds paid in any case listed in Paragraph 23 of the Complaint. The Trustee is aware that Afsoon Hagh has received more than $600,000 from the Fitzgerald v. Osborn matter, and at least $100,000 from the Shoemaker v. Vanderbilt Medical Center matter.

10. Identify with specificity the "property" you refer to in Paragraphs 47 and 48 of your Complaint that you allege was wrongfully taken or received by Afsoon Hagh or Hagh Law and state the date on which you claim it was wrongfully taken or received.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 44 of the Complaint clearly defines the term "Property" to include the following assets of Cummings Manookian: "leased premises, furniture, equipment,

8

intellectual property, attorneys' fees, and reimbursement of costs". "Leased premises" refers to real property located at 45 Music Sq. W, Nashville, Tennessee. "Furniture" and "equipment" refers to all furniture and equipment in Cummings Manookian's office spaces located at 45 Music Sq. W, Nashville, Tennessee. "Intellectual property" refers to the use of Cummings Manookian's firm name, its client lists and files, its website, its telephone number, its fax number and its email addresses. "Attorneys' fees" and "reimbursement of costs" refers to any compensation Afsoon Hagh and/or Hagh Law has received, or claims it is owed, from settlement proceeds paid in any case listed in Paragraph 23 of the Complaint. The Trustee is aware that Afsoon Hagh has received more than $600,000 from the Fitzgerald v. Osborn matter, and at least $100,000 from the Shoemaker v. Vanderbilt Medical Center matter.

11. Identify with specificity by date and amount the "substantial transfers" you refer to in Paragraphs 51 and 52 of your Complaint that you allege were received by Afsoon Hagh or Hagh Law from Cummings Manookian.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that the "substantial transfers" referenced in Paragraphs 51 and of the Complaint relate to Afsoon Hagh and/or Hagh Law's use and receipt of "Property" as defined in Paragraph 44 of the Complaint. More specifically, Afsoon Hagh and Hagh Law were allowed to utilize, for no cost, the leased premises, furniture, equipment, and intellectual property of Cummings Manookian. Afsoon Hagh and/or Hagh Law have received more than $600,000 from the Fitzgerald v. Osborn matter and at least $100,000 from the Shoemaker v. Vanderbilt Medical Center matter.

9

12.    Identify with specificity all bank, brokerage, or deposit accounts of any kind held at any time by Cummings Manookian from which it made or received transfers.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she believes Cummings Manookian maintained one or more bank accounts at Insbank through Spring 2019. She has not been granted access to these bank record and therefore cannot verify bank account names or numbers.

13.    Identify by name each and every one of the "clients and vendors" of Cummings Manookian that you refer to in Paragraph 63 of your Complaint.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all of Cummings Manookian's clients in matters identified in Paragraph 23 are responsive to this Interrogatory. The Trustee has yet to identify vendors, but that information is subject to outstanding discovery.

14.    Identify by make, brand, model, and serial number any and all "computers and equipment" that you refer to in Paragraph 65 of your Complaint. If you are unable to provide a serial number, describe with as much detail as possible the "computers and equipment" you refer to in Paragraph 65.

**Response:**

10

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Cummings Manookian and/or the parties to this action have refused to provide this information despite written discovery regarding this issue. However, the Trustee states that all computers and equipment located in the offices of Cummings Manookian as of December 2018 are referenced by the allegations in Paragraph 65.

15.     Provide an estimate of the total number of hours of legal services provided by Cummings Manookian in the *Fitzgerald* matter and the *Shoemaker* matter and identify to the best of your ability what services were provided on which dates.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Trustee states that Cummings Manookian represented these clients pursuant to a written contingency agreement; as such, the Trustee doubts that any attorney or employee of Cummings Manookian kept track of the number of hours spent on these matters. Since Cummings Manookian never withdrew as counsel in either matter, all services provided by Brian Manookian and Afsoon Hagh constitute legal services provided by Cummings Manookian.

16.     Identify all offers of settlement, including without limitation amount and date, received by Cummings Manookian in the *Shoemaker* matter and state medium in which the offer

11

was received (for example: orally, at mediation, by letter, by email) and the date on which it was received.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

17.    Identify all offers of settlement, including without limitation amount and date, received by Cummings Manookian in the *Fitzgerald* matter and state medium in which the offer was received (for example: orally, at mediation, by letter, by email) and the date on which it was received.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Trustee states that she has recently received, in response to a subpoena, email correspondence from Steve Mesiner that might contain settlement offers in the Fitzgerald matter. The Trustee has not had an opportunity to review these emails. These emails are produced herewith.

18.    Identify the date on which Brian Cummings withdrew as a member of Cummings Manookian.

**Response:**

12

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, it is the Trustee's understanding that Mr. Cummings withdrew as a member of Cummings Manookian on or about September 1, 2018.

19. Identify the date on which Brian Manookian stopped (or was precluded as a result of his suspension) from providing legal services as a member of Cummings Manookian.
   **Response:**
The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that the dates of Mr. Manookian's suspensions is publicly available to Afsoon Hagh and/or Hagh Law. Notwithstanding these objections, the Trustee believes that Brian Manookian continued providing legal services as a member of Cummings Manookian until its bankruptcy filing on November 6, 2019.

20. State and describe in detail all legal work performed by Cummings Manookian in the *Fitzgerald* matter, including the date of the work, the time spent on each task, and individual who performed the work.
   **Response:**
The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in

13

that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

21.     State and describe in detail all legal work performed by Cummings Manookian in the *Shoemaker* matter, including the date of the work, the time spent on each task, and individual who performed the work.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

22.     Identify and itemize by amount and date all expenses paid for by Cummings Manookian in the *Fitzgerald* matter and state whether or not Cummings Manookian has been reimbursed for that expense.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Brian Manookian provided certain invoices related to multiple matters including the Fitzgerald matter. Pursuant to Mr. Manookian's document productions, the Trustee understands that Cummings Manookian advanced the following expenses for which the estate has not been compensated:

Nashville Media Services, Inc.; November 6, 2018; $328.18

Ciox Health; June 8, 2018; $429.24

14

Williamson County Circuit Court; September 11, 2018; $18.00

Franklin Court Reporters; September 20, 2018; $425.00

23.     Identify and itemize by amount and date all expenses paid for by Cummings Manookian in the *Shoemaker* matter and state whether or not Cummings Manookian has been reimbursed for that expense.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that the only information she has been provided regarding the expenses in Shoemaker was produced by Afsoon Hagh and Hagh Law, PLLC.

24.     Identify by client/plaintiff, defendant, case number, and jurisdiction any and all cases or potential cases for which Cummings Manookian was providing legal services in January 2019.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 23 of the Complaint contains a listing of such cases to the best of the Trustee's knowledge.

15

## VERIFICATION

I, **Jeanne Ann Burton,** swear or affirm that the answers to the foregoing Interrogatories and are true, complete, and accurate. I also understand that it is my duty to properly notify my attorney should I later learn that any of these answers are incomplete, inaccurate, or misleading, or should I obtain further information relative to the answers provided herein.

Witness my hand this the ___ day of _____, 2022.

_____

Jeanne Ann Burton

Case 3:20-ap-90002   Doc 133-9   Filed 03/15/22   Entered 03/15/22 13:03:15   Desc
Exhibit 9   Page 17 of 156

<u>**REQUESTS FOR PRODUCTION**</u>

1.     Produce any and all communications between any creditor of Cummings Manookian, or creditor's counsel, and Jeanne Burton or her counsel that in any way relates to this adversary proceeding or the Trustee's alleged right to recover fees in any legal proceeding.

**Response:**

The Trustee objects to this Request on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Trustee states that the only communications that she or her counsel have had with creditors that are relevant to this adversary proceeding are communications with creditors Ronette McCarthy and John Konvalinka, which are attached hereto.

2.     Produce any and all communications between Brian Cummings and Jeanne Burton or her counsel.

**Response:**

The Trustee objects to this Request on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Trustee attaches hereto all communications between Jeanne Burton or her counsel and Brian Cummings that relate to this adversary proceeding.

3.     Produce any and all communications between Phillip North and Jeanne Burton or her counsel.

**Response:**

The Trustee objects to this Request on the grounds that it seeks information that is irrelevant,

17

immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Trustee states that the none of the communications between Jeanne Burton or her counsel and Phillip North have concerned this adversary proceeding.

4. Produce any and all documents and communications reflecting any work done by Cummings Manookian in the matter of *Fitzgerald v. Osborne*.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee also objects to this Request on the grounds that it seeks documents that are available on public court dockets. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that the only documents and/or communications in her possession, custody or control reflecting any work done by Cummings Manookian in the Fitzgerald matter are (1) documents contained in the public record of that case; (2) emails between defense counsel in that matter and Afsoon Hagh and/or Brian Manookian, which are produced herewith and (3) the attached privilege log received from Ronette McCarthy pursuant to subpoena.

5. Produce any and all documents and communications reflecting any work done by Cummings Manookian in the matter of *Shoemaker v. Vanderbilt University Medical Center*.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee also objects to this Request on the grounds that it seeks documents that are available on public court dockets. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that the only documents and/or communications

18

in her possession, custody or control reflecting any work done by Cummings Manookian in the Shoemaker matter are contained in the public record of that case.

6. Produce any and all documents and communication reflecting any legal work or legal services provided by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee also objects to this Request on the grounds that it seeks documents that are available on public court dockets. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that the only documents and/or communications in her possession, custody or control reflecting any work done by Cummings Manookian after December 1, 2018 are (1) documents contained in the public record of each case; (2) emails between defense counsel in the Fitzgerald matter and Afsoon Hagh and/or Brian Manookian, which are produced herewith; and (3) emails between Ronette McCarthy and Afsoon Hagh and/or Brian Manookian, for which the Trustee has only a privilege log but the Defendants have access to the relevant emails.

7. Produce the employment or personnel file for any person employed by Cummings Manookian at any time.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Trustee states that

19

she currently has possession, custody or control of no such documents.

8.     Produce any records reflecting any payment of any kind, including salary, wages or compensation, by Cummings Manookian to Afsoon Hagh.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

9.     Produce all records reflecting any payment of any kind, including salary, wages or compensation, by Cummings Manookian to Hagh Law.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

10.     Produce all documents and communications reflecting the nature of the relationship between Cummings Manookian and Afsoon Hagh. Including without limitation any contract or written agreement of any kind between Cummings Manookian and Afsoon Hagh.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the

20

Trustee states that she currently has possession, custody or control of no such documents.

11.  Produce any contract or written agreement of any kind between Cummings Manookian and Hagh Law.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

12.  Produce all communications between Cummings Manookian and Marty or Melissa Fitzgerald.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has subpoenaed certain of these communications but the Trustee received an objection to the subpoena from Afsoon Hagh, purportedly on behalf of Marty Fitzgerald, and that no communications have been produced.

13.  Produce all communications between Cummings Manookian and Bretton Keefer.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery, to the extent they are not subject to

21

attorney-client privilege. Notwithstanding these objections, the Trustee produces herewith all such documents within her possession, custody or control.

14. Produce any and all contracts with which you allege Afsoon Hagh or Hagh Law interfered.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee alleges that Afsoon Hagh interfered with Cummings Manookian's written engagement agreement with the Fitzgerald and Shoemaker plaintiffs, copies of which are produced herewith.

15. Produce any engagement agreement entered into by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is aware of no such agreements.

16. Produce any contract entered into by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the

22

Trustee states that she is aware of no such contracts.

17.     Produce any and all records reflecting any expense paid by Cummings Manookian of any kind after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is aware of no such records.

18.     Produce and any all records of any payment made by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is aware of no such records.

23

19. Produce any all records of any payments received by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, all such responsive records in the Trustee's possession, custody or control are attached.

20. Produce any and all hourly bills or time entries for any work completed by Cummings Manookian in the *Fitzgerald* or *Shoemaker* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she believes no such documents exist since both matters were contingency fee arrangements.

21. Produce any and all records, including receipts, of Cummings Manookian's ownership of any furniture, equipment, computers, phones, phone numbers, domain names, or email addresses.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

24

Case 3:20-ap-90002    Doc 133-9    Filed 03/15/22    Entered 03/15/22 13:03:15    Desc
Exhibit 9    Page 25 of 156

22.    Produce any lease to which Cummings Manookian was ever a party.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

23.    Produce any records reflecting any real property owned by Cummings Manookian.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is unaware of any real property owned by Cummings Manookian.

24.    Produce records reflecting any payment by Cummings Manookian to any entity for rent or use of any real property.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

25

25. Produce any and all documents and communications, including emails, by any Cummings Manookian partner, member, or employee and any client reflecting the provision of legal services after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that emails between Afsoon Hagh, Brian Manookian and defense counsel for the defendant in Fitzgerald v. Osbourn after December 1, 2018 are responsive to this Request, and are produced herewith. The Trustee also states that emails between Afsoon Hagh, Brian Manookian and Ronette McCarthy after December 1, 2018 are responsive to this Request; the Trustee has attached the privilege log received from Ms. McCarthy via subpoena though the Defendants have access to the underlying emails referenced therein.

26. Produce any and all documents reflecting expenses paid by Cummings Manookian in the *Fitzgerald* or *Shoemaker* matter at any time.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence expenses incurred by Cummings Manookian in the Fitzgerald matter which are produced herewith.

27. Produce any and all documents and communications reflecting any offer of settlement received by Cummings Manookian in the *Fitzgerald* case.

26

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is in possession of emails between Afsoon Hagh, Brian Manookian and defense counsel in the Fitzgerald matter which are produced herewith.

28. Produce any and all documents and communications reflecting any offer of settlement received by Cummings Manookian in the *Shoemaker* case.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

29. Produce any and all materials, records, or documents reflecting any financial transaction of any kind entered into by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee is unaware of the existence of any such documents.

30. Produce any and all documents and communications reflecting Cummings Manookian's withdrawal from any matter, including but not limited to, correspondence and Motions to Withdraw.

27

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. The Trustee also objects to this Request in that it seeks documents available in the public record. Notwithstanding these objections, the Trustee states that she is aware that Brian Manookian filed a motion to withdraw in the Fitzgerald matter, though no order was ever submitted nor was any other notice filed. That motion specifically indicated that Afsoon Hagh would continue representing the Fitzgeralds. The Trustee also states that she received a letter from Brian Manookian to Marty and Melissa Fitzgerald purporting to notify them of Cummings Manookian's withdrawal, though the Trustee has been unable to confirm the authenticity of this document and/or the delivery of this document to the Fitzgeralds. These documents are produced herewith.

31.     Produce any and all engagement agreements between Cummings Manookian and Marty or Melissa Fitzgerald.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that Brian Manookian produced one such engagement agreement, which is attached hereto; Ronette McCarthy produced a different engagement agreement which is also attached hereto.

32.     Produce any and all engagement agreements between Cummings Manookian and Bretton Keefer.

**Response:**

28

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that Brian Manookian produced one such engagement agreement, which is attached hereto.

33. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any mediation costs conducted in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

34. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any expert witness fees in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

35. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment for any transcript of any

29

deposition in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence deposition transcript expenses paid by Cummings Manookian in the Fitzgerald matter. These documents are attached hereto.

36.    Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment for any transcript of any hearing in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

37.    Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any filing fees in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the

30

Trustee states that she has been provided no such documents.

38.     Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any court costs in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee.  The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence certain costs paid by Cummings Manookian in the Fitzgerald matter.  These documents are attached hereto.

39.     Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any travel expenses in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee.  The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

40.     Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any expense of any kind in the *Shoemaker* or *Fitzgerald* matters.

31

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence expenses paid by Cummings Manookian in the Fitzgerald matter. These documents are attached hereto.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Special Counsel for Jeanne Ann Burton, Trustee*

33

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 13th day of March, 2022.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

34

# THOMPSON BURTON PLLC

ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

March 13, 2021

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

> RE: Burton v. Hagh Law, PLLC et al; Case No. 3:20-ap-90002 (Bankr. M.D. Tenn.)
> Plaintiff's Amended Responses to Manookian PLLC's First Set of Requests for Admission

John:

Pursuant to the Court's direction at the February 16 hearing, the Trustee has re-examined her prior responses to Manookian PLLC's First Set of Requests for Admission and has made some amendments. Please find enclosed the Trustee's Amended Responses to Manookian PLLC's Requests for Admission. I have also included a redline comparison for your convenience.

Sincerely,

Phillip G. Young, Jr.

Enclosure

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                                          )
                                                ) Case No. 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,                        ) Chapter 7
                                                ) Judge Walker
   Debtor.                        )
                                                )
JEANNE ANN BURTON, TRUSTEE,                      )
                                                )
   Plaintiff,                     )
                                                )
v.                                               ) Adv. Proc. No. 3:20-ap-90002
                                                )
HAGH LAW, PLLC; AFSOON HAGH;                     )
MANOOKIAN, PLLC; and FIRST-                       )
CITIZENS BANK & TRUST COMPANY,                    )
                                                )
   Defendant.                     )

---

## PLAINTIFF'S AMENDED RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF REQUESTS FOR ADMISSION TO THE PLAINTIFF

---

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Amended Responses to Manookian PLLC's First Set of Requests for Admission to Plaintiff (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1.   Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2.   Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3.   Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

Case 3:20-ap-90002 Doc 133-9 Filed 03/15/22 Entered 03/15/22 13:03:15 Desc
Exhibit 9  Page 37 of 156

4.    Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5.    Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7.    Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8.    Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

<u>**REQUESTS FOR ADMISSION**</u>

1.    Admit that Afsoon Hagh was never an employee of Cummings Manookian.

<u>**RESPONSE:**</u>

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

2.    Admit that Cummings Manookian never identified Afsoon Hagh as an employee to

2

the Internal Revenue Service.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, including their failure to produce federal tax returns of the Debtor. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

3. Admit that Cummings Manookian never identified Afsoon Hagh as an employee to the Tennessee Department of Revenue.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

4. Admit that Cummings Manookian never filed any documents with any state, local, or federal agency identifying Afsoon Hagh as an employee of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

5. Admit that Afsoon Hagh was never a member of Cummings Manookian.

**RESPONSE:**

Admitted.

3

6.      Admit that Afsoon Hagh was never a partner in Cummings Manookian.

**RESPONSE:**

Admitted.

7.      Admit that Afsoon Hagh never held an ownership interest in Cummings Manookian.

**RESPONSE:**

Admitted.

8.      Admit that Afsoon Hagh served as co-counsel with certain attorney members of Cummings Manookian in various legal cases.

**RESPONSE:**

Trustee admits that Afsoon Hagh made notices of appearance as counsel in several Cummings Manookian matters and later served as co-counsel with both Brian Manookian and Brian Cummings. Trustee is unable to admit or deny the remainder of this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

9.      Admit that Afsoon Hagh was never paid a salary by Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, including failure to produce any bank account statements. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

10.     Admit that Afsoon Hagh was never paid an hourly wage by Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or

4

Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, including failure to produce any bank account statements. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

11.    Admit that Afsoon Hagh was never listed on Cummings Manookian's website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

12.    Admit that Afsoon Hagh was never paid any monies by Cummings Manookian.

**RESPONSE:**

Denied. Afsoon Hagh received funds from the settlement of the *Fitzgerald* matter that were otherwise owed to Cummings Manookian.

13.    Admit that Cummings Manookian had two members.

**RESPONSE:**

Admitted that Cummings Manookian had to members from its formation through early September 2018; denied that Cummings Manookian always had two members.

14.    Admit that the two members of Cummings Manookian were Brian Manookian and Brian Cummings.

**RESPONSE:**

Admitted that Brian Manookian and Brian Cummings were the two members of Cummings Manookian from its formation until early September 2018; denied that they were both members of Cummings Manookian for the entire duration of Cummings Manookian's existence.

15.    Admit that Cummings Manookian was a professional limited liability company.

**RESPONSE:**

5

Admitted.

16.     Admit that Cummings Manookian was created to provide professional services in the form of legal services.

**RESPONSE:**

Admitted.

17.     Admit that Cummings Manookian specialized in representing plaintiffs in medical malpractice cases.

**RESPONSE:**

Admitted.

18.     Admit that Cummings Manookian primarily accepted cases on a contingency fee basis whereby Cummings Manookian was only paid if they recovered monies for their client.

**RESPONSE:**

Admitted.

19.     Admit that Cummings Manookian entered into engagement agreements with their clients.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients. However, Trustee is unable to admit or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

20.     Admit that Cummings Manookian entered into engagement agreements with their clients that laid out the duties and rights of both parties to the contract.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients that laid out the duties and rights of both parties to the contract. Trustee is unable to admit

6

or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

21. Admit that Cummings Manookian utilized a standard form engagement agreement whose content and terms with respect to the rights and duties of the parties generally did not vary from case to case ("the Cummings Manookian Engagement Agreement).

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that most of the engagement agreements she has been provided appear to be based upon a standard form.

22. Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that the client terminated Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' right in the event the client terminated Cummings Manookian.

23. Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

7

24. Admit that the Cummings Manookian Engagement Agreement requires the client to pay Cummings Manookian an attorney's fee in the event the client terminates Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

25. Admit that the Cummings Manookian Engagement Agreement does not require the client to pay Cummings Manookian an attorney's fee in the event Cummings Manookian withdraws from the representation.

**RESPONSE:**

Denied. The Cummings Manookian engagement agreements provided to Trustee specifically requires the payment of advanced costs but is silent on payment of fees. Therefore, Trustee believes that Tennessee common law governs right to payment of attorney fees under this circumstance.

26. Admit that Cummings Manookian has never entered into a contract or written agreement with Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, the Trustee has been provided no contracts or written agreements with Afsoon Hagh.

27. Admit that Cummings Manookian has never entered into a contract or written agreement with Hagh Law PLLC.

**RESPONSE:**

8

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, the Trustee has been provided no contracts or written agreements with Hagh Law PLLC.

28. Admit that Cummings Manookian has never entered into a contract or written agreement with Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookiann PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. However, the Trustee has been provided no contracts or written agreements with Manookian PLLC.

29. Admit that Cummings Manookian does not own, and has never owned, any real property.

**RESPONSE:**

Trustee admits that Cummings Manookian does not currently own any real property. Trustee is unable to admit or deny whether Cummings Manookian owned any property prior to its bankruptcy filing.

30. Admit that Cummings Manookian does not own, and has never owned, 45 Music Square West, Nashville, Tennessee 37203.

**RESPONSE:**

Trustee admits that Cummings Manookian does not currently own 45 Music Square West, Nashville, Tennessee 37203. Trustee is unable to admit or deny whether Cummings Manookian owned any property prior to its bankruptcy filing.

31. Admit that Cummings Manookian was a party to a lease for 45 Music Square West, Nashville, Tennessee, 37203 ("the 45 MSW Lease).

9

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Cummings Manookian has represented, through its principal, that it had a written lease for 45 Music Square West. Trustee has specifically requested a copy of any such lease but none has been provided.

32.     Admit that Cummings Manookian was required to pay rent to 45 MSW Partners under the terms of the 45 MSW Lease.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee has specifically requested a copy of any such lease but none has been provided.

33.     Admit that Cummings Manookian breached the 45 MSW Lease by failing to pay rent to 45 MSW Partners beginning in November of 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee has specifically requested a copy of any such lease but none has been provided.

34.     Admit that Cummings Manookian owns no furniture.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no furniture, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there was furniture in the offices where Cummings Manookian operated as of the Petition Date.

10

35.     Admit that Cummings Manookian has never owned any furniture.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.  Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned furniture, but this allegation has not been tested.   However, upon information and belief, the Trustee believes that there was furniture in the offices where Cummings Manookian operated as of the Petition Date.


36.     Admit that Cummings Manookian owns no computers.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.  Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no computers, but this allegation has not been tested.  However, upon information and belief, the Trustee believes that there were computers in the offices where Cummings Manookian operated as of the Petition Date.

37.     Admit that Cummings Manookian has never owned any computers.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.  Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned computers, but this allegation has not been tested.   However, upon information and belief, the Trustee believes that there were computers in the offices where Cummings Manookian operated as of the Petition Date..


38.     Admit that Cummings Manookian owns no telephones.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.  Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no telephones, but this allegation has not been tested.  However, upon information and belief, the Trustee believes that there were telephones in the offices where Cummings Manookian operated as of the Petition Date..

39.     Admit that Cummings Manookian has never owned any telephones.

**RESPONSE:**

11

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned telephones, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there were telephones in the offices where Cummings Manookian operated as of the Petition Date..

40.     Admit that the web domain cummingsmanookian.com was registered by Brian Cummings.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

41.     Admit that the web domain cummingsmanookian.com is owned by Brian Cummings.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

42.     Admit that Cummings Manookian has never owned any website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. However, Trustee is aware that Cummings Manookian utilized a website at times during its operations.

43.     Admit that the Defendants have never utilized cummingsmanookian.com as a website.

**RESPONSE:**

Admitted.

12

44.     Admit that cummingsmanookian.com has not functioned as a website since at least October of 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

45.     Admit the telephone number 615-266-3333 was purchased individually by Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.   However, Trustee is aware that Cummings Manookian utilized that telephone number at times during its operations.

46.     Admit that all telephone numbers utilized by Cummings Manookian during its period of operation were privately purchased Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.   However, Trustee is aware that Cummings Manookian utilized certain telephone numbers at times during its operations.

47.     Admit that none of the Defendants have utilized a phone number owned by Cummings Manookian at any time.

13

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Afsoon Hagh listed a Cummings Manookian telephone number and email address in numerous court pleadings.

48.     Admit that none of the Defendants have utilized a phone number owned by

Cummings Manookian at any time after October 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Afsoon Hagh listed a Cummings Manookian telephone number and email address in numerous court pleadings after October 2018.

49.     Admit that, under Tennessee law, a legal client's file is owned by the client.

**RESPONSE:**

Admitted that a client owns the contents of its legal file, but denied that a law firm does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

50.     Admit that Cummings Manookian does not now, nor has it ever, owned a client's

case file.

**RESPONSE:**

Admitted that Cummings Manookian does not own the contents of clients' legal file, but denied that it does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

51.     Admit that Cummings Manookian is and was required to return, destroy, or transfer

a client's case file upon that client's request.

**RESPONSE:**

14

Admitted.

52.     Admit that Cummings Manookian does not "own" a client's case.

**RESPONSE:**

Admitted that Cummings Manookian does not own the contents of clients' legal file or the right to a client's case, but denied that it does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

53.     Admit that Cummings Manookian does not have an ownership interest in any case brought on behalf of a client.

**RESPONSE:**

Denied. Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

54.     Admit that any cause of action or right of recovery pursued by Cummings Manookian on behalf of a client belongs to the client.

**RESPONSE:**

Admitted that the cause of action belongs to the client, but denied that Cummings Manookian has no right to fees from a recovery.

55.     Admit that any cause of action or right of recovery pursued by Cummings Manookian on behalf of a client does not belong to Cummings Manookian.

**RESPONSE:**

Admitted that the cause of action belongs to the client, but denied that Cummings Manookian has no right to fees from a recovery.

56.     Admit that any Cummings Manookian client was empowered to terminate Cummings Manookian at any time and for any reason.

**RESPONSE:**

15

Admitted that any client had the right to terminate Cummings Manookian at any time and for any reason.

57. Admit that Cummings Manookian provided no services to Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property.

58. Admit that Cummings Manookian provided no goods to Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property.

59. Admit that Cummings Manookian provided no services to Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property.

60. Admit that Cummings Manookian provided no goods to Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property.

61. Admit that Cummings Manookian provided no services to Afsoon Hagh.

16

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property.

62. Admit that Cummings Manookian provided no goods to Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property.

63. Admit that Cummings Manookian provided no services to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

64. Admit that Cummings Manookian provided no goods to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

65. Admit that Cummings Manookian provided no services to Hagh Law in the

17

Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

66. Admit that Cummings Manookian provided no goods to Hagh Law in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

67. Admit that Cummings Manookian provided no services to Afsoon Hagh in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

68. Admit that Cummings Manookian provided no goods to Afsoon Hagh in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

18

69. Admit that Cummings Manookian had an existing, enforceable contract with Marty and Melissa Fitzgerald covering the subject matter of Cummings Manookian's representation in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Admitted

70. Admit that Cummings Manookian withdrew from representing the Fitzgeralds in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied. While Brian Manookian has produced a letter from Cummings Manookian that allegedly terminated the client relationship with the Fitzgeralds, no evidence has been produced that the letter was delivered to the Firtzgeralds, nor was any notice of withdrawal ever filed in that case.

71. Admit that the Fitzgeralds did not terminate Cummings Manookian from representing them in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Admitted.

72. Admit that Cummings Manookian never recovered any monies for the Fitzgerald in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied. Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

73. Admit that Cummings Manookian never even secured an offer of settlement from the Defendants in the Fitzgerald v. Osborn matter.

**RESPONSE:**

19

Denied. Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

74.     Admit that Cummings Manookian did minimal work on the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied. Cummings Manookian filed a substantial number of pleadings in that case.

75.     Admit that none of the work performed by Cummings Manookian in the Fitzgerald v Osborn matter resulted in any settlement or payment to the Fitzgeralds.

**RESPONSE:**

Denied. The work performed by Cummings Manookian in the matter directly caused the settlement payment.

76.     Admit that Manookian PLLC has never received a transfer of funds from Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, according to its discovery responses, Manookian PLLC claims some unidentified interest in certain funds which Trustee believes to be property of this estate.

77.     Admit that Manookian PLLC has never received any funds from Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, according to its discovery responses, Manookian PLLC claims some unidentified interest in certain funds which Trustee believes to be property of this estate.

78.     Admit that Manookian PLLC has never received any funds belonging to Cummings

20

Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, according to its discovery responses, Manookian PLLC claims some unidentified interest in certain funds which Trustee believes to be property of this estate.

79. Admit that Manookian PLLC has never received any monies from Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.

80. Admit that Manookian PLLC has never received any monies from Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.

81. Admit that Manookian PLLC has never received any monies from any person or any entity.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.

82. Admit that Manookian PLLC does not now, nor has it ever, held a bank account.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.

83. Admit that Hagh Law PLLC has never received any monies from Cummings Manookian.

**RESPONSE:**

Denied. Hagh Law PLLC received a distribution of a substantial sum of money from the

21

Fitzgerald settlement that was property of Cummings Manookian.

84.     Admit that Hagh Law has never received any monies from any person intended for Cummings Manookian.

**RESPONSE:**

Denied. Hagh Law PLLC received a distribution of a substantial sum of money from the Fitzgerald settlement that was property of Cummings Manookian.

85.     Admit that no person or entity has ever provided Afsoon Hagh, Hagh Law, or Manookian PLLC with monies that such person or entity instructed to be delivered to Cummings Manookian.

**RESPONSE:**

Denied. Afsoon Hagh and Hagh Law received a transfer of funds that the Chancery Court of Williamson County directed to be held in trust. However, the money was unilaterally transferred into an account in the name of Hagh Law and Afsoon Hagh.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

22

**Certificate of Service**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

This 13th day of March, 2022.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

23

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90002 |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S AMENDED RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF
REQUESTS FOR ADMISSION TO THE PLAINTIFF**

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Amended Responses to Manookian PLLC's First Set of Requests for Admission to Plaintiff (the "Discovery"), states as follows:

**GENERAL OBJECTIONS**

1. Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2. Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3. Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4. Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5. Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7. Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8. Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

**REQUESTS FOR ADMISSION**

1. Admit that Afsoon Hagh was never an employee of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

2. Admit that Cummings Manookian never identified Afsoon Hagh as an employee to

2

the Internal Revenue Service.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, including their failure to produce federal tax returns of the Debtor. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

3.  Admit that Cummings Manookian never identified Afsoon Hagh as an employee to

the Tennessee Department of Revenue.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

4.  Admit that Cummings Manookian never filed any documents with any state, local,

or federal agency identifying Afsoon Hagh as an employee of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

5.  Admit that Afsoon Hagh was never a member of Cummings Manookian.

**RESPONSE:**

Admitted.

3

Deleted: .

Deleted: Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.¶

6. Admit that Afsoon Hagh was never a partner in Cummings Manookian.

**RESPONSE:**

Admitted.

7. Admit that Afsoon Hagh never held an ownership interest in Cummings Manookian.

**RESPONSE:**

Admitted.

8. Admit that Afsoon Hagh served as co-counsel with certain attorney members of Cummings Manookian in various legal cases.

**RESPONSE:**

Trustee admits that Afsoon Hagh made notices of appearance as counsel in several Cummings Manookian matters and later served as co-counsel with both Brian Manookian and Brian Cummings. Trustee is unable to admit or deny the remainder of this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

9. Admit that Afsoon Hagh was never paid a salary by Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, including failure to produce any bank account statements. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

10. Admit that Afsoon Hagh was never paid an hourly wage by Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or

4

Deleted: Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.¶

Deleted: Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.¶

Deleted: .

Deleted: .

Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, including failure to produce any bank account statements. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

11. Admit that Afsoon Hagh was never listed on Cummings Manookian's website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Trustee states that Afsoon Hagh held herself out as an employee or agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

12. Admit that Afsoon Hagh was never paid any monies by Cummings Manookian.

**RESPONSE:**

Denied. Afsoon Hagh received funds from the settlement of the *Fitzgerald* matter that were otherwise owed to Cummings Manookian.

13. Admit that Cummings Manookian had two members.

**RESPONSE:**

Admitted that Cummings Manookian had to members from its formation through early September 2018; denied that Cummings Manookian always had two members.

14. Admit that the two members of Cummings Manookian were Brian Manookian and Brian Cummings.

**RESPONSE:**

Admitted that Brian Manookian and Brian Cummings were the two members of Cummings Manookian from its formation until early September 2018; denied that they were both members of Cummings Manookian for the entire duration of Cummings Manookian's existence.

15. Admit that Cummings Manookian was a professional limited liability company.

**RESPONSE:**

5

Deleted: .

Deleted: at least two members. Trustee is unable

Deleted: admit or deny any remaining elements of this request because

Deleted: , PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

Deleted: . Trustee is unable to admit or deny whether Mr.

Deleted: and Mr.

Deleted: were

Deleted: only members because Cummings Manookian, PLC and/or Afsoon Hagh have failed to appropriately or adequately respond to Trustee's outstanding discovery requests on this issue

Admitted.

16.     Admit that Cummings Manookian was created to provide professional services in the form of legal services.

**RESPONSE:**

Admitted.

17.     Admit that Cummings Manookian specialized in representing plaintiffs in medical malpractice cases.

**RESPONSE:**

Admitted.

18.     Admit that Cummings Manookian primarily accepted cases on a contingency fee basis whereby Cummings Manookian was only paid if they recovered monies for their client.

**RESPONSE:**

Admitted.

19.     Admit that Cummings Manookian entered into engagement agreements with their clients.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients. However, Trustee is unable to admit or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

20.     Admit that Cummings Manookian entered into engagement agreements with their clients that laid out the duties and rights of both parties to the contract.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients that laid out the duties and rights of both parties to the contract.  Trustee is unable to admit

6

Case 3:20-ap-90002    Doc 133-9    Filed 03/15/22    Entered 03/15/22 13:03:15    Desc
Exhibit 9    Page 65 of 156

or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

21.     Admit that Cummings Manookian utilized a standard form engagement agreement whose content and terms with respect to the rights and duties of the parties generally did not vary from case to case ("the Cummings Manookian Engagement Agreement).

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that most of the engagement agreements she has been provided appear to be based upon a standard form.

22.     Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that the client terminated Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' right in the event the client terminated Cummings Manookian.

23.     Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

7

Deleted: , PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.

Deleted: , PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.
Deleted: not
Deleted: all

Deleted: , PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.
Deleted: not
Deleted: all

24.     Admit that the Cummings Manookian Engagement Agreement requires the client to pay Cummings Manookian an attorney's fee in the event the client terminates Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements, and has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

25.     Admit that the Cummings Manookian Engagement Agreement does not require the client to pay Cummings Manookian an attorney's fee in the event Cummings Manookian withdraws from the representation.

**RESPONSE:**

Denied. The Cummings Manookian engagement agreements provided to Trustee specifically requires the payment of advanced costs but is silent on payment of fees. Therefore, Trustee believes that Tennessee common law governs right to payment of attorney fees under this circumstance.

26.     Admit that Cummings Manookian has never entered into a contract or written agreement with Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, the Trustee has been provided no contracts or written agreements with Afsoon Hagh.

27.     Admit that Cummings Manookian has never entered into a contract or written agreement with Hagh Law PLLC.

**RESPONSE:**

8

**Deleted:** , PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.

**Deleted:** not

**Deleted:** all

**Deleted:** Trustee also objects to this request to the extent it calls for a legal conclusion.

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee has not been provided copies of all engagement agreements, and has not been afforded an opportunity to depose Brian Manookian on this subject. Trustee also objects to this request to the extent it calls for a legal conclusion.

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, the Trustee has been provided no contracts or written agreements with Hagh Law PLLC.

28. Admit that Cummings Manookian has never entered into a contract or written

agreement with Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookiann PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue. Also, the Trustee has not been afforded an opportunity to depose Brian Manookian on this subject. However, the Trustee has been provided no contracts or written agreements with Manookian PLLC.

29. Admit that Cummings Manookian does not own, and has never owned, any real

property.

**RESPONSE:**

Trustee admits that Cummings Manookian does not currently own any real property. Trustee is unable to admit or deny whether Cummings Manookian owned any property prior to its bankruptcy filing.

30. Admit that Cummings Manookian does not own, and has never owned, 45 Music

Square West, Nashville, Tennessee 37203.

**RESPONSE:**

Trustee admits that Cummings Manookian does not currently own 45 Music Square West, Nashville, Tennessee 37203. Trustee is unable to admit or deny whether Cummings Manookian owned any property prior to its bankruptcy filing.

31. Admit that Cummings Manookian was a party to a lease for 45 Music Square West,

Nashville, Tennessee, 37203 ("the 45 MSW Lease).

9

**Deleted:** the remaining elements of this request because the Trustee has not been afforded an opportunity to depose Brian

**Deleted:** on this subject

**Deleted:** the remaining elements of this request because the Trustee has not been afforded an opportunity to depose Brian

**Deleted:** on this subject

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Cummings Manookian has represented, through its principal, that it had a written lease for 45 Music Square West. Trustee has specifically requested a copy of any such lease but none has been provided.

32. Admit that Cummings Manookian was required to pay rent to 45 MSW Partners

under the terms of the 45 MSW Lease.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee has specifically requested a copy of any such lease but none has been provided.

33. Admit that Cummings Manookian breached the 45 MSW Lease by failing to pay

rent to 45 MSW Partners beginning in November of 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee has specifically requested a copy of any such lease but none has been provided.

34. Admit that Cummings Manookian owns no furniture.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no furniture, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there was furniture in the offices where Cummings Manookian operated as of the Petition Date.

10

**Deleted:** on this subject.

**Deleted:** is

35. Admit that Cummings Manookian has never owned any furniture.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned furniture, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there was furniture in the offices where Cummings Manookian operated as of the Petition Date.

36. Admit that Cummings Manookian owns no computers.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no computers, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there were computers in the offices where Cummings Manookian operated as of the Petition Date.

37. Admit that Cummings Manookian has never owned any computers.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned computers, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there were computers in the offices where Cummings Manookian operated as of the Petition Date..

38. Admit that Cummings Manookian owns no telephones.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian owns no telephones, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there were telephones in the offices where Cummings Manookian operated as of the Petition Date..

39. Admit that Cummings Manookian has never owned any telephones.

**RESPONSE:**

11

Deleted: is

Deleted: are

Deleted: are
Deleted:

Deleted: are
Deleted:

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. Trustee admits that Brian Manookian has alleged that Cummings Manookian has never owned telephones, but this allegation has not been tested. However, upon information and belief, the Trustee believes that there were telephones in the offices where Cummings Manookian operated as of the Petition Date.

Deleted: are

Deleted:

40. Admit that the web domain cummingsmanookian.com was registered by Brian Cummings.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

41. Admit that the web domain cummingsmanookian.com is owned by Brian Cummings.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

42. Admit that Cummings Manookian has never owned any website.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. However, Trustee is aware that Cummings Manookian utilized a website at times during its operations.

43. Admit that the Defendants have never utilized cummingsmanookian.com as a website.

**RESPONSE:**

Admitted.

Deleted: Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject.

12

44. Admit that cummingsmanookian.com has not functioned as a website since at least October of 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject.

45. Admit the telephone number 615-266-3333 was purchased individually by Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. However, Trustee is aware that Cummings Manookian utilized that telephone number at times during its operations.

46. Admit that all telephone numbers utilized by Cummings Manookian during its period of operation were privately purchased Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Brian Cummings on this subject. However, Trustee is aware that Cummings Manookian utilized certain telephone numbers at times during its operations.

47. Admit that none of the Defendants have utilized a phone number owned by Cummings Manookian at any time.

13

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Afsoon Hagh listed a Cummings Manookian telephone number and email address in numerous court pleadings.

48. Admit that none of the Defendants have utilized a phone number owned by

Cummings Manookian at any time after October 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this subject. However, Afsoon Hagh listed a Cummings Manookian telephone number and email address in numerous court pleadings after October 2018.

49. Admit that, under Tennessee law, a legal client's file is owned by the client.

**RESPONSE:**

Admitted that a client owns the contents of its legal file. but denied that a law firm does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts. and accounts receivable).

50. Admit that Cummings Manookian does not now, nor has it ever, owned a client's

case file.

**RESPONSE:**

Admitted that Cummings Manookian does not own the contents of clients' legal file. but denied that it does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts. and accounts receivable).

51. Admit that Cummings Manookian is and was required to return, destroy, or transfer

a client's case file upon that client's request.

**RESPONSE:**

14

Deleted: Trustee objects to this request on the grounds

Deleted: it calls for a

Deleted: conclusion. However, Trustee affirmatively alleges

Deleted: may

Deleted: client

Deleted: associated with clients.

Deleted: Trustee is unable to admit or deny this request because

Deleted: , PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue. Trustee also objects to this request to

Deleted: extent

Deleted: calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own

Deleted: client

Deleted: associated with clients.

Admitted.

52.  Admit that Cummings Manookian does not "own" a client's case.

**RESPONSE:**

Admitted that Cummings Manookian does not own the contents of clients' legal file or the right to a client's case, but denied that it does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

53.  Admit that Cummings Manookian does not have an ownership interest in any case brought on behalf of a client.

**RESPONSE:**

Denied. Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

54.  Admit that any cause of action or right of recovery pursued by Cummings Manookian on behalf of a client belongs to the client.

**RESPONSE:**

Admitted that the cause of action belongs to the client, but denied that Cummings Manookian has no right to fees from a recovery.

55.  Admit that any cause of action or right of recovery pursued by Cummings Manookian on behalf of a client does not belong to Cummings Manookian.

**RESPONSE:**

Admitted that the cause of action belongs to the client, but denied that Cummings Manookian has no right to fees from a recovery.

56.  Admit that any Cummings Manookian client was empowered to terminate Cummings Manookian at any time and for any reason.

**RESPONSE:**

15

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. Trustee further states that she has not been provided copies of certain disengagement letters that might govern Cummings Manookian's responsibilities to its clients. ¶

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However,

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC, has failed to adequately respond to Trustee's outstanding discovery requests on this issue, and Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. Trustee also objects to this request to the extent that it calls for a legal conclusion. However, Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases. ¶

Admitted that any client had the right to terminate Cummings Manookian at any time and for any reason.

57. Admit that Cummings Manookian provided no services to Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property.

58. Admit that Cummings Manookian provided no goods to Manookian PLLC.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property.

59. Admit that Cummings Manookian provided no services to Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property.

60. Admit that Cummings Manookian provided no goods to Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property.

61. Admit that Cummings Manookian provided no services to Afsoon Hagh.

16

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property.

62. Admit that Cummings Manookian provided no goods to Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property.

63. Admit that Cummings Manookian provided no services to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

64. Admit that Cummings Manookian provided no goods to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Manookian PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, Trustee believes that Cummings Manookian allowed Manookian PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

65. Admit that Cummings Manookian provided no services to Hagh Law in the

17

Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

66. Admit that Cummings Manookian provided no goods to Hagh Law in the Fitzgerald

case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Hagh Law PLLC have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Hagh Law PLLC to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

67. Admit that Cummings Manookian provided no services to Afsoon Hagh in the

Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

68. Admit that Cummings Manookian provided no goods to Afsoon Hagh in the

Fitzgerald case.

**RESPONSE:**

Trustee is unable to admit or deny this request because Cummings Manookian, PLC and/or Afsoon Hagh have failed to adequately respond to Trustee's outstanding discovery requests on this issue, and the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic. However, Trustee believes that Cummings Manookian allowed Afsoon Hagh to utilize its leased premises and certain personal property in conjunction with the Fitzgerald case.

18

69. Admit that Cummings Manookian had an existing, enforceable contract with Marty and Melissa Fitzgerald covering the subject matter of Cummings Manookian's representation in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Admitted

70. Admit that Cummings Manookian withdrew from representing the Fitzgeralds in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied. While Brian Manookian has produced a letter from Cummings Manookian that allegedly terminated the client relationship with the Fitzgeralds, no evidence has been produced that the letter was delivered to the Firtzgeralds, nor was any notice of withdrawal ever filed in that case.

71. Admit that the Fitzgeralds did not terminate Cummings Manookian from representing them in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Admitted.

72. Admit that Cummings Manookian never recovered any monies for the Fitzgerald in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied. Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

73. Admit that Cummings Manookian never even secured an offer of settlement from the Defendants in the Fitzgerald v. Osborn matter.

**RESPONSE:**

19

**Deleted:** Trustee is unable to admit or deny this request because Cummings Manookian, PLC has failed to adequately respond to Trustee's outstanding discovery requests on this issue.

Denied.  Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

74.   Admit that Cummings Manookian did minimal work on the Fitzgerald v. Osborn

matter.

**RESPONSE:**

Denied.  Cummings Manookian filed  a substantial number of pleadings in that case.

75.   Admit that none of the work performed by Cummings Manookian in the Fitzgerald

v Osborn matter resulted in any settlement or payment to the Fitzgeralds.

**RESPONSE:**

Denied.  The work performed by Cummings Manookian in the matter directly caused the settlement payment.

76.   Admit that Manookian PLLC has never received a transfer of funds from

Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.  However, according to its discovery responses, Manookian PLLC claims some unidentified interest in certain funds which Trustee believes to be property of this estate.

77.   Admit that Manookian PLLC has never received any funds from Cummings

Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.  However, according to its discovery responses, Manookian PLLC claims some unidentified interest in certain funds which Trustee believes to be property of this estate.

78.   Admit that Manookian PLLC has never received any funds belonging to Cummings

20

Deleted: an

Deleted: an

Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic. However, according to its discovery responses, Manookian PLLC claims some unidentified interest in certain funds which Trustee believes to be property of this estate.

79. Admit that Manookian PLLC has never received any monies from Hagh Law.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.

80. Admit that Manookian PLLC has never received any monies from Afsoon Hagh.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian or Afsoon Hagh on this topic.

81. Admit that Manookian PLLC has never received any monies from any person or any entity.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.

82. Admit that Manookian PLLC does not now, nor has it ever, held a bank account.

**RESPONSE:**

Trustee is unable to admit or deny this request because the Trustee has not been afforded an opportunity to depose Brian Manookian on this topic.

83. Admit that Hagh Law PLLC has never received any monies from Cummings Manookian.

**RESPONSE:**

Denied. Hagh Law PLLC received a distribution of a substantial sum of money from the

21

Deleted: an

Fitzgerald settlement that was property of Cummings Manookian.

84. Admit that Hagh Law has never received any monies from any person intended for

Cummings Manookian.

**RESPONSE:**

Denied. Hagh Law PLLC received a distribution of a substantial sum of money from the Fitzgerald settlement that was property of Cummings Manookian.

85. Admit that no person or entity has ever provided Afsoon Hagh, Hagh Law, or

Manookian PLLC with monies that such person or entity instructed to be delivered to Cummings

Manookian.

**RESPONSE:**

Denied. Afsoon Hagh and Hagh Law received a transfer of funds that the Chancery Court of Williamson County directed to be held in trust. However, the money was unilaterally transferred into an account in the name of Hagh Law and Afsoon Hagh.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

22

<u>**Certificate of Service**</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 25th day of February, 2021.

/s/ *Phillip G. Young, Jr.*
Phillip G. Young, Jr.

23

# THOMPSON BURTON PLLC

ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

March 13, 2022

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

RE:     Burton v. Hagh Law, PLLC et al; Case No. 3:20-ap-90002 (Bankr. M.D. Tenn.)
        Plaintiff's Amended Responses to Manookian PLLC's First Set of Written Discovery

John:

Pursuant to the Court's direction at the February 16 hearing, the Trustee has re-examined her prior responses to Manookian PLLC's First Set of Written Discovery and has made some amendments. Please find enclosed the Trustee's Amended Responses to Manookian PLLC's First Set of Written Discovery. I have also included a redline comparison for your convenience. Contemporaneous to this letter, I am also sending you a link to a file that contains some additional documents that might be responsive to these requests. As I indicated in my prior emails, we have some other documents to which we will grant you access once you and Craig agree in writing that it is acceptable to share documents produced by Brian Manookian/Cummings Manookian/Manookian PLLC with Afsoon Hagh/Hagh Law, and vice versa.

On a related note, the Trustee also reviewed Plaintiff's Responses to Manookian PLLC's Second Set of Written Discovery and found that no changes were needed to that document.

Sincerely,

Phillip G. Young, Jr.

Enclosure

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90002 |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S AMENDED RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF WRITTEN DISCOVERY TO THE PLAINTIFF

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Amended Responses to Manookian PLLC's First Set of Written Discovery to the Plaintiff (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1.      Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2.      Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3.      Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4. Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5. Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7. Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8. Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify by case name every previously pending legal action in which Cummings Manookian withdrew, terminated their representation, or stopped providing legal services to any client from January 1, 2018 to the present. For each case, state the date on which Cummings Manookian withdrew, terminated their representation, or stopped providing legal services in a pending case from, January 1, 2018 to the present.

**RESPONSE:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this

2

Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she is unaware of any case in which Cummings Manookian terminated its representation or stopped providing legal services from January 1, 2018 to the Petition Date. However, the Trustee has been provided a letter from Cummings Manookian to the Fitzgerald plaintiffs that allegedly served as a notice of withdrawal, though it remains unclear whether that letter was delivered or whether Cummings Manookian actually withdrew.

2. For every matter you listed in response to Interrogatory No. 1, identify by case, date, description, and attorney the last or most recent legal task or service completed by Cummings Manookian in the case (for example: Jones v. Johnson, take deposition of Dr. Johnson, 2/1/19, 3.5 hours, Brian Manookian)

**RESPONSE**:

No matter was listed in response to Interrogatory No. 1.

3. For any matter in which you allege Cummings Manookian is entitled to an attorney's fee, reimbursement of costs, or monies of any kind from Afsoon Hagh, Hagh Law PLLC, or Manookian PLLC:

    a. identify the case by style and docket number;

    b. state the date Cummings Manookian began representing the client and the date Cummings Manookian stopped providing legal services in the matter;

    c. identify and describe in detail all legal work performed by Cummings Manookian in the case (i.e., research, drafting motions, arguing motions, responding to discovery, taking depositions, etc.), including a description of the number of hours spent performing each task, the date the task was performed, and which attorney or attorneys performed the work;

    d. identify any and all offers of settlement obtained by Cummings Manookian during its period of representation in the case;

    e. identify any actual recovery of monies obtained by Cummings Manookian

3

in the matter, and;

    f.   identify and itemize any costs for which you allege Cummings Manookian

       is due reimbursement.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she alleges that Cummings Manookian is entitled to fees and/or expenses in the following matters:

| Case Name | Docket No. | Court | Start Date | Stop Date |
| --- | --- | --- | --- | --- |
| Fitzgerald v. Osborne | 2018-cv-311 | Williamson Circuit | May 23, 2018 | Approx. September 2, 2019 |
| Shoemaker v. Vanderbilt University Medical Center | 19C358 | Davidson Circuit | April 19, 2017 | November 6, 2019 |

4.    For any matter in which you allege Cummings Manookian is entitled to an attorney's fee, reimbursement of costs, or monies of any kind from Afsoon Hagh, Hagh Law PLLC, or Manookian PLLC provide the total number of hours Cummings Manookian spent working on the case, even if such number is an estimate (if the number is an estimate please so state).

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery.

5.    For every instance in which you allege a Defendant in this case committed "fraud," identify with specificity:

    a.   the precise content of purportedly false representation or the material

       omission made by the Defendant;

    b.   the date of the purportedly false representation or material omission;

4

c. the identify of any individual or entity who relied upon the purportedly false representation or material omission; and

d. a detailed description of the damages suffered by the individual or entity as a result of their reliance on the purportedly false representation or material omission.

**RESPONSE**:

The Trustee alleges in her Complaint that all three defendants received *fraudulent transfers* under 11 U.S.C. §548 and/or T.C.A. § 66-3-301. Therefore, there are no "fraudulent representations" or "material omissions" alleged.

6. Identify with specificity the date upon which Cummings Manookian completely ceased, as an entity, providing legal services.

**RESPONSE**:

The Trustee states that Cummings Manookian ceased providing legal services on the Petition Date, November 6, 2019.

7. Identify each and every day since July 3, 2018 that Afsoon Hagh or any employee of Hagh Haw, PLLC was present at 45 Music Square West, Nashville, Tennessee.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC.

8. Identify with specificity the "furnishings and equipment" you allege Afsoon Hagh or Hagh Law PLLC utilized in Paragraph 17 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The

5

Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC.

9.     Identify the "office space" and the specific "furnishings and equipment" you allege Brian Manookian or Manookian PLLC utilized in Paragraph 20 of your Complaint.

**RESPONSE**:

Premises located at 45 Music Square West, Nashville, Tennessee and all furnishings, equipment, and personal property located therein.

10.     Identify any and all office space, real property, furnishings, equipment, telephone numbers, and email addresses that you allege were owned by Cummings Manookian PLLC in your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states, upon information and belief, that Cummings Manookian PLLC had a leasehold interest in 45 Music Square West, Nashville, Tennessee, and had an interest in all furnishings and equipment located therein. The Trustee further states that Cummings Manookian PLLC had an interest in all telephone numbers and email addresses that appeared in any signature block listing the law firm of Cummings Manookian, PLLC, including those utilized by Afsoon Hagh and Brian Manookian.

11.     Specifically identify the "property" and "client files" you allege were owned by Cummings Manookian and "use[d]" by Brian Manookian or Manookian PLLC as alleged in Paragraph 20 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Manookian PLLC utilized office space located at 45 Music Square West, Nashville, Tennessee, all furnishings and equipment located therein, and utilized Cummings Manookian PLLC's client list and contact information to continue working on cases for which Cummings Manookian had an engagement agreement with the clients.

6

12. Identify with specificity all work done by Cummings Manookian in the Fitzgerald Case, including, but not limited to, all pleadings drafted, all motions attended, all depositions attended, and specify the number of hours spent on each task, individually, including which attorney performed the work.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all work done in the Fitzgerald Case was performed by Cummings Manookian, PLLC and its attorneys, and further states that pleadings of public record in that matter indicate on their face that substantial work was performed by Cummings Manookian, PLLC. The Trustee further states that the number of hours spent by Cummings Manookian, PLLC is irrelevant because it had a binding contingency agreement in that matter.

13. Identify any and all offers of settlement obtained by Cummings Manookian for resolution of the Fitzgerald Case during any time you allege Cummings Manookian was involved in the Fitzgerald Case.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that any and all settlement offers in the Fitzgerald Case were obtained by Cummings Manookian.

14. Identify the date on which Cummings Manookian stopped providing legal services in the Fitzgerald Case.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory to the extent it calls for a legal conclusion. Notwithstanding these objections, the Trustee states that Cummings Manookian, PLLC continued providing legal services in the Fitzgerald case through the conclusion of that matter.

7

15.     Identify and itemize with specificity the "leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs" you allege Afsoon Hagh, Hagh Law, or Manookian PLLC have taken from Cummings Manookian or exercised control over to the exclusion of Cummings Manookian as alleged in Paragraph 44 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because questions involving transfers to Afsoon Hagh and Hagh Law are irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that the Defendants used space located 45 Music Square West, Nashville, Tennessee, they used all furnishings and equipment therein, they utilized telephone numbers and email addresses that had been associated with Cummings Manookian, PLLC and listed on numerous court pleadings as the contact information for Cummings Manookian, PLLC, and have taken, have attempted to take, or have improperly asserted an interest in fees and expenses owing to Cummings Manookian, PLLC in the cases identified in the response to Interrogatory No. 3 above.

16.     Do you contend that Cummings Manookian ever employed Afsoon Hagh? If so, please identify the start and end dates of her employment as well as the terms of her employment, including her duties, salary, hours, etc.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that she does not know whether Afsoon Hagh was ever a paid employee of Cummings Manookian, PLLC, but she was certainly its agent.

17.     Do you contend that Cummings Manookian has ever entered into a contract or written agreement of any kind with Manookian PLC, Hagh Law, or Afsoon Hagh? If so, please provide the date of the contract and a detailed description of its content.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is

8

more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because any question concerning agreement with Afsoon Hagh or Hagh Law is irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that she is not currently aware of any such contract or written agreement.

18. Identify and itemize with specificity all economic damages Cummings Manookian claims to have suffered and is seeking from any Defendant in this action (for example: reimbursement of deposition transcript in Johnson case, reimbursement of expert witness fee in Johnson case, payment of attorney's fee in Johnson case).

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that this estate is entitled to some or all fees and expenses collected related to the cases listed in the response to Interrogatory No. 3 above.

9

VERIFICATION

I, **Jeanne Ann Burton,** swear or affirm that the answers to the foregoing Interrogatories and are true, complete, and accurate. I also understand that it is my duty to properly notify my attorney should I later learn that any of these answers are incomplete, inaccurate, or misleading, or should I obtain further information relative to the answers provided herein.

Witness my hand this the 13    day of _March_,2022.

/s/ Jeanne Ann Burton         

Jeanne Ann Burton

STATE OF

COUNTYOF _____

      SWORN    TO    AND    SUBSCRIBED   before   me   this   _____   day   of

_____ 2022.

_____

NOTARY PUBLIC

10

## REQUESTS FOR PRODUCTION

1.      Produce any and all documents evidencing any ownership interest in real property at any time by Cummings Manookian, including 45 Music Square West, Nashville, Tennessee 37203.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee.  The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery.  Notwithstanding these objections, the Trustee states that she has possession of no such documents.

2.      Produce any and all documents evidencing any rent payment by Cummings Manookian to the owner of 45 Music Square West from September 1, 2018 to the present.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee.  The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery.  Notwithstanding these objections, the Trustee states that she has possession of no such documents.

3.      Produce any and all documents evidencing or reflecting Cummings Manookian's performance of its obligations under the terms of any lease agreement from September 1, 2018 to the present.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee.  The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery.  Notwithstanding these objections, the Trustee states that she has possession of no such documents.

4.      Produce any and all documents evidencing or reflecting the ownership of any

11

Case 3:20-ap-90002   Doc 133-9   Filed 03/15/22   Entered 03/15/22 13:03:15   Desc
Exhibit 9    Page 94 of 156

fixtures or furniture located at 45 Music Square West, Nashville Tennessee 37203 at any time by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

5. Produce any and all documents evidencing the ownership of "intellectual property" by Cummings Manookian that you reference in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

6. Produce any and all documents identifying the "intellectual property" that you allege was improperly utilized by the Defendants in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that documents filed in the public record in cases identified in the response to Interrogatory No. 3 above list telephone numbers and email addresses that were associated with Cummings Manookian, PLLC and utilized by one or more Defendants.

7. Produce any and all documents evidencing the ownership of any telephone number by Cummings Manookian.

**RESPONSE**:

12

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

8. Produce and any all documents evidencing the ownership of any website or email address by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

9. Produce any and all documents reflecting, regarding, or evidencing any legal services provided by Cummings Manookian in the *Fitzgerald* matter.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, all pleadings filed in the Fitzgerald case are responsive to this request but are publicly available. All documents responsive to this Request that are within the Trustee's possession, custody or control are produced herewith.

10. Produce any and all documents reflecting, regarding, or evidencing any legal services provided by Cummings Manookian in any lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all pleadings filed in the Fitzgerald and Shoemaker matters are responsive to this request but are publicly available. All documents responsive to this Request that

13

are within the Trustee's possession, custody or control are produced herewith.

11.    Produce any and all itemized statements reflecting work performed by Cummings Manookian in a lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

12.    Produce any and all offers of settlement received by Cummings Manookian in any lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, all documents responsive to this Request that are within the Trustee's possession, custody or control are produced herewith..

13.    Produce any and all communications or correspondence between Jeanne Burton or Phillip Young with any purported creditor of Cummings Manookian or any person acting on behalf of a purported creditor of Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is not relevant to this matter, as neither Jeanne Burton nor Phillip Young possess any communications or correspondence with creditors related to the allegations brought in this adversary proceeding. The Trustee further objects to this Request on the grounds that it is overly broad and unduly burdensome.

14

14.	Provide any and all contracts or written agreements between Cummings Manookian and Manookian PLC.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

15.	Provide any and all contracts or written agreements between Cummings Manookian and Hagh Law.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

16.	Provide any and all contracts or written agreements between Cummings Manookian and Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

17.	Provide and any all documents or materials evidencing or reflecting Afsoon Hagh's employment with Cummings Manookian to the extent you allege she was an employee of Cummings Manookian.

**RESPONSE**:

15

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that pleadings she filed in the public records of certain cases identified in the response to Interrogatory No. 3 above, including the Fitzgerald matter, indicate that she was an agent of Cummings Manookian, PLLC, though the Trustee possesses no documents that indicate she was a paid employee. The pleadings referenced above are publicly available.

18.     Provide any and all documents evidencing or reflecting any salary paid to Afsoon

Hagh by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

19.     Provide any and all pay stubs evidencing or reflecting any payment of any kind by

Cummings Manookian to Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Manookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

20.     Provide any and all documents or materials reflecting any work done or legal

services provided by Brian Cummings on the Fitzgerald case.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more

16

Case 3:20-ap-90002    Doc 133-9    Filed 03/15/22    Entered 03/15/22 13:03:15    Desc
Exhibit 9    Page 99 of 156

available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Manookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

21.     Produce any and all documents reflecting a false representation made by any

Defendant in this matter to Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant because her Complaint is not based upon any false representation. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

22.     Produce any and all documents reflecting a material omission committed by any

Defendant in this matter to the detriment of Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant because her Complaint is not based upon any material omission. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

23.     Produce any and all documents reflecting or evidencing any "fraud" perpetrated by

any Defendant in this matter as alleged in the Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is overly broad, as the Trustee does not know how to interpret the term "fraud". Notwithstanding these objections, the Trustee states all facts and documents

17

referenced herein support the claim that Cummings Manookian, PLLC made fraudulent transfers to the Defendants. All documents responsive to this Request that are within the Trustee's possession, custody or control are produced herewith.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

18

<u>**Certificate of Service**</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

This 13th day of March, 2022.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.

19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC,<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH;<br>MANOOKIAN, PLLC; and FIRST-<br>CITIZENS BANK & TRUST COMPANY,<br><br>    Defendant. | )<br>)  Case No. 3:19-bk-07235<br>)  Chapter 7<br>)  Judge Walker<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Proc. No. 3:20-ap-90002<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S AMENDED RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF
WRITTEN DISCOVERY TO THE PLAINTIFF**

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Amended Responses to Manookian PLLC's First Set of Written Discovery to the Plaintiff (the "Discovery"), states as follows:

**GENERAL OBJECTIONS**

1.    Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2.    Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3.    Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4.    Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5.    Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7.    Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8.    Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

**INTERROGATORIES**

1.    Identify by case name every previously pending legal action in which Cummings Manookian withdrew, terminated their representation, or stopped providing legal services to any client from January 1, 2018 to the present. For each case, state the date on which Cummings Manookian withdrew, terminated their representation, or stopped providing legal services in a pending case from, January 1, 2018 to the present.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this

2

Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she is unaware of any case in which Cummings Manookian terminated its representation or stopped providing legal services from January 1, 2018 to the Petition Date. However, the Trustee has been provided a letter from Cummings Manookian to the Fitzgerald plaintiffs that allegedly served as a notice of withdrawal, though it remains unclear whether that letter was delivered or whether Cummings Manookian actually withdrew.

2.    For every matter you listed in response to Interrogatory No. 1, identify by case, date, description, and attorney the last or most recent legal task or service completed by Cummings Manookian in the case (for example: Jones v. Johnson, take deposition of Dr. Johnson, 2/1/19, 3.5 hours, Brian Manookian)

**RESPONSE**:

No matter was listed in response to Interrogatory No. 1.

3.    For any matter in which you allege Cummings Manookian is entitled to an attorney's fee, reimbursement of costs, or monies of any kind from Afsoon Hagh, Hagh Law PLLC, or Manookian PLLC:

    a.   identify the case by style and docket number;

    b.   state the date Cummings Manookian began representing the client and the date Cummings Manookian stopped providing legal services in the matter;

    c.   identify and describe in detail all legal work performed by Cummings Manookian in the case (i.e., research, drafting motions, arguing motions, responding to discovery, taking depositions, etc.), including a description of the number of hours spent performing each task, the date the task was performed, and which attorney or attorneys performed the work;

    d.   identify any and all offers of settlement obtained by Cummings Manookian during its period of representation in the case;

    e.   identify any actual recovery of monies obtained by Cummings Manookian

3

in the matter, and;

    f.   identify and itemize any costs for which you allege Cummings Manookian

is due reimbursement.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she alleges that Cummings Manookian is entitled to fees and/or expenses in the following matters:

| Case Name | Docket No. | Court | Start Date | Stop Date |
|---|---|---|---|---|
| Fitzgerald v. Osborne | 2018-cv-311 | Williamson Circuit | May 23, 2018 | Approx. September 2, 2019 |
| Shoemaker v. Vanderbilt University Medical Center | 19C358 | Davidson Circuit | April 19, 2017 | November 6, 2019 |

4.    For any matter in which you allege Cummings Manookian is entitled to an attorney's fee, reimbursement of costs, or monies of any kind from Afsoon Hagh, Hagh Law PLLC, or Manookian PLLC provide the total number of hours Cummings Manookian spent working on the case, even if such number is an estimate (if the number is an estimate please so state).

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery.

5.    For every instance in which you allege a Defendant in this case committed "fraud," identify with specificity:

    a.   the precise content of purportedly false representation or the material

omission made by the Defendant;

    b.   the date of the purportedly false representation or material omission;

4

Formatted: Header

Inserted Cells
Inserted Cells
Formatted: Font: Times New Roman, Font color: Text 1
Inserted Cells
Formatted: Font: Times New Roman, Font color: Text 1
Formatted: Body Text, Centered
Formatted: Body Text, Centered
Deleted: Bailey v. HCA ... [1]
Inserted Cells
Inserted Cells
Formatted: Font: Times New Roman, Font color: Text 1
Inserted Cells
Formatted: Font: Times New Roman, Font color: Text 1
Formatted: Body Text
Deleted: Osborn
Formatted: Font: Times New Roman, Font color: Text 1
Deleted: Knapp v. Ripley ... [2]
Formatted: Font: Times New Roman, Font color: Text 1
Inserted Cells
Formatted: Font: Times New Roman, Font color: Text 1
Formatted: Body Text
Inserted Cells
Inserted Cells
Formatted: Font: Times New Roman, Font color: Text 1
Formatted: Font: Times New Roman, Font color: Text 1
Deleted: Thompson v. Sidrys ... [3]
Formatted: Font color: Text 1

    c. the identify of any individual or entity who relied upon the purportedly false

representation or material omission; and

    d. a detailed description of the damages suffered by the individual or entity as

a result of their reliance on the purportedly false representation or material

omission.

**RESPONSE**:

The Trustee alleges in her Complaint that all three defendants received *fraudulent transfers* under 11 U.S.C. §548 and/or T.C.A. § 66-3-301. Therefore, there are no "fraudulent representations" or "material omissions" alleged.

6. Identify with specificity the date upon which Cummings Manookian completely

ceased, as an entity, providing legal services.

**RESPONSE**:

The Trustee states that Cummings Manookian ceased providing legal services on the Petition Date, November 6, 2019.

7. Identify each and every day since July 3, 2018 that Afsoon Hagh or any employee

of Hagh Haw, PLLC was present at 45 Music Square West, Nashville, Tennessee.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC.

8. Identify with specificity the "furnishings and equipment" you allege Afsoon Hagh

or Hagh Law PLLC utilized in Paragraph 17 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The

**Deleted:** objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory to the extent it calls for a legal conclusion. Notwithstanding these objections, the Trustee can state

Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC.

9. Identify the "office space" and the specific "furnishings and equipment" you allege Brian Manookian or Manookian PLLC utilized in Paragraph 20 of your Complaint.

**RESPONSE**:

Premises located at 45 Music Square West, Nashville, Tennessee and all furnishings, equipment, and personal property located therein.

10. Identify any and all office space, real property, furnishings, equipment, telephone numbers, and email addresses that you allege were owned by Cummings Manookian PLLC in your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states, upon information and belief, that Cummings Manookian PLLC had a leasehold interest in 45 Music Square West, Nashville, Tennessee, and had an interest in all furnishings and equipment located therein. The Trustee further states that Cummings Manookian PLLC had an interest in all telephone numbers and email addresses that appeared in any signature block listing the law firm of Cummings Manookian, PLLC, including those utilized by Afsoon Hagh and Brian Manookian.

11. Specifically identify the "property" and "client files" you allege were owned by Cummings Manookian and "use[d]" by Brian Manookian or Manookian PLLC as alleged in Paragraph 20 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Manookian PLLC utilized office space located at 45 Music Square West, Nashville, Tennessee, all furnishings and equipment located therein, and utilized Cummings Manookian PLLC's client list and contact information to continue working on cases for which Cummings Manookian had an engagement agreement with the clients.

6

Formatted: Header

12. Identify with specificity all work done by Cummings Manookian in the Fitzgerald Case, including, but not limited to, all pleadings drafted, all motions attended, all depositions attended, and specify the number of hours spent on each task, individually, including which attorney performed the work.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all work done in the Fitzgerald Case was performed by Cummings Manookian, PLLC and its attorneys, and further states that pleadings of public record in that matter indicate on their face that substantial work was performed by Cummings Manookian, PLLC. The Trustee further states that the number of hours spent by Cummings Manookian, PLLC is irrelevant because it had a binding contingency agreement in that matter.

13. Identify any and all offers of settlement obtained by Cummings Manookian for resolution of the Fitzgerald Case during any time you allege Cummings Manookian was involved in the Fitzgerald Case.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that any and all settlement offers in the Fitzgerald Case were obtained by Cummings Manookian.

14. Identify the date on which Cummings Manookian stopped providing legal services in the Fitzgerald Case.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory to the extent it calls for a legal conclusion. Notwithstanding these objections, the Trustee states that Cummings Manookian, PLLC continued providing legal services in the Fitzgerald case through the conclusion of that matter.

7

15. Identify and itemize with specificity the "leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs" you allege Afsoon Hagh, Hagh Law, or Manookian PLLC have taken from Cummings Manookian or exercised control over to the exclusion of Cummings Manookian as alleged in Paragraph 44 of your Complaint.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because questions involving transfers to Afsoon Hagh and Hagh Law are irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that the Defendants used space located 45 Music Square West, Nashville, Tennessee, they used all furnishings and equipment therein, they utilized telephone numbers and email addresses that had been associated with Cummings Manookian, PLLC and listed on numerous court pleadings as the contact information for Cummings Manookian, PLLC, and have taken, have attempted to take, or have improperly asserted an interest in fees and expenses owing to Cummings Manookian, PLLC in the cases identified in the response to Interrogatory No. 3 above.

16. Do you contend that Cummings Manookian ever employed Afsoon Hagh? If so, please identify the start and end dates of her employment as well as the terms of her employment, including her duties, salary, hours, etc.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because it is irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that she does not know whether Afsoon Hagh was ever a paid employee of Cummings Manookian, PLLC, but she was certainly its agent.

17. Do you contend that Cummings Manookian has ever entered into a contract or written agreement of any kind with Manookian PLC, Hagh Law, or Afsoon Hagh? If so, please provide the date of the contract and a detailed description of its content.

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is

more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. The Trustee finally objects to this Interrogatory because any question concerning agreement with Afsoon Hagh or Hagh Law is irrelevant to the cause of action against Manookian PLLC. Notwithstanding these objections, the Trustee states that she is not currently aware of any such contract or written agreement.

18. Identify and itemize with specificity all economic damages Cummings Manookian claims to have suffered and is seeking from any Defendant in this action (for example: reimbursement of deposition transcript in Johnson case, reimbursement of expert witness fee in Johnson case, payment of attorney's fee in Johnson case).

**RESPONSE**:

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that this estate is entitled to some or all fees and expenses collected related to the cases listed in the response to Interrogatory No. 3 above.

9

VERIFICATION

I, **Jeanne Ann Burton,** swear or affirm that the answers to the foregoing Interrogatories and are true, complete, and accurate. I also understand that it is my duty to properly notify my attorney should I later learn that any of these answers are incomplete, inaccurate, or misleading, or should I obtain further information relative to the answers provided herein.

Witness my hand this the ___ day of _____ 2022.

Deleted: 2021

_____
Jeanne Ann Burton

STATE OF

COUNTYOF _____

    SWORN TO AND SUBSCRIBED before me this _____ day of _____ 2022.

Deleted: 2021

_____
NOTARY PUBLIC

10

## REQUESTS FOR PRODUCTION

1.  Produce any and all documents evidencing any ownership interest in real property at any time by Cummings Manookian, including 45 Music Square West, Nashville, Tennessee 37203.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

2.  Produce any and all documents evidencing any rent payment by Cummings Manookian to the owner of 45 Music Square West from September 1, 2018 to the present.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

3.  Produce any and all documents evidencing or reflecting Cummings Manookian's performance of its obligations under the terms of any lease agreement from September 1, 2018 to the present.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

4.  Produce any and all documents evidencing or reflecting the ownership of any

11

fixtures or furniture located at 45 Music Square West, Nashville Tennessee 37203 at any time by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

5.      Produce any and all documents evidencing the ownership of "intellectual property" by Cummings Manookian that you reference in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

6.      Produce any and all documents identifying the "intellectual property" that you allege was improperly utilized by the Defendants in your Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that documents filed in the public record in cases identified in the response to Interrogatory No. 3 above list telephone numbers and email addresses that were associated with Cummings Manookian, PLLC and utilized by one or more Defendants.

7.      Produce any and all documents evidencing the ownership of any telephone number by Cummings Manookian.

**RESPONSE**:

12

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

8.     Produce and any all documents evidencing the ownership of any website or email address by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

9.     Produce any and all documents reflecting, regarding, or evidencing any legal services provided by Cummings Manookian in the *Fitzgerald* matter.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, all pleadings filed in the Fitzgerald case are responsive to this request but are publicly available. All documents responsive to this Request that are within the Trustee's possession, custody or control are produced herewith.

10.    Produce any and all documents reflecting, regarding, or evidencing any legal services provided by Cummings Manookian in any lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all pleadings filed in the Fitzgerald and Shoemaker matters are responsive to this request but are publicly available. All documents responsive to this Request that

13

Formatted: Header

Deleted: Notwithstanding these objections, the Trustee states that an engagement letter between Cummings Manookian PLLC and the Fitzgerald Plaintiffs is responsive to this request, but is in the possession or control of the Defendant and needs not be produced. Further

Deleted: the engagement letter between Cummings Manookian PLLC and the Fitzgerald plaintiffs is responsive to this request, but that document in the possession or control of the Defendant and need not be produced. Further,

Deleted: matter

are within the Trustee's possession, custody or control are produced herewith.

11.    Produce any and all itemized statements reflecting work performed by Cummings Manookian in a lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

12.    Produce any and all offers of settlement received by Cummings Manookian in any lawsuit in which you allege Cummings Manookian is owed monies by Manookian PLC, Hagh Law, or Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, all documents responsive to this Request that are within the Trustee's possession, custody or control are produced herewith..

Deleted: the Trustee states

Deleted: she has

Deleted: of no such documents.

13.    Produce any and all communications or correspondence between Jeanne Burton or Phillip Young with any purported creditor of Cummings Manookian or any person acting on behalf of a purported creditor of Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is not relevant to this matter, as neither Jeanne Burton nor Phillip Young possess any communications or correspondence with creditors related to the allegations brought in this adversary proceeding. The Trustee further objects to this Request on the grounds that it is overly broad and unduly burdensome.

14

14.     Provide any and all contracts or written agreements between Cummings Manookian

and Manookian PLC.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more
available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it
seeks information for which the Trustee is still seeking discovery. Notwithstanding these
objections, the Trustee states that she has possession of no such documents.

15.     Provide any and all contracts or written agreements between Cummings Manookian

and Hagh Law.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more
available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it
seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to
this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC.
Notwithstanding these objections, the Trustee states that she has possession of no such documents.

16.     Provide any and all contracts or written agreements between Cummings Manookian

and Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more
available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it
seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to
this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC.
Notwithstanding these objections, the Trustee states that she has possession of no such documents.

17.     Provide and any all documents or materials evidencing or reflecting Afsoon Hagh's

employment with Cummings Manookian to the extent you allege she was an employee of

Cummings Manookian.

**RESPONSE**:

15

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that pleadings she filed in the public records of certain cases identified in the response to Interrogatory No. 3 above, including the Fitzgerald matter, indicate that she was an agent of Cummings Manookian, PLLC, though the Trustee possesses no documents that indicate she was a paid employee. The pleadings referenced above are publicly available.

18. Provide any and all documents evidencing or reflecting any salary paid to Afsoon Hagh by Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Maanookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

19. Provide any and all pay stubs evidencing or reflecting any payment of any kind by Cummings Manookian to Afsoon Hagh.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Manookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

20. Provide any and all documents or materials reflecting any work done or legal services provided by Brian Cummings on the Fitzgerald case.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more

16

available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant to the causes of action against Manookian, PLLC. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

21. Produce any and all documents reflecting a false representation made by any

Defendant in this matter to Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant because her Complaint is not based upon any false representation. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

22. Produce any and all documents reflecting a material omission committed by any

Defendant in this matter to the detriment of Cummings Manookian.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is irrelevant because her Complaint is not based upon any material omission. Notwithstanding these objections, the Trustee states that she has possession of no such documents.

23. Produce any and all documents reflecting or evidencing any "fraud" perpetrated by

any Defendant in this matter as alleged in the Complaint.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Request on the grounds that it is overly broad, as the Trustee does not know how to interpret the term "fraud". Notwithstanding these objections, the Trustee states all facts and documents

17

Formatted: Header

referenced herein support the claim that Cummings Manookian, PLLC made fraudulent transfers to the Defendants. All documents responsive to this Request that are within the Trustee's possession, custody or control are produced herewith.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

18

Formatted: Header

### Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 13th day of March, 2022.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

Deleted: 1st

Deleted: 2021

19

| Page 4: [1] Deleted | Microsoft Office User | 3/10/22 8:58:00 PM |
| Page 4: [2] Deleted | Microsoft Office User | 3/10/22 8:58:00 PM |
| Page 4: [3] Deleted | Microsoft Office User | 3/10/22 8:58:00 PM |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:

CUMMINGS MANOOKIAN, PLLC,

    Debtor.

JEANNE ANN BURTON, TRUSTEE,

    Plaintiff,

v.

HAGH LAW, PLLC; AFSOON HAGH;
MANOOKIAN, PLLC; and FIRST-
CITIZENS BANK & TRUST COMPANY,

    Defendants.

Case No. 3:19-bk-07235
Chapter 7
Judge Walker

Adv. Proc. No. 3:20-ap-90002

---

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT HAGH LAW, PLLC'S
FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO TRUSTEE JEANNE ANN BURTON**

---

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Amended Responses to Defendant Hagh Law, PLLC's First Set of Interrogatories and Requests for Production to Trustee Jeanne Ann Burton (the "Discovery"), states as follows:

## GENERAL OBJECTIONS

1. Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2. Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3. Trustee objects to the Discovery to the extent that the information sought is protected from discovery by the attorney-client privilege or the attorney work-product doctrine.

1

4. Trustee objects to the Discovery to the extent that the information and documents sought are not in her possession, custody or control.

5. Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Trustee objects to the Discovery to the extent that the information sought is equally available to Defendant as to Trustee.

7. Trustee objects to the definitions and instructions to the extent Defendant seeks to impose any requirement in excess of those imposed by the Federal Rules of Civil Procedure. Additionally, Trustee is not required by the Federal Rules of Civil Procedure to adopt, follow or utilize Defendant's definitions and instructions, and Trustee's Responses are based upon the governing provisions of the applicable Rules, laws and the ordinary and usual meaning of the words used, except as otherwise noted in the Responses.

8. Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify all individuals who have personal knowledge of the facts alleged in your Complaint.

**Response:**

Jeanne Ann Burton, Trustee; Phillip G. Young, Receiver; Brian Manookian; Afsoon Hagh; Brian Cummings; Mark Hammervold; Steve Meisner; Ronette McCarthy; Marty Fitzgerald; Melissa Fitzgerald; all plaintiffs in all lawsuits identified in Paragraph 23 of the Complaint; all defense counsel in all lawsuits identified in Paragraph 23 of the Complaint; all co-counsel in in all lawsuits identified in Paragraph 23 of the Complaint.

2

2. Identify by client/plaintiff, defendant, case number, and jurisdiction any and all cases or potential cases for which Cummings Manookian was providing legal services in September 2018.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 23 of the Complaint contains a listing of such cases to the best of the Trustee's knowledge.

3. For each case you identified in response to Interrogatory 2, state the nature of the case, the ultimate resolution of the representation/case, and the date on which you claim Cummings Manookian ceased providing legal services in the case or for the client if no action was ever filed.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Cummings Manookian provided legal services in each case until the conclusion of each action or November 6, 2019, whichever occurred first.

| Deleted: , as Cummings Manookian never withdrew from any of the pending actions. |
| --- |

4. State with specificity the nature of the relationship, including without limitation the compensation arrangement, that plaintiff alleges existed between Afsoon Hagh and Cummings

3

Manookian. If plaintiff alleges that relationship changed over time, plaintiff should identify each relationship and the dates during which that each arrangement was in place..

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Afsoon Hagh held herself out to be an agent of Cummings Manookian through at least April 2019. The Trustee has been unable to identify the compensation arrangement between Ms. Hagh and Cummings Manookian as that information has been withheld from the Trustee, despite written discovery on that topic to Cummings Manookian and all parties to this action

5. Identify any and all members and/or partners of Cummings Manookian and state the dates for which each was a member and/or partner.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she is aware that Brian Cummings was a member of Cummings Manookian from January 1, 2015 through approximately September 1, 2018, and that she is aware that Brian Manookian was a member of Cummings Manookian from January 1, 2015 through its bankruptcy filing on November 6, 2019.

4

6. Identify any individual who was a partner, member, or employee of Cummings Manookian who provided any legal services to any person or entity after December 1, 2018, and state with specificity the client for whom those services were provided, the nature of those legal services, and the last date on which services were provided for each client.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Brian Manookian and Afsoon Hagh provided legal services to clients of Cummings Manookian after December 1, 2018. Both Afsoon Hagh and Brian Manookian provided legal services to the plaintiffs in Fitzgerald v. Osborn after December 1, 2018 and through the conclusion of that matter in August 2019 or, in the alternative, at least through April 2019. Afsoon Hagh and Brian Manookian both provided legal services to the plaintiffs in Shoemaker v. Vanderbilt Medical after December 1, 2018 and through the conclusion of that matter in November 2021 or, in the alternative, at least through April 2019. Ms. Hagh and Mr. Manookian may have provided legal services in other matters after December 1, 2018, so the Trustee will supplement this response after receiving full and complete responses to her outstanding written discovery.

7. If you identified Afsoon Hagh in response to the previous interrogatory; state the amount of compensation paid to her or owed to her for work allegedly performed after December 1, 2018 and the basis on which the amount of compensation due was calculated or determined.

**Response:**

5

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Afsoon Hagh has received in excess of $600,000 from settlement proceeds in Fitzgerald v. Osborn, and has received at least $100,000 from settlement proceeds in Shoemaker v. Vanderbilt. The Trustee disputes that Ms. Hagh was entitled to any compensation from the proceeds of either of those cases.

8. You allege at Paragraph 17 of your Complaint that "Afsoon Hagh, now doing business as Hagh Law, continued utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers, and email address, all to work on CM's client files."

   a. Identify with specificity the office space you allege that Afsoon Hagh utilized, listing the dates on which you allege she was present or on the premises at such office space;

   b. Identify with specificity the precise "furnishings and equipment" you allege that Afsoon Hagh utilized, listing the dates on which you allege she utilized each specific furnishing or equipment;

   c. Identify with specificity the telephone numbers and email addresses that you claim Afsoon Hagh utilized, listing the dates on which you allege she utilized each telephone number or email address;

   d. Identify with specificity the "CM client files" you refer to in Paragraph 17 of your Complaint.

**Response:**

6

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that:

(a) Afsoon Hagh continued utilizing the office spaces of Cummings Manookian located at 45 Music Sq. W, Nashville, Tennessee through May 14, 2021, the date on which the property was sold to a third party.

(b) Afsoon Hagh utilized all furnishings and equipment located in the office spaces of Cummings Manookian at 45 Music Sq. W, Nashville, Tennessee through May 14, 2021. The Trustee has sought, but has been denied, discovery concerning the specific equipment and furnishings in that space.

(c) Afsoon Hagh utilized the telephone number (615)266-3333 and the fax number (615)266-0250 through at least April 2019. She utilized the email address afsoon@cummingsmanookian.com through at least April 2019.

(d) The CM client files referenced in Paragraph 17 of the Complaint relate to all client files, whether electronic or paper, maintained by Cummings Manookian related to the cases listed in Paragraph 23 of the Complaint.

9. Identify with specificity all "property" you refer to in Paragraphs 43 and 44 of your Complaint that you allege Afsoon Hagh or Hagh Law have wrongfully appropriated, exercised control over, or taken, and list the dates on which such property was wrongfully appropriated, exercised control over, or taken.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more

7

available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 44 of the Complaint clearly defines the term "Property" to include the following assets of Cummings Manookian: "leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs". "Leased premises" refers to real property located at 45 Music Sq. W, Nashville, Tennessee. "Furniture" and "equipment" refers to all furniture and equipment in Cummings Manookian's office spaces located at 45 Music Sq. W, Nashville, Tennessee. "Intellectual property" refers to the use of Cummings Manookian's firm name, its client lists and files, its website, its telephone number, its fax number and its email addresses. "Attorneys' fees" and "reimbursement of costs" refers to any compensation Afsoon Hagh and/or Hagh Law has received, or claims it is owed, from settlement proceeds paid in any case listed in Paragraph 23 of the Complaint. The Trustee is aware that Afsoon Hagh has received more than $600,000 from the Fitzgerald v. Osborn matter, and at least $100,000 from the Shoemaker v. Vanderbilt Medical Center matter.

10. Identify with specificity the "property" you refer to in Paragraphs 47 and 48 of your Complaint that you allege was wrongfully taken or received by Afsoon Hagh or Hagh Law and state the date on which you claim it was wrongfully taken or received.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 44 of the Complaint clearly defines the term "Property" to include the following assets of Cummings Manookian: "leased premises, furniture, equipment,

8

Case 3:20-ap-90002   Doc 133-9   Filed 03/15/22   Entered 03/15/22 13:03:15   Desc
Exhibit 9   Page 130 of 156

intellectual property, attorneys' fees, and reimbursement of costs". "Leased premises" refers to real property located at 45 Music Sq. W, Nashville, Tennessee. "Furniture" and "equipment" refers to all furniture and equipment in Cummings Manookian's office spaces located at 45 Music Sq. W, Nashville, Tennessee. "Intellectual property" refers to the use of Cummings Manookian's firm name, its client lists and files, its website, its telephone number, its fax number and its email addresses. "Attorneys' fees" and "reimbursement of costs" refers to any compensation Afsoon Hagh and/or Hagh Law has received, or claims it is owed, from settlement proceeds paid in any case listed in Paragraph 23 of the Complaint. The Trustee is aware that Afsoon Hagh has received more than $600,000 from the Fitzgerald v. Osborn matter, and at least $100,000 from the Shoemaker v. Vanderbilt Medical Center matter.

11.     Identify with specificity by date and amount the "substantial transfers" you refer to in Paragraphs 51 and 52 of your Complaint that you allege were received by Afsoon Hagh or Hagh Law from Cummings Manookian.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that the "substantial transfers" referenced in Paragraphs 51 and of the Complaint relate to Afsoon Hagh and/or Hagh Law's use and receipt of "Property" as defined in Paragraph 44 of the Complaint. More specifically, Afsoon Hagh and Hagh Law were allowed to utilize, for no cost, the leased premises, furniture, equipment, and intellectual property of Cummings Manookian. Afsoon Hagh and/or Hagh Law have received more than $600,000 from the Fitzgerald v. Osborn matter and at least $100,000 from the Shoemaker v. Vanderbilt Medical Center matter.

9

12.     Identify with specificity all bank, brokerage, or deposit accounts of any kind held at any time by Cummings Manookian from which it made or received transfers.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that she believes Cummings Manookian maintained one or more bank accounts at Insbank through Spring 2019. She has not been granted access to these bank record and therefore cannot verify bank account names or numbers.

13.     Identify by name each and every one of the "clients and vendors" of Cummings Manookian that you refer to in Paragraph 63 of your Complaint.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that all of Cummings Manookian's clients in matters identified in Paragraph 23 are responsive to this Interrogatory. The Trustee has yet to identify vendors, but that information is subject to outstanding discovery.

14.     Identify by make, brand, model, and serial number any and all "computers and equipment" that you refer to in Paragraph 65 of your Complaint. If you are unable to provide a serial number, describe with as much detail as possible the "computers and equipment" you refer to in Paragraph 65.

**Response:**

10

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Cummings Manookian and/or the parties to this action have refused to provide this information despite written discovery regarding this issue. However, the Trustee states that all computers and equipment located in the offices of Cummings Manookian as of December 2018 are referenced by the allegations in Paragraph 65.

15. Provide an estimate of the total number of hours of legal services provided by Cummings Manookian in the *Fitzgerald* matter and the *Shoemaker* matter and identify to the best of your ability what services were provided on which dates.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Trustee states that Cummings Manookian represented these clients pursuant to a written contingency agreement; as such, the Trustee doubts that any attorney or employee of Cummings Manookian kept track of the number of hours spent on these matters. Since Cummings Manookian never withdrew as counsel in either matter, all services provided by Brian Manookian and Afsoon Hagh constitute legal services provided by Cummings Manookian.

16. Identify all offers of settlement, including without limitation amount and date, received by Cummings Manookian in the *Shoemaker* matter and state medium in which the offer

11

was received (for example: orally, at mediation, by letter, by email) and the date on which it was received.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

17. Identify all offers of settlement, including without limitation amount and date, received by Cummings Manookian in the *Fitzgerald* matter and state medium in which the offer was received (for example: orally, at mediation, by letter, by email) and the date on which it was received.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Trustee states that she has recently received, in response to a subpoena, email correspondence from Steve Mesiner that might contain settlement offers in the Fitzgerald matter. The Trustee has not had an opportunity to review these emails. These emails are produced herewith.

| |
|---|
| **Deleted:** However, these emails are available to the Defendants since they were original recipients of these emails... |

18. Identify the date on which Brian Cummings withdrew as a member of Cummings Manookian.

**Response:**

12

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, it is the Trustee's understanding that Mr. Cummings withdrew as a member of Cummings Manookian on or about September 1, 2018.

19. Identify the date on which Brian Manookian stopped (or was precluded as a result of his suspension) from providing legal services as a member of Cummings Manookian.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that the dates of Mr. Manookian's suspensions is publicly available to Afsoon Hagh and/or Hagh Law. Notwithstanding these objections, the Trustee believes that Brian Manookian continued providing legal services as a member of Cummings Manookian until its bankruptcy filing on November 6, 2019.

20. State and describe in detail all legal work performed by Cummings Manookian in the *Fitzgerald* matter, including the date of the work, the time spent on each task, and individual who performed the work.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in

13

Deleted: ¶

that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

21. State and describe in detail all legal work performed by Cummings Manookian in the *Shoemaker* matter, including the date of the work, the time spent on each task, and individual who performed the work.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Finally, the Trustee objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

22. Identify and itemize by amount and date all expenses paid for by Cummings Manookian in the *Fitzgerald* matter and state whether or not Cummings Manookian has been reimbursed for that expense.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Brian Manookian provided certain invoices related to multiple matters including the Fitzgerald matter. Pursuant to Mr. Manookian's document productions, the Trustee understands that Cummings Manookian advanced the following expenses for which the estate has not been compensated:

Nashville Media Services, Inc.; November 6, 2018; $328.18

Ciox Health; June 8, 2018; $429.24

14

Williamson County Circuit Court; September 11, 2018; $18.00

Franklin Court Reporters; September 20, 2018; $425.00

23. Identify and itemize by amount and date all expenses paid for by Cummings Manookian in the *Shoemaker* matter and state whether or not Cummings Manookian has been reimbursed for that expense.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that the only information she has been provided regarding the expenses in Shoemaker was produced by Afsoon Hagh and Hagh Law, PLLC.

24. Identify by client/plaintiff, defendant, case number, and jurisdiction any and all cases or potential cases for which Cummings Manookian was providing legal services in January 2019.

**Response:**

The Trustee objects to this Interrogatory on the grounds that it seeks information that is more available to the Defendant than to the Trustee. The Trustee also objects to this Interrogatory on the grounds that it seeks information that is available on public court dockets. The Trustee further objects to this Interrogatory in that it seeks information for which the Trustee is still seeking discovery. Notwithstanding these objections, the Trustee states that Paragraph 23 of the Complaint contains a listing of such cases to the best of the Trustee's knowledge.

15

| Deleted: no information concerning |
| Deleted: expenses |

## VERIFICATION

I, **Jeanne Ann Burton,** swear or affirm that the answers to the foregoing Interrogatories and are true, complete, and accurate. I also understand that it is my duty to properly notify my attorney should I later learn that any of these answers are incomplete, inaccurate, or misleading, or should I obtain further information relative to the answers provided herein.

Witness my hand this the ___ day of _____,2022.

_____
Jeanne Ann Burton

16

## REQUESTS FOR PRODUCTION

1.     Produce any and all communications between any creditor of Cummings Manookian, or creditor's counsel, and Jeanne Burton or her counsel that in any way relates to this adversary proceeding or the Trustee's alleged right to recover fees in any legal proceeding.

**Response:**

The Trustee objects to this Request on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Trustee states that the only communications that she or her counsel have had with creditors that are relevant to this adversary proceeding are communications with creditors Ronette McCarthy and John Konvalinka, which are attached hereto.

2.     Produce any and all communications between Brian Cummings and Jeanne Burton or her counsel.

**Response:**

The Trustee objects to this Request on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Trustee attaches hereto all communications between Jeanne Burton or her counsel and Brian Cummings that relate to this adversary proceeding.

3.     Produce any and all communications between Phillip North and Jeanne Burton or her counsel.

**Response:**

The Trustee objects to this Request on the grounds that it seeks information that is irrelevant,

17

Case 3:20-ap-90002    Doc 133-9    Filed 03/15/22    Entered 03/15/22 13:03:15    Desc
Exhibit 9    Page 139 of 156

immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, the Trustee states that the none of the communications between Jeanne Burton or her counsel and Phillip North have concerned this adversary proceeding.

4. Produce any and all documents and communications reflecting any work done by Cummings Manookian in the matter of *Fitzgerald v. Osborne*.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee also objects to this Request on the grounds that it seeks documents that are available on public court dockets. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that the only documents and/or communications in her possession, custody or control reflecting any work done by Cummings Manookian in the Fitzgerald matter are (1) documents contained in the public record of that case; (2) emails between defense counsel in that matter and Afsoon Hagh and/or Brian Manookian, which are produced herewith and (3) the attached privilege log received from Ronette McCarthy pursuant to subpoena.

5. Produce any and all documents and communications reflecting any work done by Cummings Manookian in the matter of *Shoemaker v. Vanderbilt University Medical Center*.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee also objects to this Request on the grounds that it seeks documents that are available on public court dockets. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that the only documents and/or communications

18

Deleted: to

Deleted: the Defendants have equal access;

in her possession, custody or control reflecting any work done by Cummings Manookian in the Shoemaker matter are contained in the public record of that case.

6.    Produce any and all documents and communication reflecting any legal work or legal services provided by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee also objects to this Request on the grounds that it seeks documents that are available on public court dockets. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that the only documents and/or communications in her possession, custody or control reflecting any work done by Cummings Manookian after December 1, 2018 are (1) documents contained in the public record of each case; (2) emails between defense counsel in the Fitzgerald matter and Afsoon Hagh and/or Brian Manookian, which are produced herewith; and (3) emails between Ronette McCarthy and Afsoon Hagh and/or Brian Manookian, for which the Trustee has only a privilege log but the Defendants have access to the relevant emails.

7.    Produce the employment or personnel file for any person employed by Cummings Manookian at any time.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Trustee states that

19

Deleted: to

Deleted: the Defendants have equal access

she currently has possession, custody or control of no such documents.

Deleted: possesses

8. Produce any records reflecting any payment of any kind, including salary, wages or compensation, by Cummings Manookian to Afsoon Hagh.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

Deleted: possesses

Formatted: Font: Bold

9. Produce all records reflecting any payment of any kind, including salary, wages or compensation, by Cummings Manookian to Hagh Law.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

Deleted: possesses

Formatted: Font: Bold

10. Produce all documents and communications reflecting the nature of the relationship between Cummings Manookian and Afsoon Hagh. Including without limitation any contract or written agreement of any kind between Cummings Manookian and Afsoon Hagh.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the

20

Trustee states that she currently has possession, custody or control of no such documents.

Deleted: possesses

Formatted: Font: Bold

11.    Produce any contract or written agreement of any kind between Cummings Manookian and Hagh Law.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

Deleted: possesses

Formatted: Font: Bold

12.    Produce all communications between Cummings Manookian and Marty or Melissa Fitzgerald.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has subpoenaed certain of these communications but the Trustee received an objection to the subpoena from Afsoon Hagh, purportedly on behalf of Marty Fitzgerald, and that no communications have been produced.

13.    Produce all communications between Cummings Manookian and Bretton Keefer.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery, to the extent they are not subject to

21

attorney-client privilege. Notwithstanding these objections, the Trustee produces herewith all such documents within her possession, custody or control.

14. Produce any and all contracts with which you allege Afsoon Hagh or Hagh Law interfered.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee alleges that Afsoon Hagh interfered with Cummings Manookian's written engagement agreement with the Fitzgerald and Shoemaker plaintiffs, copies of which are produced herewith.

15. Produce any engagement agreement entered into by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is aware of no such agreements.

16. Produce any contract entered into by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the

22

Deleted: states that she currently possesses no

Deleted: possessed by the Defendants

Trustee states that she is aware of no such contracts.

17. Produce any and all records reflecting any expense paid by Cummings Manookian of any kind after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is aware of no such records.

18. Produce and any all records of any payment made by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is aware of no such records.

23

19.     Produce any all records of any payments received by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, all such responsive records in the Trustee's possession, custody or control are attached.

20.     Produce any and all hourly bills or time entries for any work completed by Cummings Manookian in the *Fitzgerald* or *Shoemaker* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she believes no such documents exist since both matters were contingency fee arrangements.

21.     Produce any and all records, including receipts, of Cummings Manookian's ownership of any furniture, equipment, computers, phones, phone numbers, domain names, or email addresses.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

**Deleted:** possesses

24

Case 3:20-ap-90002   Doc 133-9   Filed 03/15/22   Entered 03/15/22 13:03:15   Desc
Exhibit 9    Page 146 of 156

22. Produce any lease to which Cummings Manookian was ever a party.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

23. Produce any records reflecting any real property owned by Cummings Manookian.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is unaware of any real property owned by Cummings Manookian.

24. Produce records reflecting any payment by Cummings Manookian to any entity for rent or use of any real property.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

25

**Deleted:** possesses

**Deleted:** possesses

25. Produce any and all documents and communications, including emails, by any Cummings Manookian partner, member, or employee and any client reflecting the provision of legal services after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that emails between Afsoon Hagh, Brian Manookian and defense counsel for the defendant in Fitzgerald v. Osbourn after December 1, 2018 are responsive to this Request, and are produced herewith. The Trustee also states that emails between Afsoon Hagh, Brian Manookian and Ronette McCarthy after December 1, 2018 are responsive to this Request; the Trustee has attached the privilege log received from Ms. McCarthy via subpoena though the Defendants have access to the underlying emails referenced therein.

26. Produce any and all documents reflecting expenses paid by Cummings Manookian in the *Fitzgerald* or *Shoemaker* matter at any time.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence expenses incurred by Cummings Manookian in the Fitzgerald matter, which are produced herewith.

27. Produce any and all documents and communications reflecting any offer of settlement received by Cummings Manookian in the *Fitzgerald* case.

26

**Deleted:** but the Defendants have equal or better access to those documents.

**Deleted:** . Mr. Manookian requested that these documents be treated as privileged and confidential. The Trustee believes that the Defendants have access to these documents. If they do not, the Trustee will produce these documents upon entry of an appropriate protective order

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she is in possession of emails between Afsoon Hagh, Brian Manookian and defense counsel in the Fitzgerald matter which are produced herewith.

**Deleted:** that might be responsive to this Request, but those emails are equally available to the Defendants.

28. Produce any and all documents and communications reflecting any offer of settlement received by Cummings Manookian in the *Shoemaker* case.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she currently has possession, custody or control of no such documents.

**Deleted:** possesses

29. Produce any and all materials, records, or documents reflecting any financial transaction of any kind entered into by Cummings Manookian after December 1, 2018.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee is unaware of the existence of any such documents.

30. Produce any and all documents and communications reflecting Cummings Manookian's withdrawal from any matter, including but not limited to, correspondence and Motions to Withdraw.

27

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. The Trustee also objects to this Request in that it seeks documents available in the public record. Notwithstanding these objections, the Trustee states that she is aware that Brian Manookian filed a motion to withdraw in the Fitzgerald matter, though no order was ever submitted nor was any other notice filed. That motion specifically indicated that Afsoon Hagh would continue representing the Fitzgeralds. The Trustee also states that she received a letter from Brian Manookian to Marty and Melissa Fitzgerald purporting to notify them of Cummings Manookian's withdrawal, though the Trustee has been unable to confirm the authenticity of this document and/or the delivery of this document to the Fitzgeralds. These documents are produced herewith.

31. Produce any and all engagement agreements between Cummings Manookian and Marty or Melissa Fitzgerald.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that Brian Manookian produced one such engagement agreement, which is attached hereto; Ronette McCarthy produced a different engagement agreement which is also attached hereto.

32. Produce any and all engagement agreements between Cummings Manookian and Bretton Keefer.

**Response:**

28

Deleted: The Defendants have equal access to both of these

Deleted: to
Deleted: the Defendants have access

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that Brian Manookian produced one such engagement agreement, which is attached hereto.

33. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any mediation costs conducted in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

34. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any expert witness fees in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

35. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment for any transcript of any

29

Deleted: to

Deleted: the Defendants have access

deposition in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence deposition transcript expenses paid by Cummings Manookian in the Fitzgerald matter. These documents are attached hereto.

36. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment for any transcript of any hearing in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

37. Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any filing fees in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the

30

**Deleted:** Mr. Manookian requested that these documents be treated as privileged and confidential. The Trustee believes that the Defendants have access to these documents. If they do not, the Trustee will produce these documents upon entry of an appropriate protective order

Trustee states that she has been provided no such documents.

38.     Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any court costs in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence certain costs paid by Cummings Manookian in the Fitzgerald matter. These documents are attached hereto.

> **Deleted:** Mr. Manookian requested that these documents be treated as privileged and confidential. The Trustee believes that the Defendants have access to these documents. If they do not, the Trustee will produce these documents upon entry of an appropriate protective order

39.     Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any travel expenses in the *Shoemaker* or *Fitzgerald* matters.

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she has been provided no such documents.

40.     Produce any records, including bank statements or copies of any negotiated checks from Cummings Manookian, reflecting Cummings Manookian's payment of any expense of any kind in the *Shoemaker* or *Fitzgerald* matters.

31

Case 3:20-ap-90002    Doc 133-9    Filed 03/15/22    Entered 03/15/22 13:03:15    Desc
Exhibit 9    Page 153 of 156

**Response:**

The Trustee objects to this Request on the grounds that it seeks documents that are more available to the Defendant than to the Trustee. The Trustee further objects to this Request in that it seeks documents that the Trustee is still seeking in discovery. Notwithstanding these objections, the Trustee states that she possesses certain documents produced by Brian Manookian that evidence expenses paid by Cummings Manookian in the Fitzgerald matter. These documents are attached hereto.

> **Deleted:** Mr. Manookian requested that these documents be treated as privileged and confidential. The Trustee believes that the Defendants have access to these documents. If they do not, the Trustee will produce these documents upon entry of an appropriate protective order

32

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Special Counsel for Jeanne Ann Burton, Trustee*

33

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

Craig V. Gabbert
Bass, Berry & Sims PLC
150 Third Ave. S, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

This 13th day of March, 2022.

/s/ Phillip G. Young, Jr.

Phillip G. Young, Jr.

| Deleted: 26th |
| Deleted: January |

34