# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **Case No, 3:19-bk-07235** |
| | **Chapter 7** |
| **CUMMINGS MANOOKIAN, PLLC** | **Judge Walker** |
| Debtor. | **Adv. Proc. No. 3:20-ap-90002** |
| **JEANNE ANN BURTON, TRUSTEE** | |
| Plaintiff, | |
| v. | |
| **HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,** | |
| Defendants. | |

## DEFENDANT MANOOKIAN PLLC'S AMENDED RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Manookian PLLC provides amended responses to Plaintiff's First Interrogatories Nos. 5 and 8 as well as Plaintiff's First Requests for Production 1, 3 – 5, and 8.

### MANOOKIAN PLLC'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

1

Response: Manookian PLLC disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client. To the extent Plaintiff is inquiring into Manookian PLLC's entitlement to payment from the sixteen (16) filed lawsuits listed in Plaintiff's Complaint, and which Plaintiff incorrectly refers to as "CM Cases," Manookian PLLC responds as follows.

a. Bailey – None.

b. Balay – None.

c. Beckwith – None.

d. Brooks – None.

e. Dyer – None.

f. Fitzgerald – Manookian PLLC's entitlement, if any, to payment from this matter is governed by the specific terms of a written agreement between the Fitzgeralds and Hagh Law PLLC. Manookian PLLC does not have a copy of the written agreement but understands that one is being produced contemporaneously by the client and/or Hagh Law PLLC. Pursuant to Federal Rule of Civil Procedure 33(d), Manookian PLLC relies on the terms of the written agreement in response to this inquiry.

g. Knapp – None.

h. Manookian – None.

i. Miller – None.

j. Ruffino – None.

2

k. **Salas – None.**

l. **Shoemaker – Manookian PLLC's entitlement, if any, to payment from this matter is governed by the specific terms of its written agreement with the clients.  That agreement is a business record of Manookian PLLC.  Pursuant to Federal Rule of Civil Procedure 33(d), Manookian PLLC produces the specific agreement for review and inspection by the Plaintiff.**

m. **Thompson – None.**

n. **Waldron – None.**

o. **Wheeler – None.**

p. **Wolf – None.**

8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," Manookian PLLC as an entity has no contractual relationship with, or did no work for, the Plaintiff.  For the remaining cases, any entitlement to any fee or reimbursement for expense would be governed by the individual engagement agreement entered into by the client which sets forth the terms under which Manookian PLLC was to provide services and potentially receive compensation.**

3

To elaborate, in the fourth quarter of 2018, Cummings Manookian lost both of its practicing attorney members. Brian Cummings withdrew from the firm, and Brian Manookian was suspended from the practice of law. Clients of Cummings Manookian were advised that they would need to transition their cases to new attorneys or law firms as Cummings Manookian was required to wind down its operations and withdraw, given that it could not operate as a professional corporation without any actively licensed professional members.

A number of clients chose to transition their cases to Brian Cummings and his newly formed law firm Cummings Injury Law. Separately, Brian Cummings chose not to accept certain cases as he either did not have the capacity or the inclination to work on those cases. A much smaller number of clients (less than 5) ultimately chose to transition their cases to Afsoon Hagh and her newly formed law firm Hagh Law. Some clients took their matters to other attorneys.

Manookian PLLC was formed following Brian Manookian's reinstatement to the practice of law in 2019. Manookian PLLC worked, to some degree, on the *Fitzgerald* and *Shoemaker* cases. In the *Fitzgerald* case, Manookian PLLC assisted pursuant to an engagement agreement between the Fitzgeralds and Hagh Law. That agreement would spell out any compensation owed Manookian PLLC. In the *Shoemaker* case, Manookian PLLC entered into a written agreement with the client, but was later required to withdraw from the case. The written agreement only provides for repayment of advanced expenses in the event of a withdrawal with no

4

additional fee.   Manookian PLLC did not advance any expenses in the *Shoemaker* case.  The written agreement is produced herewith pursuant to Federal Rule of Civil Procedure 33(d).

<u>**MANOOKIAN PLLC'S AMENDED RESPONSES**</u>
<u>**TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**</u>

1.      Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response:  Rule 34 of the Federal Rules of Civil Procedure governs the use of Requests for Production.   It provides that any "request… must describe with reasonable particularity each item or category of items to be inspected."  Defendant objects on the grounds that this Request does not describe the materials it seeks with reasonable particularity but, rather, is impossibly overbroad.   For example, the allegations against Manookian PLLC include assertions that it "utilized" Cummings Manookian's phone number and email address.  Thus, every email ever sent by Manookian PLLC from its own email accounts would "support its denial" of that allegation. Likewise, every record of every phone call ever made by Manookian PLLC – none of which were made from a phone number owned by Cummings Manookian – therefore "support its denials" in the Answer.**

**To the extent Plaintiff chooses to identify any specific denial for which it seeks documentary support, Defendant will evaluate and endeavor to**

5

produce any responsive, non-privileged materials – as Defendant has repeatedly offered, both in writing and orally.

3. Please produce every Document or Communication that evidences the creation of an attorney / client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Objection. This Request is overly broad in the sense that, taken literally, every piece of correspondence or pleading in a case in which Manookian PLLC was involved would "evidence the creation of an attorney / client relationship." To the extent Plaintiff's request is limited to written engagement agreements, Defendant produces and attaches all such agreements within its possession, custody, or control between Defendant and any person or entity (subject to the previously-entered protective order).**

4. Please produce every Document or Communication that evidences the termination of an attorney / client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: Please see attached.**

5. Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Please see attached.**

6

8. Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Rule 34 of the Federal Rules of Civil Procedure governs the use of Requests for Production. It provides that any "request... must describe with reasonable particularity each item or category of items to be inspected." Defendant objects on the grounds that this Request does not describe the materials it seeks with reasonable particularity but, rather, is impossibly overbroad by seeking "all Documents and Communications that relate or refer to" a multi-year wrongful death case.**

**Defendant does not even know what "every document" that *relates* to a lengthy wrongful death case would consist of, but certainly it would include hundreds of pages of attorney-client privileged materials for which the client, the Fitzgeralds, hold the privilege.**

**To the extent Plaintiff wishes to identify even general categories of materials she wants, Defendant is happy to attempt to locate and produce responsive documents. As currently posed, however, this Request is not capable of meaningful response. Again, if Plaintiff will identify with reasonable particularity any materials or categories of materials from the *Fitzgerald* matter, Defendant will evaluate and endeavor to produce any responsive, non-privileged materials – as Defendant has repeatedly offered, both in writing and orally.**

Date:  March 14, 2022                          Respectfully submitted,


                                               /s/ John Spragens
                                               John Spragens (TN Bar No. 31445)
                                               Spragens Law PLC
                                               311 22nd Ave. N.
                                               Nashville, TN 37203
                                               T: (615) 983-8900
                                               F: (615) 682-8533
                                               john@spragenslaw.com

                                               *Attorney for Manookian PLLC and
                                               Brian Manookian*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 14, 2022 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


                                               /s/ John Spragens

8