Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/28/2022



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
|     Debtor. | ) Chapter 7 |
| | ) Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST | ) |
| COMPANY, | ) |
|     Defendants. | ) |
| | ) Adv. Proc. No. 3:20-ap-90002 |

## ORDER REGARDING MOTIONS TO COMPEL DISCOVERY RESPONSES

This matter came before the Court on March 17, 2022 for a hearing on the following matters: Trustee's Motion to Compel Discovery Responses from Manookian, PLLC (Doc. 95) ("Motion to Compel Manookian, PLLC"); Trustee's Motion to Compel Discovery Responses from Hagh Law, PLLC (Doc. 96) ("Motion to Compel Hagh Law"); Trustee's Motion to Compel Discovery Responses from Afsoon Hagh (Doc. 97) ("Motion to Compel Hagh"); Trustee's Motion to Compel Marty Fitzgerald to Comply with Subpoena for Production of Documents (Doc. 114) ("Motion to Compel Fitzgerald"); Defendant Manookian, PLLC's Motion to Compel Responses to Interrogatories from First and Second Sets of Written Discovery (Doc. 104) ("Motion to Compel

Trustee"); and Defendant Manookian, PLLC's Motion to Determine Sufficiency of Responses to Requests for Admission, or, Alternatively, to Deem Admitted (Doc. 109) ("Trustee RFA Motion") (Motion to Compel Manookian, PLLC, Motion to Compel Hagh Law, Motion to Compel Hagh, Motion to Compel Fitzgerald, Motion to Compel Trustee and Trustee FRA Motion, collectively, the "Motions"). Appearing at the hearing on the Motions were Phillip Young, on behalf of Jeanne Ann Burton, Trustee; John Spragens on behalf of Manookian, PLLC; and Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC. Having considered all arguments contained in the Motions and the Responses thereto, and having considered all arguments of counsel made at the hearing on the Motions on March 17, 2022;

IT IS HEREBY FOUND:

A. Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts all findings and conclusions stated orally at the hearing on March 17, 2022.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Motion to Compel Fitzgerald is granted and Marty Fitzgerald is hereby ordered to fully respond to the subpoena issued to him by no later than ~~March 28, 2022.~~ April 1, 2022.

2. Manookian, PLLC is hereby ordered to provide, by ~~March 28, 2022~~ April 1, 2022, a written statement in response to Interrogatory Number 5 regarding the percentage or dollar amount to which Manookian, PLLC alleges it is entitled with regard to fees generated by the *Fitzgerald* and *Shoemaker* matters. Manookian, PLLC is further ordered to respond, by ~~March 28, 2022~~ April 1, 2022, to the Trustee's amended Request for Production Number 1 pursuant to the limitations on the request provided by the Trustee at the March 17, 2022 hearing, to the extent any Defendant intends to rely upon any responsive documents in the trial of this matter. Manookian, PLLC is further ordered to produce to the Trustee,

2

by ~~March 28, 2022~~ April 1, 2022, all correspondence with third parties responsive to the Trustee's Request for Production Number 8, including a privilege log as necessary.

3. Hagh Law, PLLC and Afsoon Hagh are hereby ordered to confirm in writing, by no later than ~~March 25, 2022~~ March 30, 2022, that they have produced to the Trustee all engagement letters in their possession, custody or control that relate to the *Fitzgerald and Shoemaker* matters. To the extent that Hagh Law, PLLC and/or Afsoon Hagh have possession, custody or control of any other engagement letters related to the *Fitzgerald* and/or *Shoemaker* matters, they are ordered to produce those letters to the Trustee by no later than ~~March 28, 2022~~ April 1, 2022. Hagh Law, PLLC and Afsoon Hagh are further ordered to produce to the Trustee, by ~~March 28, 2022~~ April 1, 2022, all correspondence with third parties related to the *Fitzgerald* and *Shoemaker* matters, including a privilege log as necessary.

4. The Trustee is ordered to supplement, by ~~March 28, 2022~~ April 1, 2022, her responses to Manookian, PLLC's First Set of Requests for Admission to certify that the Trustee made a diligent effort to find information necessary to respond to any request for admission for which she could not respond. The Trustee is further ordered to supplement, by ~~March 25, 2022~~ March 30, 2022, her response to Hagh Law, PLLC's Interrogatory Number 1 to indicate which parties have knowledge of facts that remain an issue in this adversary proceeding at this juncture.

5. The Trustee shall respond to Manookian, PLLC's Second Set of Requests for Admission by no later than June 1, 2022.

6. All parties shall provide amendments to all interrogatories, requests for production, and requests for admission, should any be required after the completion of discovery, by

3

June 1, 2022. If no amendments are necessary, each party shall certify that its prior responses remain valid.

7. The following depositions shall occur on the following dates, each to be conducted at the United States Bankruptcy Court for the Middle District of Tennessee, Customs House, 701 Broadway, Nashville, Tennessee:

    a. Jeanne Ann Burton, Trustee – April 20, 2022 from 10:00 am – 5:00 pm;

    b. Phillip Young, Receiver – April 21, 2022 from 10:00 am – 5:00 pm;

    c. Brian Manookian, Manookian, PLLC and Cummings Manookian, PLC – May 9, 2022 from 10:00 am – 5:00 pm; and

    d. Afsoon Hagh and Hagh Law, PLC – May 10, 2022 from 10:00 am – 5:00 pm.

8. Each deposition detailed in Paragraph 7 herein shall be in person unless the parties agree otherwise or unless the Court orders otherwise. A notice of deposition stating the scope of each such deposition shall be filed at least fourteen (14) days in advance of each deposition. Should any party object to the proposed scope of deposition, and that dispute cannot be resolved by the parties, the objecting party shall file a motion with this Court to resolve the dispute regarding the proposed scope.

9. All third party depositions shall be scheduled by the parties at dates convenient to all parties and may take place by Zoom unless otherwise ordered by this Court.

10. It is anticipated that the depositions listed in Paragraph 7 will be the only scheduled depositions of each party. Should any party wish to take a second day of depositions of any of the parties listed in Paragraph 7, that party should seek relief from this Court

to do so. The Court, at its sole discretion, may charge the attorneys' fees for any second day of depositions to the party requesting the additional deposition.

11. This Court reserves the right to interpret and amend this Order as necessary.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

5

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:20-ap-90002    Doc 143    Filed 03/28/22    Entered 03/28/22 15:28:14    Desc Main Document    Page 5 of 5