IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> CUMMINGS MANOOKIAN, PLLC, ) <br>     Debtor. ) <br> ) <br> JEANNE ANN BURTON, TRUSTEE, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAGH LAW, PLLC; AFSOON HAGH; ) <br> MANOOKIAN, PLLC; and FIRST- ) <br> CITIZENS BANK & TRUST ) <br> COMPANY, ) <br>     Defendants. ) <br> ) | Case No. 3:19-bk-07235 <br> Chapter 7 <br> Judge Walker <br><br><br><br><br><br><br><br><br> Adv. Proc. No. 3:20-ap-90002 |

## EXPEDITED MOTION TO SCHEDULE PRETRIAL CONFERENCE AND TO CONTINUE DEPOSITIONS AND OTHER DEADLINES

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves in an expedited fashion to schedule a pretrial conference in this matter on or before April 15, 2022 and to continue certain depositions and pretrial deadlines. As grounds for this Motion, the Trustee states that:

NECESSITY FOR EXPEDITED RELIEF

1. By this Expedited Motion and pursuant to Local Rule 9075-1, the Trustee seeks entry of an Order or Notice setting an expedited pretrial conference on or before April 15, 2022.

2. The Trustee seeks to have the Motion decided on an expedited basis because depositions currently scheduled to be conducted on April 20, 2022 and April 21, 2022 are impacted by these issues.

3. Notice of this Motion is being provided via the Court's electronic case filing system to all parties having filed a notice in this matter. The Trustee submits that the notice of the Motion as provided for herein constitutes good and adequate notice under these circumstances.

4. The Trustee asks that the Court schedule an expedited pretrial conference on or before April 15, 2022 to consider these matters.

MOTION TO SCHEDULE PRETRIAL CONFERENCE
AND TO CONTINUE DEPOSITIONS AND OTHER DEADLINES

1. On March 17, 2022, the Court held a hearing to consider multiple motions to compel and to address a number of outstanding discovery issues. At that hearing, the Court stated an intent to deal with all discovery issues so that the parties would have clarity and so that this matter could proceed more smoothly. The Court asked the parties to submit an agreed proposed order. However, the proposed order was submitted only on behalf of the Trustee because the Defendants refused to sign the proposed order containing the Court's findings and orders, which were announced orally at the March 17 hearing.

2. On March 28, 2022, the Court entered an Order (the "Order") addressing these discovery issues. The Order set out a number of deadlines, including a deadline of April 1, 2022[1] for all Defendants (and one third party) to submit certain discovery responses and/or to produce certain documents.

3. At 5:15 p.m. on April 1, 2022, counsel for Manookian, PLLC emailed the Trustee's special counsel and asked for an extension of the April 1, 2022 deadline until Monday, April 4, 2022. While the email did not state on whose behalf the request was being made, the Trustee

---

[1] Due to the timing of the signing of the Order, this April 1 deadline already gave the defendants an additional five (5) days from the deadline stated orally by the Court.

assumed that it was being made on behalf of all Defendants and of third party Marty Fitzgerald. The Trustee agreed to the requested extension until Monday, April 4, 2022.

4. On the afternoon of Monday, April 4, 2022, counsel for Afsoon Hagh and Hagh Law, PLLC emailed special counsel for the Trustee to notify the Trustee that the Hagh document production was in process, but that it would not be completed by the end of the day on April 4. Afsoon Hagh and Hagh Law, PLLC subsequently produced a number of documents on April 5, 2022.

5. At approximately 11:00 p.m. on Monday, April 4, 2022, John Spragens, on behalf of third party Marty Fitzgerald, produced certain responsive documents. No mention was made of the discovery supplements required of Manookian, PLLC.

6. On April 6, 2022, Mr. Spragens emailed the Trustee's counsel with the following statements, which purported to be Manookian, PLLC's required discovery supplement:

> **In the Shoemaker case, Manookian PLLC is entitled to 33.33% of any recovery to the extent Manookian PLLC secured that recovery in accordance with the terms of its engagement agreement with the client.**
>
> **In the Fitzgerald case, Manookian PLLC has never made any claim to any portion of any recovery; however, Brian Manookian may individually be entitled to some portion of any attorney fee.**
>
> **With respect to emails, Manookian PLLC has never owned, operated, or maintained any email server or domain, nor has it ever paid for or subscribed to email services. It does not have or maintain emails, nor has it ever. Its individual member Brian Manookian has used various email accounts from 2015 to the present, but those accounts belong to Mr. Manookian, and, as such, Manookian PLLC has no authority or access to those accounts. Manookian PLLC has no emails within its custody, control, or possession that are responsive to the Plaintiff's request.**

7. The Trustee considers this supplemental response insufficient for three reasons. First, with respect to the response regarding Manookian, PLLC's claim to fees in the Shoemaker case, the response still does not make clear the percentage of fees being sought. The qualifying statement "to the extent Manookian PLLC secured that recovery in accordance with the terms of its engagement agreement with the client" is not appropriate. The Shoemaker case has been concluded since October 2021; Manookian, PLLC should be required to state whether or not it

claims that it "secured the recovery" in that matter. With the addition of this qualifying language, it does no more to clarify Manookian, PLLC's answer than did its former "see engagement letter" response that the Court directed it to supplement. Second, the distinction between the access to information by Brian Manookian versus Manookian, PLLC is completely false. Brian Manookian was the sole member of Manookian, PLLC and Manookian, PLLC was administratively dissolved on October 6, 2020. Access by Brian Manookian *is* access by Manookian, PLLC and production should be required of any responsive documents within the possession, custody or control of either the individual or the LLC. Finally, these statements were not signed, as required for interrogatory responses. Either before or after conducting a pretrial conference in this matter, the Court should direct Manookian, PLLC to correct these deficiencies.

8. Additionally, and perhaps most importantly, the Court's Order included a provision requiring the parties to file a notice of deposition at least fourteen (14) days in advance of any deposition that clearly states the anticipated scope of deposition. The Order also details a specific process by which an opposing party can seek to limit the proposed scope; a fourteen day window was built in for that process and to allow parties to properly prepare for upcoming depositions. Currently, the Defendants are scheduled to depose the Trustee on April 20, 2022 and her special counsel (the former receiver) on April 21, 2022. Pursuant to the terms of the Order, notices that define the anticipated scope of those depositions were due on April 6, 2022 and April 7, 2022, respectively. Special counsel for the Trustee emailed the Defendants' counsel on the morning of April 8, 2022 asking that those notices be filed by 5:00 pm that day in order to avoid any further delay. The Defendants filed bare-bones notices around 5:00 pm on April 8, 2022. *See* Doc. 145 and 146.

9. The notices do not contain an anticipated scope of deposition with any level of specificity. The notices filed by both defendants (which relate to both the deposition of the Trustee and her special counsel) contains the same broad language: "The scope of both examinations will be any and all nonprivileged matters that are relevant to any party's claim or defense."[2] This language is not helpful in the preparation to make these depositions meaningful, it opens the door for a myriad disputes during the depositions, and it violates at least the spirit, if not the actual substance, of the Court's Order.

10. The Trustee respectfully requests that the Court schedule a pretrial conference in this matter on or before April 15, 2022 for the purposes of (1) discussing the scope of the depositions of the Trustee and her special counsel, (2) discussing the adequacy or inadequacy of the discovery responses of Manookian, PLLC, and (3) discussing alterations to the pretrial schedule in this case. With regard to scheduling, the Trustee would request that depositions be rescheduled to dates that are at least fourteen (14) days beyond when Manookian, PLLC is required to produce adequate discovery responses and at least fourteen (14) days beyond the scope of the depositions of both the Trustee and her special counsel being clearly defined. This will allow appropriate preparation time, as was included in the Court's Order, so that the depositions are as fruitful as possible.

11. The Trustee would also suggest that other pretrial deadlines (such as conclusion of depositions, supplements to discovery responses, and deadlines related to motions for summary judgment) be adjusted given the aforementioned violations of the schedule contained in the Court's

---

[2] The language in Hagh's notice reads slightly differently: "The scope of both examinations will be as set forth in 7026(b)(1) of the Bankruptcy Rules and may include any nonprivileged matters that are relevant to any party's claim or defense."

Order.  As stated in court by the Trustee's special counsel, the schedule was already tight but has been made tighter by the issues raised in this motion.

12. Given the above considerations, the Trustee respectfully requests that the Court schedule a pretrial conference on or before April 15, 2022 to discuss these matters or, alternatively, to enter its own pretrial order that addresses these issues.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 11th day of April, 2022.

/s/ Phillip G. Young, Jr.