Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/14/2022



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>CUMMINGS MANOOKIAN, PLLC, )<br>)<br>Debtor. )<br>_____ )<br>)<br>Jeanne Ann Burton, in her capacity as )<br>Chapter 7 Trustee, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Hagh Law, PLLC, Afsoon Hagh, )<br>Manookian PLLC, )<br>)<br>Defendants. )<br>_____ ) | Case No; 3:19-bk-07235<br>Chapter 7<br>Honorable Charles M. Walker<br><br><br><br><br><br><br><br><br>Adv. No: 3:20-ap-90002 |

**ORDER REGARDING DISCOVERY MATTERS
AND DENYING PLAINTIFF'S
EXPEDITED MOTION FOR PRETRIAL CONFERENCE
AND TO CONTINUE DEPOSITIONS AND OTHER DEADLINES**

This adversary proceeding was filed on January 8, 2020, and the parties are just now getting to discovery. Justice is an impatient fellow, and this case exemplifies the reasons Rules[1] exist to govern the expeditious manner in which parties and the court carry out the pursuit of justice.

This matter is before the Court on what is now the eighth motion regarding discovery disputes, for which this Court has previously entered six Orders. Now, the Court will take the time to enter the seventh Order and will use this opportunity to emphasize the parties'

---

[1] Any reference to Rules refers to the Federal Rules of Civil Procedure (made applicable to this proceeding through the Federal Rules of Bankruptcy Procedure) unless otherwise noted.

1

obligations to abide by the applicable Rules and Orders of this Court. The Court will also draw a clear picture of the consequences that loom on the horizon for the party or parties unwilling to comply with those Rules and Orders.

The motion before the Court is that of the Plaintiff (Dkt.147) seeking a hearing regarding what appears to be the basics of discovery: scope and relevance. As it appears to be necessary, the Court will provide the guidance of various courts on this rudimentary subject, without the necessity of a hearing:

The purpose of discovery is to "uncover facts about the claims and defenses set forth in the pleadings ..." *In re Gerber Probiotic Sales Practices Litig.*, 306 F.R.D. 527, 528 (D.N.J. 2015) (citations omitted). *See also In re Cary*, 167 B.R. 163, 166 (Bankr. W.D. Mo. 1994) (citing *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed.2d 1077 (1958) (additional citations omitted)) ("Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purpose of providing *both parties* with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement.") (additional citations omitted)(emphasis added).

Any claims and defenses are raised in the parties' pleadings, with the Rules providing that a party is obligated to make a "short and plain statement of the claim" and their "defenses to each claim asserted ..." Fed. R. Civ. P. 8(a)/(b). By conditioning relevancy therefore on the claim and/or defense of a party, any controversy regarding its existence must necessarily focus on those claims and defenses raised by the parties in their pleadings. *Thompson v. H.U.D.*, 219 F.R.D. 93, 97 (D.Md.2003) (fact must be germane to a claim or defense alleged in the pleading for information concerning it to be a proper subject of discovery). *In re Great Lakes Factors, Inc.*, 331 B.R. 347, 350 (Bankr. N.D. Ohio 2005).

Rule 37, allows for a broad range of sanctions against counsel and parties for failure to comply with discovery orders. Rule 37 is written "in mandatory terms, and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.,* 60 F.3d 153, 156 (3d Cir. 1995) (*quoting Harlow v. Eli Lilly & Co.,* 1995 WL 319728 at *2 (N.D. Ill. May 25, 1995)).

When the "discovery violation involves a failure to obey a court order compelling discovery", the court may use " 'as many and as varied sanctions as are necessary to hold the scales of justice,' including the most severe sanction of dismissal." *In re Tutu Wells Contamination Litig.,* 162 F.R.D. 46, 63 (D.V.I. 1995).

If a party fails to obey a discovery Order issued by this Court, the Court may take any of the following actions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2), *In re Feldman*, 608 B.R. 426, 435–37 (Bankr. E.D. Pa. 2019)

Moreover, this Court has "broad discretion" in all discovery matters. *United States v. Washington,* 869 F.3d 193, 220 (3d Cir. 2017); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841 (5th Cir. 2000); *Newman*, 60 F.3d at 156 (3d Cir. 1995). *See also Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863 (3d Cir. 1984) (Third Circuit upheld *sua sponte* dismissal

3

of complaint with prejudice for failure to meet discovery deadlines). As the court stated in *Thomas v. Victoria's Secret Stores,* 141 F.R.D. 456, 458–59 (S.D.Ohio 1992), "where a party demonstrates bad faith by failing to meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such 'callous disregard' of discovery orders justifies dismissal." *Bass v. Jostens, Inc.*, 71 F.3d 237, 243 (6th Cir. 1995).

It is important for the parties to note that the Court has advised them of the basic principles of discovery, as well as this Court's power to provide sanctions where it sees the need for deterrence and punishment. The Court will not look favorably upon failures to disclose, willful concealment of relevant information, gamesmanship, disruption of the schedule or any party that disregards the deadlines that have been established by the Rules or Orders of this Court. The Court will provide one last warning to counsel, the parties, and representatives of the parties, if for some reason anyone participating in the discovery process does not fully understand the Court's expectations with respect to discovery.

The prior admonishments by the Court, which put the parties on notice that the possibility of monetary sanctions exists for failure to comply with the discovery requirements, has not impacted the ability of the parties to cooperate and conduct discovery in this extremely routine and uncomplicated matter. As a result, in addition to monetary sanctions, the Court is prepared to exercise its discretion up to and including entry of dispositive sanctions if it finds such sanctions appropriate based on an analysis of "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the noncompliant party had been warned of the consequences of noncompliance. *Martinez v. City of New York*, 2018 WL 604019 at *22 (E.D.N.Y. Jan. 24,

4

2018) (citing *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (citation and quotation marks omitted)).

Additionally, if any party's actions result in "real prejudice" to another party, the Court may impose sanctions which could include dispositive relief. The Court is disturbed that this litigation is bogged down in such petty and unprofessional bickering since this litigation is by lawyers, for lawyers and about lawyers. Enough is enough! Stop the shenanigans or face consequences! This Court expects the discovery process to continue without any further delay or disruption to the timeline in place, and stands at the ready to enforce those Rules and Orders and, if necessary, to exercise its sanctioning powers including but not limited to monetary sanction, litigation sanction, and any fashioned sanction to promote deterrence and impose punishment on an offending party including imposition of dispositive sanctions.

THEREFORE, IT IS HEREBY ORDERED that

1) The Plaintiff's Expedited Motion (Dkt. #147) is **DENIED**;

2) The applicable Rules and Orders of this Court regarding discovery are in full force and effect.

3) The parties will appear for depositions as scheduled at the United States Bankruptcy Court, 701 Broadway, Nashville, TN in Courtroom 2 pursuant to the notices filed in the case, and pursuant to the prior Order of the Court entered on March 28, 2022 (Dkt. 143). At that time, the Court will provide conference rooms for each party and the parties shall conduct the depositions in an assigned conference room. If there are disputes, the parties shall contact chambers staff and the Court will hear and resolve any disputes.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

5

Case 3:20-ap-90002    Doc 149    Filed 04/14/22    Entered 04/14/22 10:45:12    Desc Main
Document      Page 5 of 5