# EXHIBIT 2

```
 1         IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE MIDDLE DISTRICT OF TENNESSEE
 2                   NASHVILLE DIVISION

 3
   IN RE:                              ) Case No:
 4                                     ) 3:19-bk-07235
       CUMMINGS MANOOKIAN, PLLC,       ) Chapter 7
 5                                     )
            Debtor,                    ) Honorable Charles
 6   _____   ) M. Walker
                                       )
 7   Jeanne Ann Burton, in her         )
     capacity as Chapter 7             )
 8   Trustee,                          )
                                       )
 9          Plaintiff,                 )
                                       )
10   v.                                ) Adv. No:
                                       ) 3:20-ap-90002
11   Hagh Law, PLLC, Afsoon Hagh,      )
     Manookian PLLC,                   )
12                                     )
            Defendants.                )
13   _____   )

14

15

16                   Deposition of

17                   PHILLIP YOUNG

18       Taken on behalf of the Defendants

19           Commencing at 10:14 a.m.

20                  April 21, 2022

21

22

23                   Reported by:

24            Harpeth Court Reporters
                Franklin, Tennessee
25       Sabrina L. Schneider, LCR No. 455
```

```
 1   APPEARANCES:

 2   For the Witness:

 3        JUSTIN CAMPBELL, ESQ.
          Thompson Burton, PLLC
 4        One Franklin Park
          6100 Tower Circle, Suite 200
 5        Franklin, Tennessee 37067
          (615) 465-6008
 6        justin@thompsonburton.com

 7   For the Defendant HAGH LAW, PLLC, and AFSOON HAGH:

 8        CRAIG V. GABBERT, JR., ESQ.
          Bass Berry & Sims
 9        150 Third Avenue South, Suite 2800
          Nashville, Tennessee 37201
10        (615) 742-6277
          cgabbert@bassberry.com
11
     For the Defendant MANOOKIAN, PLLC:
12
          JOHN SPRAGENS, ESQ.
13        Spragens Law, PLC
          311 22nd Avenue North
14        Nashville, Tennessee 37203
          (615) 983-8900
15        john@spragenslaw.com

16   Also Present:

17        Jeanne Ann Burton, Trustee
          Brian Manookian
18

19

20

21

22

23

24

25
```

```
 1                    I N D E X
 2              INDEX OF EXAMINATIONS
                                              Page
 3
    By Mr. Spragens..................................5
 4

 5
                     INDEX OF EXHIBITS
 6
    None were marked
 7
```

1         The deposition of PHILLIP YOUNG, was taken
2    on behalf of the Defendants on the 21st day of April,
3    2022, in the offices of the U.S. Customs House, 701
4    Broadway, Nashville, Tennessee, for all purposes under
5    the Federal Rules of Civil Procedure.
6         The formalities as to notice, caption,
7    certificate, et cetera, are waived.  All objections,
8    except as to the form of the questions, are reserved
9    to the hearing.
10        It is agreed that Sabrina L. Schneider, being
11   a Notary Public and Court Reporter for the State of
12   Tennessee, may swear the witness, and that the reading
13   and signing of the completed deposition by the witness
14   are reserved.
15
16
17
18
19
20                        * * *
21
22
23
24
25

1  It was well after my involvement in the state court
2  action.
3  Q.     At this point in the receivership, there is
4  not a chose in action that needs to be collected?
5  A.     That's correct.
6  Q.     Fair to say?
7  A.     Yes.
8  Q.     I'm talking to you about things you know
9  better than I do, which is always the challenge being
10 a lawyer.
11            MR. SPRAGENS:  Let's take a little break.
12 We don't have a whole lot more.
13            (Recess observed.)
14 BY MR. SPRAGENS:
15 Q.     Mr. Young, have you ever spoken with Judge
16 Walker in person or on the phone, outside the presence
17 of opposing counsel, about any party or issue in this
18 case?
19 A.     No.
20 Q.     You heard Judge Walker say that an attorney
21 had called him expressing concerns about being in the
22 same room with Mr. Manookian.  Did you hear him say
23 that at the hearing?
24 A.     I heard him say that, that somebody had
25 called --

1          MR. CAMPBELL:  Objection.  Relevance.
2          THE WITNESS:  I heard him say that
3    somebody called chambers.
4    BY MR. SPRAGENS:
5    Q.     And do you know anything about an attorney
6    calling chambers about Mr. Manookian?
7    A.     The only thing that I know about it is the
8    very, very first hearing we had in this case, I called
9    his courtroom deputy to alert her to the fact that a
10   creditor's lawyer had an order of protection.  And I
11   didn't know how that was going to work logistically
12   when you have a lawyer who's representing a creditor
13   in the bankruptcy and the debtor's representatives
14   and there was an order of protection down.  And so I
15   called to alert them to that so they would know how to
16   handle that.  But I don't know if anybody else called.
17   Q.     And which creditor are you referring to?
18   A.     Chase.
19   Q.     And who's the lawyer?
20   A.     Dan Puryear.
21   Q.     And do you know if Mr. Puryear contacted
22   chambers too about that?
23   A.     I don't know.
24   Q.     But you contacted chambers to let them know
25   that the Chase parties and Mr. Manookian couldn't be

1  in the same space; is that correct?
2  A.     I just told them that I knew there was an
3  order of protection, so logistically I thought that
4  was a potential problem.
5             MR. CAMPBELL:  Objection.  Relevance.
6  BY MR. SPRAGENS:
7  Q.     And did you make any comments about
8  Mr. Manookian posing a risk to any person in the
9  courthouse?
10 A.     No.
11 Q.     Do you know who in the chambers you talked to?
12 A.     It would have been his courtroom deputy.  I
13 think it was the person before Lauren.  Lauren is the
14 current courtroom deputy, but I think it was the
15 person before her.
16 Q.     Did you consider filing a motion to point out
17 whatever that concern was rather than calling chambers
18 ex parte?
19 A.     No.
20 Q.     And why not?
21 A.     Because it was just a logistical issue and we
22 always handle that through the courtroom deputies.
23 Q.     Well, it was a logistical issue that
24 implicated bodily safety; is that fair?
25            MR. CAMPBELL:  Objection.  Relevance.