IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AFSOON HAGH AND HAGH LAW, PLLC'S RESPONSE TO MANOOKIAN'S MOTION TO DISQUALIFY**

Come now Defendants Hagh Law, PLLC ("Hagh Law") and Afsoon Hagh ("Ms. Hagh") (collectively, "Hagh"), by and through counsel, and hereby join Manookian's Motion to Disqualify (the "Motion"). (D.E. 161.) Hagh supports the Motion because she lacks sufficient information to be confident that the Court remains impartial. If the Court has specific concerns regarding the security or safety of any deponent, party, or non-party, then the bases for those concerns should have been made clear to the parties on the record instead of being referred to in the abstract. Explicitly setting forth the facts of the ex parte contacts giving rise to the Court's concerns could have afforded everyone with an opportunity to evaluate those concerns. "Special" conditions for certain litigants (like deposition locations or security conditions) to keep them on "best behavior,"

(D.E. 161-1 at 86:5), are suspect without an articulated basis, especially when based on specific ex parte communications that the Court did not disclose on the record.

Hagh also questions the basis for the Court's order setting this Motion for an evidentiary hearing. (D.E. 165.) It appears from the face of the Motion and from the hearing transcript that the person holding the most pertinent factual information to resolve this motion is the Court, in terms of the contents of the ex parte communications bearing on safety issues. Thus, it is not clear to Hagh what evidence Manookian could solicit on this subject that will not come directly from the Court.

Under these circumstances, Hagh asserts that it is appropriate for the Court to recuse itself in this matter to avoid any appearance of impartiality in this adversary proceeding.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing was filed May 27, 2022, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

    /s/ Craig V. Gabbert, Jr.