United States Bankruptcy Court

Middle District of Tennessee

Burton,

    Plaintiff

Hagh Law PLLC,

    Defendant

Adv. Proc. No. 20-90002-CMW

# CERTIFICATE OF NOTICE

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 04, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: ustpregion08.na.ecf@usdoj.gov | Jun 02 2022 23:31:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| pla | + Email/Text: jeanne.burton@comcast.net | Jun 02 2022 23:31:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 04, 2022                      Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 1, 2022 at the address(es) listed below:**

**Name**                      **Email Address**

CRAIG VERNON GABBERT, JR

        on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com

GLENN BENTON ROSE

on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

JOHN T. SPRAGENS

on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG

on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com


TOTAL: 4

GLENN BENTON ROSE

on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 6/1/2022



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| _____ | ) |
| | ) |
| Jeanne Ann Burton, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc: 3:20-ap-90002 |
| | ) |
| Hagh Law, PLLC; Afsoon Hagh; | ) |
| AND Manookian, PLLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER QUASHING NOTICE OF DEPOSITION**

THIS MATTER is before the Court regarding the Notice of Deposition ("Notice") of

Judge Charles M. Walker (Dkt. #177). For the following reasons, and under the noted authority,

the Notice is hereby quashed and thereby, unenforceable.

In a legal proceeding, a request for testimony from personnel of the federal judiciary is

governed by those regulations as set forth in Volume 20, Chapter 8 of the Guide to Judiciary

Policy ("Guide")[1] as established by the Director of the Administrative Office of United States

Courts. *U.S. v. Galvez*, 2019 WL 3927443, at *1 (S.D. Ohio Aug. 20, 2019). Federal judicial

---

[1] Guide to Judiciary Policy, available at https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-20-administrative-claims-and-litigation/ch-8-testimony-and-production-records

1

personnel may not provide testimony of the type requested in the Notice of Deposition except as authorized by the provisions of the Guide. See *Guide at* § 820(a)[2].

The Guide is persuasive authority as it codifies the policies promulgated by the Director of the Administrative Office and "approved by the Judicial Conference of the United States." *In re Sony BMG Music Entm't*, 564 F.3d 1, 7 (1st Cir. 2009); see *also Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 486-87 (M.D. Pa. 2005). It provides the "official medium by which direction as to courtroom procedures and other information are provided to the Federal Judiciary in support of its day-to-day operations." *In re Sony*, 564 F.3d at 7 (quoting *Kitzmiller*, 388 F. Supp. at 486-87). *Mackin v. Om Sai Corp*, 2021 WL 5937589, at *1 (D.N.M. Dec. 16, 2021).

The Notice requests testimony from Judge Charles M. Walker. Accordingly, the Guide controls in consideration of the request contained in the Notice. According to § 810.30 of the Guide, the following definitions apply:

"Information and records" is defined as follows:

All information, records, documents, or materials of any kind, however stored, that are in the custody or control of the federal judiciary or were acquired by federal judicial personnel in the performance of their official duties or because of their official status.

"Judicial personnel" is defined as:

All present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through contractual agreements by or on behalf of the federal judiciary, or performing services under such agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their employees and personnel. This phrase also includes alternative dispute resolution neutrals or mediators, special masters, individuals who have served and are serving on any advisory committee or in any advisory capacity, and any similar personnel performing services for the federal judiciary.

---

[2] Any reference to Section refers to a provision of the Guide unless otherwise noted.

"Legal Proceedings" means:

All pretrial, trial, and post-trial stages of all existing or anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or similar proceedings, including grand jury proceedings, before courts, agencies, commissions, boards or other tribunals, foreign and domestic, or all legislative proceedings pending before any state or local body or agency, other than those specified in § 810.40(b).

"Request" is defined as:

An order, subpoena, or other demand of a court, or administrative or other authority, of competent jurisdiction, under color of law, or any other request by whatever method, for the production, disclosure, or release of information or records by the federal judiciary, or for the appearance and testimony of federal judicial personnel as witnesses as to matters arising out of the performance of their official duties, in legal proceedings. This definition includes requests for voluntary production or testimony in the absence of any legal process.

And "testimony" means:

Any written or oral statement in any form by a witness arising out of the performance of the witness' official duties, including personal appearances and statements in court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations, interviews, telephonic, televised, or videotaped remarks, or any other response during discovery or similar proceedings that would involve more than production of documents.

Judicial personnel may not provide testimony in legal proceedings without the prior approval of a "determining officer." See *Guide* at § 840(a). In relevant part, the Guide provides the definition of "determining officer" as follows:

(b) The determining officer authorized to make determinations under these regulations will be as follows:
(1) In the case of a request directed to a federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a current or former member of such a judge's personal staff (such as a judge's secretary, law clerk), the determining officer will be the federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge himself or herself.

*Guide* at 840(b)(1).

3

The request as directed in the Notice is subject to the approval of the judge – in this case, Judge Charles M. Walker – as the determining officer.

The determining officer is authorized to determine whether the federal judicial personnel may be deposed, as well as whether federal judicial records may be produced, and "what, if any conditions will be imposed upon such interview, contact, testimony, or production of records." *Guide* at § 850(a). The determining officer may also deny a request if the request does not meet any requirement imposed by these regulations. *Guide* at § 850(a).

Section 850(a) requires the determining officer to consider the following factors when deciding the effect in the case, as well as future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties. These factors are:

1. The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

2. Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

3. Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

4. Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

5. Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

4

6.  Whether the request is within the proper authority of the party making it.

7.  Whether the request meets the requirements of these regulations.

8.  Whether the request was properly served under applicable court, administrative, or other rules.

9.  Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

10. Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

11. Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

12. Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another or endorsing or supporting a position advocated by a litigant.

13. Whether the request seeks testimony, records or documents available from other sources.

14. Whether the request seeks testimony of federal judicial personnel as expert witnesses.

15. Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

> (A) the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or

5

(B) the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

16. Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.

As to the first consideration, the Court finds that the Notice serves no purpose other than to waste the resources of the United States for private purposes, and act to expend time of federal judicial personnel better used in the performance of official duties. Moreover, such involvement of the federal judiciary in issues unrelated to its mission serves no party and is a misuse of the resources available in order to avail oneself of the justice provided by the bankruptcy system.

Secondly, the Notice requests testimony that serves no purpose and has no relation to the merits of the case. Thirdly, the party seeking the testimony under the Notice – Manookian, PLLC - has alleged no specific instance of fraud or injustice. The request is inappropriate as the request for testimony from the sitting judge serves no purpose other than to taint the proceedings before the Court. The request is not appropriate or necessary under the rules of procedure or under substantive laws of privilege and is not within the proper authority of the party making the request.

Moreover, the Court, as determining officer, will not permit the testimony as requested because the Notice was not issued in accordance with the requirements established in the Guide. The Notice did not set forth, or contain an affidavit setting forth, an explanation of the nature of the testimony sought, the relevance of the testimony sought to the legal proceedings, and the reasons why the testimony sought, or the information contained therein, are not readily available from other sources or by other means. *Guide* at § 830(a). *U.S. v. Robinson*, 2018 WL 6322146, at *2 (S.D. Ohio Dec. 4, 2018). Furthermore, § 830(b) requires that the request be "provided to the

6

federal judicial personnel from whom testimony or production of records is sought at least fifteen (15) working days in advance of the time by which the testimony or production or records is to be required. Failure to meet this requirement will provide a sufficient basis for denial of the request." *Guide* at § 830(b). The request was not properly served under any applicable rules and such testimony would violate ethical rules as promulgated by the Judicial Conference and the Administrative Office of United States Courts. *Id*.

The request for testimony of the judge sitting on the case is sought in order to contaminate the exercise of judicial and quasi-judicial responsibilities by federal judicial personnel.

The eleventh factor is not applicable to these proceedings. For the twelfth and thirteenth factors, deposing the judge on a case is a manipulation of the judicial system in an effort to taint the proceedings. There is no expectation that any such testimony would serve any legitimate purpose.

The fourteenth and fifteenth factors are not applicable. As to the last factor, any other consideration that may be germane to the decision of this determining officer, it is important to note that the request to depose Judge Walker was made by a party that has made no specific accusation of bias linked to any ruling in the case. Moreover, two years after its inception, the case is merely at the discovery stage. No dispositive rulings have been issued. The request to depose the sitting judge has no basis in law or fact. Honoring such request would only serve to obstruct the justice administered through the bankruptcy system.

If, after considering the factors and the other requirements set forth in the Guide, the determining officer decides that the judicial personnel should not comply with the request, the judicial personnel should notify the requester of the Guide's procedures and respectfully decline to comply with the request. *Guide* at § 850(b). As the determining officer, having considered all

7

compulsory factors and other requirements set forth in the Guide, and after such deliberate consideration, it is my determination that, for the reasons stated above, the Notice is quashed and this Order serves as notice pursuant to the Guide at § 850(b).

Therefore, the Notice is hereby quashed as inappropriate and unenforceable pursuant to the findings made above and the requirements of the Guide.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS*
*INDICATED AT THE TOP OF THE FIRST PAGE*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

8