# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
|     Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HAGH LAW, PLLC; AFSOON HAGH; ) | |
| MANOOKIAN, PLLC; and FIRST- ) | |
| CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
|     Defendants. ) | |
| ) | Adv. Proc. No. 3:20-ap-90002 |

## EXPEDITED MOTION TO SCHEDULE STATUS CONFERENCE

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves in an expedited fashion to schedule a status conference in this matter on June 29, 2022 at 1:00 p.m., to coincide with a previously scheduled hearing in this case. As grounds for this Motion, the Trustee states that:

<u>NECESSITY FOR EXPEDITED RELIEF</u>

1. By this Expedited Motion and pursuant to Local Rule 9075-1, the Trustee seeks entry of an Order or Notice setting an expedited status conference on June 29, 2022 at 1:00 p.m.

2. The Trustee seeks to have the Motion decided on an expedited basis because the Plaintiff needs clarification from the Court on certain pretrial scheduling matters, including whether the Defendants have properly filed a motion for summary judgment, when the Court expects the Plaintiff to respond to that motion for summary judgment, when the Court expects the

parties to answer and/or supplement prior answers to written discovery, and when the Court expects any party to file dispositive motions.

3. Notice of this Motion is being provided via the Court's electronic case filing system to all parties having filed a notice in this matter. The Trustee submits that the notice of the Motion as provided for herein constitutes good and adequate notice under these circumstances.

4. The Trustee asks that the Court schedule an expedited pretrial conference on June 29, 2022, at 1:00 p.m., to consider these matters.

## MOTION TO SCHEDULE STATUS CONFERENCE

1. The Trustee deeply regrets having to petition the Court to resolve pretrial scheduling issues but, in this instance, it is necessary and important.

2. On October 29, 2021, the Court entered a Pretrial Order (Doc. 93) setting forth certain deadlines applicable in this matter. Among the relevant deadlines established in that Pretrial Order was a deadline of May 31, 2022 for completing depositions, a deadline of June 24, 2022 for filing dispositive motions, a deadline of July 8, 2022 for responding to dispositive motions, and a deadline of July 15, 2022 for filing replies related to the dispositive motions.

3. Subsequently, on March 28, 2022, the Court entered an Order Regarding Motions to Compel Discovery Responses (Doc. 143) which, among other things, set other pretrial dates including: a deadline of June 1, 2022 to respond to Manookian, PLLC's Second Set of Requests for Admission; a deadline of June 1, 2022 (after the close of depositions) for all parties to supplement prior written discovery responses; a deposition of Jeanne Ann Burton, Trustee on April 20, 2022; a deposition of Phillip Young, Receiver on April 21, 2022; a deposition of Brian Manookian, Manookian, PLLC and Cummings Manookian, PCL on May 9, 2022; and a deposition of Afsoon Hagh and Hagh Law, PLC on May 10, 2022.

4. Both Jeanne Ann Burton, Trustee and Phillip Young, Receiver appeared, and were deposed, on the dates set forth in the March 28, 2022 order. However, Defendants' counsel repeatedly asked for alterations to the scheduled depositions of Brian Manookian and Afsoon Hagh. First, Defendants' counsel asked to switch the depositions of Brian Manookian and Afsoon Hagh such that Ms. Hagh would be deposed on May 9 and Mr. Manookian on May 10. The Trustee consented. Then, Ms. Hagh's counsel asked the Trustee to reschedule the Hagh deposition for May 18, 2022. The Trustee consented. On May 16, 2022 (two days before the twice rescheduled deposition of Afsoon Hagh), Ms. Hagh's counsel contacted the Trustee's counsel and indicated that Ms. Hagh was not willing to proceed with a deposition at the courthouse from 10:00 am – 5:00 pm. Trustee's counsel offered to limit the deposition to a window of a few hours to accommodate Ms. Hagh's concerns. After consultation with his client, Ms. Hagh's counsel responded by notifying Trustee's counsel that the only way Ms. Hagh was willing to proceed with the deposition on May 18, 2022 is if the Trustee were willing to conduct the deposition via Zoom. In an attempt to keep this matter on schedule and to reduce the secondary discovery squabbles, the Trustee reluctantly agreed to conduct the Hagh deposition via Zoom on May 18, 2022.

5. Meanwhile, in order to timely complete depositions by the May 31, 2022 deadline established by the Court, the Trustee filed notices of deposition and issued subpoenas for deposition testimony of three third-party witnesses on May 5, 2022. *See* Doc. Nos. 158, 159, 160, 162, 163 and 164. Pursuant to those notices and subpoenas, the Trustee was to depose Ronette McCarthy on May 25, Brian Cummings on May 26, and Marty Fitzgerald on May 27. The subpoenas were all served and no timely objections were lodged. On May 17, 2022, the week before the scheduled depositions, counsel for Afsoon Hagh and Hagh Law, PLLC again contacted the Trustee's counsel asking for scheduling accommodations. This time, according to counsel,

Ms. Hagh and Mr. Manookian were going to be out of state the entire week of May 23, 2022 and unable to participate in the third-party Zoom depositions. In a spirit of cooperation, the Trustee offered to continue the third-party depositions but only if the Defendants would agree to continue all other related deadlines, including the deposition cutoff, the deadline for responding to Manookian, PLLC's second set of requests for admission, the deadline for supplementing written discovery responses, and the deadlines for filing and responding to dispositive motions.

6. As an inducement to the rescheduling of the third-party depositions, the Defendants agreed to continue all pretrial deadlines in the case. On May 19, 2022, the Defendants filed Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines (Doc. 167) and submitted an unopposed order granting that relief (Doc. 168). This unopposed, proposed order provided the following: (1) that the third-party depositions would be reset by agreement; (2) that the discovery cutoff would be extended from May 31, 2022 to June 30, 2022; (3) that the deadline for all parties to supplement written discovery responses would be extended from June 1, 2022 to July 1, 2022; (4) that the deadline for filing dispositive motions would be extended from June 24, 2022 to July 29, 2022; (5) that responses to any dispositive motions would be due August 12, 2022; and (6) that replies related to any dispositive motions would be due August 19, 2022. Both the motion and order accurately represented that the Trustee did not oppose the relief sought in the motion or the proposed order.

7. On May 25, 2022, the Court entered an Order (Doc. 171) denying the Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines as moot, citing Paragraph 9 of the Court's March 28, 2022 Order. Paragraph 9 of that prior Order gave the parties deference to set third party depositions as needed. The Court expanded on this Order during an emergency telephone conference conducted on May 25, 2022 when it indicated

that the Court would not stand in the way of any pretrial schedule alterations upon which the parties could agree.

8. In reliance upon the Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines and the proposed order granting that motion (both of which were signed by all Defendants' counsel), and in light of the Court's admonition that it would allow the parties to work out the pretrial scheduling, the Trustee rescheduled the deposition of Ronette McCarthy for June 8, 2022, Brian Cummings for June 9, 2022, and Marty Fitzgerald for June 24, 2022. The Trustee would have never agreed to reschedule these depositions after the discovery cutoff, after the date for responding to and supplementing responses to written discovery, and mere days prior to the dispositive motion deadline but for the Defendants' counsel's agreement, as represented by Docket entries 167 and 168, to continue *all* pretrial deadlines.

9. The depositions of Ronette McCarthy and Brian Cummings were conducted as rescheduled by Zoom. Interestingly, despite demanding that these depositions be rescheduled due to the Defendants' unavailability during the week of May 23, none of the Defendants appeared on either of the depositions. Only the Defendants' counsel, who were available the week of May 23, appeared at these depositions.

10. On June 21, 2022, John Spragens, counsel for Manookian, PLLC in this matter, emailed the Trustee's counsel on behalf of third-party Marty Fitzgerald to lodge objections to the reissued subpoena requiring his appearance at deposition on June 24, 2022 – the deposition that was rescheduled at the request of the Defendants. In his email, Mr. Spragens stated that Mr. Fitzgerald was unavailable until after July 8, 2022, that he believed most or all of the testimony would be subject to the attorney-client privilege, and that "[Mr. Fitzgerald] believes the entire proceeding is a farce that will only re-traumatize him for the benefit of lawyers who are attempting

to claim entitlement to funds." Despite Mr. Fitzgerald having not objected to the original subpoena, and despite the Trustee believing these objections to be invalid, the Trustee acknowledged the objections communicated by Mr. Spragens pursuant to FRCP 45(d) and canceled the June 24 deposition of Marty Fitzgerald.[1]

11. At 10:50 p.m. on June 24, 2022, the Defendants filed a joint motion for summary judgment, along with a joint statement of undisputed facts. There were several oddities about this filing. First, the motion was filed on June 24, 2022 despite the agreement of the parties that the deadline for filing dispositive motions would be continued from June 24, 2022 to July 29, 2022. Second, the accompanying statement of undisputed facts relied heavily upon statements from Manookian, PLLC's Second Set of Requests for Admission, which the statement of undisputed facts repeatedly alleged were "admitted pursuant to Fed. R. Civ. P. 36(3)(a)"; this despite the parties' agreement that the Trustee would have until July 1, 2022 to respond to all outstanding written discovery. Finally, the motion and the statement of undisputed facts were filed only by John Spragens as "Attorney for Manookian PLLC and Brian Manookian" and "Co-counsel for Afsoon Hagh and Hagh Law PLLC for purposes of Summary Judgment only." Neither Craig Gabbert nor Glenn Rose, counsel for Afsoon Hagh and Hagh Law PLLC, signed the joint motion or the joint statement of facts, nor did John Spragens enter a notice of appearance or notice of substitution of counsel for Ms. Hagh and Hagh Law.

12. It is clear from the joint motion for summary judgment and the joint statement of undisputed facts that the Defendants are ignoring their agreement to continue all pretrial deadlines in this case and seeking to play "gotcha" with regard to the deadlines in this case.

---

[1] The Trustee continues to evaluate her options regarding this deposition, i.e., whether to file a motion to compel Mr. Fitzgerald's testimony or whether to attempt to depose Mr. Fitzgerald by written questions as requested by Mr. Spragens.

13. The Trustee seeks to schedule a status conference in this matter on June 29, 2022 at 1:00 p.m., following the previously scheduled hearing in this matter, to discuss the following topics: (1) whether the Court will enforce the parties' agreement concerning continued deadlines, as reflected in the motion and order docketed at Doc. Nos. 167 and 168; and (2) whether John Spragens has properly filed a motion for summary judgment on behalf of both his client, Manookian, PLLC, and two clients which are represented by other counsel in this matter, Afsoon Hagh and Hagh Law, PLLC.

14. The Trustee needs guidance from the Court on the scheduling issues, preferably by way of an order memorializing the revised deadlines about which the parties previously agreed. Which deadlines will be enforced by the Court will govern the timing of the Trustee's response to the pending motion for summary judgment, when the Trustee files her own motion for summary judgment, whether the Trustee files a motion under FRCP 60(b) for relief from the original scheduling order, and whether the Trustee files a motion under FRCP 36(b) to allow her responses to the late-filed requests for admission by Manookian, PLLC. This guidance is especially important given that the Trustee and her counsel built their respective calendars (in this case and other cases) for the months of July and August around the deadlines agreed upon and documented in Doc. Nos. 167 and 168.

15. The Trustee would also respectfully request the Court to address whether John Spragens has authority to file a motion for summary judgment on behalf of Afsoon Hagh and Hagh Law, PLLC, or whether that is the sole responsibility of her counsel in this case. As it stands, the Trustee and her counsel are at a loss as to who is currently representing those two defendants.

16. Given the above considerations, the Trustee respectfully requests that the Court schedule a status conference on June 29, 2022 at 1:00 p.m. to discuss these matters or, alternatively, to enter its own order that addresses these issues.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 28th day of June, 2022.

/s/ Phillip G. Young, Jr.