IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

**DEFENDANTS' MOTION FOR ENTRY OF UNOPPOSED
SUMMARY JUDGMENT ON ALL CLAIMS AND
NOTICE OF FILING PROPOSED ORDER**

Defendants Hagh Law, PLLC, Afsoon Hagh, and Manookian, PLLC (collectively the "AP Defendants") move for entry of unopposed summary judgment in their favor and provide notice of filing their proposed order effectuating the same. As grounds for their motion, Defendants state as follows.

    **I.    INTRODUCTION AND PROCEDURAL HISTORY**

This is an adversary proceeding brought by Trustee Jeanne Ann Burton (the "Trustee" or "Ms. Burton") on behalf of Cummings Manookian PLC ("CM" or "Cummings

Manookian"). Cummings Manookian was a law firm that filed for Chapter 7 Bankruptcy in 2019.

On January 8, 2020, the Trustee instituted this action against Hagh Law, PLLC, Afsoon Hagh, and Manookian PLLC (collectively, the "AP Defendants") asserting seven separate claims for relief: conversion; state law fraudulent transfer; avoidance and recovery of fraudulent transfer; tortious interference with contract; successor liability and alter ego; turnover; and declaratory judgment. D.E. 1.

On October 29, 2021, the Court entered a Pretrial Order setting written discovery and deposition deadlines, as well as dates by which dispositive motions, responses to dispositive motions, and replies to dispositive motions were to be filed. D.E. 93. The Order required that "all dispositive motions shall be filed no later than June 24, 2022. All responses to the dispositive motions are to be filed no later than July 8, 2022. All replies are to be filed no later than July 15, 2022." *Id.* at Paras. 3-5.

On March 3, 2022, Manookian PLLC served its Second Set of Requests for Admission on the Trustee containing eighty-three separate factual matters requiring the Trustee to admit or deny the truthfulness thereof.

On March 28, 2022, the Court entered an order on Defendant Manookian PLLC's Motion to Compel Responses to Requests for Admission. D.E. 143. The Court ruled that "[t]he Trustee shall respond to Manookian, PLLC's Second Set of Requests for Admission no later than June 1, 2022." *Id.* at Para 5. Thus, the Trustee was afforded a full 90 days in which to respond rather than the 30 days provided by Fed. R. Civ. Pro. 36(a)(3).

On April 11, 2022, the Trustee filed her first motion to continue depositions and other discovery deadlines. D.E. 147. The Trustee requested an expedited hearing "on or before April 15, 2022 to continue certain depositions and pretrial deadlines."

On April 14, 2022, the Court denied the Trustee's first motion seeking to alter discovery and pretrial deadlines. D.E. 149. The Court explicitly held that "the applicable Rules and Orders of this Court regarding discovery are in full force and effect." *Id.* at Para. 2.

On May 19, 2022, the Defendants filed an unopposed motion to extend the deadlines for three specific third-party depositions. D.E. 167. The Defendants further stated that "[r]escheduling these depositions will necessitate moving certain other deadlines, and the Trustee and Defendants have cooperated to reach an agreement on those revisions as memorialized in the attached proposed order." *Id.* at Page 1. The Parties submitted a proposed order attempting to extend the discovery deadline until June 30, 2022, as well as attempting to continue the dispositive motion, response, and reply deadlines to July 29, 2022; August 12, 2022; and August 19, 2022, respectively. D.E. 168.

On May 25, 2022, the Court, via docket order, directed the Parties to a prior order which already permitted parties to make limited scheduling changes to third-party depositions. D.E. 171. The Court then specifically denied the Parties' Motion to move the discovery cut-off and declined to alter the deadlines relative to dispositive motions, stating that "the Submitted order at Docket Number 168 will not be entered by the Court as the related motion is denied." *Id.* Thus, the dispositive motion and reply deadlines of June 24, 2022 and July 8, 2022, were again affirmed and emphasized by the Court.

On June 1, 2022, the Trustee failed to respond to Manookian, PLLC's Second Set of Requests for Admission as required by Court Order dated March 28, 2022 at D.E. 143. Pursuant to Fed. R. Civ. Pro. 36(a)(3), all of the matters posed within the Second Set of Requests for Admission were therefore conclusively admitted. Although Fed. R. Civ. Pro.

36(b) permits withdrawal or amendment of admissions in certain circumstances and upon motion to the Court, the Trustee never filed any such motion to withdraw or amend her admissions.

On June 24, 2022, the AP Defendants collectively moved for summary judgment on all claims asserted by the Trustee in this matter. D.E. 188-1. Defendants' Motion was accompanied by a comprehensive Memorandum of Law and a detailed twenty-three-page Statement of Undisputed Material Facts, comprised of eighty (80) separate factual assertions, each of which was accompanied by citation to the record. D.E. 188-2. The Trustee did not file any dispositive motion, herself, by the June 24, 2022 deadline.

On June 28, 2022, following Defendants' filing of their Motion for Summary Judgment, the Trustee filed an "Expedited Motion to Schedule Status Conference." D.E. 189. The grounds for the Motion, according to the Trustee, were that:

> "[T]he Plaintiff needs clarification from the Court on certain pretrial scheduling matters, including whether the Defendants have properly filed a motion for summary judgment, when the Court expects the Plaintiff to respond to that motion for summary judgment, when the Court expects the parties to answer and/or supplement prior answers to written discovery, and when the Court expects any party to file dispositive motions." *Id.* at Para. 2.

The Trustee's "Expedited Motion to Schedule Status Conference" was filed despite the existing Pretrial Order clearly laying out all such deadlines, and despite multiple orders from the Court declining to alter those deadlines. *See, e.g.,* D.E. 93 (setting comprehensive pretrial deadlines for written discovery, depositions, dispositive motions, responses to dispositive motions, and replies to responses to dispositive motions); D.E. 149 (denying the Trustee's first attempt to modify pretrial deadlines, including those

related to dispositive motions); D.E. 171 (rejecting the Parties' joint attempt to modify pretrial deadlines, including those related to dispositive motions, responses and replies).

On June 28, 2022, the Court entered an Order granting the Trustee's Motion to Schedule an Expedited Status Conference and setting the requested pretrial conference for July 13, 2022. D.E. 191.

On June 29, 2022, during a hearing in this matter, the Court reiterated that it would entertain the Trustee's request for an expedited pretrial conference notwithstanding a pending motion to disqualify the judge.

On June 30, 2022, and despite the Court's willingness to schedule a hearing in order to provide "clarification" on pretrial deadlines, the Trustee withdrew her Expedited Motion to Schedule Status Conference, and further requested that the Court cancel the pretrial conference set for July 13, 2022. D.E. 197.

On July 1, 2022, the Court entered a Docket Entry noting that the Plaintiff's motion for an expedited status conference to "clarify" the existing pretrial deadlines had been "properly withdrawn via Notice." D.E. 200.

On July 8, 2022, the deadline for responses to dispositive motions, the Trustee failed to file any response to the Defendants' Motion for Summary Judgment on All Claims. The Trustee failed to respond to any of the factual assertions in Defendants' Statement of Undisputed Material Facts. And the Trustee failed to file any motion under Fed. R. Civ. Pro. 56(d) showing by affidavit or declaration that, for specified reasons, she was unable to present facts essential to justify opposition to Defendants' Motion for Summary Judgment.

Defendants' Motion for Summary Judgment on All Claims is thus unopposed, and the material facts specified by Defendants are undisputed.

5
Case 3:20-ap-90002   Doc 203   Filed 07/15/22   Entered 07/15/22 10:31:24   Desc Main
Document      Page 5 of 8

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of "summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 Advisory Committee's Note. A genuine issue of material fact exists only where a reasonably jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Mere allegations of a factual dispute between the parties will not suffice to defeat a properly supported summary judgment motion. *Id.*

"The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). The moving party satisfies this burden "by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." *Id.* (citation and internal quotation marks omitted).

When the moving party meets this burden, the party that opposes the motion must come forth with sufficient proof to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)

"The Sixth Circuit has consistently explained that '[f]ailure by a [party] to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.'" *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 775 (S.D. Ohio 2021), reconsideration denied, No. 1:17-CV-406, 2021 WL 913103 (S.D. Ohio Mar. 10, 2021). "Because [the non-moving party] failed to designate specific facts creating a material issue in response to [the moving party's] motion, the district court properly granted [the moving party's] summary judgment motion." *Reed v. City of Memphis, Tennessee*, 735 F. App'x 192, 201 (6th Cir. 2018). Moreover, Local Rule 56.01(f) of the Middle District of Tennessee expressly provides that, "[i]f a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment."

### III. ARGUMENT

The Defendants have demonstrated that there is no genuine dispute as to any material fact as to all of Trustee's claims, and that the Defendants are entitled to a judgment as a matter of law. Moreover, Plaintiff Trustee has failed to oppose, in any form, Defendants' Motion for Summary Judgment or dispute, in any manner, the material facts set forth by the Defendants.

As a result, each of the factual assertions contained in Defendants' Statement of Undisputed Material Fact is undisputed for purposes of summary judgment. Consequently, there is no genuine issue of material fact as to any of the Plaintiff's claims, and the Defendants are entitled to entry of unopposed summary judgment in their favor.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants request that the Court enter the proposed order attached as an Exhibit to this Motion and Notice and thereby grant their unopposed Motion for Summary Judgment on All Claims.

Date: July 15, 2022

Respectfully submitted,

*/s/ John Sragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian, PLLC, Brian Manookian, Afsoon Hagh, and Hagh Law, PLLC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed July 15, 2022 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*