IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
|    Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:20-ap-90002 |
| ) | |
| HAGH LAW, PLLC; AFSOON HAGH; ) | |
| MANOOKIAN, PLLC; and FIRST- ) | |
| CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
|    Defendants. ) | |
| ) | |

**MOTION TO STAY ALL DEADLINES PENDING RESOLUTION OF APPEAL**

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to stay all deadlines in this matter pending the resolution of Manookian, PLLC and Brian Manookian's appeal concerning the Defendants' subpoena of Judge Charles M. Walker. As grounds for this Motion, the Trustee states that:

1. The purpose of this Motion is (1) to seek clarity and finality as to the Court's prior oral rulings concerning its jurisdiction over certain matters and the impact that those jurisdictional issues have on the Court's prior scheduling order; (2) to promote judicial economy by preventing the filing of motions that are frivolous and/or premature; and (3) to avoid prejudicing the Trustee by allowing her to complete discovery prior to the filing of and/or responding to motions for summary judgment.

2. On October 29, 2021, the Court entered a Pretrial Order (Doc. 93) setting forth certain deadlines applicable in this matter. Among the relevant deadlines established in that Pretrial Order was a deadline of May 31, 2022 for completing depositions, a deadline of June 24, 2022 for filing dispositive motions, a deadline of July 8, 2022 for responding to dispositive motions, and a deadline of July 15, 2022 for filing replies related to the dispositive motions.

3. Subsequently, on March 28, 2022, the Court entered an Order Regarding Motions to Compel Discovery Responses (Doc. 143) which, among other things, set other pretrial dates including: a deadline of June 1, 2022 to respond to Manookian, PLLC's Second Set of Requests for Admission; a deadline of June 1, 2022 (after the close of depositions) for all parties to supplement prior written discovery responses; a deposition of Jeanne Ann Burton, Trustee on April 20, 2022; a deposition of Phillip Young, Receiver on April 21, 2022; a deposition of Brian Manookian, Manookian, PLLC and Cummings Manookian, PLC on May 9, 2022; and a deposition of Afsoon Hagh and Hagh Law, PLC on May 10, 2022.

4. Both Jeanne Ann Burton, Trustee and Phillip Young, Receiver appeared, and were deposed, on the dates set forth in the March 28, 2022 order. However, Defendants' counsel repeatedly asked for alterations to the scheduled depositions of Brian Manookian and Afsoon Hagh. First, Defendants' counsel asked to switch the depositions of Brian Manookian and Afsoon Hagh such that Ms. Hagh would be deposed on May 9 and Mr. Manookian on May 10. The Trustee consented. Then, Ms. Hagh's counsel asked the Trustee to reschedule the Hagh deposition for May 18, 2022. The Trustee consented. On May 16, 2022 (two days before the twice rescheduled deposition of Afsoon Hagh), Ms. Hagh's counsel contacted the Trustee's counsel and indicated that Ms. Hagh was not willing to proceed with a deposition at the courthouse from 10:00 am – 5:00 pm. Trustee's counsel offered to limit the deposition to a window of a few hours to

accommodate Ms. Hagh's concerns. After consultation with his client, Ms. Hagh's counsel responded by notifying Trustee's counsel that the only way Ms. Hagh was willing to proceed with the deposition on May 18, 2022 was if the Trustee were willing to conduct the deposition via Zoom. In an attempt to keep this matter on schedule and to reduce the secondary discovery squabbles, the Trustee reluctantly agreed to conduct the Hagh deposition via Zoom on May 18, 2022.

5. Meanwhile, in order to timely complete depositions by the May 31, 2022 deadline established by the Court, the Trustee filed notices of deposition and issued subpoenas for deposition testimony of three third-party witnesses on May 5, 2022. *See* Doc. Nos. 158, 159, 160, 162, 163 and 164. Pursuant to those notices and subpoenas, the Trustee was to depose Ronette McCarthy on May 25, Brian Cummings on May 26, and Marty Fitzgerald on May 27. The subpoenas were all served and no timely objections were lodged. On May 17, 2022, the week before the scheduled depositions, counsel for Afsoon Hagh and Hagh Law, PLLC again contacted the Trustee's counsel asking for scheduling accommodations. This time, according to counsel, Ms. Hagh and Mr. Manookian were going to be out of state the entire week of May 23, 2022 and unable to participate in the third-party Zoom depositions. In a spirit of cooperation, the Trustee offered to continue the third-party depositions but only if the Defendants would agree to continue all other related deadlines, including the deposition cutoff, the deadline for responding to Manookian, PLLC's second set of requests for admission, the deadline for supplementing written discovery responses, and the deadlines for filing and responding to dispositive motions.

6. As an inducement to the rescheduling of the third-party depositions, the Defendants agreed to continue all pretrial deadlines in the case. On May 19, 2022, the Defendants filed Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other

Deadlines (Doc. 167) and submitted an unopposed order granting that relief (Doc. 168). This unopposed, proposed order provided the following: (1) that the third-party depositions would be reset by agreement; (2) that the discovery cutoff would be extended from May 31, 2022 to June 30, 2022; (3) that the deadline for all parties to supplement written discovery responses would be extended from June 1, 2022 to July 1, 2022; (4) that the deadline for filing dispositive motions would be extended from June 24, 2022 to July 29, 2022; (5) that responses to any dispositive motions would be due August 12, 2022; and (6) that replies related to any dispositive motions would be due August 19, 2022. Both the motion and order accurately represented that the Trustee did not oppose the relief sought in the motion or the proposed order.

7. On May 25, 2022, the Court entered an Order (Doc. 171) denying the Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines as moot, citing Paragraph 9 of the Court's March 28, 2022 Order (Doc. 143). Paragraph 9 of that prior Order gave the parties deference to set third party depositions as needed. The Court expanded on this Order during an emergency telephone conference conducted on May 25, 2022 when it indicated that the Court would not stand in the way of any pretrial schedule alterations upon which the parties could agree.

8. In reliance upon the Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines and the proposed order granting that motion (both of which were signed by all Defendants' counsel), and in light of the Court's admonition that it would allow the parties to work out the pretrial scheduling, the Trustee rescheduled the deposition of Ronette McCarthy for June 8, 2022, Brian Cummings for June 9, 2022, and Marty Fitzgerald for June 24, 2022. The Trustee would have never agreed to reschedule these depositions after the discovery cutoff, after the date for responding to and supplementing responses to written

discovery, and mere days prior to the dispositive motion deadline but for the Defendants' counsel's agreement, as represented by Docket entries 167 and 168, to continue *all* pretrial deadlines.

9. The depositions of Ronette McCarthy and Brian Cummings were conducted as rescheduled by Zoom. Interestingly, despite demanding that these depositions be rescheduled due to the Defendants' unavailability during the week of May 23, none of the Defendants appeared on either of the depositions. Only the Defendants' counsel, who were available the week of May 23, appeared at these depositions.

10. On June 21, 2022, John Spragens, counsel for Manookian, PLLC in this matter, emailed the Trustee's counsel on behalf of third-party Marty Fitzgerald to lodge objections to the reissued subpoena requiring his appearance at deposition on June 24, 2022 – the deposition that was rescheduled at the request of the Defendants. In his email, Mr. Spragens stated that Mr. Fitzgerald was unavailable until after July 8, 2022, that he believed most or all of the testimony would be subject to the attorney-client privilege, and that "[Mr. Fitzgerald] believes the entire proceeding is a farce that will only re-traumatize him for the benefit of lawyers who are attempting to claim entitlement to funds." Despite Mr. Fitzgerald having not objected to the original subpoena, and despite the Trustee believing these objections to be invalid, the Trustee acknowledged the objections communicated by Mr. Spragens pursuant to FRCP 45(d) and canceled the June 24 deposition of Marty Fitzgerald.

11. At 10:50 p.m. on June 24, 2022, the Defendants filed a joint motion for summary judgment, along with a joint statement of undisputed facts. There were several oddities about this filing. First, the motion was filed on June 24, 2022 despite the agreement of the parties that the deadline for filing dispositive motions would be continued from June 24, 2022 to July 29, 2022. Second, the accompanying statement of undisputed facts relied heavily upon statements from

Manookian, PLLC's Second Set of Requests for Admission, which the statement of undisputed facts repeatedly alleged were "admitted pursuant to Fed. R. Civ. P. 36(3)(a)"; this despite the parties' agreement that the Trustee would have until July 1, 2022 to respond to all outstanding written discovery.[1] Finally, the motion and the statement of undisputed facts were filed only by John Spragens as "Attorney for Manookian PLLC and Brian Manookian" and "Co-counsel for Afsoon Hagh and Hagh Law PLLC for purposes of Summary Judgment only." Neither Craig Gabbert nor Glenn Rose, counsel for Afsoon Hagh and Hagh Law PLLC, signed the joint motion or the joint statement of facts, nor did John Spragens enter a notice of appearance or notice of substitution of counsel for Ms. Hagh and Hagh Law.

12. The Court scheduled a hearing for June 29, 2022 to consider Brian Manookian and Manookian PLLC's Motion to Disqualify Bankruptcy Judge Charles Walker (Doc. 161), which Defendants Afsoon Hagh and Hagh Law, PLLC joined (Doc. 173). At the June 29, 2022 hearing, the Court announced that it would not rule on the Motion to Disqualify, or any other substantive issues in the case (including, specifically, motions for summary judgment and discovery disputes), in light of the appeal filed by Brian Manookian and Manookian PLLC of the Court's Order Quashing Notice of Deposition (Doc. 178). Although the Court stated that it lacked jurisdiction and would consider no substantive issues related to the case, the Court noted that all prior orders of the Court remained in effect. Given that statement, it appears that the deadlines established in the Court's October 29, 2021 Pretrial Order, as altered by the parties' subsequent agreement, remain in effect.

13. The day before the June 29, 2022 hearing, the Trustee filed an Expedited Motion to Schedule Status Conference (Doc. 189), in which she asked the Court to conduct a pretrial

---

[1] The Trustee timely responded to these Requests for Admission on July 1, 2022.

conference on June 29, 2022 to clarify that all deadlines in its October 29, 2021 Pretrial Order were altered pursuant to the agreement of the parties on May 19, 2022. The Court set a pretrial conference to discuss those matters on July 13, 2022, when the Trustee's counsel would be out of the country. In discussing a possible continuance of that pretrial conference with counsel for the Defendants, it became clear that the pretrial conference could not be conducted until mid-August given all counsel's vacation schedules. After reconsidering the expedited request for a pretrial conference in light of the Court's statement that it would not consider any substantive issue in the case pending the resolution of the ongoing appeal, and considering that it was unlikely that the pretrial conference could be scheduled until after the expiration of all deadlines in the October 29, 2021 Pretrial Order (as amended by agreement of the parties), the Trustee determined that the relief she had sought in the Motion to Schedule Status Conference was moot or premature. The relief sought in the motion was at least premature because the Court stated it was going to take no immediate action on any motion for summary judgment, and it certainly did not need expedited consideration. Accordingly, she withdrew the motion.

14. While the relief sought in the Expedited Motion to Schedule Status Conference is now moot in light of the Court's oral statement of June 29, 2022, it has become evident to the Trustee that other relief is necessary and appropriate. More specifically, because the Court has stated that it will not rule on substantive issues such as discovery disputes and motions for summary judgment, the Trustee believes that the Court should enter an order staying all deadlines in its October 29, 2021 Pretrial Order. Such an order will provide clarity, promote judicial economy, and prevent prejudice to the Trustee.

15. An order staying all deadlines will provide clarity and promote judicial economy in that the Court will not have to entertain motions by the Defendants that it has clearly stated that

it will not entertain at this time. On July 15, 2022, the Defendants filed a Motion for Entry of Unopposed Summary Judgment on All Claims and Notice of Filing Proposed Order (Doc. 203). This motion was filed despite the Court's clear instruction that it would take no action on any motion for summary judgment, and was filed in contravention of the Defendants' agreement with the Trustee to continue all deadlines related to the motions for summary judgment, including the response deadlines. If the Court were to enter an order holding all deadlines in abeyance pending the resolution of the appeal, it would make clear, in a written order, that the Court will not consider such motions at this time.

16. An order formally holding all deadlines in abeyance will also prevent prejudice to the Trustee. John Spragens, who represents Manookian, PLLC and Brian Manookian (and who has purported to file a motion on behalf of Afsoon Hagh and Hagh Law, PLLC, who are represented by other counsel) lodged an objection to a deposition on behalf of third-party Marty Fitzgerald (though the objection stated that Mr. Spragens does not represent Mr. Fitzgerald). The Trustee believes that it is necessary to depose Mr. Fitzgerald concerning communications he had with Cummings Manookian, PLC, Brian Manookian, and Afsoon Hagh. These matters could have a significant bearing on the Trustee's planned motion for summary judgment as well as her response to the Defendants' motion for summary judgment. The Trustee intends to file a motion to compel Mr. Fitzgerald to appear for a deposition, though she understands that the Court will not entertain that motion until the conclusion of the pending appeal. If the Trustee were required to file a motion for summary judgment and respond to the Defendants' motion for summary judgment pursuant to the deadlines established in the pretrial order, while not being able to complete discovery according to the schedule anticipated in the pretrial order, it would work an extreme prejudice and injustice upon the Trustee and this bankruptcy estate. It is only logical that the

parties be allowed to complete all discovery prior to filing and/or responding to motions for summary judgment. Since the Court has stated it has no jurisdiction to consider a motion to compel discovery, all matters should be stayed until it regains jurisdiction to consider all matters, including discovery disputes.

17. While a stay of all deadlines promotes judicial efficiency and prevents prejudice as to the Trustee and the bankruptcy estate, a stay would not otherwise prejudice any other party to this matter. The Court has already articulated that it would not consider any motion for summary judgment at this time. Since the Court will not consider any such motions at this time, there is no advantage to requiring the parties to file such motions at this time (especially in light of the fact that discovery is incomplete). The filing of motions for summary judgment now will not bring about the conclusion of this matter any quicker, given that the pending appeal might take months to resolve.

18. Given these facts and considerations, the Trustee respectfully requests that the Court enter an order staying all deadlines in this case, including those outlined in its October 29, 2021 Pretrial Order, until the appeal filed by Manookian, PLLC and Brian Manookian has been resolved and jurisdiction has been restored to this Court. The Trustee suggests that any such order provide that the Court will schedule a pretrial conference upon the conclusion of the appeal to set a hearing date on the motion to compel the testimony of Marty Fitzgerald, and to set deadlines for motions for summary judgment based upon the deposition date for Mr. Fitzgerald.

19. The Trustee respectfully suggests that the Court can simply enter an order staying the deadlines in its prior pretrial order without further hearing.[2] A court has broad discretion to

---

[2] The Trustee also submits that an order staying the deadlines established in the Court's prior pretrial order is an administrative function and does not substantively alter the rights of the parties. As such, the pending appeal would not prevent the Court from entering an order staying all deadlines.

set its own deadlines in order to promote efficiency and equity. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In this instance, staying the deadlines previously set by the Court's pretrial order prejudices no party, while declining to stay the deadlines would be inequitable to the interests of the Trustee and the bankruptcy estate she serves.

20. Finally, the Trustee respectfully requests that the Court consider the relief sought in the Motion as expeditiously as possible. Pursuant to the agreement of the parties (as outlined in the unopposed motion found at Docket Entry 167), motions for summary judgment are currently due to be filed by July 29, 2022 and responses to those motions must be filed by August 12, 2022. The Trustee respectfully requests that the Court enter an order regarding these proposed deadlines prior to July 29, 2022 in order to prevent potential prejudice to the Trustee and the estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (a) staying all deadlines in this case, including those established in the October 29, 2021 Pretrial Order, pending the resolution of Brian Manookian and Manookian PLLC's appeal of the Court's Order Quashing Notice of Deposition, and (b) granting such other and further relief as the Court deems equitable and appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 22nd day of July, 2022.

/s/ Phillip G. Young, Jr.