IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO COMPEL MARTY FITZGERALD TO COMPLY WITH SUBPOENA FOR TESTIMONY

Pursuant to Federal Rules of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel Marty Fitzgerald ("Fitzgerald") to comply with a Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) (the "Subpoena") issued on June 6, 2022, served on Mr. Fitzgerald on June 7, 2022, and requiring Mr. Fitzgerald's attendance at a deposition on June 24, 2022.[1]

As indicated in the Subpoena, a true and accurate copy of which is attached hereto as <u>Exhibit A</u>, the Trustee sought to depose Marty Fitzgerald, one of the plaintiffs in the

---

[1] The Trustee understands that the Court is unlikely to consider this motion until the conclusion of a pending appeal; this Motion is being filed so that it is considered immediately upon the resolution of that appeal.

*Fitzgerald v. Osborn* matter, regarding his discussions with Brian Manookian, Afsoon Hagh, and/or Cummings Manookian, PLLC about their representation of him in a lawsuit or their purported withdrawal from that representation. The Subpoena was served on Mr. Fitzgerald on June 7, 2022, as indicated on the return of service attached hereto as <u>Exhibit B.</u>

The Subpoena required Mr. Fitzgerald's appearance at a deposition via Zoom on June 24, 2022. On June 21, 2022, Attorney John Spragens sent an email to undersigned counsel objecting to the subpoena on behalf of Mr. Fitzgerald.[2] A copy of the email is hereto as <u>Exhibit C</u>. The email from John Spragens raised three possible objections to the Subpoena: (1) scheduling of the deposition, (2) privilege, and (3) that the testimony would be painful for him. The scheduling issue is moot, since he stated that he was unavailable until July 8, 2022, which we are now well past.

Regarding privilege, only communications between attorneys and clients that are substantive are subject to the attorney-client privilege; unless the conversations between him and his counsel consist of legal advice or analysis of Mr. Fitzgerald's case, they would be subject to no such privilege. *Boyd v. Comdata Network*, 88 S.W.3d 203, 213 (Tenn. Ct. App. 2002) ("The attorney-client privilege is not absolute, nor does it cover all communications between a client and his or her attorney. The communications must involve the subject matter of the representation and must be made with the intention that

---

[2] This objection was to a second, revised subpoena. Originally, on May 5, 2022, the Trustee issued a subpoena for Mr. Fitzgerald's testimony on May 27, 2022. No timely objection was filed to that first subpoena. The week before that deposition was to occur, counsel for the Defendants asked the Trustee to reschedule all third-party depositions, including Mr. Fitzgerald's, because Brian Manookian and Afsoon Hagh were scheduled to be out of state. As an accommodation, the Trustee agreed to reschedule the depositions so long as other pretrial deadlines were likewise rescheduled. The Defendants agreed, and Mr. Spragens subsequently objected to the subpoena for the rescheduled deposition, which was set at the Defendants' request.

2

they will be kept confidential."). Even if the discussions would otherwise be privileged, both Brian Manookian and Afsoon Hagh have testified regarding those conversations, alleging that they advised Mr. Fitzgerald that Cummings Manookian, PLC would be withdrawing from the representation and that he must seek other counsel. Therefore, any privilege has been waived by their testimony.

Finally, the Trustee is sensitive to the fact that Mr. Fitzgerald lost his daughter in a tragic accident and that he is involved in this matter only because he was a former client of the Debtor, and possibly one or more of the Defendants. However, the Defendants have alleged that they notified Mr. Fitzgerald that Cummings Manookian, PLC must withdraw from representing him, and that they advised him to seek new counsel. It is the Defendants, not the Trustee, who have made Mr. Fitzgerald's testimony relevant. The Trustee is entitled to inquire further of Mr. Fitzgerald concerning those alleged communications, rather than relying solely on the testimony of the Defendants to this action.

Wherefore, the Trustee requests that the Court compel Marty Fitzgerald to appear for a deposition pursuant to the Subpoena.

Dated: July 22, 2022

    Respectfully Submitted,

    */s/ Phillip G. Young, Jr.*
    Phillip G. Young, Jr.
    Thompson Burton PLLC
    One Franklin Park
    6100 Tower Circle, Suite 200
    Franklin, TN 37067
    Tel:   615.465.6008
    Fax:   615.807.3048
    Email: phillip@thompsonburton.com

    Special Counsel to Trustee

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

John Spragens (via ECF only)

Marty Fitzgerald
8158 Golf Club Road
Mount Pleasant, TN 38474

This 22nd day of July, 2022.

                                            */s/ Phillip G. Young, Jr.*
                                            Phillip G. Young, Jr.