UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)

IN RE: . Case No. 3:19-bk-07235
. Chapter 7
CUMMINGS MANOOKIAN, PLLC, .
.
.
Debtor. .
.
. . . . . . . . . . . . . . . .
JEANNE ANN BURTON, . Adv. No. 3:20-ap-90002
.
Plaintiff, .
.
v. .
.
HAGH LAW PLLC, et al., . 701 Broadway
. Nashville, TN 37203
Defendants. .
. Wednesday, June 29, 2022
. . . . . . . . . . . . . . . . 1:00 p.m.


TRANSCRIPT OF HEARING
BEFORE THE HONORABLE CHARLES M. WALKER
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Spragens Law PLC
                           By:  JOHN T. SPRAGENS, ESQ.
                           311 22nd Avenue North
                           Nashville, TN 37203
                           (615) 983-8900

For Hagh Law PLLC and      Bass, Berry & Sims PLC
Afsoon Hagh:               By:  CRAIG V. GABBERT, JR., ESQ.
                           150 Third Avenue South, Suite 2800
                           Nashville, TN 37201
                           (615) 742-6277

Audio Operator:            Tanja Brewer, ECR

Transcription Company:     Access Transcripts, LLC
                           10110 Youngwood Lane
                           Fishers, IN 46048
                           (855) 873-2223
                           www.accesstranscripts.com


     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

APPEARANCES (Continued):                                          2

For the Chapter 7        Thompson Burton PLLC
Trustee:                 By:  PHILLIP G. YOUNG, ESQ.
                         One Franklin Park
                         6100 Tower Circle, Suite 200
                         Franklin, TN 37067
                         (615) 465-6008

Case 3:20-ap-90002   Doc 212   Filed 07/22/22   Entered 07/22/22 19:47:58   Desc Main
                        Document      Page 2 of 8

(Proceedings commence at 1:00 p.m.)

THE COURTROOM DEPUTY: All rise. The United States Bankruptcy Court for the Middle District of Tennessee is now in session, the Honorable Charles M. Walker presiding.

THE COURT: Afternoon. Please take your seats.

THE COURTROOM DEPUTY: Your Honor, we're here on Case Number 20-90002, Burton v. Hagh Law PLLC.

THE COURT: All right, Counsel. If I can get appearances.

MR. SPRAGENS: Your Honor, John Spragens on behalf of Manookian, PLLC.

MR. GABBERT: Craig Gabbert, Bass, Berry & Sims, on behalf of Hagh and Hagh Law.

MR. YOUNG: Good afternoon, Your Honor. Phillip Young on behalf of the trustee, Jeanne Burton.

THE COURT: All right. And at this time, the Court will read the statement for today's hearing. Counsel can be seated.

On July 14, 2022, Defendant Manookian PLLC and a member of that defendant, a non-party to this proceeding, Brian Manookian, filed a notice of appeal and statement of election from this court's June 1st, 2022 order, quashing the Notice of Deposition of Charles M. Walker, the judge assigned to this adversary following the filing of a motion to disqualify the bankruptcy judge assigned this case. Based on the pendency of

the appeal in the United States District Court for the Middle District of Tennessee, this Court is divested of jurisdiction over aspects of the case subject to the appeal. Here, the appeal is from an order quashing a deposition request in furtherance of a motion for disqualifying the judge. The appeal is directly related to the issue of the judge's ability to render judgment in this case.

"On the filing of a timely notice of appeal, the lower court is divested of its control over those aspects of the case involved in the appeal, and the appellate court assumes jurisdiction." See Griggs v. Provident Consumer Discount at 459 U.S. 56.

"Once the appeal has been filed, the court cannot take any action that would alter the status of the case as it rests before the court of appeals," per Knutson v. AG Processing Inc. at 302 F.Supp.2d 1023 (N.D. Iowa 2004), which is citing Dayton Independent School District v. U.S. Mineral Products, 906 F.2d 1059 (5th Cir.)

The defendants have filed a motion for summary judgment. Summary judgment is considered among those actions that are impermissible for a lower court to adjudicate as it would disturb the case before the appellate court. Considering that the defendants seek a ruling on summary judgment on all claims, it follows that any ruling on such motion would disturb the case as it sits before the appellate court, citing Allan

Ides, "The Authority of Federal District Court to Proceed After a Notice of Appeal has been filed," 153 F.R.D. 307 [sic], and also <u>Landman v. Mitchell</u> at 445 F.2d 274 (5th Cir.), which upheld a district court's decision to enter no order on a motion for summary judgment that was filed three weeks after a notice of appeal due to lack of jurisdiction.

The plaintiffs have filed an expedited motion for status conference, and this Court has entered an order setting that conference, as well as deadline to apply to the motion. Although the Court lacks jurisdiction to entertain any proceedings in this case that implicate the issues presented by the pending appeal, the Court retains limited authority to address ministerial affairs, such as the evidentiary housekeeping issues present by the pending motion for status conference, which have no bearing on the disposition of the appeal.

The filing of a notice of appeal is an event of judicial significance. It confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal, citing <u>Griggs</u> case at Page 58.

It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously, again citing to <u>Griggs</u>.

However, in certain circumstances, limited power is retained to address aspects of the case not involved in the appeal when the court's action does not threaten the orderly disposition of the interlocutory appeal. See Sanford v. Russell, 2019 WL 12074092 (E.D. Mi.)

This Court, therefore, may issue the scheduling of evidentiary matters, but will not rule on those issues pending the appeal process. As such, scheduling will not affect any rights at stake in the pending appeal. Pretrial and status conference are set for July 13, 2022 at 11 a.m., in person in this courtroom.

Therefore given the issue on appeal, all matters before this quarter stayed pending the appeal. Ruling on discovery issues is stayed as well, except that the scheduled order entered regarding the motion for status conference remains in effect. Moreover, the Court notes that the appeal is from one order of this Court and does not serve to disturb orders previously entered in this case.

THE COURTROOM DEPUTY: Your Honor, that completes the call of the one o'clock docket.

THE COURT: All right. Thank you, Gentlemen. Court is adjourned.

MR. YOUNG: Your Honor, may I address one issue?

THE COURTROOM DEPUTY: All rise.

MR. YOUNG: Only that -- sorry, Philip Young on

ACCESS TRANSCRIPTS, LLC        1-855-USE-ACCESS (873-2223)

7

behalf of the trustee.  I'm actually going to be out of the country on July 13th, and given the Court's ruling and seems like things are not going to progress anytime soon, I was wondering whether the Court would consider moving that back to sometime later in July.

THE COURT:  All right.  Just file the appropriate paper --

MR. YOUNG:  I will.

THE COURT:  -- giving the dates in which you're available, and the Court will entertain it as appropriate.

MR. YOUNG:  Thank you, Your Honor.

MR. GABBERT:  While I'm here, on that same basis, I'll be out from the 16th until the first.

THE COURT:  All right.  So the Court will ask parties to confer, submit one document to the Court on availability, and the Court will pick from those available dates.

MR. YOUNG:  I will.  Thank you, Your Honor.

THE COURT:  Thank you.

THE COURTROOM DEPUTY:  All rise.

(Proceedings concluded at 1:07 p.m.)

                    * * * * *

Case 3:20-ap-90002   Doc 212   Filed 07/22/22   Entered 07/22/22 19:47:58   Desc Main
Document    Page 7 of 8

# C E R T I F I C A T I O N

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428      DATE: July 22, 2022

ACCESS TRANSCRIPTS, LLC

Case 3:20-ap-90002   Doc 212   Filed 07/22/22   Entered 07/22/22 19:47:58   Desc Main
Document      Page 8 of 8