# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S UNTIMELY MOTION TO STAY ALREADY EXPIRED DEADLINES

Having failed to respond to Defendants' Motion for Summary Judgment by a deadline established *nine months ago*, Plaintiff Jeanne Ann Burton now asks the Court to "stay" that same deadline; *after the deadline has long since passed*. But, one cannot "stay" a deadline that has already expired. Rather, the Plaintiff is actually asking the Court to retroactively exempt her from deadlines she failed to meet, and thereby reinstate claims that she has forfeited.

This request is just the latest in a long line of bad-faith gymnastics by the Trustee and her Special Counsel directed at keeping alive a frivolous adversary proceeding which the Trustee now admits she never had evidence to bring in the first place. Confronted

with a properly supported Motion for Summary Judgment, and unable to come forward with *any* admissible evidence to support her own claims (after three years of litigation), the Trustee asks to be relieved of expired deadlines: deadlines that the Defendants she dragged into this proceeding have met.

The Court should deny the Plaintiff's erroneously styled "Motion to Stay." An Order of the Bankruptcy Court is currently on appeal to the District Court and a Motion to Recuse the Bankruptcy Judge is pending, divesting this Court of jurisdiction to grant Plaintiff's request. But even if the Court were empowered to consider Plaintiff's attempt at reviving her now-forfeited claims, Ms. Burton's request would require rejection.

Plaintiff's Motion is, in fact, a motion to be relieved of expired deadlines and, thus, is subject to an excusable neglect standard that Ms. Burton has not alleged or addressed, much less met. Moreover, Plaintiff's request is futile as Ms. Burton has separately and additionally failed to respond to scores of Requests for Admission whose facts are dispositive and now conclusively established. Finally, this Court previously denied Defendants' *unopposed* motion to alter these same deadlines which was submitted *prior to the deadlines' expiration*. Granting the Plaintiff's *opposed* motion, *after the deadlines have passed* would be fundamentally unjust and highly prejudicial to the Defendants who have conscientiously adhered to this Court's orders.

## I. **INTRODUCTION AND PROCEDURAL HISTORY**

This is an adversary proceeding brought by Trustee Jeanne Ann Burton (the "Trustee" or "Ms. Burton") on behalf of Cummings Manookian PLC ("CM" or "Cummings Manookian"). Cummings Manookian was a law firm that filed for Chapter 7 Bankruptcy in 2019.

On January 8, 2020, the Trustee instituted this action against Hagh Law, PLLC, Afsoon Hagh, and Manookian PLLC (collectively, the "AP Defendants") asserting seven separate claims for relief: conversion; state law fraudulent transfer; avoidance and recovery of fraudulent transfer; tortious interference with contract; successor liability and alter ego; turnover; and declaratory judgment. D.E. 1.

On October 29, 2021, the Court entered a Pretrial Order setting written discovery and deposition deadlines, as well as dates by which dispositive motions, responses to dispositive motions, and replies to dispositive motions were to be filed. D.E. 93. The Order required that "<u>all dispositive motions shall be filed no later than June 24, 2022. All responses to the dispositive motions are to be filed no later than July 8, 2022. All replies are to be filed no later than July 15, 2022</u>." *Id*. at Paras. 3-5. Emphasis added.

On April 11, 2022, the Trustee filed her first motion to continue depositions and other discovery deadlines. D.E. 147. The Trustee requested an expedited hearing "on or before April 15, 2022 to continue certain depositions and pretrial deadlines."

On April 14, 2022, the Court denied the Trustee's first motion seeking to alter discovery and pretrial deadlines. D.E. 149. The Court explicitly held that "<u>the applicable Rules and Orders of this Court regarding discovery are in full force and effect</u>." *Id*. at Para. 2. Emphasis added.

On May 19, 2022, the Defendants filed an unopposed motion to extend the deadlines for three specific third-party depositions. D.E. 167. The Defendants further stated that "[r]escheduling these depositions will necessitate moving certain other deadlines, and the Trustee and Defendants have cooperated to reach an agreement on those revisions as memorialized in the attached proposed order." *Id*. at Page 1. The Parties submitted a proposed order attempting to extend the discovery deadline until

June 30, 2022, as well as attempting to continue the dispositive motion, response, and reply deadlines to July 29, 2022; August 12, 2022; and August 19, 2022, respectively. D.E. 168.

On May 25, 2022, the Court, via docket order, directed the Parties to a prior order which already permitted parties to make limited scheduling changes to third-party depositions. D.E. 171. <u>The Court then specifically denied the Parties' Motion to move the discovery cut-off and declined to alter the deadlines relative to dispositive motions, stating that "the Submitted order at Docket Number 168 will not be entered by the Court as the related motion is denied."</u> *Id.* Emphasis added. Thus, the dispositive motion and reply deadlines of June 24, 2022 and July 8, 2022, were again affirmed and emphasized by the Court.

On June 1, 2022, the Trustee failed to respond to Manookian, PLLC's Second Set of Requests for Admission as required by Court Order dated March 28, 2022 at D.E. 143. Pursuant to Fed. R. Civ. Pro. 36(a)(3), all of the matters posed within the Second Set of Requests for Admission were therefor conclusively admitted. Although Fed. R. Civ. Pro. 36(b) permits withdrawal or amendment of admissions in certain circumstances and upon motion to the Court, the Trustee never filed any such motion to withdraw or amend her admissions.

On June 24, 2022, the AP Defendants collectively moved for summary judgment on all claims asserted by the Trustee in this matter. D.E. 188-1. Defendants' Motion was accompanied by a comprehensive Memorandum of Law and a detailed twenty-three-page Statement of Undisputed Material Facts, comprised of eighty (80) separate factual assertions, each of which was accompanied by citation to the record. D.E. 188-2. The Trustee did not file any dispositive motion, herself, by the June 24, 2022 deadline.

On June 28, 2022, following Defendants' filing of their Motion for Summary Judgment, the Trustee filed an "Expedited Motion to Schedule Status Conference." D.E. 189. The grounds for the Motion, according to the Trustee, were that:

> "[T]he Plaintiff needs clarification from the Court on certain pretrial scheduling matters, including whether the Defendants have properly filed a motion for summary judgment, when the Court expects the Plaintiff to respond to that motion for summary judgment, when the Court expects the parties to answer and/or supplement prior answers to written discovery, and when the Court expects any party to file dispositive motions." *Id.* at Para. 2.

The Trustee's "Expedited Motion to Schedule Status Conference" was filed despite the existing Pretrial Order clearly laying out all such deadlines, and despite multiple orders from the Court declining to alter those deadlines. *See, e.g.,* D.E. 93 (setting comprehensive pretrial deadlines for written discovery, depositions, dispositive motions, responses to dispositive motions, and replies to responses to dispositive motions); D.E. 149 (denying the Trustee's first attempt to modify pretrial deadlines, including those related to dispositive motions); D.E. 171 (rejecting the Parties' joint attempt to modify pretrial deadlines, including those related to dispositive motions, responses and replies).

On June 28, 2022, the Court entered an Order granting the Trustee's Motion to Schedule an Expedited Status Conference and setting the requested pretrial conference for July 13, 2022. D.E. 191.

On June 29, 2022, during a hearing in this matter, the Court reiterated that it would entertain the Trustee's request for an expedited pretrial conference notwithstanding an appeal and pending motion to disqualify the judge. D.E. 123 at Exhibit A, Page 8. The Court specifically emphasized, however, that all prior orders,

including the scheduling order setting dispositive deadlines remained in effect. ("[T]he Court notes that the appeal is from one order of this Court <u>and does not serve to disturb orders previously entered in this case</u>." *Id*. Emphasis added.)

On June 30, 2022, and despite the Court's willingness to schedule a hearing in order to provide "clarification" on pretrial deadlines, the Trustee withdrew her Expedited Motion to Schedule Status Conference, and further requested that the Court cancel the pretrial conference set for July 13, 2022. D.E. 197.

On July 1, 2022, the Court entered a Docket Entry noting that the Plaintiff's motion for an expedited status conference to "clarify" the existing pretrial deadlines had been "properly withdrawn via Notice." D.E. 200.

On July 8, 2022, the deadline for responses to dispositive motions, the Trustee **failed to file any response** to the Defendants' Motion for Summary Judgment on All Claims. The Trustee **failed to respond to any of the factual assertions** in Defendants' Statement of Undisputed Material Facts. And the Trustee **failed to file any motion under Fed. R. Civ. Pro. 56(d)** showing by affidavit or declaration that, for specified reasons, she was unable to present facts essential to justify opposition to Defendants' Motion for Summary Judgment.

## II. PLAINTIFF IS SEEKING RADICAL, SUBSTANTIVE, AND CASE-ALTERING RELIEF FOR WHICH THE COURT HAS MADE CLEAR IT WILL NOT RULE.

At midnight on July 9, 2022, the Plaintiff forfeited her claims against these Defendants. "The Sixth Circuit has consistently explained that '[f]ailure by a [party] to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.'" *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 775

(S.D. Ohio 2021), reconsideration denied, No. 1:17-CV-406, 2021 WL 913103 (S.D. Ohio Mar. 10, 2021). "Because [the non-moving party] failed to designate specific facts creating a material issue in response to [the moving party's] motion, the district court properly granted [the moving party's] summary judgment motion." *Reed v. City of Memphis, Tennessee*, 735 F. App'x 192, 201 (6th Cir. 2018). Moreover, Local Rule 56.01(f) of the Middle District of Tennessee expressly provides that, "[i]f a timely response to a moving party's statement of material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment."

Plaintiff's motion is thus asking the Bankruptcy Court to reinstate her now-forfeited claims by retroactively changing the expired deadline for her response to Defendants' Motion for Summary Judgment. This is, by definition, substantive relief that alters the case and positions of the parties. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (emphasizing a distinction "between actions that merely aid the appellate process and actions that alter the case on appeal").

An order of the Bankruptcy Court is currently on appeal to the District Court and a Motion to Recuse the Bankruptcy Judge is pending. *See e.g.*, Order, D.E. 123, Pages 1-2 (detailing the current procedural posture of this case). As a result, this Court has acknowledged that it lacks jurisdiction to adjudicate any request that could affect or alter the case on appeal. *Id.* Plaintiff's request for the Court to retroactively change expired dispositive deadlines, and thereby reinstate her claims, is substantive relief that affects and alters the posture of the case. *Id.* at Pages 2-4 (citing various federal cases confirming that a pending appeal divests the trial court of jurisdiction).

Two days ago, on July 25, 2022, this Court denied the Defendants' Motion for Entry of Unopposed Summary Judgment on the grounds that this matter is on appeal. This Court must now do the same for Plaintiff's Motion which seeks to reinstate her forfeited claims by retroactively changing dispositive deadlines she failed to meet.

### III. EVEN IF THE COURT COULD RULE UPON PLAINTIFF'S UNTIMELY MOTION, MS. BURTON'S REQUEST TO BE EXEMPTED FROM EXPIRED DISPOSITIVE DEADLINES WOULD REQUIRE DENIAL.

The deadline for Plaintiff to respond in opposition to Defendants' Motion for Summary Judgment on all claims has expired. Her request to alter that deadline has only now been made after its passage, as opposed to during the nine (9) month window that the deadline was set but not foreclosed. Her motion is therefore governed by an excusable neglect standard that she neglects to address, much less meet. This alone requires rejection of her request. Moreover, this Court has already rejected an identical *unopposed* request by the Defendants' which was timely submitted prior to the expiration of the deadline. Granting a one-way reprieve to the Plaintiff would be fundamentally unjust. It would also be futile. The Plaintiff's additional failure to respond to scores of Requests for Admission posed by the Defendants by an entirely separate court-ordered deadline has left no material fact in dispute for adjudication.

**A. The Deadline for Dispositive Motion Responses Has Expired.**

The deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment on All Claims was July 8, 2022. D.E. 93 at Para. 4 ("All responses to dispositive motions are to be filed no later than July 8, 2022"). That deadline was set over nine (9) months ago and was repeatedly reiterated by the Court, most recently during an in-person

8
Case 3:20-ap-90002    Doc 214    Filed 07/28/22    Entered 07/28/22 07:38:02    Desc Main
Document    Page 8 of 14

hearing on June 29, 2022. Order, D.E. 123, Exhibit A at Page 8. Despite repeated warnings, Plaintiff *chose* not to respond to Defendants' Motion for Summary Judgment on All Claims within the time allotted by Court Order.

Plaintiff's "Motion to Stay Deadlines" was filed July 22, 2022, well after the deadline it seeks to change had already expired. Plaintiff's request is, therefore, not a motion to stay, but rather a motion for relief from an order. Such motions are governed by Rule 6 of the Federal Rules of Civil Procedure.

**B.      Plaintiff Has Not Alleged, Much Less Met, the Heavy Burden Required for the Relief She Requests.**

"[W]hen the Court establishes deadlines, the parties are obliged to follow them. If a party attempts to file an untimely motion, the Court will not blithely [evaluate] it without considering the reasons for the delay." *Century Indem. Co. v. Begley Co.*, 2018 WL 272576, at *1 (E.D. Ky. Jan. 3, 2018). Specifically, under Rule 6, as to an expired deadline, the Court "may" extend the time "for good cause," but only "on motion made after the time has expired if the party failed to act because of excusable neglect." *See*, Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").

Excusable neglect is an equitable balance of five factors: (1) prejudice to the nonmoving party; (2) length of delay and potential impact on judicial proceedings; (3) reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 113 S. Ct. 1489 (1993*)); see also, e.g., Howard v.*

*Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266-67 (6th Cir. 2009) ("The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission.") Here, Ms. Burton has not alleged or addressed – much less met – the excusable neglect standard.

**C.  The Court Previously Denied Plaintiff Unopposed Motion to Alter the Same Deadlines Which was Filed Prior to the Deadlines' Expiration.**

On May 19, 2022, the Defendants filed an unopposed motion to extend the deadlines for three specific third-party depositions. D.E. 167. The Defendants further stated that "[r]escheduling these depositions will necessitate moving certain other deadlines, and the Trustee and Defendants have cooperated to reach an agreement on those revisions as memorialized in the attached proposed order." *Id.* at Page 1. Defendants submitted a proposed order attempting to extend the discovery deadline until June 30, 2022, as well as attempting to continue the dispositive motion, response, and reply deadlines to July 29, 2022; August 12, 2022; and August 19, 2022, respectively. D.E. 168.

On May 25, 2022, the Court, via docket order, specifically denied the Defendants' Motion to move the discovery cut-off and declined to alter the deadlines relative to dispositive motions, stating that "the Submitted order at Docket Number 168 will not be entered by the Court as the related motion is denied." *Id.*

Thus, this Court expressly rejected Defendants' unopposed motion to alter these same deadlines when that request was made prior to the expiration of the deadlines. Plaintiff is asking the Court to reverse that decision now that the Defendants complied with the deadlines, but Plaintiff did not. Doing so would be fundamentally unjust and highly prejudicial to the parties who sought relief from the deadlines prior to their

10
Case 3:20-ap-90002    Doc 214    Filed 07/28/22    Entered 07/28/22 07:38:02    Desc Main
Document      Page 10 of 14

expiration, and then complied with the Court's ruling which declined to alter the deadlines.

It is additionally worth noting here that, in an effort to avoid the stringent excusable neglect standard, Ms. Burton repeatedly misrepresents the actual dispositive deadlines throughout her "Motion to Stay." Toward that end, Ms. Burton states that the deadlines are sometime in the future pursuant to "the parties' agreement." This is false as the Trustee is well aware.

In fact, the Trustee appears to be referring to the proposed deadlines that were *rejected* by the Court as part of Defendants' previous unopposed motion. There has never been an "agreement" to move the dispositive deadlines that was accepted or entered by the Court. Rather, Ms. Burton simply did not oppose the proposed deadlines that the Defendants suggested: modified deadlines which were summarily rejected by the Court. The actual dispositive deadlines have never been modified by the Court since their entry over nine (9) months ago. Ms. Burton's representations to the contrary (and what will undoubtedly become claims to have been confused on that point) are transparently false, cynical, and, frankly, sanctionable.

Putting aside the fact that the Plaintiff has failed to even address the excusable neglect standard appliable to her request, the Court should not endorse Ms. Burton's *opposed* attempt at retroactive reprieve from deadlines *that have already expired*, when it previously rejected the same *unopposed* request from the Defendants which was made *prior to the expiration of the deadlines*. Doing so would be fundamentally unjust to the parties who were diligent and conscientious of this Court's orders.

**D.     Plaintiff's Request is Futile, In Any Event.**

Even if the Plaintiff could meet the excusable neglect standard, and even if the same unopposed request had not already been rejected by this Court, granting Plaintiff a retroactive reprieve from the expired deadlines would be futile because all of the material facts in this matter have already been conclusively established in Defendants' favor.

On March 3, 2022, Manookian PLLC served its Second Set of Requests for Admission on the Trustee containing eighty-three separate factual matters requiring the Trustee to admit or deny the truthfulness thereof. On March 28, 2022, the Court ruled that "[t]he Trustee shall respond to Manookian, PLLC's Second Set of Requests for Admission no later than June 1, 2022." D.E. 143 at Para 5. Thus, the Trustee was afforded a full 90 days in which to respond rather than the 30 days provided by Fed. R. Civ. Pro. 36(a)(3).

On June 1, 2022, the Trustee **failed to respond in any fashion** to Manookian, PLLC's Second Set of Requests for Admission as required by the Court. Pursuant to Fed. R. Civ. Pro. 36(a)(3), all of the matters posed within the Second Set of Requests for Admission were therefor conclusively admitted. Although Fed. R. Civ. Pro. 36(b) permits withdrawal or amendment of admissions in certain circumstances and upon motion to the Court, the Trustee never filed any such motion to withdraw or amend her admissions.

Those Requests are attached as Exhibit 1 to this Response, and, taken individually and in their entirety, they completely dispose of Plaintiff's claims. Following Plaintiff's decision not to respond to those Requests by the Court-ordered deadline there simply is nothing left in dispute for the Court to adjudicate. As a result, granting Plaintiff a reprieve

from the previously-expired dispositive motion response deadline would be futile as all of the material facts in this matter have already been established in Defendants' favor.[1]

## IV. CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiff's improperly-styled "Motion to Stay."

Date: July 28, 2022

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*

---

[1] Plaintiff additionally, variously, and generally asserts that she needs to take more discovery in order to respond to Defendants' Motion for Summary Judgment. Putting aside the fact that the discovery deadline has expired, the mechanism for such a request is found in Fed. R. Civ. Pro 56(d), which requires a nonmovant making such an assertion to "show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Unsurprisingly, Ms. Burton has failed to submit any such declaration or affidavit prior to the deadline for doing so, or at any time since.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing was filed July 28, 2022 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

                                              */s/ John Spragens*