# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S UNTIMELY MOTION TO STAY ALREADY EXPIRED DEADLINES

While the Trustee wishes to avoid a back-and-forth with Defendant Manookian, PLLC and non-party Brian Manookian, the lack of candor demonstrated in the Defendants' Response to Plaintiff's Untimely Motion to Stay Already Expired Deadlines (Doc. 214) (the "Response") requires some brief reply. It is obvious that the crux of this disagreement relates to the Defendants' refusal to acknowledge that they agreed to extend all deadlines related to discovery and dispositive motions, which the Court made clear on a conference call with the parties was left to the parties' discretion. As thoroughly explained in the Trustee's Motion to Stay All Deadlines Pending Resolution of Appeal (Doc. 209) (the "Motion"), it was the Defendants who requested that deadlines be extended to accommodate their schedule and the Trustee consented based upon their agreement to continue all deadlines. Now, after getting the scheduling accommodations they requested, the Defendants want to act as if they never agreed to the rescheduled deadlines outlined

in their own motion. Their position today simply cannot be reconciled with their prior statements to the Court in filed pleadings and statements made on the record, upon which the Trustee relied.

The Trustee believes that her Motion addresses all of these issues in such a way that the Court can make a decision regarding its Scheduling Order and the propriety of staying all deadlines pending resolution of the appeal. However, the Defendants' statement in the Response that, "[o]n June 1, 2022, the Trustee failed to respond in any fashion to Manookian, PLLC's Second Set of Requests for Admission" requires response. While the Defendants attach to their Response the referenced Second Set of Requests for Admission, the Response fails to disclose that the Trustee answered those requests for admission on July 1, 2022, the revised deadline upon which the parties agreed. The Trustee attaches hereto a copy of those responses as Exhibit A. Moreover, in response to the email attaching the Plaintiff's Responses to Defendant Manookian PLLC's Second Set of Requests for Admission to the Plaintiff, Attorney John Spragens certified that the Defendants' prior discovery responses were still accurate. *See* July 1, 2022 email attached hereto as Exhibit B. This is significant as the Court's prior order required that certification be made by June 1, 2022, but the parties agreed that this deadline would be extended to July 1, 2022. Mr. Spragens' email is further evidence that the Defendants and their counsel knew that they had agreed to continue all deadlines consistent with their representations to the Trustee and the Court.

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 28th day of July, 2022.

/s/ Phillip G. Young, Jr.