# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No. 3:19-bk-07235
    Debtor. ) Chapter 7
) Judge Walker
JEANNE ANN BURTON, TRUSTEE, )
    Plaintiff, )
)
v. ) Adv. Proc. No. 3:20-ap-90002
)
HAGH LAW, PLLC; AFSOON HAGH; )
MANOOKIAN, PLLC; and FIRST- )
CITIZENS BANK & TRUST )
COMPANY, )
    Defendants. )
)

## PLAINTIFF'S RESPONSE TO DEFENDANTS AFSOON HAGH, HAGH LAW, PLLC AND MANOOKIAN PLLC'S JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS

Comes now Jeanne Ann Burton, Chapter 7 Trustee for Cummings Manookian, PLC and Plaintiff herein ("Trustee" or "Plaintiff"), by and through special counsel, and submits the following responses to the statement of undisputed facts (Doc. 188-1) (the "Defendants' Statement of Undisputed Facts") submitted by the Defendants:

1. Cummings Manookian was formed as a professional limited liability company to provide legal services.

**SOURCE: Declaration of Brian Manookian, ¶ 2; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 15-16; Deposition of Trustee Jeanne Ann Burton, Page 5:13-15.**

**RESPONSE:**

Admitted

1
Case 3:20-ap-90002 Doc 217-1 Filed 08/12/22 Entered 08/12/22 18:28:11 Desc
Exhibit 1 Page 1 of 26

2. Cummings Manookian was comprised of two members: Brian Cummings and Brian Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 3; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 13-14.**

**RESPONSE:**

Admitted

3. Cummings Manookian specialized in representing Plaintiffs in medical malpractice cases.

**SOURCE: Declaration of Brian Manookian, ¶ 4; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 17.**

**RESPONSE:**

Admitted

4. Cummings Manookian primarily accepted cases on a contingency fee basis whereby Cummings Manookian was only paid if it recovered monies for their client.

**SOURCE: Declaration of Brian Manookian, ¶ 5; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 18.**

**RESPONSE:**

Admitted

5. Cummings Manookian entered into engagement agreements with its clients that laid out the duties and rights of both parties to the contract.

**SOURCE: Declaration of Brian Manookian, ¶ 6; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 21 (admitting the same as to "some clients" and claiming an inability to admit or deny as "all of Cummings Manookian's clients").**

**RESPONSE:**

Admitted

6.      Cummings Manookian utilized a standard form engagement agreement whose content and terms with respect to the rights and duties of the parties generally did not vary from case to case ("the CM Engagement Agreement").

**SOURCE: Declaration of Brian Manookian, ¶ 7; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 24 (claiming an inability to admit or deny, but admitting that "most of the engagement agreements provided to Trustee appear to be based on upon a standard form").**

**RESPONSE:**

Admitted for purposes of this Motion only.

7.      The CM Engagement Agreement included terms regarding the parties' rights in the event that the client terminated Cummings Manookian, as well as terms

defining the parties' rights in the event that Cummings Manookian withdrew from the engagement.

**SOURCE: Declaration of Brian Manookian, ¶ 8; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 22-23.**

**RESPONSE:**

Admitted

8.      The CM Engagement Agreement required the client to pay Cummings Manookian an attorney's fee in the event that the client terminated Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 9; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 24.**

**RESPONSE:**

Admitted

9.      The CM Engagement Agreement did not require the client to pay Cummings

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 3 of 26

Manookian an attorney's fee in the event Cummings Manookian withdrew from the representation.

**SOURCE: Declaration of Brian Manookian, ¶ 10; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 25 (stating that the Trustee is unable to admit or deny and identifying Brian Manookian as the individual with knowledge on the issue).**

**RESPONSE:**

Denied.  As stated in the Plaintiff's Second Amended Responses to Manookian PLLC's First Set of Requests for Admission to the Plaintiff ("First RFA Responses"), Exhibit 2,[1] Paragraph 25, the Cummings Manookian engagement agreements provided to the Trustee require the payment of advanced costs but are silent on payment of fees.  See Exhibit 4.  The Trustee believes that Tennessee common law governs the right to payment of attorney fees under this circumstance.

10.     Brian Cummings withdrew from Cummings Manookian effective September of 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 11.**

**RESPONSE:**

Admitted

11.     Brian Manookian was suspended from the practice of law effective December of 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 12.  Deposition of Trustee Jeanne Ann Burton, Page 16:8-10.**

**RESPONSE:**

Admitted

12.     By January 1, 2019, Cummings Manookian had no employees and no members or

---

[1] Unless otherwise noted, all references to Exhibits shall refer to exhibits to the Plaintiff's Objection to Defendants Afsoon Hagh, Hagh Law, PLLC and Manookian PLLC's Joint Motion for Summary Judgment and Memorandum in Support Thereof (the "Objection"), filed contemporaneously herewith.

Case 3:20-ap-90002    Doc 217-1    Filed 08/12/22    Entered 08/12/22 18:28:11    Desc
Exhibit 1    Page 4 of 26

partners with an active license to practice law.

**Declaration of Brian Manookian, ¶ 13; Manookian PLLC Second Set of Requests for Admission, No. 21, 25 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 20:16-21:1.**

**RESPONSE:**

It is admitted that Cummings Manookian had no members or partners with an active license to practice law by January 1, 2019. For the reasons stated in Paragraph 25 of the Plaintiff's Responses to Defendant Manookian PLLC's Second Set of Requests for Admission to the Plaintiff (the "Second RFA Responses"), Exhibit 3, Paragraph 25, the Trustee denies that Cummings Manookian had no employees by January 1, 2019. Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received malpractice insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files. See Exhibits 5 (pp. 42:21-43:1; 44:10-44:20; 92:25-94:5), 6, 7 and 8 (p.44:14-44:17).

13.   On May 23, 2018, Cummings Manookian entered into an Agreement with Marty and Melissa Fitzgerald whose terms are contained in Exhibit 2 ("the Fitzgerald Engagement Agreement").

**SOURCE: Declaration of Brian Manookian, ¶ 14; Manookian PLLC Second Set of Requests for Admission, No. 64 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 45:2-15.**

**RESPONSE:**

Admitted for purposes of this Motion only.

14.   Exhibit 2 is a genuine copy of the attorney-client agreement between Cummings Manookian and Marty Fitzgerald and Melisa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 15; Manookian PLLC Second Set of Requests for Admission, No. 59, 60 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted for purposes of this Motion only.

15. On May 23, 2018 Brian Manookian was a member of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 16; Manookian PLLC Second Set of Requests for Admission, No. 62 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 45:2-15.**

**RESPONSE:**

Admitted

16. On May 23, 2018, Brian Manookian had the authority to enter into the Fitzgerald Engagement Agreement with Marty and Melissa Fitzgerald on behalf of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 17; Manookian PLLC Second Set of Requests for Admission, No. 63 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 45:2-15.**

**RESPONSE:**

Admitted

17. The Fitzgerald Engagement Agreement was drafted by Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 18; Manookian PLLC Second Set of Requests for Admission, No. 65 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

18. The Fitzgerald Engagement Agreement is a binding contract upon Cummings Manookian, Marty Fitzgerald, and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 19; Manookian PLLC Second Set of Requests for Admission, No. 67-69 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

6

19.    The Fitzgerald Engagement Agreement is the only written agreement between Cummings Manookian and Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 20; Manookian PLLC Second Set of Requests for Admission, No. 72 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted for purposes of this Motion only.

20.    The Fitzgerald Engagement Agreement states that if the Fitzgeralds terminate Cummings Manookian as their lawyers, Cummings Manookian will be entitled to some portion of any recovered attorney's fee.

**SOURCE: Declaration of Brian Manookian, ¶ 21; Exhibit 2, Fitzgerald Engagement Agreement.**

**RESPONSE:**

Admitted

21.    The Fitzgerald Engagement Agreement states that if Cummings Manookian withdraws from representing the Fitzgeralds, Cummings Manookian will be entitled to advanced expenses.

**SOURCE: Declaration of Brian Manookian, ¶ 22; Exhibit 2, Fitzgerald Engagement Agreement.**

**RESPONSE:**

Admitted

22.    The Fitzgerald Engagement Agreement does not provide for, or require, the payment of an attorney's fee to Cummings Manookian in the event Cummings Manookian withdraws from representing the Fitzgeralds.

**SOURCE: Declaration of Brian Manookian, ¶ 23; Exhibit 2, Fitzgerald Engagement Agreement.**

**RESPONSE:**

Denied. As stated in the Plaintiff's Second Amended Responses to Manookian PLLC's First Set of Requests for Admission to the Plaintiff ("First RFA Responses"), Exhibit 2, Paragraph 25, the Cummings Manookian engagement agreements provided to the Trustee require the payment of advanced costs but are silent on payment of fees. See Exhibit 4. The Trustee believes that Tennessee common law governs the right to payment of attorney fees under this circumstance.

23. On December 7, 2018, Brian Manookian was the sole member of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 24; Manookian PLLC Second Set of Requests for Admission, No. 74-75 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

24. On December 7, 2018, Brian Manookian was authorized to speak to Marty and Melissa Fitzgerald on behalf of Cummings Manookian on the topic of his and Cummings Manookian's representation of the Fitzgeralds.

**SOURCE: Declaration of Brian Manookian, ¶ 25; Manookian PLLC Second Set of Requests for Admission, No. 77 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10- 16.**

**RESPONSE:**

Admitted

25. Exhibit 3 ("the Fitzgerald Withdrawal Letter") is a letter from Cummings Manookian to Marty and Melissa Fitzgerald dated December 7, 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 26; Manookian PLLC Second Set of Requests for Admission, No. 73 (admitted pursuant to Fed.**

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 8 of 26

R. Civ. P. 36(3)(a)Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

Admitted

26. The Fitzgerald Withdrawal Letter was sent by Brian Manookian to Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 27; Manookian PLLC Second Set of Requests for Admission, No. 80 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

Admitted

27. The Fitzgerald Withdrawal Letter was received by Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 28; Manookian PLLC Second Set of Requests for Admission, No. 81 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

The Trustee can neither admit nor deny this statement until she has had an opportunity to depose Marty Fitzgerald.

28. The Fitzgerald Withdrawal Letter states that Brian Manookian and Cummings Manookian are withdrawing from their representation of Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 29; Manookian PLLC Second Set of Requests for Admission, No. 82 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 9 of 26

29.     The Fitzgerald Withdrawal Letter requests that Marty and Melissa Fitzgerald obtain another attorney or firm to represent them.

**SOURCE: Declaration of Brian Manookian, ¶ 30; Manookian PLLC Second Set of Requests for Admission, No. 83 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

30.     Cummings Manookian withdrew from representing Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 31; Manookian PLLC Second Set of Requests for Admission, No. 70 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Denied.  As stated in Second RFA Responses, Exhibit 3, Paragraph 70, Cummings Manookian filed a complaint on behalf of the Fitzgeralds, never filed a notice of withdrawal in that matter, never filed a notice of substitution of counsel in that matter, and never took any other step to notify the Court that Cummings Manookian had withdrawn.  See also Exhibits 6 and 8 (pp. 44:14-44:17; 66:10-66:25).

31.     Cummings Manookian withdrew from representing Marty and Melissa Fitzgerald prior to receiving any settlement for them.

**SOURCE: Declaration of Brian Manookian, ¶ 32; Manookian PLLC Second Set of Requests for Admission, No. 71 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Denied.  As stated in Second RFA Responses, Exhibit 3, Paragraph 71, Cummings Manookian filed a complaint on behalf of the Fitzgeralds, never filed a notice of withdrawal in that matter, never filed a notice of substitution of counsel in that matter, and never took any other step to notify the Court that Cummings Manookian had withdrawn.   See also Exhibits 6 and 8 (pp. 44:14-44:17; 66:10-66:25).

32.     The Fitzgerald Withdrawal Letter states that because Cummings Manookian is

withdrawing from the representation, it will not be entitled to any portion of an attorney's fee in the matter.

**SOURCE: Declaration of Brian Manookian, ¶ 33; Manookian PLLC Second Set of Requests for Admission, No. 84 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

Admitted

33. The Fitzgerald Withdrawal Letter states that Cummings Manookian specifically disclaims any attorney's fee in the Fitzgerald matter.

**SOURCE: Declaration of Brian Manookian, ¶ 34; Manookian PLLC Second Set of Requests for Admission, No. 85 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

Admitted

34. Cummings Manookian disclaimed any attorney's fee in the Fitzgerald matter via written letter to the Fitzgeralds dated December 7, 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 35; Manookian PLLC Second Set of Requests for Admission, No. 86 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

As stated in Second RFA Responses, Exhibit 3, Paragraph 86, the Trustee admits that the December 7, 2018 letter states that Cummings Manookian was disclaiming any attorney's fees, but denies that such letter has any actual legal impact on whether or not Cummings Manookian is entitled to legal fees in the Fitzgerald matter because Cummings Manookian did not, in fact, withdraw. See also Exhibits 6 and 8 (pp. 44:14-44:17; 66:10-66:25).

35. On April 19, 2017, Cummings Manookian entered into an Agreement with Brett

Keefer whose terms are contained in Exhibit 1 ("the Shoemaker Engagement Agreement.")

**SOURCE: Declaration of Brian Manookian, ¶ 36; Manookian PLLC Second Set of Requests for Admission, No. 1 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

36. Exhibit 1 is a genuine copy of the attorney-client agreement between Cummings Manookian and Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 37; Manookian PLLC Second Set of Requests for Admission, No. 2 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

37. The Shoemaker Engagement Agreement was drafted by Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 38; Manookian PLLC Second Set of Requests for Admission, No. 7 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

Admitted

38. The Shoemaker Engagement Agreement is a binding contract upon Cummings Manookian and Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 39; Manookian PLLC Second Set of Requests for Admission, No. 9-10, 11 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Admitted

39. The Shoemaker Engagement Agreement is the only written agreement between

Cummings Manookian and Brett Keefer or any representative of the Shoemaker Estate.

**SOURCE: Declaration of Brian Manookian, ¶ 40; Manookian PLLC Second Set of Requests for Admission, No. 18, 20 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Admitted

40. The Shoemaker Engagement Agreement states that if Brett Keefer terminates Cummings Manookian as his lawyers, Cummings Manookian will be entitled to some portion of any recovered attorney's fee.

**SOURCE: Declaration of Brian Manookian, ¶ 41; Exhibit 1, Shoemaker Engagement Agreement.**

**RESPONSE:**

Admitted

41. The Shoemaker Engagement Agreement states that if Cummings Manookian withdraws from representing Brett Keefer, Cummings Manookian will be entitled to advanced expenses.

**SOURCE: Declaration of Brian Manookian, ¶ 42; Exhibit 1, Shoemaker Engagement Agreement.**

**RESPONSE:**

Admitted

42. Cummings Manookian did not pay any costs or advance any expenses associated with any lawsuit filed on behalf of Brett Keefer or the Shoemaker Estate.

**SOURCE: Declaration of Brian Manookian, ¶ 43; Manookian PLLC Second Set of Requests for Admission, No. 17 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Admitted

43. The Shoemaker Engagement Agreement does not provide for, or require, the payment of an attorney's fee to Cummings Manookian in the event Cummings Manookian withdraws from representing Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 44; Exhibit 1, Shoemaker Engagement Agreement.**

**RESPONSE:**

Denied. As stated in the First RFA Responses, Exhibit 2, Paragraph 25, the Cummings Manookian engagement agreements provided to the Trustee require the payment of advanced costs but are silent on payment of fees. See Exhibit 4. The Trustee believes that Tennessee common law governs the right to payment of attorney fees under this circumstance.

44. Cummings Manookian withdrew from representing Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 45; Manookian PLLC Second Set of Requests for Admission, No. 13 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 84:6-14.**

**RESPONSE:**

Denied. As stated in Second RFA Responses, Exhibit 3, Paragraph 13, a complaint was filed on behalf of Brett Keefer by Cummings Manookian, it never filed a motion to withdraw as Brett Keefer's counsel nor notified the Court in any way that it was withdrawing. Moreover, the Trustee has never seen any written correspondence in which Cummings Manookian allegedly notified Brett Keefer of its withdrawal. See also Exhibits 7 and 8 (pp. 44:14-44:17; 66:10-66:25).

45. Cummings Manookian withdrew from representing Brett Keefer prior to receiving a settlement for Mr. Keefer or the Shoemaker Estate.

**SOURCE: Declaration of Brian Manookian, ¶ 46; Manookian PLLC Second Set of Requests for Admission, No. 15 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Denied. As stated in Second RFA Responses, Exhibit 3, Paragraphs 13 and 15, a complaint was filed on behalf of Brett Keefer by Cummings Manookian, it never filed a motion to withdraw as Brett Keefer's counsel nor notified the Court in any way that it was withdrawing. Moreover, the Trustee has never seen any written correspondence in which Cummings Manookian allegedly

notified Brett Keefer of its withdrawal.  See also Exhibits 7 and 8 (pp. 44:14-44:17; 66:10-66:25).

46. As of January 1, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**SOURCE: Declaration of Brian Manookian, ¶ 47; Manookian PLLC Second Set of Requests for Admission, No. 21 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 20:16-21:1, 25:17-25.**

**RESPONSE:**

Admitted

47. As of January 1, 2019, Cummings Manookian had no employees.

**SOURCE: Declaration of Brian Manookian, ¶ 48; Manookian PLLC Second Set of Requests for Admission, No. 25 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

For the reasons stated in Paragraph 25 of the Second RFA Responses Exhibit 3, the Trustee denies that Cummings Manookian had no employees by January 1, 2019.  Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received malpractice insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files.  See Exhibits 5 (pp. 42:21-43:1; 44:10-44:20; 92:25-94:5), 6, 7 and 8 (p.44:14-44:17).

48. The lawsuit in the Shoemaker matter was filed on February 11, 2019.

**SOURCE: Declaration of Brian Manookian, ¶ 49.**

**RESPONSE:**

Admitted

49. On February 11, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 15 of 26

**SOURCE: Declaration of Brian Manookian, ¶ 50; Manookian PLLC Second Set of Requests for Admission, No. 23 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Admitted

50. On February 11, 2019, Cummings Manookian had no employees.

**SOURCE: Declaration of Brian Manookian, ¶ 51; Manookian PLLC Second Set of Requests for Admission, No. 27 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

For the reasons stated in Paragraph 27 of the Second RFA Responses Exhibit 3, Paragraph 25, the Trustee denies that Cummings Manookian had no employees by February 11, 2019. Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received malpractice insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files. See Exhibits 5 (pp. 42:21-43:1; 44:10-44:20; 92:25-94:5), 6, 7 and 8 (p.44:14-44:17).

51. The Shoemaker lawsuit was filed by Brian Cummings on behalf of Cummings Law.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 15:24-16:7.**

**RESPONSE:**

Admitted

52. No attorney ever entered an appearance in the Shoemaker case that identified himself or herself as working for or on behalf of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 52; Manookian PLLC Second Set of Requests for Admission, No. 49 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Denied for the reasons stated in Paragraphs 47 and 49 of the Second RFA Responses Exhibit 3. While it is admitted that Afsoon Hagh never "signed" a pleading in the Shoemaker case identifying herself as working for or on behalf of Cummings Manookian, Afsoon Hagh's

signature block in that case identified her as working on behalf of Cummings Manookian through March 2019, though all pleadings were "signed" by Brian Cummings. See Exhibit 7.

53. No attorney ever signed a pleading in the Shoemaker case that identified himself or herself as working for or on behalf of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 53; Manookian PLLC Second Set of Requests for Admission, No. 48 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Denied for the reasons stated in Paragraphs 47 and 48 of the Second RFA Responses Exhibit 3. While it is admitted that Afsoon Hagh never "signed" a pleading in the Shoemaker case identifying herself as working for or on behalf of Cummings Manookian, Afsoon Hagh's signature block in that case identified her as working on behalf of Cummings Manookian through March 2019, though all pleadings were "signed" by Brian Cummings. See Exhibit 7.

54. No attorney did any work for or on behalf of Cummings Manookian in the *Shoemaker v. VUMC*, Davidson County Circuit Court Case No. 19C358.

**SOURCE: Manookian PLLC Second Set of Requests for Admission, No. 53 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Denied for the reasons stated in Paragraphs 47-53 of the Second RFA Responses Exhibit 3. Cummings Manookian was a signatory to the Complaint initiating the Shoemaker case. See Exhibit 7.

55. The Shoemaker Case ultimately settled in 2021.

**SOURCE: Declaration of Afsoon Hagh, ¶ 2.**

**RESPONSE:**

Admitted

56. Cummings Manookian was not involved in negotiating the settlement in the Shoemaker matter.

**SOURCE: Manookian PLLC Second Set of Requests for Admission, No. 57 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)); Deposition of Trustee Jeanne Ann Burton, Page 98:16-**

**23.**

**RESPONSE:**

Admitted

57. Cummings Manookian did not even correspond or communicate with Brett Keefer in 2019, 2020, or 2021.

**SOURCE: Declaration of Brian Manookian, ¶ 54; Manookian PLLC Second Set of Requests for Admission, No. 54-56 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Admitted for purposes of this Motion only.

58. In the cases in which Cummings Manookian represented clients, Cummings Manookian did not own the client file or the cause of action.

**SOURCE: Declaration of Brian Manookian, ¶ 55; Deposition of Trustee Jeanne Ann Burton, Page 34:10-13.**

**RESPONSE:**

Admitted

59. Cummings Manookian never owned any real property and did not own the office property at 45 Music Square West where it operated for a period of time.

**SOURCE: Declaration of Brian Manookian, ¶ 56; Deposition of Trustee Jeanne Ann Burton, Page 35:10-22; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 29.**

**RESPONSE:**

Admitted

60. Manookian PLLC has never received any property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 57.**

**RESPONSE:**

Denied. Manookian PLLC utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian. Exhibits 5 (pp. 25:1-25:25; 102:11-103:16) and 9.

61. Cummings Manookian has never transferred any property of any kind to Manookian PLLC.

**SOURCE: Declaration of Brian Manookian, ¶ 58.**

**RESPONSE:**

Denied. Manookian PLLC utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian. Exhibits 5 (pp. 25:1-25:25; 102:11-103:16) and 9.

62. Manookian PLLC has never caused Cummings Manookian to make or incur a transfer of property of any kind.

**SOURCE: Declaration of Brian Manookian, ¶ 59.**

**RESPONSE:**

Denied. Manookian PLLC utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian. Exhibits 5 (pp. 25:1-25:25; 102:11-103:16) and 9.

63. Manookian PLLC has never caused any person or entity to terminate any contract or business relationship with Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 60.**

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 19 of 26

**RESPONSE:**

Admitted for purposes of this Motion only.

64. Manookian PLLC is not and has never been in possession, custody, or control of any property belonging to Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 61.**

**RESPONSE:**

Denied. Manookian PLLC utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian. Exhibits 5 (pp. 25:1-25:25; 102:11-103:16) and 9.

65. Manookian PLLC does not and has never owed a debt that is property of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 62.**

**RESPONSE:**

Admitted

66. Manookian PLLC has never used any real property, intellectual property, or property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 63.**

**RESPONSE:**

Denied. Manookian PLLC utilized telephone numbers, office space, email addresses and furniture and equipment belonging to Cummings Manookian. Exhibits 5 (pp. 25:1-25:25; 102:11-103:16) and 9.

67. Neither Afsoon Hagh or Hagh Law ("the Hagh Parties") has ever received any

property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 3.**

**RESPONSE:**

Denied.  Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian.  Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 6, 7 and 12.  They also received at least $590,000 from the Fitzgerald settlement that was property of Cummings Manookian. See Exhibit H to Docket No. 2.

68.    Cummings Manookian has never transferred any property of any kind to the Hagh Parties.

**SOURCE: Declaration of Afsoon Hagh, ¶ 4.**

**RESPONSE:**

Denied.  Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian.  Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 6, 7 and 12.  They also received at least $590,000 from the Fitzgerald settlement that was property of Cummings Manookian. See Exhibit H to Docket No. 2.

69.    The Trustee admits she has no evidence that the Hagh Parties ever received a payment of any kind from Cummings Manookian.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 121:10-13.**

**RESPONSE:**

Admitted that the Hagh Parties never received a payment of any kind *directly* from Cummings Manookian.

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 21 of 26

70.    The Hagh Parties have never caused Cummings Manookian to make or incur a transfer of property of any kind.

**SOURCE: Declaration of Afsoon Hagh, ¶ 5.**

**RESPONSE:**

Denied.  Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian.  Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 6, 7 and 12.  They also received at least $590,000 from the Fitzgerald settlement that was property of Cummings Manookian. See Exhibit H to Docket No. 2.

71.    The Hagh Parties are not and have never been in possession, custody, or  control of any property belonging to Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 6.**

**RESPONSE:**

Denied.  Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian.  Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 6, 7 and 12.  They also received at least $590,000 from the Fitzgerald settlement that was property of Cummings Manookian. See Exhibit H to Docket No. 2.

72.    The Hagh Parties do not and have never owed a debt that is property of Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 7.**

**RESPONSE:**

Admitted

73.    Hagh Law has never used any real property, intellectual property, or property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 8.**

**RESPONSE:**

Denied.  Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses, office space, and furniture and equipment belonging to Cummings Manookian.  Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 6, 7 and 12.  They also received at least $590,000 from the Fitzgerald settlement that was property of Cummings Manookian. See Exhibit H to Docket No. 2.

74.    The Trustee admits that she has no evidence that the Hagh Parties have ever taken any property of any kind belonging to Cummings Manookian.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 117:5-8.**

**RESPONSE:**

Denied.  The Trustee was deposed on April 20, 2022.  Since that deposition, the Trustee has discovered evidence that Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian. Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 6, 7 and 12.  They also received at least $590,000 from the Fitzgerald settlement that was property of Cummings Manookian. See Exhibit H to Docket No. 2.

75.    The Trustee admits that she has no evidence that the Hagh Parties ever set foot on the premises of the property where Cummings Manookian once operated at 45 Music Square West.

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1    Page 23 of 26

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 29:25-30:2.**

**RESPONSE:**

Denied.  The Trustee was deposed on April 20, 2022.  Since that deposition, the Trustee has discovered evidence that Afsoon Hagh maintained an office at 45 Music Square West.  Exhibit 5, p. 44:21-44:23.

76.     The Trustee admits that she has no evidence that the Hagh Parties ever used office space at the property where Cummings Manookian once operated at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 119:25-120:3.**

**RESPONSE:**

Denied.  The Trustee was deposed on April 20, 2022.  Since that deposition, the Trustee has discovered evidence that Afsoon Hagh maintained an office at 45 Music Square West.  Exhibit 5, p. 44:21-44:23.

77.     The Trustee admits that she has no evidence that the Hagh Parties used office space, furnishings, or equipment located at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 30:20-31:16**

**RESPONSE:**

Denied.  The Trustee was deposed on April 20, 2022.  Since that deposition, the Trustee has discovered evidence that Afsoon Hagh maintained an office at 45 Music Square West and that Afsoon Hagh and Hagh Law utilized telephone numbers, email addresses and furniture and equipment belonging to Cummings Manookian.  Exhibits 5 (pp. 25:1-25:25; 44:21-44:23; 102:11-103:16), 6, 7 and 12.

Case 3:20-ap-90002    Doc 217-1    Filed 08/12/22    Entered 08/12/22 18:28:11    Desc
Exhibit 1    Page 24 of 26

78.     The Trustee admits that she cannot identify any specific furnishings or equipment that the Hagh Parties used at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 31:14-16.**

**RESPONSE:**

Admitted

79.     The Trustee concedes that she does not even know who owns or owned the furniture at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 37:17-25.**

**RESPONSE:**

Denied.  The Trustee was deposed on April 20, 2022.  Since that deposition, the Trustee has discovered evidence that Cummings Manookian purchased furniture that was used at 45 Music Square West.  Exhibits 5 (pp. 25:1-25:25; 102:11-103:16), 10, and 11.

80.     The Trustee concedes that she cannot identify any damages that Cummings Manookian experienced as a result of any person using 45 Music Square West or the email addresses or phone numbers she claimed were wrongfully utilized in her Complaint. **SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 123:22-124:5.**

**RESPONSE:**

Denied.  The Trustee identified fees that belonged to Cummings Manookian as a measure of damages in the cited portion of her deposition.

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 25 of 26

Dated this 12th day of August, 2022

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (Tn. Bar No. 21078)
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Phone: 615-465-6015
phillip@thompsonburton.com

Special Counsel for the Trustee

**<u>Certificate of Service</u>**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via electronic notice/ECF on all parties having made an appearance herein, including counsel for the

Defendants.

This 12th day of August, 2022.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

Case 3:20-ap-90002   Doc 217-1   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 1   Page 26 of 26