# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:20-ap-90002 |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S SECOND AMENDED RESPONSES TO MANOOKIAN PLLC'S FIRST SET OF REQUESTS FOR ADMISSION TO THE PLAINTIFF

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Second Amended Responses to Manookian PLLC's First Set of Requests for Admission to Plaintiff (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1. Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2. Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3. Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

1

4.      Trustee objects to the Discovery to the extent that it seeks information about which

discovery is ongoing, and Trustee reserves the right to supplement her Responses to the Discovery

based upon subsequently acquired information as permitted by the Federal Rules of Civil

Procedure.

## REQUESTS FOR ADMISSION

1.      Admit that Afsoon Hagh was never an employee of Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request on the basis that she cannot determine the Request's definition of "employee".  The Trustee further objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding these objections, to the extent "employee" means salaried employees, the Trustee admits that this Request is accurate.  To the extent that "employee" means agent, the Trustee denies that this Request is accurate as Afsoon Hagh was an agent of Cummings Manookian, inasmuch as she received insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, certain engagement letters identified Afsoon Hagh as one of Cummings Manookian's attorneys, and Afsoon Hagh had unlimited access to the electronic files of Cummings Manookian just as its owners had.

2.      Admit that Cummings Manookian never identified Afsoon Hagh as an employee to

the Internal Revenue Service.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

3.      Admit that Cummings Manookian never identified Afsoon Hagh as an employee to

the Tennessee Department of Revenue.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

4.      Admit that Cummings Manookian never filed any documents with any state, local,

2

or federal agency identifying Afsoon Hagh as an employee of Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, this Request is admitted.

5. Admit that Afsoon Hagh was never a member of Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, this Request is admitted.

6. Admit that Afsoon Hagh was never a partner in Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, this Request is admitted.

7. Admit that Afsoon Hagh never held an ownership interest in Cummings

Manookian.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, this Request is admitted.

8. Admit that Afsoon Hagh served as co-counsel with certain attorney members of

Cummings Manookian in various legal cases.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, the Trustee admits that Afsoon Hagh made notices of appearance as counsel in several Cummings Manookian matters and later served as co-counsel with both Brian Manookian and Brian Cummings. The Trustee denies this Request to the extent that it implies that Afsoon Hage was not an agent of Cummings Manookian. Afsoon Hagh held herself out as an agent of Cummings Manookian by repeatedly signing pleadings with a Cummings Manookian signature block. Further, certain engagement letters identified Afsoon Hagh as one of Cumming Manookian's attorneys.

3

9.    Admit that Afsoon Hagh was never paid a salary by Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

10.    Admit that Afsoon Hagh was never paid an hourly wage by Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

11.    Admit that Afsoon Hagh was never listed on Cummings Manookian's website.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

12.    Admit that Afsoon Hagh was never paid any monies by Cummings Manookian.

**RESPONSE:**

Denied.  Afsoon Hagh received funds from the settlement of the *Fitzgerald* matter that were otherwise owed to Cummings Manookian.

13.    Admit that Cummings Manookian had two members.

**RESPONSE:**

Admitted that Cummings Manookian had to members from its formation through early September 2018; denied that Cummings Manookian always had two members.

14.    Admit that the two members of Cummings Manookian were Brian Manookian and

Brian Cummings.

**RESPONSE:**

Admitted that Brian Manookian and Brian Cummings were the two members of Cummings Manookian from its formation until early September 2018; denied that they were both members of Cummings Manookian for the entire duration of Cummings Manookian's existence.

4

15. Admit that Cummings Manookian was a professional limited liability company.

**RESPONSE:**

Admitted.

16. Admit that Cummings Manookian was created to provide professional services in the form of legal services.

**RESPONSE:**

Admitted.

17. Admit that Cummings Manookian specialized in representing plaintiffs in medical malpractice cases.

**RESPONSE:**

Admitted.

18. Admit that Cummings Manookian primarily accepted cases on a contingency fee basis whereby Cummings Manookian was only paid if they recovered monies for their client.

**RESPONSE:**

Admitted.

19. Admit that Cummings Manookian entered into engagement agreements with their clients.

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients. However, Trustee is unable to admit or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

20. Admit that Cummings Manookian entered into engagement agreements with their clients that laid out the duties and rights of both parties to the contract.

5

**RESPONSE:**

Admitted that Cummings Manookian entered into engagement agreements with some clients that laid out the duties and rights of both parties to the contract. Trustee is unable to admit or deny whether Cummings Manookian entered into engagement letters with all of their clients because Trustee has not been given copies of all Cummings Manookian engagement agreements.

21.     Admit that Cummings Manookian utilized a standard form engagement agreement whose content and terms with respect to the rights and duties of the parties generally did not vary from case to case ("the Cummings Manookian Engagement Agreement).

**RESPONSE:**

Trustee is unable to admit or deny this request as stated because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements. Trustee admits that most of the engagement agreements she has been provided appear to be based upon a standard form.

22.     Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that the client terminated Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request as stated because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' right in the event the client terminated Cummings Manookian.

23.     Admit that the Cummings Manookian Engagement Agreement included terms regarding the parties' rights in the event that Cummings Manookian withdrew from representing the client.

**RESPONSE:**

Trustee is unable to admit or deny this request as stated because Trustee has not been given copies of all Cummings Manookian engagement agreements. Trustee has only been provided copies of certain engagement agreements. Trustee admits that the engagement agreements she has been provided include terms regarding the parties' rights in the event that Cummings Manookian

6

withdrew from representing the client.

24.     Admit that the Cummings Manookian Engagement Agreement requires the client to pay Cummings Manookian an attorney's fee in the event the client terminates Cummings Manookian.

**RESPONSE:**

Trustee is unable to admit or deny this request as stated because Trustee has not been given copies of all Cummings Manookian engagement agreements.  Trustee has only been provided copies of certain engagement agreements.  Trustee admits that the engagement agreements she has been provided include terms requiring the client to pay Cummings Manookian an attorney's fee in the event the client terminates Cummings Manookian.

25.     Admit that the Cummings Manookian Engagement Agreement does not require the client to pay Cummings Manookian an attorney's fee in the event Cummings Manookian withdraws from the representation.

**RESPONSE:**

Denied.  The Cummings Manookian engagement agreements provided to Trustee specifically requires the payment of advanced costs but is silent on payment of fees.  Therefore, Trustee believes that Tennessee common law governs right to payment of attorney fees under this circumstance.

26.     Admit that Cummings Manookian has never entered into a contract or written agreement with Afsoon Hagh.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

27.     Admit that Cummings Manookian has never entered into a contract or written agreement with Hagh Law PLLC.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of

7

action against Manookian, PLLC.  Notwithstanding this objection, this Request is admitted.

28.     Admit that Cummings Manookian has never entered into a contract or written agreement with Manookian PLLC.

**RESPONSE:**

Admitted.

29.     Admit that Cummings Manookian does not own, and has never owned, any real property.

**RESPONSE:**

Admitted.

30.     Admit that Cummings Manookian does not own, and has never owned, 45 Music Square West, Nashville, Tennessee 37203.

**RESPONSE:**

Admitted.

31.     Admit that Cummings Manookian was a party to a lease for 45 Music Square West, Nashville, Tennessee, 37203 ("the 45 MSW Lease).

**RESPONSE:**

Admitted.

32.     Admit that Cummings Manookian was required to pay rent to 45 MSW Partners under the terms of the 45 MSW Lease.

**RESPONSE:**

Admitted.

33.     Admit that Cummings Manookian breached the 45 MSW Lease by failing to pay

Case 3:20-ap-90002   Doc 217-2   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 2   Page 8 of 20

rent to 45 MSW Partners beginning in November of 2018.

**RESPONSE:**

Trustee is unable to admit or deny this request because neither Brian Manookian nor Brian Cummings testified regarding when Cummings Manookian ceased paying rent.

34.     Admit that Cummings Manookian owns no furniture.

**RESPONSE:**

Denied.  Brian Cummings testified that Cummings Manookian owns furniture, tax returns indicated that Cummings Manookian owns furniture, and receipts show that Cummings Manookian purchased furniture.

35.     Admit that Cummings Manookian has never owned any furniture.

**RESPONSE:**

Denied.  Brian Cummings testified that Cummings Manookian owns furniture, tax returns indicated that Cummings Manookian owns furniture, and receipts show that Cummings Manookian purchased furniture.

36.     Admit that Cummings Manookian owns no computers.

**RESPONSE:**

Denied.  Brian Cummings testified that Cummings Manookian purchased and owned computers and computer equipment.

37.     Admit that Cummings Manookian has never owned any computers.

**RESPONSE:**

Denied.  Brian Cummings testified that Cummings Manookian purchased and owned computers.

38.     Admit that Cummings Manookian owns no telephones.

**RESPONSE:**

Denied.  Brian Cummings testified that Cummings Manookian owned telephones.

9

39. Admit that Cummings Manookian has never owned any telephones.

**RESPONSE:**

Denied. Brian Cummings testified that Cummings Manookian owned telephones.

40. Admit that the web domain cummingsmanookian.com was registered by Brian Cummings.

**RESPONSE:**

Admitted that Brian Cummings registered that domain, but Cummings Manookian paid for its registration and renewal.

41. Admit that the web domain cummingsmanookian.com is owned by Brian Cummings.

**RESPONSE:**

Admitted that the domain was in Brian Cummings' name, but Cummings Manookian paid for its registration and renewal.

42. Admit that Cummings Manookian has never owned any website.

**RESPONSE:**

Denied. Brian Cummings testified that Cummings Manookian owned and operated a website at cummingsmanookian.com.

43. Admit that the Defendants have never utilized cummingsmanookian.com as a website.

**RESPONSE:**

Admitted.

44. Admit that cummingsmanookian.com has not functioned as a website since at least October of 2018.

10

**RESPONSE:**

Admitted.

45.     Admit the telephone number 615-266-3333 was purchased individually by Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Denied.  While he could not recall in whose name the telephone number was listed, Brian Cummings testified that Cummings Manookian paid for all telephone bills associated with that telephone number.

46.     Admit that all telephone numbers utilized by Cummings Manookian during its period of operation were privately purchased Brian Cummings prior to the formation of Cummings Manookian.

**RESPONSE:**

Denied.  While he could not recall in whose name the telephone numbers were listed, Brian Cummings testified that Cummings Manookian paid for all telephone bills associated with Cummings Manookian's telephone numbers.

47.     Admit that none of the Defendants have utilized a phone number owned by Cummings Manookian at any time.

**RESPONSE:**

Denied.  All three defendants utilized 615-266-3333, which was a phone number belonging to Cummings Manookian.

48.     Admit that none of the Defendants have utilized a phone number owned by Cummings Manookian at any time after October 2018.

**RESPONSE:**

Denied.  All three defendants utilized 615-266-3333, which was a phone number belonging to Cummings Manookian at various times after October 2018.

11

49.     Admit that, under Tennessee law, a legal client's file is owned by the client.

**RESPONSE:**

Admitted that a client owns the contents of its legal file, but denied that a law firm does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

50.     Admit that Cummings Manookian does not now, nor has it ever, owned a client's case file.

**RESPONSE:**

Admitted that Cummings Manookian does not own the contents of clients' legal file, but denied that it does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

51.     Admit that Cummings Manookian is and was required to return, destroy, or transfer a client's case file upon that client's request.

**RESPONSE:**

Admitted.

52.     Admit that Cummings Manookian does not "own" a client's case.

**RESPONSE:**

Admitted that Cummings Manookian does not own the contents of clients' legal file or the right to a client's case, but denied that it does not own other valuable intellectual property associated with its clients (such as client lists, contact information, existing contracts, and accounts receivable).

53.     Admit that Cummings Manookian does not have an ownership interest in any case brought on behalf of a client.

**RESPONSE:**

Denied. Trustee affirmatively alleges that Cummings Manookian did own client lists and contact information, and that it owns rights to recovery in certain cases.

54. Admit that any cause of action or right of recovery pursued by Cummings

Manookian on behalf of a client belongs to the client.

**RESPONSE:**

Admitted that the cause of action belongs to the client, but denied that Cummings
Manookian has no right to fees from a recovery.

55. Admit that any cause of action or right of recovery pursued by Cummings

Manookian on behalf of a client does not belong to Cummings Manookian.

**RESPONSE:**

Admitted that the cause of action belongs to the client, but denied that Cummings
Manookian has no right to fees from a recovery.

56. Admit that any Cummings Manookian client was empowered to terminate

Cummings Manookian at any time and for any reason.

**RESPONSE:**

Admitted that any client had the right to terminate Cummings Manookian at any time and
for any reason.

57. Admit that Cummings Manookian provided no services to Manookian PLLC.

**RESPONSE:**

Admitted.

58. Admit that Cummings Manookian provided no goods to Manookian PLLC.

**RESPONSE:**

Admitted that it sold no goods to Manookian, PLLC, but denied insomuch as Manookian
PLLC utilized property belonging to Cummings Manookian.

59. Admit that Cummings Manookian provided no services to Hagh Law.

**RESPONSE:**

13

Admitted.

60.     Admit that Cummings Manookian provided no goods to Hagh Law.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, it is admitted that Cummings Manookian sold no goods to Hagh Law, but denied insomuch as Hagh Law utilized property belonging to Cummings Manookian.

61.     Admit that Cummings Manookian provided no services to Afsoon Hagh.

**RESPONSE:**

Denied.  Cummings Manookian provided health insurance and malpractice insurance for Afsoon Hagh.

62.     Admit that Cummings Manookian provided no goods to Afsoon Hagh.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC.  Notwithstanding this objection, it is admitted that Cummings Manookian sold no goods to Afsoon Hagh, but denied insomuch as Afsoon Hagh utilized property belonging to Cummings Manookian.

63.     Admit that Cummings Manookian provided no services to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Admitted.

64.     Admit that Cummings Manookian provided no goods to Manookian PLLC in the Fitzgerald case.

**RESPONSE:**

Admitted that it sold no goods to Manookian, PLLC, but denied insomuch as Manookian PLLC utilized property belonging to Cummings Manookian.

65.     Admit that Cummings Manookian provided no services to Hagh Law in the

14

Fitzgerald case.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, this Request is admitted.

66. Admit that Cummings Manookian provided no goods to Hagh Law in the Fitzgerald case.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, it is admitted that Cummings Manookian sold no goods to Hagh Law, but denied insomuch as Hagh Law utilized property belonging to Cummings Manookian.

67. Admit that Cummings Manookian provided no services to Afsoon Hagh in the Fitzgerald case.

**RESPONSE:**

Denied. Cummings Manookian provided health insurance and malpractice insurance for Afsoon Hagh.

68. Admit that Cummings Manookian provided no goods to Afsoon Hagh in the Fitzgerald case.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it is irrelevant as to the cause of action against Manookian, PLLC. Notwithstanding this objection, it is admitted that Cummings Manookian sold no goods to Afsoon Hagh, but denied insomuch as Afsoon Hagh utilized property belonging to Cummings Manookian..

69. Admit that Cummings Manookian had an existing, enforceable contract with Marty and Melissa Fitzgerald covering the subject matter of Cummings Manookian's representation in the Fitzgerald v. Osborn matter.

**RESPONSE:**

15

Admitted

70.     Admit that Cummings Manookian withdrew from representing the Fitzgeralds in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied.   While Brian Manookian has produced a letter from Cummings Manookian that allegedly terminated the client relationship with the Fitzgeralds, no evidence has been produced that the letter was received by the Firtzgeralds, nor was any notice of withdrawal ever filed in that case.

71.     Admit that the Fitzgeralds did not terminate Cummings Manookian from representing them in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Admitted.

72.     Admit that Cummings Manookian never recovered any monies for the Fitzgerald in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied.  Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

73.     Admit that Cummings Manookian never even secured an offer of settlement from the Defendants in the Fitzgerald v. Osborn matter.

**RESPONSE:**

Denied.  Cummings Manookian recovered a substantial monetary settlement for the Fitzgeralds in that matter.

74.     Admit that Cummings Manookian did minimal work on the Fitzgerald v. Osborn matter.

16

**RESPONSE:**

Denied.  Cummings Manookian filed  a substantial number of pleadings in that case.

75.     Admit that none of the work performed by Cummings Manookian in the Fitzgerald v Osborn matter resulted in any settlement or payment to the Fitzgeralds.

**RESPONSE:**

Denied.  The work performed by Cummings Manookian in the matter directly caused the settlement payment.

76.     Admit that Manookian PLLC has never received a transfer of funds from Cummings Manookian.

**RESPONSE:**

Admitted.

77.     Admit that Manookian PLLC has never received any funds from Cummings Manookian.

**RESPONSE:**

Admitted.

78.     Admit that Manookian PLLC has never received any funds belonging to Cummings Manookian.

**RESPONSE:**

Admitted.

79.     Admit that Manookian PLLC has never received any monies from Hagh Law.

**RESPONSE:**

Admitted.

80.     Admit that Manookian PLLC has never received any monies from Afsoon Hagh.

17

**RESPONSE:**

Admitted.

81.     Admit that Manookian PLLC has never received any monies from any person or any entity.

**RESPONSE:**

Admitted.

82.     Admit that Manookian PLLC does not now, nor has it ever, held a bank account.

**RESPONSE:**

Admitted.

83.     Admit that Hagh Law PLLC has never received any monies from Cummings Manookian.

**RESPONSE:**

Denied.  Hagh Law PLLC received a distribution of a substantial sum of money from the Fitzgerald settlement that was property of Cummings Manookian.

84.     Admit that Hagh Law has never received any monies from any person intended for Cummings Manookian.

**RESPONSE:**

Denied.  Hagh Law PLLC received a distribution of a substantial sum of money from the Fitzgerald settlement that was property of Cummings Manookian.

85.     Admit that no person or entity has ever provided Afsoon Hagh, Hagh Law, or Manookian PLLC with monies that such person or entity instructed to be delivered to Cummings Manookian.

**RESPONSE:**

Denied.  Afsoon Hagh and Hagh Law received a transfer of funds that the Chancery Court

18

of Williamson County directed to be held in trust.  However, the money was unilaterally transferred into an account in the name of Hagh Law and Afsoon Hagh.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Attorneys for Jeanne Ann Burton, Trustee*

19

## <u>Certificate of Service</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served

via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com

This 1st day of July, 2022.

_/s/ Phillip G. Young, Jr._

Phillip G. Young, Jr.

20