# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br><br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

### PLAINTIFF'S RESPONSES TO DEFENDANT MANOOKIAN PLLC'S SECOND SET OF REQUESTS FOR ADMISSION TO THE PLAINTIFF

Comes Now, Plaintiff, Jeanne Ann Burton, Trustee ("Trustee"), and for her Responses to Defendant Manookian PLLC's Second Set of Requests for Admission to Plaintiff (the "Discovery"), states as follows:

### GENERAL OBJECTIONS

1. Trustee's Responses to the Discovery shall not constitute a waiver of her objections as to admissibility.

2. Trustee objects to the Discovery to the extent it exceeds the scope of permissible discovery.

3. Trustee objects to the Discovery to the extent that the information sought is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

4. Trustee objects to the Discovery to the extent that it seeks information about which discovery is ongoing, and Trustee reserves the right to supplement her Responses to the Discovery based upon subsequently acquired information as permitted by the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

1. Admit that Exhibit 1 is an attorney-client agreement between Cummings Manookian and Edward Goodwin and Brett Keefer.

**RESPONSE:**

Admitted.

2. Admit that Exhibit 1 is a genuine copy of an attorney-client agreement between Cummings Manookian and Edward Goodwin and Brett Keefer.

**RESPONSE:**

Admitted.

3. Pursuant to Fed. R. Civ. P. 36(a)(1)(B), admit the genuineness of Exhibit 1.

**RESPONSE:**

Admitted.

4. Admit that on April 19, 2017, Brian Cummings was a member of Cummings Manookian.

**RESPONSE:**

Admitted.

5. Admit that on April 1, 2017, Brian Cummings had the authority to enter into Exhibit 1 on behalf of Cummings Manookian.

**RESPONSE:**

Admitted.

6. Admit that on April 1, 2017, Cummings Manookian entered into an Agreement with Brett Keefer and Edward Goodwin whose terms are contained in Exhibit 1.

**RESPONSE:**

Admitted.

7. Admit that Exhibit 1 was drafted by Cummings Manookian.

**RESPONSE:**

Admitted.

8. Admit that Exhibit 1 was drafted by Brian Cummings on behalf of Cummings Manookian.

**RESPONSE:**

Admitted.

9. Admit that Exhibit 1 is a binding contract.

**RESPONSE:**

Admitted.

10. Admit that Exhibit 1 is binding upon Brett Keefer.

**RESPONSE:**

Admitted.

11. Admit that Exhibit 1 is binding upon Edward Goodwin.

**RESPONSE:**

Admitted.

12. Admit that Exhibit 1 is binding upon Cummings Manookian.

**RESPONSE:**

Admitted.

13. Admit that Cummings Manookian withdrew from representing Brett Keefer.

**RESPONSE:**

Denied. While a complaint was filed on behalf of Brett Keefer by Cummings Manookian, it never filed a motion to withdraw as Brett Keefer's counsel nor notified the Court in any way that it was withdrawing. Moreover, the Trustee has never seen any written correspondence in which Cummings Manookian allegedly notified Brett Keefer of its withdrawal.

14. Admit that Cummings Manookian withdrew from representing Edward Goodwin.

**RESPONSE:**

Denied. The Trustee has never seen any written correspondence in which Cummings Manookian allegedly notified Brett Keefer of its withdrawal.

15. Admit that Cummings Manookian withdrew from representing Brett Keefer prior to receiving a settlement for Mr. Keefer or Chesta Shoemaker's estate.

**RESPONSE:**

Denied for the same reasons as explained in response to Request 13 above.

16. Admit that Cummings Manookian withdrew from representing Edward Goodwin prior to receiving a settlement for Mr. Goodwin or Chesta Shoemaker's estate.

**RESPONSE:**

Denied for the same reasons as explained in response to Request 14 above.

17. Admit that Cummings Manookian did not pay any costs or expenses associated with any lawsuit filed on behalf of Brett Keefer, Edward Goodwin, or Chesta Shoemaker's estate.

**RESPONSE:**

Admitted.

18. Admit that Exhibit 1 is the only written agreement between Cummings Manookian and Brett Keefer.

**RESPONSE:**

Admitted.

19. Admit that Exhibit 1 is the only written agreement between Cummings Manookian and Edward Goodwin.

**RESPONSE:**

Admitted.

20. Admit that Exhibit 1 is the only written agreement between Cummings Manookian and any representative of Chesta Shoemaker's estate.

**RESPONSE:**

Admitted.

21. Admit that as of January 1, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**RESPONSE:**

Admitted.

22. Admit that as of February 1, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**RESPONSE:**

Admitted.

23. Admit that as of February 11, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**RESPONSE:**

Admitted.

24. Admit that as of March 1, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**RESPONSE:**

Admitted.

25. Admit that as of January 1, 2019, Cummings Manookian had no employees.

**RESPONSE:**

The Trustee objects to this Request on the basis that she cannot determine the Request's definition of "employee". To the extent "employee" means salaried employees, the Trustee admits that this Request is accurate. To the extent that "employee" means agent, the Trustee denies that this Request is accurate as Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files.

26. Admit that as of February 1, 2019, Cummings Manookian had no employees.
**RESPONSE:**

The Trustee objects to this Request on the basis that she cannot determine the Request's definition of "employee". To the extent "employee" means salaried employees, the Trustee admits that this Request is accurate. To the extent that "employee" means agent, the Trustee denies that this Request is accurate as Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files.

27. Admit that as of February 11, 2019, Cummings Manookian had no employees.

**RESPONSE:**

The Trustee objects to this Request on the basis that she cannot determine the Request's definition of "employee". To the extent "employee" means salaried employees, the Trustee admits that this Request is accurate. To the extent that "employee" means agent, the Trustee denies that this

Request is accurate as Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files.

28. Admit that as of March 1, 2019, Cummings Manookian had no employees.

**RESPONSE:**

The Trustee objects to this Request on the basis that she cannot determine the Request's definition of "employee". To the extent "employee" means salaried employees, the Trustee admits that this Request is accurate. To the extent that "employee" means agent, the Trustee denies that this Request is accurate as Afsoon Hagh was an employee and/or agent of Cummings Manookian, inasmuch as she received insurance and healthcare benefits from Cummings Manookian, she was filing pleadings on behalf of Cummings Manookian, receiving mail at Cummings Manookian's offices, using a Cummings Manookian email address, using a Cummings Manookian telephone number, working on behalf of clients subject to Cummings Manookian engagement agreements, and had full access to Cummings Manookian's electronic files.

29. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in December 2018.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

30. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in January 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

31. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in February 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

33. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in March 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

33. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in April 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

34. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in May 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

35. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in June 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

36. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in July 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that

it did not pay for benefits for its agents.

  37. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in August 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

  38. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in September 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

  39. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in October 2019.

**RESPONSE:**

Admitted that Cummings Manookian made no payments directly to any employee, but denied that it did not pay for benefits for its agents.

  40. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in November 2019.

**RESPONSE:**

Admitted.

  41. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in December 2019.

**RESPONSE:**

Admitted.

  42. Admit that Cummings Manookian made no payments to any employee, as salary

or otherwise, in 2020.

**RESPONSE:**

Admitted.

43. Admit that Cummings Manookian made no payments to any employee, as salary or otherwise, in 2021.

**RESPONSE:**

Admitted.

44. Admit that Cummings Manookian has made no payments to any employee, as salary or otherwise, in 2022.

**RESPONSE:**

Admitted.

45. Admit that Brian Cummings never signed a pleading in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358, identifying himself as working for or on behalf of Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request as it is not relevant to the action against Manookian, PLLC. Notwithstanding this objection, this Request is admitted.

46. Admit that Brian Manookian never signed a pleading in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358, identifying himself as working for or on behalf of Cummings Manookian.

**RESPONSE:**

Admitted.

47. Admit that Afsoon Hagh never signed a pleading in *Shoemaker v. VUMC*, Davidson

County Circuit Court No. 19C358, identifying himself as working for or on behalf of Cummings Manookian.

**RESPONSE:**

The Trustee objects to this Request as it is not relevant to the action against Manookian, PLLC. Notwithstanding this objection, it is admitted that Afsoon Hagh never "signed" a pleading in the *Shoemaker* case identifying herself as working for or on behalf of Cummings Manookian, but denied inasmuch as Afsoon Hagh's signature block in that case identified her as working on behalf of Cummings Manookian through March 2019, though all pleadings were "signed" by Brian Cummings.

48. Admit that no attorney ever signed a pleading in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358, identifying himself or herself as working for or on behalf of Cummings Manookian.

**RESPONSE:**

Denied for the reasons stated in response to Request 47 above.

49. Admit that no attorney ever entered an appearance in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358, that identified himself or herself as working for or on behalf of Cummings Manookian.

**RESPONSE:**

Denied for the reasons stated in response to Request 47 above.

50. Admit that Brian Cummings did no work for or on behalf of Cummings Manookian in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358.

**RESPONSE:**

The Trustee objects to this Request as it is not relevant to the action against Manookian, PLLC. Notwithstanding this objection, this Request is denied. Brian Cummings testified at his deposition that he did work on the *Shoemaker* case as a member of Cummings Manookian.

51. Admit that Brian Manookian did no work for or on behalf of Cummings Manookian in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358.

**RESPONSE:**

Denied. Brian Cummings and Brian Manookian each testified that they did work on the *Shoemaker* case as members of Cummings Manookian.

52. Admit that Afsoon Hagh did no work for or on behalf of Cummings Manookian in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358.

**RESPONSE:**

The Trustee objects to this Request as it is not relevant to the action against Manookian, PLLC. Notwithstanding this objection, this Request is denied. Her signature block in the *Shoemaker* case identified her as a representative of Cummings Manookian through at least March 2019.

53. Admit that no attorney did any work for or on behalf of Cummings Manookian in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358.

**RESPONSE:**

Denied for the reasons stated in response to Requests 49-52 above.

54. Admit that Cummings Manookian did not correspond or communicate with Brett Keefer or Edward Goodwin in 2019.

**RESPONSE:**

Admitted that it did not correspond with Brett Keefer or Edward Goodwin in 2019. The Trustee cannot admit or deny whether it communicated verbally with either of them in 2019.

55. Admit that Cummings Manookian did not correspond or communicate with Brett Keefer or Edward Goodwin in 2020.

**RESPONSE:**

Admitted.

56. Admit that Cummings Manookian did not correspond or communicate with Brett Keefer or Edward Goodwin in 2021.

**RESPONSE:**

Admitted.

57. Admit that Cummings Manookian was not involved in negotiating any final terms of settlement in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358.

**RESPONSE:**

Admitted.

58. Admit that Cummings Manookian is aware of the terms of any settlement in *Shoemaker v. VUMC*, Davidson County Circuit Court No. 19C358.

**RESPONSE:**

Denied to the extent that "Cummings Manookian" refers to the Trustee's knowledge, as the fiduciary representative for the estate of Cummings Manookian. The Trustee is not aware of the terms of any settlement in the *Shoemaker* case.

59. Admit that Exhibit 2 is an attorney-client agreement between Cummings Manookian and Marty Fitzgerald and Melissa Fitzgerald.

**RESPONSE:**

Denied. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds.

60. Admit that Exhibit 2 is a genuine copy of an attorney-client agreement between Cummings Manookian and Marty Fitzgerald and Melissa Fitzgerald.

**RESPONSE:**

Denied. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds.

61. Pursuant to Fed. R. Civ. P. 36(a)(1)(B), admit the genuineness of Exhibit 2.

**RESPONSE:**

Denied. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds.

62. Admit that on May 23, 2018, Brian Manookian was a member of Cummings Manookian.

**RESPONSE:**

Admitted.

63. Admit that on May 23, 2018, Brian Manookian had the authority to enter into Exhibit 2 on behalf of Cummings Manookian.

**RESPONSE:**

Admitted, though the Trustee denies that Exhibit 2 is the controlling document for the aforementioned reasons.

64. Admit that on May 23. 2018, Cummings Manookian entered into an Agreement with Marty and Melissa Fitzgerald whose terms are contained in Exhibit 2.

**RESPONSE:**

Denied as stated. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds. It is, however, admitted that the terms of the controlling Agreement are identical to the terms included in Exhibit 2 except for provisions regarding fee sharing (Paragraph 2 of the "Contingency Fee" section).

65. Admit that Exhibit 2 was drafted by Cummings Manookian.

**RESPONSE:**

Admitted.

66. Admit that Exhibit 2 was drafted by Brian Manookian on behalf of Cummings Manookian.

**RESPONSE:**

Admitted.

67. Admit that Exhibit 2 is a binding contract.

**RESPONSE:**

Denied. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds

      68.     Admit that Exhibit 2 is binding upon Marty and Melissa Fitzgerald

**RESPONSE:**

Denied. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds

      69.     Admit that Exhibit 2 is binding upon Cummings Manookian.

**RESPONSE:**

Denied. Brian Manookian testified that the letter attached as Exhibit 2 was never signed by either Marty or Melissa Fitzgerald; rather, a previous version of an attorney-client agreement was signed by the Fitzgeralds

      70.     Admit that Cummings Manookian withdrew from representing Marty and Melissa Fitzgerald.

**RESPONSE:**

Denied. Cummings Manookian filed a complaint on behalf of the Fitzgeralds, never filed a notice of withdrawal in that matter, never filed a notice of substitution of counsel in that matter, and never took any other step to notify the Court that Cummings Manookian had withdrawn.

      71.     Admit that Cummings Manookian withdrew from representing Marty and Melissa Fitzgerald prior to receiving any settlement for them.

**RESPONSE:**

Denied. Cummings Manookian filed a complaint on behalf of the Fitzgeralds, never filed a notice of withdrawal in that matter, never filed a notice of substitution of counsel in that matter, and never took any other step to notify the Court that Cummings Manookian had withdrawn.

      72.     Admit that Exhibit 2 is the only written agreement between Cummings Manookian and Marty and Melissa Fitzgerald.

**RESPONSE:**

Denied. The original written agreement, which was not attached to these Requests, is the only written agreement between Cummings Manookian and the Fitzgeralds.

73. Admit that Exhibit 3 is a letter from Cummings Manookian to Marty and Melissa Fitzgerald.

**RESPONSE:**

Admitted.

74. Admit that on December 7, 2018, Brian Manookian was a member or partner of Cummings Manookian.

**RESPONSE:**

Admitted.

75. Admit that on December 7, 2018, Brian Manookian was the sole member of Cummings Manookian.

**RESPONSE:**

Admitted.

76. Admit that on December 7, 2018, Brian Manookian was authorized to speak on behalf of Cummings Manookian.

**RESPONSE:**

Admitted.

77. Admit that on December 7, 2018, Brian Manookian was authorized to speak to Marty and Melissa Fitzgerald on behalf of Cummings Manookian on the topic of his and Cummings Manookian's representation of the Fitzgeralds.

**RESPONSE:**

Admitted.

78. Admit that Exhibit 3 is a letter from Brian Manookian on behalf of Cummings Manookian to Marty and Melissa Fitzgerald.

**RESPONSE:**

Admitted.

79. Pursuant to Fed. R. Civ. P. 36(a)(1)(B), admit the genuineness of Exhibit 3.

**RESPONSE:**

Admitted.

80. Admit that Exhibit 3 was sent by Brian Manookian to Marty and Melissa Fitzgerald.

**RESPONSE:**

Admitted.

81. Admit that Exhibit 3 was received by Marty and Melissa Fitzgerald.

**RESPONSE:**

The Trustee can neither admit nor deny Request 81. She has attempted to depose Marty Fitzgerald on this and other topics, having twice issued subpoenas for Mr. Fitzgerald's testimony. The first time the deposition was rescheduled at the request of the Defendants' counsel due to their alleged unavailability to attend the deposition. The second time Mr. Fitzgerald, through John Spragens (counsel for Manookian, PLLC), lodged certain objections to the subpoena. The Trustee is currently working to procure Mr. Fitzgerald's testimony on this issue.

82. Admit that Exhibit 3 states that Brian Manookian and Cummings Manookian are withdrawing from their representation of Marty and Melissa Fitzgerald.

**RESPONSE:**

Admitted.

83. Admit that Exhibit 3 requests that Marty and Melissa Fitzgerald obtain another attorney or firm to represent them.

17
Case 3:20-ap-90002    Doc 217-3    Filed 08/12/22    Entered 08/12/22 18:28:11    Desc
Exhibit 3    Page 17 of 19

**RESPONSE:**

Admitted.

84. Admit that Exhibit 3 states that because Cummings Manookian is withdrawing from the representation, it will not be entitled to any portion of an attorney's fee in the matter.

**RESPONSE:**

Admitted.

85. Admit that Exhibit 3 states that Cummings Manookian specifically disclaims any attorney's fee in the Fitzgerald matter.

**RESPONSE:**

Admitted.

86. Admit that Cummings Manookian disclaimed any attorney's fee in the Fitzgerald matter via written letter to the Fitzgeralds.

**RESPONSE:**

Admitted that Exhibit 3 states that Cummings Manookian was disclaiming any attorney's fees, but denied that Exhibit 3 has any actual legal impact on whether or not Cummings Manookian is entitled to legal fees in the Fitzgerald matter.

Respectfully submitted,

/s/ Phillip G. Young
Phillip G. Young (TN 021087)
THOMPSON BURTON, PLLC
6100 TOWER CIRCLE, SUITE 200
FRANKLIN, TENNESSEE 37067
(615)-465-6008
phillip@thompsonburton.com

*Special Counsel for Jeanne Ann Burton, Trustee*

### Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via United States Mail, first class, postage prepaid, and by electronic mail to the following persons:

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203
john@spragenslaw.com


This 1st day of July, 2022.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.