IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
| Debtor. | ) Chapter 7 |
| | ) Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST-| ) |
| CITIZENS BANK & TRUST | ) |
| COMPANY, | ) |
| Defendants. | ) |
| | ) Adv. Proc. No. 3:20-ap-90002 |

## AFFIDAVIT OF JEANNE ANN BURTON, TRUSTEE

STATE OF TENNESSEE    )
                       )
COUNTY OF DAVIDSON    )

Jeanne Ann Burton, Trustee, being duly sworn, states as follows:

1. I am over eighteen years of age and have personal knowledge of the matters set forth herein.

2. I am the plaintiff in the above-referenced matter and currently serving as the Chapter 7 trustee for the bankruptcy estate of Cummings Manookian, PLC.

3. In order to appropriately respond to Defendants Afsoon Hagh, Hagh Law, PLLC, and Manookian PLLC's Joint Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 188) (the "Motion"), it is necessary for me to depose Marty Fitzgerald.

4. More specifically, this deposition is necessary for me to discover whether Mr. Fitzgerald was informed by any of the Defendants (in writing or orally) that Cummings Manookian, PLC intended to withdraw from representing him and his wife in a wrongful death suit, whether any of the Defendants instructed him to hire new counsel, whether he in fact interviewed new counsel, and what (if anything) he was told about the future involvement of Cummings Manookian, PLC, Afsoon Hagh, Hagh Law, PLLC and/or Manookian PLC in his lawsuit. These facts are potentially relevant in responding to portions of the Motion. Moreover, this deposition is necessary in order for me to respond to Paragraph 27 of the Defendants' Joint Statement of Undisputed Material Facts.

5. I took every reasonable step possible to take Mr. Fitzgerald's deposition prior to the July 29, 2022 deadline for filing motions for summary judgment and before the August 12, 2022 deadline for filing responses thereto. On May 5, 2022, my counsel issued a subpoena for Mr. Fitzgerald's testimony on May 27, 2022 at my request. No timely objection was filed to that first subpoena. The week before that deposition was to occur, counsel for the Defendants asked me to reschedule all third-party depositions, including Mr. Fitzgerald's, because Brian Manookian and Afsoon Hagh were scheduled to be out of state. As an accommodation, I agreed to reschedule the depositions so long as other pretrial deadlines were likewise rescheduled. The Defendants agreed.

6. I then directed my counsel to issue another subpoena for Mr. Fitzgerald's testimony, which was served on Mr. Fitzgerald on June 7, 2022. That subpoena required Mr. Fitzgerald's appearance at a rescheduled deposition via Zoom on June 24, 2022. On June 21, 2022, Attorney John Spragens sent an email to my counsel objecting to the subpoena on behalf of Mr. Fitzgerald.

2
Case 3:20-ap-90002   Doc 217-15   Filed 08/12/22   Entered 08/12/22 18:28:11   Desc
Exhibit 15    Page 2 of 3

7. On July 22, 2022, I filed a motion to compel Mr. Fitzgerald's compliance with the subpoena. The Court has not set a hearing to consider the motion to compel.

FURTHER AFFIANT SAITH NOT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 11, 2022.

_____
Jeanne Ann Burton, Trustee

STATE OF TENNESSEE    )
                      )
COUNTY OF DAVIDSON    )

Subscribed and sworn to before me this 11 day of August, 2022.

_____
Notary Public

My Commission Expires: 03-03-2025