# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

### APPELLANTS BRIAN MANOOKIAN, MANOOKIAN PLLC, AFSOON HAGHM HAGH LAW PLLC STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF RECORD

Pursuant to Federal Rule of Bankruptcy Procedure 8009, and the District Court's Acknowledgement of Receipt of Appeal dated April 24, 2023 (Doc. No. 235) Appellants Brian Manookian, Manookian PLLC, Afsoon Hagh, and Hagh Law PLLC ("Appellants") hereby file this Statement of the Issues to be Presented on Appeal and Designation of Items to be Included in the Appellate Record.

**I.    Issues To Be Presented**

Whether the Bankruptcy Court erred in failing to recuse itself where it belatedly revealed, but declines to detail, engaging in multiple *ex parte* communications about this

litigation with one or more attorneys representing parties in this litigation ; and where the Court continues to decline to reveal the substance, date, and parties to each of the *ex parte* communications.

Whether the Bankruptcy Court erred in failing to recuse itself where it quashed a subpoena to itself seeking to determine the specifics of the Court's *ex parte* communications and, in that Order, articulated additional biases and prejudices against the moving party.

Whether the Bankruptcy Court erred in failing to recuse itself where it belatedly revealed that it has been relying upon, and, indeed, admitted to basing its decisions in this case on, a highly inflammatory, vacated Tennessee state court order, which had long since been overturned by the Tennessee Court of Appeals, about one of the parties to this litigation; and which order was issued by a Tennessee state trial court judge who was additionally disqualified from that action on the bases of bias.

**II. Designation of Items To Be Included in Appellate Record**

The items to be included in the appellate record consist of the following:

- All docket entries in the bankruptcy proceeding (No. 3:19-bk-07235) and related adversary proceeding (No. 3:20-ap-90002), specifically including adversary proceeding docket entries 161, 165, 173, 174, 177, 178, 229 and all attachments thereto.
- Transcript of June 29, 2022 adversary proceeding hearing on motion to disqualify.
- Transcript (forthcoming) of April 4, 2023 hearing on motion to disqualify (transcript requested at Docket No. 226).

Date:  May 5, 2023                    Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Appellants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed May 5, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*