Burton,

     Plaintiff

Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

     Defendant

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 20, 2024 | Form ID: pdf001 | Total Noticed: 6 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 22, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: ustpregion08.na.ecf@usdoj.gov | Dec 20 2024 23:38:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| pla | + Email/Text: jeanne.burton@comcast.net | Dec 20 2024 23:38:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2024       Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 20, 2024 at the address(es) listed below:**

**Name**       **Email Address**

CRAIG VERNON GABBERT, JR

on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com

GLENN BENTON ROSE

on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

JOHN T. SPRAGENS

on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG

on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

RONALD G STEEN, JR

on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com


TOTAL: 5

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 24-5139

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Dec 20, 2024
> KELLY L. STEPHENS, Clerk

In re:  CUMMINGS MANOOKIAN, PLLC,  )
                                               )
      Debtor.                                   )
_____ )
                                                 )
JEANNE ANN BURTON, Trustee,       )
                                                 )  ON APPEAL FROM THE UNITED
      Plaintiff-Appellee,             )  STATES DISTRICT COURT FOR
                                                   )  THE MIDDLE DISTRICT OF
v.                                                     )  TENNESSEE
                                                   )
AFSOON HAGH; HAGH LAW PLLC; BRIAN  )
MANOOKIAN; MANOOKIAN PLLC,      )
                                                   )
      Defendants-Appellants.        )

O R D E R

Before:  McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

Manookian PLLC, Brian Manookian, Afsoon Hagh, and Hagh Law PLLC appeal the bankruptcy court's order denying their motion to disqualify Bankruptcy Judge Charles M. Walker. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  As discussed below, we affirm.

In 2019, Brian Manookian filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of debtor Cummings Manookian PLC, a defunct Tennessee law firm.[1] The bankruptcy court appointed Jeanne Ann Burton as the Chapter 7 Trustee and Phillip Young and Thompson Burton PLLC as her special counsel.  Young had unique knowledge regarding legal

---

[1] Manookian is the sole owner and member of Manookian PLLC and Cummings Manookian, PLC. (Civ. R. 1, PageID 1).  He has been disbarred from practicing law in Tennessee. *Manookian v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 685 S.W.3d 744 (Tenn. 2024), *cert. denied*, No. 23-1274, 2024 WL 4426631 (Oct. 7, 2024).

fees owed to the estate because the Williamson County (Tennessee) Circuit Court had appointed Young to serve as receiver for the collection of legal fees owed to Cummings Manookian. During the appointment process as special counsel, Trustee Burton filed a supplemental brief with related state pleadings in the bankruptcy court. Documents from a state case, *Chase v. Cummings Manookian PLC*, showed that Young was tasked with collecting accounts receivable for legal fees owed of Cummings Manookian PLC in furtherance of the collection of a monetary sanction against it. In that action, the Chases' counsel, Dan Puryear, moved for writs of execution and detailed Manookian's misconduct in the Chases' case and in others.

In 2020, Trustee Burton filed an adversary proceeding against Manookian PLLC, Afsoon Hagh, Hagh Law PLLC, and First Citizens Bank & Trust Co., raising an assortment of claims, including conversion, state law fraudulent transfer, and tortious interference with contract.

At a hearing on March 17, 2022, about continuing discovery disputes, attorney Young informed the court that the parties had been unable to agree on a location for the depositions of himself, Trustee Burton, Manookian, and Hagh. Young conveyed the trustee's suggestion to hold the depositions at the courthouse because "[i]t's a centralized location, it has security, [and] the Court's more available if there becomes a problem." Defense counsel objected, arguing that a courthouse deposition was a departure from the standard, that parking was expensive, and that security was not an issue. Young countered that security was a concern because there had been "a restraining order put down against Mr. Manookian by one of the creditor's lawyers in this case." Young further indicated that he personally would be uncomfortable having depositions at the defense counsel's office. Judge Walker responded:

> All right. And then I'll just address the 100 pound gorilla in the room on that issue. To be candid, Mr. Spragens, I mean, your client's *past behavior before the tribunals, and I've had at least two lawyers call the Court and say they don't feel comfortable if your client is going to appear*, and, you know, the Court takes those concerns very seriously and makes no conclusion on whether they are valid, they are perceptions which drive behaviors of other parties. And to eliminate any of those perceptions, and to protect everyone against any allegations of bad behavior, misbehavior, or perceived misbehavior, it makes sense to do them here in an environment where no one can get your client further down a rabbit hole of he did this or he did that, that we're in a neutral environment, which affords certain protections. And if nothing else, in terms of everybody's on their best behavior.

And so the Court's going to make that determination, that the depositions, unless the parties can agree, will be held here in the courthouse.

(emphasis added).

At his deposition, Young testified that he had called Judge Walker's courtroom deputy at the beginning of the case to relay that a creditor's lawyer, i.e., Dan Puryear, who represented the Chases, had obtained an order of protection against Manookian. Young made the call to provide the court with the opportunity to determine the logistics of having the creditor and Manookian present at the same time, which he believed did not implicate bodily safety.

Manookian (who is not a party to the adverse proceeding) and Manookian PLLC thereafter moved to disqualify Judge Walker on the grounds of ex parte communications and extrajudicial research. Hagh and Hagh Law joined the motion.

Manookian PLLC also filed a notice to depose Judge Walker. Upon consideration of the regulations set forth in Volume 20, Chapter 8 of the Guide to Judiciary Policy, Judge Walker quashed the notice. To begin, the notice did not comply with § 830(a) and include an affidavit explaining "the nature of the testimony sought, the relevance of the testimony sought to the legal proceedings, and the reasons why the testimony sought" was "not readily available" elsewhere. As to the factors enumerated at § 850(a), the judge observed in part:

> [T]he Notice requests testimony that serves no purpose and has no relation to the merits of the case. . . .
>
> Manookian, PLLC . . . has alleged no specific instance of fraud or injustice. The request is inappropriate as the request for testimony from the sitting judge serves no purpose *other than to taint the proceedings* before the Court. . . .
>
> [D]eposing the judge on a case is a manipulation of the judicial system *in an effort to taint the proceedings*. There is no expectation that any such testimony would serve any legitimate purpose. . . .
>
> [T]he request to depose Judge Walker was made by a party that has made no specific accusation of bias linked to any ruling in the case. Moreover, two years after its inception, the case is merely at the discovery stage . . . . The request to depose the sitting judge has no basis in law or fact. Honoring such request would only serve to obstruct the justice administered through the bankruptcy system.

(emphases added). Manookian PLLC unsuccessfully attempted to pursue an interlocutory appeal of the decision, temporarily staying the proceeding.

On April 4, 2023, Judge Walker held a recusal hearing. Because the movants had failed to comply with Local Bankruptcy Rule 9014-1, Judge Walker upheld Young's objection to the admission of witnesses and exhibits, with the exception of Young's deposition testimony about his call to the courtroom deputy. However, defense counsel had no information about a second call to the court concerning Manookian, and the judge stated that "the Court doesn't have any knowledge other than what you've already been given."

Judge Walker denied the motion to recuse in an oral ruling from the bench, followed by a written order. He concluded that any ex parte communications were permissible and not material and that there was no extrajudicial research. In his oral ruling, the judge explained that "[t]he record contains the rulings from other tribunals that have found Mr. Manookian to have acted in bad faith, engage[d] in a pattern of obfuscation, and conduct[ed] himself in a reckless manner." He then referred to a state court order awarding monetary sanctions because Manookian had violated a protective order.

Manookian and his co-movants attempted to appeal interlocutory to the district court. Upon consideration of the briefs, the court construed the notice of appeal as a motion for leave to pursue an interlocutory, granted that motion, and affirmed the denial of the motion to disqualify.

On appeal before this court, the appellants assert that Judge Walker erred by failing to recuse himself (1) despite refusing to disclose "multiple" ex parte communications with attorneys about Manookian, (2) after using vitriolic language in the order quashing the notice of deposition, and (3) after relying on a vacated Tennessee state court order. Trustee Burton argues that Manookian lacks standing to pursue the appeal.

We review the bankruptcy court's denial of the motion for recusal, rather than the district court's affirmance, for an abuse of discretion. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 342 (6th Cir. 2016) (citing *Schilling v. Heavrin* (*In re Triple S Rests., Inc.*), 422 F.3d 405, 417 (6th Cir. 2005)). A court abuses its discretion when it "commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon

clearly erroneous findings of fact." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023) (quoting *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017)).

Recusal of bankruptcy judges is governed by 28 U.S.C. § 455.  Bankr. R. 5004(a).  Under § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A federal judge also must disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).

### Standing

As an initial matter, we conclude that Manookian lacks standing to appeal.  Only a party "aggrieved" by a bankruptcy court order, i.e., "directly and adversely affected pecuniarily by the order," may appeal it.  *See Simon v. Amir (In re Amir)*, 436 B.R. 1, 9–10 (B.A.P. 6th Cir. 2010) (citing *Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc.*, 77 F.3d 880, 882 (6th Cir. 1996)).  Manookian was not a defendant in the adversary proceeding and did not suffer pecuniarily from the order denying recusal.

### Ex Parte Communications

The appellants argue that Judge Walker should have recused himself because he failed to comply with Canon 3(A)(4) of the Code of Conduct for United States Judges when he did not timely disclose that there were "at least two lawyers" who had "call[ed] the Court" and said they did not "feel comfortable" if Manookian was going to appear.

Canon 3(A)(4) of the Code of Conduct for United States Judges provides in part:

Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.  A judge may:

(a) initiate, permit, or consider ex parte communications as authorized by law;

(b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will

gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

The appellants have not shown that Judge Walker failed to comply with the canon. There is no indication in the record that any lawyer had an ex parte communication with the judge, rather than courtroom personnel; that the lawyers were involved in the current matter, rather than a different action; or, of utmost importance, that the communications bore on the substance of the current matter. *See* Code, Canon 3(A)(4). Furthermore, Judge Walker's discussion regarding the lawyers' calls to the court does not suggest that his "impartiality might reasonably be questioned" or that "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). As quoted above, the judge stated that he took "those concerns very seriously" and made "no conclusion on whether they are valid." But to "protect *everyone* against any allegations of bad behavior," he decided the depositions should be taken in a "neutral environment." (Emphasis added).

Order Quashing Notice of Deposition

The appellants next assert that Judge Walker should have recused himself because he had opined that their notice to depose him was an effort to taint and contaminate the proceedings.

Like his comments at the hearing on discovery disputes, Judge Walker's comments in his order quashing the notice of deposition do not suggest that his "impartiality might reasonably be questioned" or that "he has a personal bias or prejudice concerning a party." *Id.* As stated by the Supreme Court,

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Judge Walker's comments were based on events occurring during the course of the proceeding, rather than an extrajudicial source. They were a

response to, as he said, a notice to depose "that serve[d] no purpose," "ha[d] no relation to the merits of the case," and had "no basis in law or fact." And, as he also stated, the notice to depose was made more than two years into the case, which itself was still in the discovery stage. Therefore, his remarks do not support recusal.

<u>The State Court Order</u>

Last, the appellants allege that Judge Walker justified his order regarding the location for the depositions by finding that Manookian had "acted in bad faith, engaged in a pattern of obfuscation, and conducted himself in a reckless manner." According to the appellants, the sole basis for his finding was the state court sanctions order, which was vacated on appeal because of the state judge's lack of impartiality.

We disagree with the appellants' description of Judge Walker's actions and the state court order. The judge did not make the finding alleged above but orally stated that *other tribunals* had done so. In his written order, he referred to the state motion for writs of execution in *Chase v. Manookian PLC* that was an exhibit to the supplemental brief in support of Trustee Burton's application to employ special counsel. An excerpt from the motion mentioned the state court's imposition of monetary sanctions against Monookian in that case for failing to maintain candor with the court, continually violating a protective order, and attempting to defraud the court for over two years, rather than bad faith, obfuscation, and recklessness. Although the Tennessee Court of Appeals vacated the sanctions order, it explained, "[t]he record reflects that the judge showed extraordinary patience and was thorough in his review of serious allegations against Mr. Manookian . . . . We do not conclude that the judge was actually partial." *Chase v. Stewart*, No. M2018-01991-COA-R3-CV, 2021 WL 402565, at *5 (Tenn. Ct. App. Feb. 4, 2021). The court instead vacated the order because "[u]nder Tennessee's objective standard, the judge's impartiality might reasonably be questioned." *Id.* We note that the appellants do not discuss what occurred after remand.

After quoting the excerpt from the *Chase* action, Judge Walker described a section in the state motion entitled "MR. MANOOKIAN'S HISTORY OF VIOLATING COURT ORDERS," which recounted sanctions imposed on Manookian in a federal court action and a different state

court action for, among other things, acting in bad faith, engaging in a pattern of obfuscation, and conducting himself in a reckless manner.  Judge Walker made no finding on the accuracy of any information in the state motion but observed that Manookian did not contest the information when objecting to the special-counsel application.

Therefore, we conclude that the appellants' argument is unfounded.

For these reasons, we **AFFIRM** the bankruptcy court's order denying recusal.


ENTERED BY ORDER OF THE COURT


Kelly L. Stephens, Clerk