United States Bankruptcy Court
Middle District of Tennessee

Burton,

Plaintiff

Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

Defendant

# CERTIFICATE OF NOTICE

District/off: 0650-3     User: admin     Page 1 of 2

Date Rcvd: Mar 03, 2025     Form ID: pdf001     Total Noticed: 6

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 05, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: ustpregion08.na.ecf@usdoj.gov | Mar 04 2025 01:29:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| pla | + Email/Text: jeanne.burton@comcast.net | Mar 04 2025 01:29:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2025     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 3, 2025 at the address(es) listed below:**

**Name**     **Email Address**

CRAIG VERNON GABBERT, JR

on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com

GLENN BENTON ROSE

on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

JOHN T. SPRAGENS

on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG

on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

RONALD G STEEN, JR

on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com


TOTAL: 5

SO ORDERED.
SIGNED 3rd day of March, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.





Charles M. Walker
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| | ) |
| | ) |
| Jeanne Ann Burton, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No: 3:20-ap-90002 |
| | ) |
| Hagh Law PLLC, Afsoon Hagh, | ) |
| Manookian PLLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DENYING MOTION TO RESCHEDULE STATUS CONFERENCE**

THIS MATTER is before the Court on the late and improperly filed[1] Motion to

Reschedule Status Conference ("Motion" - Dkt. #230 - 3:19-bk-07235) filed on behalf of

Defendant Manookian PLLC and non-party individual Brian Manookian.

---

[1] The motion fails to comply with Local Bankruptcy Rule 9075-1 Emergency Orders (EXPEDITED MOTIONS AND ORDERS). Further, the motion – although captioned in the adversary proceeding – was not filed in the above-captioned adversary proceeding.

1

The Debtor filed for relief under chapter 7 of the Code [2] on November 6, 2019. The Complaint in the above-styled adversary proceeding was filed shortly thereafter on January 8, 2020 – that is 5 years, 1 month and 23 days ago. After numerous discovery disputes, hearings, rulings, orders, and appeals, as of the date of this Order, no substantive matters have come before the Court in the adversary proceeding – only discovery and administrative matters.

This Court entered the Order Setting Status Conference for March 5, 2025, and did so **34 days ago** on January 28, 2025.[3] The Motion was filed this morning and states that counsel for Manookian PLLC[4] "has a lengthy evidentiary hearing in another case which conflicts with the current setting of March 5, 2025, and another hearing set the morning of the Court's next available docket on March 19, 2025." The Motion does not mention that the evidentiary matter in another court was set on an emergency basis or on short notice to the parties. Nor does this request come as an emergency request, given that it is made a mere 49-1/2 hours prior to the hearing in this Court.[5] Therefore, it must be due to some failure on counsel's part. Whether that failure be to properly manage his calendar, or to respect this Court and the parties and attorneys involved in this matter, either is unacceptable.

Denial of this motion is warranted given the lack of respect shown this Court and the other parties in waiting until the 11th hour[6] to request a continuance and the audacity to request a 6-week continuance, at that. Appropriate considerations for such a request at this juncture would

---

[2] 11 U.S.C. § 101 *ff*. Any reference to "Code" or "section" or "Chapter" is a reference to the Bankruptcy Code unless another reference is stated.

[3] See Dkt. #228 in the main bankruptcy case and #246 in this adversary matter.

[4] The motion also references that counsel represents Mr. Manookian in another case for an evidentiary hearing conflicting with the relevant hearing herein. However, Mr. Manookian is not a party to these proceedings, therefore, whether counsel represents him is not relevant to this issue.

[5] See Local Bankruptcy Rule 9015

[6] By waiting until the "eleventh hour," the court of appeals found that the defendant had "bushwhacked" the plaintiff[,]" *Angelopoulos v. Keystone Orthopedic Specialists, S.C.,* No. 12-CV-5836, 2017 WL 2445130, at *1 (N.D. Ill. June 6, 2017).

be an emergency matter in another court, a health issue, or a safety concern. Nothing of that nature or any other has been offered to legitimize counsel's waiting until the very last minute to request the matter be moved and moved considerably. This is offensive, unprofessional, and inconsiderate. It is also tiresome, at this point.

Therefore, for those reasons, IT IS HEREBY ORDERED that the Motion is DENIED.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE.***

3