**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| **Debtor.** | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**REPORT REGARDING ORDER ON DISCOVERY**

Jeanne Ann Burton, chapter 7 trustee herein (the "Trustee"), hereby provides this status report regarding the agreed order that the Court directed her counsel to draft and circulate at the hearing on April 23, 2025. Regrettably, despite the Court's clear instruction to the parties to cooperate on discovery and other pretrial issues, the Trustee must inform the Court of another impasse on the terms of what should be a relatively simple agreed order.

Per the Court's instructions, Trustee's special counsel drafted and circulated a proposed order to John Spragens, counsel for Manookian, PLLC, and Craig Gabbert, counsel for Hagh Law, PLLC and Afsoon Hagh. That draft order was circulated to Defendants' counsel at 9:17 a.m. on Thursday, April 24, 2025. In the email circulating the draft order, special counsel for the Trustee requested any responses or suggested changes to the order by Monday, April 28, 2025. Neither of Defendants' counsel emailed to confirm receipt of the draft or to raise any concerns

about the requested timing. No response to the Thursday email was received until late Monday afternoon.

On Monday, April 28, 2025, John Spragens emailed Trustee's special counsel at 4:02 p.m. requesting additional time to respond with proposed changes to the agreed order, indicating that he was moving houses on Monday and Tuesday. Trustee's special counsel agreed to give the Defendants until noon on Wednesday to respond to the proposed order with any comments.

On Wednesday, April 30, 2025, John Spragens emailed at 9:11 a.m. asking for an additional day to comment on the proposed order, again citing his moving schedule. Trustee's special counsel responded at 10:30 a.m., insisting that any issues with the proposed order needed to be raised by noon so that the order could be timely submitted on Wednesday, pursuant to Local Rule 9072-1. Shortly thereafter, Craig Gabbert responded that he was out of town and the parties needed to "work it out."

On Wednesday, April 30, 2025, at 11:20 a.m., John Spragens responded to the Trustee's draft agreed order with three proposed changes. Two of the changes (setting a deadline of June 20 to file discovery motions, and slightly changing the language regarding the parties' duties in updating discovery responses by May 19) were acceptable to the Trustee. The Trustee incorporated those suggestions in a revised draft agreed order.

However, one change proposed by counsel for Manookian, PLLC, was not acceptable to the Trustee and was rejected. Specifically, the Defendants asked that the Trustee and her special counsel sit for a second round of depositions no later than June 13, 2025, "on the topic of their amended discovery responses, which were served after their prior depositions." This proposed change was unacceptable to the Trustee for three reasons.

First, in a prior pretrial conference, the Court warned the Defendants that they might be taking depositions of the Trustee and her counsel (as former receiver of the Debtor) prematurely, choosing not to wait until the close of written discovery or until other depositions had been taken. While allowing the Defendants to choose their own discovery schedule, the Court made clear that any request to take a *second* deposition of any party would need to be by motion, and that the Court would likely order the other party to pay for the deponent's and their counsel's time, if the Court allowed a second deposition. *See* Transcript, Doc. 140, p. 79. Second, there is no need whatsoever for the Defendants to take the Trustee's deposition, or that of her special counsel, a second time. No amended discovery responses provided by the Trustee is significant enough to warrant another round of depositions (especially where the first depositions were mostly without any substance). Finally, the Defendants failed to raise any issue, formally or informally, about wishing to take the Trustee's or her special counsel's deposition for a second time prior to the Court's original discovery cutoff of April 21, 2025. By contrast, the Trustee clearly delineated for the Court, in a written status report and in open court, the discovery that was incomplete as of April 21. The Defendants said nothing, even when the Court asked whether there were any other issues that needed to be discussed. As such, they have waived any right to ask for other depositions (especially depositions that have already been taken once) or any other discovery.

Contemporaneously herewith, the Trustee has submitted an order (though not in the form of an agreed order) containing all of the terms that the Court instructed her special counsel to include in the order, and all of the terms on which the Trustee and the Defendants were able to agree. Trustee's special counsel informed Defendants' counsel of his intent to upload this order

and to provide this status update to the Court; he also invited Defendants' counsel to provide its own statement and/or to upload a competing order.

Dated: April 30, 2025

Respectfully submitted,

/s/ Phillip G. Young, Jr.

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
Email: phillip@thompsonburton.com

Special Counsel for Trustee

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system upon all parties having entered appearances therein on this the 30th day of April, 2025.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.