United States Bankruptcy Court

Middle District of Tennessee

Burton,

    Plaintiff                                                           Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0650-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 28, 2025 | Form ID: pdf001 | Total Noticed: 6 |

The following symbols are used throughout this certificate:

**Symbol**             **Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 30, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: ustpregion08.na.ecf@usdoj.gov | Apr 29 2025 00:47:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| pla | + Email/Text: jeanne.burton@comcast.net | Apr 29 2025 00:47:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 30, 2025                               Signature:           /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 28, 2025 at the address(es) listed below:**

**Name**                         **Email Address**

CRAIG VERNON GABBERT, JR

on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com

GLENN BENTON ROSE

on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

JOHN T. SPRAGENS

on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG

on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

RONALD G STEEN, JR

on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com


TOTAL: 5



**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**Charles M. Walker
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| | ) |
| Jeanne Ann Burton, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. Proc. 3:20-ap-90002 |
| | ) |
| Hagh Law, PLLC, Afsoon Hagh, | ) |
| Manookian, PLLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER TERMINATING RULE TO SHOW CAUSE
AND SETTING FORTH INSTRUCTIONS FOR
DISCOVERY AND CASE ADMINISTRATION** [1]

On April 14, 2022, this court entered an Order regarding discovery matters – yes, the

seventh order addressing discovery disputes and the parties' poor approach to the administration

of this proceeding was entered 3 years ago!! In that Order I stated:

_____
[1] This Order memorializes the Court's remarks read into the record on April 23, 2025 at a Status Hearing set by
the Court and encompassing this bankruptcy case and all associated matters.

1

"[T]he Court will take the time to enter the seventh Order and will use this opportunity to emphasize the parties' obligations to abide by the applicable Rules and Orders of this Court. The Court will also draw a clear picture of the consequences that loom on the horizon for the party or parties unwilling to comply with those Rules and Orders. . . .The Court will not look favorably upon failures to disclose, willful concealment of relevant information, gamesmanship, disruption of the schedule or any party that disregards the deadlines that have been established by the Rules or Orders of this Court.

The Court will provide one last warning to counsel, the parties, and representatives of the parties, if for some reason anyone participating in the discovery process does not fully understand the Court's expectations with respect to discovery. The prior admonishments by the Court, which put the parties on notice that the possibility of monetary sanctions exists for failure to comply with the discovery requirements, has not impacted the ability of the parties to cooperate and conduct discovery in this extremely routine and uncomplicated matter. As a result, in addition to monetary sanctions, the Court is prepared to exercise its discretion up to and including entry of dispositive sanctions if it finds such sanctions appropriate based on an analysis of "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the noncompliant party had been warned of the consequences of noncompliance. *Martinez v. City of New York*, 2018 WL 604019 at \*22 (E.D.N.Y. Jan. 24, 2018) (citing *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir. 2009) (citation and quotation marks omitted)). Additionally, if any party's actions result in "real prejudice" to another party, the Court may impose sanctions which could include dispositive relief.

The Court is disturbed that this litigation is bogged down in such petty and unprofessional bickering since this litigation is by lawyers, for lawyers and about lawyers. Enough is enough! Stop the shenanigans or face consequences! This Court expects the discovery process to continue without any further delay or disruption to the timeline in place and stands at the ready to enforce those Rules and Orders and, if necessary, to exercise its sanctioning powers including but not limited to monetary sanction, litigation sanction, and any fashioned sanction to promote deterrence and impose punishment on an offending party including imposition of dispositive sanctions."


Now, here we stand 3 years – a total of 1,105 days later - and the same disregard,

disrespect, and inexcusable neglect is still a common occurrence. The 2022 order contained the

words "one last warning." Apparently, my faith was misplaced and, although based on that

warning I can impose sanctions for the disregard of the orders of this court right now, I will once

2

again, seek to renew my confidence that counsel can and will show this Court, these proceedings, and counsel to the parties the respect that is not only deserved but required.

Mr. Spragens' failure to appear has apparently gotten him exactly what he wanted because here we are on April 23rd and, it may look like he obtained the continuance he sought at no cost to him or his client, but alas, what he has done is put us all at the point where sanctions may be imposed to control the administration of this case. This Order serves as both Notice and Warning: Any – and I mean ANY – attempts to vexatiously and unreasonable multiply these proceedings, or delay or hinder the progression of this case going forward, will be met with the imposition of some measure – either monetary and/or litigation - of sanction, or consideration of a party's request for a penalty.

This has gone on long enough. I have been more than tolerant with the dozens of continuances and failures to comply with discovery requests, and appearances at depositions and hearings. **This case will no longer be on anyone's back burner.** If there is no progress in the litigation process, I will start requiring counsel to appear in person at monthly status hearings to advise the Court of any obstacles to headway in the litigation process – not to punish anyone, but to discern the problem and any possible assistance the Court can administer to help things along to a resolution of this matter.

The Court makes no findings with regard to Mr. Spragens' assertion on the record at the hearing today that his violation of this Court's order was legitimate. In an effort to renew my faith in counsel before me, I will not rule on his Response to the Rule to Show Cause, however, that does not extinguish, excuse, or erase his violation. My choice is not to pursue contempt proceedings against him at this time to renew a spirit of justice and expediency into these

3

matters. Hopefully, this will serve to inspire the respect due this Court and the proceedings

before it, despite Mr. Spragens' violation remaining on the record.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE***

4