# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

---

## MOTION TO COMPEL DISCOVERY RESPONSES FROM AFSOON HAGH, INDIVIDUALLY AND ON BEHALF OF HAGH LAW, PLLC

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to certain questions asked of Afsoon Hagh ("Hagh") at her deposition on May 18, 2022.

On May 18, 2022, the Trustee conducted an examination of Afsoon Hagh, individually and as the representative of Hagh Law, PLLC. The Trustee asked several questions which Ms. Hagh refused to answer, on the grounds that they violated attorney-client privilege. She refused to answer the questions despite marking the deposition

"Confidential" and despite the entry of a Protective Order by this Court on February 2, 2022. *See* Doc. 116.[1]

At this point (and for the sake of efficiency), the Trustee is only concerned with obtaining responses to one line of questions, all regarding the outcome of a lawsuit entitled *Keefer v. Vanderbilt University Medical Center* (Davidson County Circuit Court No. 19C358) (the "Keefer Matter"), in which the Debtor, Brian Cummings, Afsoon Hagh and Hagh Law, PLLC all rendered legal services. The Trustee believes that case settled, though Ms. Hagh refused to confirm that. However, the Trustee was asked to release her attorneys' lien in or about November 2021, and to allow certain funds to be transferred to the plaintiff in the Keefer Matter and to outside counsel in the Keefer Matter. The Trustee agreed to do so pursuant to an agreement with Ms. Hagh's counsel, Craig Gabbert, that Bass, Berry & Sims would retain the balance of any fees in its trust account. *See, e.g.,* emails with Mr. Gabbert, attached hereto as Exhibit 1.

That being said, Ms. Hagh has refused to confirm that the Keefer Matter was settled, the terms of any such settlement, the amount of fees generated by any such settlement, or how much (if anything) is being held by Mr. Gabbert in his firm's trust account. She has cited attorney-client privilege and/or a confidentiality agreement as grounds for her non-disclosure.

By this Motion, and pursuant to Rule 37(a)(3)(C), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7037, the Trustee requests that the Court compel

---

[1] The Trustee has not attached the deposition transcript to this Motion because Ms. Hagh asked that it be marked "Confidential". The Trustee is willing to file the transcript under seal should the Court wish to review the questions and responses referenced herein.

Ms. Hagh, individually and as a representative of Hagh Law, PLLC, to respond to the following questions, subject to the terms of the Protective Order filed in this case:

1) Was a settlement reached in the Keefer Matter?

2) If so, what were the terms of that settlement?

3) How much was paid to the plaintiff in the Keefer Matter?

4) How much was distributed to other plaintiffs' counsel (indicating name of counsel, amount distributed, and date distributed)?

5) How much, if anything, was paid to Afsoon Hagh, Brian Cummings, or any other party as reimbursement of expenses in the Keefer Matter?

6) How much was deposited into the trust account for Bass, Berry & Sims on account of the Keefer Matter?

7) How much is on deposit today in the trust account for Bass, Berry & Sims on account of the Keefer Matter?

For the reasons outlined above, the Trustee requests that the Court compel Ms. Hagh to respond to these questions that she refused to answer in her deposition on May 18, 2022. The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.

Dated: June 20, 2025

Respectfully Submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:    615.465.6008
Fax:    615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

## RULE 37 CERTIFICATION

I certify that I, in good faith, conferred or attempted to confer with Hagh's counsel in an effort to obtain discovery responses without court action. Specifically, these issues were raised at the deposition referenced herein and addressed again in correspondence dated March 26, 2025. Despite these attempts, Hagh has failed to adequately respond to the discovery as detailed in this Motion.

/s/ Phillip G. Young, Jr.

### Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
21 Platform Way, Suite 3500
Nashville, TN 37203

John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203

This 20th day of June, 2025.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.

Case 3:20-ap-90002   Doc 264   Filed 06/20/25   Entered 06/20/25 18:24:13   Desc Main
Document      Page 5 of 5