# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
)
CUMMINGS MANOOKIAN, PLLC, ) Case No. 3:19-bk-07235
    Debtor. ) Chapter 7
) Judge Walker
JEANNE ANN BURTON, TRUSTEE, )
    Plaintiff, )
)
v. )
)
HAGH LAW, PLLC; AFSOON HAGH; )
MANOOKIAN, PLLC; and FIRST- )
CITIZENS BANK & TRUST )
COMPANY, )
    Defendants. )
) Adv. Proc. No. 3:20-ap-90002

## PLAINTIFF'S MOTION TO COMPEL MARTY FITZGERALD TO APPEAR FOR DEPOSITION OR TO EXCLUDE TESTIMONY OF MARTY FITZGERALD

Pursuant to Federal Rules of Bankruptcy Procedure 7037 and 9016, and Federal Rules of Civil Procedure 37 and 45, Jeanne Ann Burton, Trustee ("Plaintiff"), hereby respectfully moves the Court to compel Marty Fitzgerald to appear for deposition or to exclude any testimony of Marty Fitzgerald at a trial of this matter. In support of this Motion, the Plaintiff states as follows:

In the early pleadings in this case and in informal discussions, as a defense to the allegations made in this matter, the Defendants indicated that the Debtor voluntarily ceased its representation of all clients late in 2018 and allegedly informed each those clients to obtain new counsel. Two such clients specifically identified were Marty and Melissa Fitzgerald; the Defendants produced letters that were allegedly sent to Mr. and Mrs. Fitzgerald notifying them that the attorney-client relationship was being terminated. Thus, the Defendants have made the testimony of Marty and Melissa Fitzgerald germane to this adversary proceeding.

Plaintiff deposed Melissa Fitzgerald on April 17, 2025, and Ms. Fitzgerald produced all documents in her possession relevant to the attorney-client relationship between the Fitzgeralds and the Debtor. [1] Plaintiff has not been afforded the opportunity to question Marty Fitzgerald on the topics related to this adversary proceeding, despite multiple attempts. Marty Fitzgerald is now evading service of any subpoena related to this case. By this Motion, Plaintiff asks the Court to either order Marty Fitzgerald to appear for deposition or, alternatively, to exclude his testimony at any trial of this matter.

It is important to frame Mr. Fitzgerald's current evasion within its total context. On December 13, 2021, Plaintiff served Marty Fitzgerald with a subpoena for the production of certain documents. On December 27, 2022, Defendant Afsoon Hagh objected to that subpoena on behalf of Mr. Fitzgerald. After not being able to reach an agreement regarding the production of documents, Plaintiff filed a Motion to Compel (Doc. 114) on February 1, 2022. The Court ultimately granted that motion and entered an order on March 28, 2022 (Doc. 143) that, among other things, required Marty Fitzgerald to produce the requested documents by April 1, 2022.

Plaintiff ultimately received certain documents that purportedly were produced by Marty Fitzgerald, though they were delivered through Defendants' counsel, and not by Mr. Fitzgerald directly. On May 5, 2022, Plaintiff filed a notice of Marty Fitzgerald's deposition scheduled for May 27, 2022 (Doc. 160). After receiving communications from Defendants' counsel requesting that the deposition be rescheduled, Plaintiff filed an amended notice resetting the deposition for June 24, 2022 (Doc. 182). Prior to the rescheduled deposition, Defendants' counsel John Spragens again objected to the subpoena issued to Marty Fitzgerald, citing most of the same objections as were previously stated by Afsoon Hagh. Mr. Fitzgerald did not appear for the June

---

[1] Marty and Melissa Fitzgerald are now divorced.

2

24, 2022 deposition, for which he had been served a subpoena. On June 30, 2022, the Trustee filed a notice with this Court notifying it of Mr. Fitzgerald's non-appearance and Mr. Spragens' email objections (Doc. 196).

On July 22, 2022, Plaintiff filed a Motion to Compel Marty Fitzgerald's attendance at a deposition (Doc. 210). The Court never ruled on this motion because of the lengthy delay caused by the Defendants' two motions to recuse Judge Walker.

Plaintiff renewed her efforts to depose Marty Fitzgerald in March 2025, by issuing a subpoena on March 27, 2025, seeking to depose Mr. Fitzgerald on April 16, 2025. A copy of this subpoena is attached as Exhibit 1. After several unsuccessful attempts to serve Mr. Fitzgerald with the March 27 subpoena, Plaintiff reissued a subpoena on May 5, 2024, seeking to depose Mr. Fitzgerald on June 12, 2025. A copy of this subpoena is attached as Exhibit 2. Numerous attempts were made to serve Mr. Fitzgerald, which included in-person visits to his home, discussions with a renter and neighbors, and leaving multiple notices of the subpoena. Those efforts are detailed in the Affidavit attached as Exhibit 3. Despite all of these efforts, Mr. Fitzgerald has never appeared for a deposition in this case and now appears to be actively avoiding service of a subpoena to testify.

Plaintiff seeks an order compelling Marty Fitzgerald to appear for deposition testimony or, alternatively, an order excluding any testimony by Marty Fitzgerald. Mr. Fitzgerald was properly served with a subpoena to testify in 2022, as detailed in the Motion to Compel filed on July 22, 2022 (Doc. 210). The Court may simply enter an order granting that Motion to Compel (which is renewed here) compelling Mr. Fitzgerald to appear for deposition. If the Court so chooses, Plaintiff would suggest that Mr. Fitzgerald be ordered to appear for a Zoom deposition on a suitable date in August 2025.

3

Alternatively, the Court may choose to enter an order excluding any testimony by Marty Fitgerald since he, with the assistance of one Defendant herein and with the assistance of counsel for the Defendants, has refused to cooperate with four subpoenas. Plaintiff has already deposed Melissa Fitzgerald and now understands how she would testify regarding what she was told about the Debtor's ongoing representation of the Fitzgeralds. Plaintiff does not need to depose Marty Fitzgerald unless the Defendants intend to call him as a witness or otherwise introduce his testimony.

This Court has repeatedly warned all counsel, in written orders and in open court, that it would consider any and all discovery sanctions at its disposal should any party be found to be uncooperative. While Marty Fitzgearld is not a party to this action, both Afsoon Hagh (a defendant) and John Spragens (counsel for defendants) have previously intervened on his behalf in objecting to subpoenas. The fact that he is now attempting to once again avoid sitting for a deposition is indicia of bad faith. Thus, it is appropriate for this Court to sanction this behavior by excluding Marty Fitzgerald's testimony and saving Plaintiff further time and fees attempting to coerce his cooperation. "[T]he Court's substantive power to sanction rests in its inherent equitable powers to 'issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of [title 11] . . . [and] take[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.'" *In re Trevino*, 564 B.R. 890, 906 (Bankr. S.D. Tex. 2017) (quoting 11 U.S.C. § 105(a)). Severe sanctions are justified when the failure to comply with a court order is due to willfulness or bad faith. *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F. 2d 1357, 1366–1367 (2d Cir. 1991) (upholding the District Court's refusal to allow a party to present evidence for their failure to produce a witness for deposition and failure to produce

4

documents in concert with court ordered subpoenas).  "To support a finding of bad faith, an individual's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings'".  *Diamond Consortium, Inc. v. Hammervold,* 386 F. Supp. 904, 915 (M.D. Tenn. 2019)[2] (quoting *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005)).  Excluding the testimony of Marty Fitzgerald is consistent with the case law and is consistent with the Court's repeated warnings against gamesmanship.

WHEREFORE, Plaintiff respectfully requests that the Court order Marty Fitzgerald to appear for a deposition in August 2025, or, alternatively, that the Court exclude any proposed testimony of Marty Fitzgerald in this matter.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Plaintiff

---

[2] Of note, the *Diamond Consortium* case involved many of the same actors as this case, including the Debtor law firm and Afsoon Hagh.  In that matter, Judge Trauger upheld certain sanctions against Ms. Hagh and her client for her client's refusal to sit for a third party deposition.

<u>**Certificate of Service**</u>

The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 20th day of June, 2025.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Counsel for Plaintiff