IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
MARTY FITZGERALD TO APPEAR FOR DEPOSITION
OR TO EXCLUDE TESTIMONY OF MARTY FITZGERALD**

Defendants, through counsel, oppose the relief requested in Plaintiff's Motion to Compel or otherwise exclude the testimony of Marty Fitzgerald.

**I.    Introduction**

In nearly five years of litigation of this matter, the Plaintiff has failed to secure the deposition of non-party Marty Fitzgerald. Contrary to its representations, this is solely the result of Plaintiff's own dilatory conduct. Marty Fitzgerald has fully complied with a properly served subpoena for production, and he appropriately objected in writing to a previously served subpoena for his deposition—an objection the Plaintiff alone elected not to press for ruling before this Court.

Instead, Plaintiff, now years later and at the eve of the expiration of a years-long discovery period, issued a new subpoena which it acknowledges it failed to serve. As a result of its own failure, the Plaintiff now seeks either (1) an order from this Court compelling Mr. Fitzgerald to appear and give deposition testimony, or (2) an order altogether excluding Mr. Fitzgerald's testimony in this action.

The first request does not address the issue. Namely, that Mr. Fitzgerald will still need to be properly served with the Order. The second request is an improper attempt at imposing a discovery sanction on these Defendants – who intend to call Mr. Fitzgerald at trial or otherwise present his testimony – for Plaintiff's own failure to effect timely service.

The Plaintiff's requests should be denied. However, if the Court determines to permit the Plaintiff to secure Mr. Fitzgerald's testimony now after the deadline has passed it should consider allowing it to occur upon written questions for the reasons explained below.

**II.    Background**

Marty Fitzgerald's testimony is germane in this case, as both parties agree, and as the Plaintiff correctly notes in its motion. Some history as to Mr. Fitzgerald's identity is in order for the benefit of this Court.

Mr. Fitzgerald is the father of Megan Fitzgerald. Megan Fitzgerald was a seventeen-year-old child who took her bicycle out for a ride hours after completing her final high school AP examinations. On that ride, she was stuck from behind by an individual driving a large pickup truck. She was life-flighted to Vanderbilt University Medical Center in a coma, and with horrific injuries, where she died in Mr. Fitzgerald's arms.

Mr. Fitzgerald is highly and appropriately sensitive about his daughter's death. In counsel's non-medical estimation, Mr. Fitzgerald suffers from what is generally recognized as

post-traumatic stress disorder from what occurred; and in Defendants' service as Mr. Fitzgerald's counsel, they witnessed his extreme anguish appearing for his own deposition in a case he brought.

However, Defendants' experience with Mr. Fitzgerald is that he is **<u>highly respectful</u>** of the law, law enforcement, and court process. He follows rules and has a sense of duty in complying with processes not present in the general populace, even when doing so causes him great personal distress. Defendants do not believe Mr. Fitzgerald is evading or has evaded any process in this case, as evidenced by his acceptance of and compliance with a prior subpoena and his objection to another within the framework of the Rules of Civil Procedure.

### III. Plaintiff's request to compel does not address the problem: their own failure to serve Mr. Fitzgerald.

Plaintiff asks this Court to compel Mr. Fitzgerald to appear for a deposition. Defendants do not object to Mr. Fitzgerald appearing for a deposition, nor have they ever, but an order compelling such a thing still must be served upon Mr. Fitzgerald, which is what the Plaintiff has identified as the central issue here.

To the extent the Court determines that issuing such an order is the appropriate response, despite Plaintiff's own failure to timely secure the deposition and the Court's warnings of the consequences of further dilatory discovery conduct, Defendants do not object. However, Defendants believe, as explained below that a more efficient means would be to secure Mr. Fitzgerald's agreement to an examination upon written questions submitted by both sides.

### IV. Plaintiff's request to exclude is an improper attempt to impose a discovery sanction upon the Defendants for Plaintiff's own dilatory conduct.

Plaintiff alternatively seeks to exclude Mr. Fitzgerald's testimony altogether. But Defendants intend to call Mr. Fitzgerald as a witness at trial or otherwise present his testimony.

Plaintiff was objectively dilatory is not securing Mr. Fitzgerald's testimony in the four plus years this matter has been in discovery. There is no suggestion that anyone – much less the Defendants – ignored a properly served subpoena; but rather Plaintiff concedes in its own affidavit that it was simply unsuccessful in its attempts to serve it (including because, as is related through hearsay in Plaintiff's affidavit, Mr. Fitzgerald was apparently not staying at the address where they repeatedly and solely attempted service). Plaintiff then seeks to exclude testimony of a non-party that they alone failed to secure as a reward for their own dilatory conduct.

That would represent a significant discovery sanction against the Defendants. There is no legal authority that Defendants can locate – and certainly none that the Plaintiff identified – that a party can exclude a non-party's testimony because that same party failed to properly serve a discovery subpoena. The request to exclude Mr. Fitzgerald's testimony is an improper attempt at imposing a discovery sanction and should be denied.

**V.     Defendants' proposed solution.**

Defendants propose that the parties conduct Mr. Fitzgerald's deposition by agreement upon written questions served by the parties. The parties can agree in advance to the parameters, and given the limited nature of topics to be addressed, may be able to submit a joint list of questions to be answered under oath. This manner addresses the concerns about the impact on the non-party while allowing the necessary testimony to be secured fairly and in a balanced manner by all parties.

**VI.     Conclusion**

For the reasons above, the Court should deny the request to exclude Mr. Fitzgerald's germane testimony. Defendants respectfully request that Plaintiff and the Court consider the benefit to the parties and Mr. Fitzgerald in conducting any deposition by written questions,

particularly if Mr. Fitzgerald will agree to the same and help avoid any further motion practice that might arise by Mr. Fitzgerald if he were otherwise served with a subpoena or order.

Date: July 7, 2025                                   Respectfully submitted,


*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed July 7, 2025 and served electronically upon all parties as indicated on the receipt issued by the Court's electronic filing system:

Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615.465.6008
Fax: 615.807.3048
Email: phillip@thompsonburton.com

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
21 Platform Way, Suite 3500
Nashville, TN 37203

                                                                  */s/ John Spragens*