IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

### TRUSTEE'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL MARTY FITZGERALD TO APPEAR FOR DEPOSITION OR TO EXCLUDE TESTIMONY OF MARTY FITZGERALD

Pursuant to the Court's pretrial order in this matter, the Trustee submits this reply to the Defendants' Response to Plaintiff's Motion to Compel Marty Fitzgerald to Appear for Deposition or to Exclude Testimony of Marty Fitzgerald (Doc. 272) (the "Response").

The Response rests on incorrect facts and faulty logic. First, the Response incorrectly states that Marty Fitzgerald, the subject of the motion, was never served with a subpoena for his testimony. In fact, as detailed in the Plaintiff's Motion to Compel Marty Fitzgerald to Appear for Deposition or to Exclude Testimony of Marty Fitzgerald (Doc. 266) ("Motion"), the Trustee successfully served a subpoena for Mr. Fitzgerald's testimony in 2022, to which Mr. Spragens objected. A motion to compel him to appear for testimony was filed on July 22, 2022 (Doc. 210), but was never ruled upon due to the lengthy delay

caused by the two motions to recuse filed by the Defendants. Instead of immediately renewing the 2022 motion to compel, the Trustee took the more practical route by filing a new subpoena for Mr. Fitzgerald's testimony. As the Court can ascertain from the factual recitation in the Motion and affidavit attached thereto, the Trustee has taken all reasonable steps to re-serve Mr. Fitzgerald to no avail.

This Court may choose to rule on the Trustee's July 22, 2022, motion to compel since a subpoena was properly served on Mr. Fitzgerald then, as noted in Mr. Spragens' objection on his behalf. Choosing to rule on the 2022 motion to compel, and to compel Mr. Fitzgerald to appear for deposition, would moot any process concerns raised in the Response. Therefore, the Court has procedural grounds to order Mr. Fitzgerald to appear for a deposition despite the Response's contrary claims.

Not only is the Response's foundation built upon incorrect facts, it is based upon faulty logic. The Response alleges that Mr. Fitzgerald is emotionally unable to give live testimony.[1] The Defendants' proposed solution is to permit the Trustee to submit written questions for Mr. Fitzgerald to respond to in writing.[2] However, in the same Response, the Defendants affirmatively state that they plan to call him as a live witness in Court. If a deposition (to be taken by Zoom so that Mr. Fitzgerald could be in comfortable surroundings) is too emotionally difficult for Mr. Fitzgerald, how would live testimony in a courtroom before a federal judge be less difficult? This defies logic.

---

[1] The Trustee is very mindful and respectful of the tragic situation that underlies Mr. Fitzgerald's testimony, just as she was respectful of Melissa Fitzgerald when she sat for a deposition in April.

[2] This raises the question of how the Defendants propose to get Mr. Fitzgerald to respond to written questions when he has refused to respond to subpoena service attempts.

The Trustee has offered a solution if indeed discussion of this topic is too painful for Mr. Fitzgerald – the Trustee is willing to forego the deposition if the Defendants are not permitted to call him as a witness. However, if the Defendants are intent on calling Mr. Fitzgerald as a witness, the Trustee is entitled to depose him and ask the questions she wants to ask, observe his demeanor, and get an overall sense of how he would testify.

The Court's prior, repeated warnings of sanctions and the case law cited in the Motion give this Court more than adequate justification for the issuance of severe sanctions. The Trustee would submit that the Court should consider barring testimony of Mr. Fitzgerald as such a sanction; according to the Defendants, that is also apparently in the best interest of Mr. Fitzgerald's emotional wellbeing.

WHEREFORE, the Trustee respectfully requests that the Court order Marty Fitzgerald to appear for a deposition in August 2025, or, alternatively, that the Court exclude any proposed testimony of Marty Fitzgerald in this matter.

Dated: July 10, 2025

        Respectfully Submitted,

        */s/ Phillip G. Young, Jr.*
        Phillip G. Young, Jr.
        Thompson Burton PLLC
        One Franklin Park
        6100 Tower Circle, Suite 200
        Franklin, TN 37067
        Tel:   615.465.6008
        Fax:  615.807.3048
        Email: phillip@thompsonburton.com

        Special Counsel to Trustee

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
21 Platform Way, Suite 3500
Nashville, TN 37203

John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203

This 10th day of July, 2025.

> */s/ Phillip G. Young, Jr.*
> Phillip G. Young, Jr.