**SO ORDERED.**
**SIGNED 21st day of July, 2025**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



**Charles M. Walker**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| | ) |
| Jeanne Ann Burton, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. Proc. 3:20-ap-90002 |
| | ) |
| Hagh Law, PLLC, Afsoon Hagh, Manookian, PLLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING THE TRUSTEE'S MOTIONS TO COMPEL (2)**
**AS TO THE DEFENDANTS, DENYING THE MOTION AS TO MARTY FITZGERALD**
**AND SETTING PRETRIAL CONFERENCE**

The Court has reviewed the Trustee's Motions to Compel and the Responses of the

Defendants. The Court has not read nor considered the Replies of the Trustee (ECF 273, 274,

275) as they were filed in violation of this Court's order dated June 24, 2025, requiring those

Replies to be filed by noon on July 10, 2025.

1

Considering the filings and pursuant to this Court's Orders dated April 14, 2022, and April 28, 2025, containing admonitions and instructions as to the administration and litigation of this case, the Court finds and rules as follows:

First, the Trustee's Motion to Compel Discovery Responses from Afsoon Hagh, Individually and on behalf of Hagh Law, PLLC (ECF 264) is GRANTED. Ms. Hagh has until July 25, 2025, to provide complete responses to the questions set forth in the Trustee's motion subject to the applicable protective order. Failure to comply with this order will result in a rule to show cause wherein the Court may impose litigation sanctions and/or monetary sanctions.

As for this motion, pursuant to the Court's orders previously referenced, this Court is prepared to exercise its discretion in the imposition of discovery sanctions. Therefore, the attorney for the Trustee is to provide an affidavit as to the services and attorney fees associated with the prosecution of this motion. Not to be included in the charges are those related to the associated Reply (ECF 264) as it is not a part of this proceeding. There has been a protective order in place for over three years that safeguards Ms. Hagh and addresses her concerns regarding this discovery request. Three years is more than enough time to answer seven questions. As the Court has previously noted, failures to disclose, willful concealment of relevant information, gamesmanship, etc. will not be tolerated. The Defendant's assertion that "other than one letter" the Trustee made no effort to confer is ridiculous. The Trustee should not have to send letter after letter, file numerous motions and wait several years for discovery.

Second, the Trustee's Renewed Motion to Compel Discovery Responses from Manookian PLLC. (ECF 265) is GRANTED. Manookian Law, PLLC has until July 25, 2025, to provide a complete response to Interrogatory 5 and specifically identify the percentage or dollar amount to which Manookian, PLLC alleges it is entitled regarding fees generated by the

2

*Fitzgerald/Shoemaker* matters. The Defendant's response is an attempt to skew the request. The question does not ask if Manookian PLLC alleges that Cummings Manookian PLLC owes it money. It is if Manookian PLLC alleges a claim to any fees generated by the *Fitzgerald/Shoemaker* matters. The Defendant shall answer the question that was asked over three years ago and answer it properly according to the rules and law. The attorney for the Trustee is to submit an affidavit as to the fees associated with this Motion and do not include fees for the Reply (ECF 265).

Third, the Trustee's Motion to Compel Marty Fitzgerald to Appear for Deposition or to Exclude Testimony of Marty Fitzgerald (ECF 266) is DENIED WITHOUT PREJUDICE to the extent that it seeks his appearance without service or exclusion of his testimony. The Court will extend the discovery deadline only as to Mr. Fitzgerald considering the proof the Trustee tendered with the motion showing the numerous attempts at service. The Trustee has until August 20, 2025, to effectuate service on Mr. Fitzgerald. Although it may appear that he is evading service, the Court will give him one last chance to schedule a deposition once served. Given that the Trustee is interested in the logistics of the matter and not in details that may be painful, the Court orders that he comply with the subpoena or face the usual and customary consequences for such behavior. The request for exclusion of testimony is premature at this juncture. That is a motion to be taken *in limine*.

Therefore, IT IS HEREBY ORDERED that

1) The Trustee's Motion to Compel as to Afsoon Hagh and Hagh Law is GRANTED, and the Trustee is awarded reasonable attorney's fees subject to further order of this Court.

2) The Trustee's Motion to Compel as to Manookian PLLC is GRANTED and the Trustee is awarded reasonable attorney's fees subject to further order of this Court.

3

3) The Motion to Compel Marty Fitzgerald to Appear for Deposition is DENIED as to the request that he be required to appear without proper service of a subpoena. The request for attorney's fees as to this motion is DENIED.

4) The discovery deadline exclusively for Marty Fitzgerald is August 20, 2025, and Mr. Fitzgerald is ordered to comply with any properly served subpoena.

5) The PreTrial Conference in this matter is continued to September 10, 2025, at 11:15 am.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE***

4