# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
|     Debtor. | ) Chapter 7 |
| | ) Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST | ) |
| COMPANY, | ) |
|     Defendants. | ) |
| | ) Adv. Proc. No. 3:20-ap-90002 |

## TRUSTEE'S MOTION FOR CONTEMPT
## OF A PRIOR COURT ORDER AND FOR SANCTIONS

Comes now Jeanne Ann Burton, Chapter 7 Trustee herein (the "Trustee") and files this *Trustee's Motion for Contempt of a Prior Court Order and for Sanctions* (the "Motion") against the Defendants Hagh Law, PLLC ("Hagh Law"), Afsoon Hagh ("Hagh"), and Manookian, PLLC ("Manookian Law"). In support of the Motion, the Trustee shows this Court as follows:

1. This adversary proceeding was initiated on January 8, 2020, with the filing of the Trustee's Complaint in this matter. Five and a half years later, the Trustee is still seeking adequate responses to certain discovery requests.

2. On June 20, 2025, the Trustee filed her Motion to Compel Discovery Responses from Afsoon Hagh, Individually and on Behalf of Hagh Law, PLLC (Doc. 264) (the "Hagh Motion"). On the same date, the Trustee filed her Renewed Motion to Compel Discovery Responses from Manookian, PLLC (Doc. 265) (the "Manookian Motion").

3.      Hagh Law and Hagh filed a response to the Hagh Motion.  Manookian Law filed a response to the Manookian Motion.  The Court heard both motions on July 16, 2025, at which time it announced an oral rule granting both the Hagh Motion and the Manookian Motion.

4.      On July 21, 2025, the Court entered an Order Granting the Trustee's Motion to Compel (2) as to the Defendants, Denying the Motion as to Marty Fitzgerald, and Setting Pretrial Conference (Doc. 278) (the "Order").  In granting the Hagh Motion, the Order provided, in part: "Ms. Hagh has until July 25, 2025, to provide complete responses to the questions set forth in the Trustee's motion subject to the applicable protective order.  Failure to comply with this order will result in a rule to show cause wherein the Court may impose litigation sanctions and/or monetary sanctions."  In granting the Manookian Motion, the Order provided, in part:  "Manookian Law, PLLC has until July 25, 2025, to provide a complete response to Interrogatory 5 and specifically identify the percentage or dollar amount to which Manookian, PLLC alleges it is entitled regarding fees generated by the *Fitzgerald/Shoemaker* matters."

5.      At 1:14 p.m. on Friday, July 25, 2025 (the last day on which discovery responses were due), John Spragens, attorney for the Defendants, emailed special counsel for the Trustee asking (1) "for word copies of the requests we were ordered to supplement," and (2) for "a one-business day extension" so as to serve the "supplemental discovery responses on Monday."  A true and correct copy of this email, redacted pursuant to FRE 408, is attached hereto as Exhibit 1.

6.      None of the Defendants produced the Court-ordered discovery responses by Friday, July 25, 2025.  None of the Defendants produced the Court-ordered discovery responses by the requested extension date, Monday, July 28, 2025.  On Tuesday, July 29, 2025, John Spragens indicated in an email that, "[w]hen we didn't hear from you Friday they" (presumably Ms. Hagh and Mr. Manookian), "went ahead and finished the responses themselves and mailed from

Florida." As of the date of this Motion, the Trustee has received no supplemental discovery responses from the Defendants.

7. "To hold a party liable for civil contempt, movant must prove the following: (1) the party violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct—*i.e.*, no objectively reasonably basis for concluding the party's conduct might be lawful." *In re Seeback*, 2024 Bankr. LEXIS 929, FN 16 (Bankr. W.D. Tenn. 2024) (citing *In re City of Detroit, Michigan*, 614 B.R. 255, 265-66 (Bankr. E.D. Mich. 2020); *Taggart v. Lorenzen*, 587 U.S. 554 (2019)).

8. In this case, all three elements for civil contempt of court are met. First, the Order was definite and specific; it was a written order that required Hagh, Hagh Law, and Manookian Law to answer specific discovery questions by July 25, 2025. The Defendants clearly violated that Order by not supplementing their discovery responses by July 25, 2025.

9. Second, the Defendants' counsel had knowledge of the Order. Both John Spragens and Craig Gabbert were present in the courtroom on July 16, 2025, for the hearing. This Court's ECF records indicate that both Mr. Spragens and Mr. Gabbert were served with copies of the Order. Mr. Spragens' July 25, 2025, email also indicates that he was aware that responses were due by July 25, 2025.

10. Finally, there is no objectively reasonable basis for concluding that the Defendants' failure to provide the Court-ordered responses was permissible or lawful. The Trustee even waited until after the extension requested by the Defendants to file this Motion, to give the Defendants every benefit of the doubt.

11.     The Defendants' actions are without excuse.  The Trustee seeks to have the Court hold Defendants Hagh, Hagh Law, and Manookian Law in contempt of the Order and to issue sanctions against them as the Court deems appropriate.

WHEREFORE, the Trustee respectfully requests that this Court hold Hagh, Hagh Law, and Manookian Law in contempt of this Court,  issue the appropriate sanctions against them, and grant such other relief that may be appropriate.

DATED: July 30, 2025

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel.  (615) 465-6008
E-mail:  phillip@thompsonburton.com

Special Counsel to Trustee

Certificate of Service

The undersigned hereby certifies that a copy of this Motion was served on all parties having filed notice in this adversary proceeding via the Court's electronic case filing system, including counsel for the Defendants, John Spragens and Craig Gabbert, this the 30th  day of July, 2025.

/s/ Phillip G. Young