IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **RALPH TURNER CASEY**, | |
| Plaintiff, | |
| v. | No. 2:24-cv-02660-SHL-tmp |
| **CATHOLIC DIOCESE OF MEMPHIS** and **SACRED HEART CATHOLIC CHURCH**, | **Chief Judge Sheryl H. Lipman** **Chief Magistrate Judge Tu M. Pham** |
| Defendants. | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS

Plaintiff Ralph Turner Casey ("Plaintiff" or "Mr. Casey") hereby responds in opposition to Defendants Catholic Diocese of Memphis and Sacred Heart Catholic Church's ("Defendants") motion for sanctions. In support thereof, Mr. Casey states as follows:

1. Plaintiff's Complaint alleges that "On or shortly after October 17, 2023, after the publication of an article in which Plaintiff discussed his own abuse at the hands of Father Joel Wiggs, multiple other people contacted Plaintiff to inform him about ***other survivors of abuse*** by Wiggs." (Complaint, ¶ 38 (emphasis added).)

2. On March 3, 2025, Defendants propounded Interrogatory No. 8, which asked (in pertinent part) Plaintiff to identify "all persons who contacted you on or after October 17, 2023 and informed you that ***they had also been abused*** by Wiggs, as alleged in Paragraph 38 of the Complaint." Defendants' Mem. in Support of Mot. to Compel (Dkt. 39-1) at 6 (emphasis added).

3. Plaintiff was not contacted by anyone on or after October 17, 2023, who stated that he, she, or they "had also been abused by Wiggs," and could have responded "None" on

1

that basis. Nevertheless, Plaintiff endeavored to provide information beyond the strict scope of the interrogatory, disclosing that at least two individuals had contacted him regarding known or suspected abuse by Wiggs.

4. Due to Plaintiff's promise of confidentiality, he felt compelled to refrain from providing further information about the allegations of abuse disclosed to him by these individuals—allegations that are plainly *beyond the scope* of Defendants' interrogatory, which only seeks the identities of persons who "informed [Plaintiff] that they had also been abused." *Id.*

5. Defendants moved to compel a more fulsome response to the interrogatory, which led Plaintiff to search his conscience and determine what further information could be provided, given Plaintiff's promise of confidentiality to those who contacted him—particularly in light of the fact that this information was not responsive to Defendants' interrogatory by its plain terms. Plaintiff was further concerned that Defendants and/or their agents would contact the family members of abuse victims and disclose to them for the first time that their loved ones (whether living or deceased) had reportedly been sexually abused by a trusted Catholic priest.

6. After a hearing, this Court entered a Protective Order intended to protect third parties' confidentiality while giving Defendants access to certain information. (*See* Dkt. 46, 47.)

7. Plaintiff continued to search his conscience and determine what additional information could be provided in discovery. During this process, Plaintiff and lead counsel Andrew Janet developed a conflict that led Mr. Janet to move to withdraw from the case, a withdrawal Plaintiff supports. Undersigned counsel has remained in the case, and after a hearing before Chief Judge Lipman (Dkt. 55), Plaintiff continues to seek additional counsel to

represent him in the case.

8. On August 6, 2025, Plaintiff served a supplemental response to Interrogatory No. 8, in which he disclosed the identity of three individuals (two of whom had previously and timely been disclosed to Defendants) who contacted him on or after October 17, 2023, relaying allegations of abuse against four known individuals (and an unknown number of other unidentified individuals), as well as a report of abuse reportedly made to the Diocese of Memphis by a now-deceased Catholic priest. By agreement of counsel and pursuant to the terms of the Court's Protective Order, all the names disclosed therein are confidential "Protected Persons" subject to the Protective Order.

9. All of the information provided in Plaintiff's supplemental response to Interrogatory No. 8 goes beyond the scope of the plain language of the Interrogatory—which seeks only the identities of individuals who told Plaintiff "that they had also been abused by Wiggs"—but attempts to satisfy the spirit of Defendants' question by disclosing highly confidential, deeply personal, and potentially family-shattering information about third parties, information that Plaintiff received on or after October 17, 2023.

10. The "extreme sanction" of dismissal, *Peltz v. Moretti*, 292 Fed. App'x. 475, 480 (6th Cir. 2008) (citation omitted), is "appropriate only if . . . no alternative sanction would protect the integrity of the pretrial process." *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 492 (E.D. Mich. 2020) (quoting *Mulbah v. Detroit Board of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001) (citation omitted)) (emphasis omitted). Before dismissal is granted as a discovery sanction, "clear notice" must be given, and "lesser sanctions must be imposed or considered before the harsh sanction of dismissal or default is imposed." *Peltz*, 292 Fed. App'x at 480 (citation and internal quotation marks omitted).

11. Here, Plaintiff's delay in providing information in discovery was not willful; it

was the result of a good-faith examination of Plaintiff's conscience about deeply personal information disclosed to him by third parties, motivated by his sincere concern that sexual abuse victims' secrets would be involuntarily disclosed to their loved ones. Moreover, the response Defendants sought to compel—for which they now seek the "extreme sanction" of dismissal—was ***not even responsive to their discovery request*** as it did not pertain to individuals who contacted Plaintiff to tell him that "they had also been abused by Wiggs."[1] Plaintiff has never withheld information responsive to this interrogatory; rather, Plaintiff has exceeded his discovery obligations by providing information beyond the scope of Interrogatory No. 8.

12. Accordingly, and with Plaintiff's apologies for the delay in complying with the Court's Order to supplement his discovery responses given the withdrawal of counsel, Plaintiff has now fully and completely answered Interrogatory No. 8, going well beyond the letter of the request and providing all information known to him about third parties who did not—and in multiple cases, could not have—contacted him to describe their abuse.

## **CONCLUSION**

For the foregoing reasons, Mr. Casey respectfully requests that this Court deny Defendants' motion for sanctions.

---

[1] Sadly, multiple of the individuals whose identities are disclosed are now dead—including one man who died of suicide and another whose death was related to substance abuse.

Dated: August 6, 2025							Respectfully submitted,

							<u>*/s/ John Spragens*</u>
							John Spragens
							SPRAGENS LAW PLC
							915 Rep. John Lewis Way S., Suite 100
							Nashville, TN 37203
							P: (615) 983-8900
							F: (615) 682-8533
							john@spragenslaw.com

							*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2025, a copy of the foregoing Response in Opposition to Motion for Sanctions was served via CM/ECF upon the below counsel:

Robert L. Hutton (#15496)
GLANKLER BROWN
6000 Poplar Ave., Suite 400
Memphis, TN 38119
Phone: (901) 525-1322
rhutton@glankler.com

Andrew S. Janet
JANET, JANET & SUGGS, LLC
Executive Centre at Hooks Lane 4
Reservoir Circle, Suite 200
Baltimore, MD 21208
asjanet@jjsjustice.com

/s/ John Spragens
John Spragens