IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH;<br>and MANOOKIAN PLLC,<br><br>    Defendants. | Case No, 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br>Adv. Proc. No. 3:20-ap-90002 |

**DEFENDANTS HAGH LAW, AFSOON HAGH, AND MANOOKIAN PLLC'S
RESPONSE TO TRUSTEE'S MOTION FOR CONTEMPT**

Defendants, through counsel, respond as follows in opposition to Plaintiff's Motion for Contempt.

1. On July 30, 2025, the Trustee filed a motion seeking to hold Defendants in contempt for purportedly failing to provide discovery responses previously ordered by the Court. The Trustee alleged the responses were due by July 25, 2025 and that Defendants had not provided the responses by the requested extension date, one business day later on July 28, 2025.

2. In fact, Defendants had already mailed complete discovery responses to the Trustee at the time of the Trustee's filing, and had done so by the requested extension date. Rather than

1

Case 3:20-ap-90002    Doc 289    Filed 08/13/25    Entered 08/13/25 22:12:33    Desc Main
Document    Page 1 of 3

simply email Defendants' counsel and inquire about the status of the responses, the Trustee prematurely filed a contempt motion.

3. On August 4, 2025, the Trustee filed a supplemental memorandum acknowledging that she had received "adequate responses to the outstanding discovery responses via United States Mail. The responses were… signed on July 28, 2025 and postmarked on July 29, 2925 from Santa Rosa, Florida." The Trustee reiterated that the responses were complete.

4. Defendants were in Seaside, Florida on vacation at the time. Their counsel was on vacation in northern Michigan. In order to provide signed verification pages to the discovery, Defendants printed, executed, and mailed the complete discovery from Florida by the requested extension date. Trustee promptly received the complete discovery via US Mail as she later acknowledged.

5. The Trustee does not appear to be seeking any type of sanction or contempt at this point, nor does her initial filing comport with the requirements to do the same. Likewise, the purpose of civil contempt is to force a party presently in contempt to come into compliance with a court order. The Defendants in this case are in compliance.

6. Criminal contempt is the manner in which a party may be punished for failure to abide by a past order. No party has sought a finding of criminal contempt, nor have the procedural requirements, such as appointing a government prosecutor, been attempted or fulfilled.

7. For the above reasons, and given the Trustee's acknowledgement, the Defendants request the Court withdraw its Show Cause order requiring them to appear in person on August 20, 2025 and strike the hearing on the matter.

Date:   August 13, 2025                              Respectfully submitted,


                                                     */s/ John Spragens*
                                                     John Spragens (TN Bar No. 31445)
                                                     Spragens Law PLC
                                                     915 Rep. John Lewis Way S., Suite 100
                                                     Nashville, TN 37203
                                                     T: (615) 983-8900
                                                     F: (615) 682-8533
                                                     john@spragenslaw.com

                                                     *Attorney for Defendants*


## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing was filed August 13, 2025 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


                                                      */s/ John Spragens*

3

Case 3:20-ap-90002   Doc 289   Filed 08/13/25   Entered 08/13/25 22:12:33   Desc Main
                       Document      Page 3 of 3