# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CUMMINGS MANOOKIAN, PLLC, ) | Case No. 3:19-bk-07235 |
|     Debtor. ) | Chapter 7 |
| ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HAGH LAW, PLLC; AFSOON HAGH; ) | |
| MANOOKIAN, PLLC; and FIRST- ) | |
| CITIZENS BANK & TRUST ) | |
| COMPANY, ) | |
|     Defendants. ) | |
| ) | Adv. Proc. No. 3:20-ap-90002 |

## TRUSTEE'S SECOND MOTION FOR CONTEMPT
## OF A PRIOR COURT ORDER AND FOR SANCTIONS

Comes now Jeanne Ann Burton, Chapter 7 Trustee herein (the "Trustee") and files this *Trustee's Second Motion for Contempt of a Prior Court Order and for Sanctions* (the "Motion")[1] against the Defendants Hagh Law, PLLC ("Hagh Law"), Afsoon Hagh ("Hagh"), and Manookian, PLLC ("Manookian Law"). In support of the Motion, the Trustee shows this Court as follows:

    1.    This adversary proceeding was initiated on January 8, 2020, with the filing of the Trustee's Complaint in this matter.

    2.    On June 20, 2025, the Trustee filed her Motion to Compel Discovery Responses from Afsoon Hagh, Individually and on Behalf of Hagh Law, PLLC (Doc. 264) (the "Hagh

---

[1] The Trustee also filed a motion for contempt on July 30, 2025. That motion concerns a different Court order that the Defendants violated. That matter is set for hearing on August 20, 2025, *see* Doc. No. 284.

Motion"). On the same date, the Trustee filed her Renewed Motion to Compel Discovery Responses from Manookian, PLLC (Doc. 265) (the "Manookian Motion").

3. Hagh Law and Hagh filed a response to the Hagh Motion. Manookian Law filed a response to the Manookian Motion. The Court heard both motions on July 16, 2025, at which time it announced an oral rule granting both the Hagh Motion and the Manookian Motion.

4. At the July 16, 2025 hearing, the Court asked Plaintiff's counsel to submit an affidavit outlining certain fees expended pursuing the two motions to compel. Plaintiff's counsel filed the Affidavit of Phillip G. Young, Jr. Regarding Fees Associated with Motions to Compel Discovery Responses (Doc. 277) (the "Affidavit") on July 21, 2025.

5. The Court reduced its oral ruling to a written order on July 21, 2025, by filing its Order Granting the Trustee's Motions to Compel (2) as to the Defendants, Denying the Motion as to Marty Fitzgerald and Setting Pretrial Conference (Doc. 278). On August 8, 2025, the Court entered an Order Awarding and Implementing Sanctions Pursuant to this Court's Order of July 21, 2025 (Doc. 283) (the "Sanctions Order"). The Sanctions Order directed Plaintiff's counsel to serve the Sanctions Order on the Defendants, at specific addresses. This was accomplished on August 8, 2025. *See* Certificate of Service at Doc. 285.

6. The Sanctions Order provided, in part:

- "Afsoon Hagh and Hagh Law, PLLC are sanctioned $2,760.00, payable to Thompson Burton, PLLC."

- "Manookian, PLLC is sanctioned in the amount of $2,185.00 payable to Thompson Burton, PLLC."

- "Payments pursuant to [the paragraphs above] are to be made in full directly to Phillip G. Young, Jr., Thompson Burton, PLLC, One Franklin Park, 6100 Tower Circle, Suite 200,

Franklin, Tennessee 37067 and received at that address no later than <u>August 14, 2025</u>." (emphasis in the original).

7. None of the Defendants tendered the Court-ordered payments to undersigned counsel by August 14, 2025. As of the date and time of this Motion, undersigned counsel has received no payments from any of the Defendants.

8. "To hold a party liable for civil contempt, movant must prove the following: (1) the party violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct—*i.e.*, no objectively reasonably basis for concluding the party's conduct might be lawful." *In re Seeback*, 2024 Bankr. LEXIS 929, FN 16 (Bankr. W.D. Tenn. 2024) (citing *In re City of Detroit, Michigan*, 614 B.R. 255, 265-66 (Bankr. E.D. Mich. 2020); *Taggart v. Lorenzen*, 587 U.S. 554 (2019)).

9. In this case, like in the case of the prior order that was violated by the Defendants, all three elements for civil contempt of court are met. First, the Order was definite and specific; it was a written order that required Hagh, Hagh Law, and Manookian Law to tender funds at a specific address by August 14, 2025. The Defendants clearly violated that Order by not making the required payments by August 14, 2025.

10. Second, the Defendants and their counsel had knowledge of the Order. Plaintiff's counsel served the Sanctions Order by United States Mail pursuant to the Court's order. This Court's ECF records indicate that both John Spragens and Craig Gabbert, who represent the Defendants, were served with copies of the Sanction Order.

11. Finally, there is no objectively reasonable basis for concluding that the Defendants' failure to provide the Court-ordered payments was permissible or lawful.

12. The Defendants' actions are without excuse. They seem to be openly defying this Court's orders. The Trustee seeks to have the Court hold Defendants Hagh, Hagh Law, and Manookian Law in contempt of the Order and to issue sanctions against them as the Court deems appropriate.

WHEREFORE, the Trustee respectfully requests that this Court hold Hagh, Hagh Law, and Manookian Law in contempt of this Court, issue the appropriate sanctions against them, and grant such other relief that may be appropriate.

DATED: August 15, 2025

                                              Respectfully submitted,

                                              /s/ Phillip G. Young, Jr.
                                              Phillip G. Young, Jr.
                                              Thompson Burton, PLLC
                                              6100 Tower Circle, Suite 200
                                              Franklin, Tennessee 37067
                                              Tel. (615) 465-6008
                                              E-mail: phillip@thompsonburton.com

                                              Special Counsel to Trustee

## Certificate of Service

The undersigned hereby certifies that a copy of this Motion was served on all parties having filed notice in this adversary proceeding via the Court's electronic case filing system, including counsel for the Defendants, John Spragens and Craig Gabbert, this the 15th day of August, 2025.

                                              /s/ Phillip G. Young