SO ORDERED.
SIGNED 20th day of August, 2025

Charles M. Walker
U.S. Bankruptcy Judge

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor. | ) |
| | ) |
| Jeanne Ann Burton, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. Proc. 3:20-ap-90002 |
| | ) |
| Hagh Law, PLLC, Afsoon Hagh, Manookian, PLLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER GRANTING TRUSTEE'S MOTIONS FOR CONTEMPT AND SANCTIONS

This matter is before the Court on the Orders for *Rule to Show Cause* issued to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC (ECF 284 and 292), as well as the Trustee's *Motion for Contempt of a Prior Court Order and For Sanctions* (ECF 280) and the Trustee's *Second Motion for Contempt of a Prior Court Order and for Sanctions* (ECF 290). The Defendants have filed *Responses* at ECF 288 and 289, and the matter is now postured for ruling.

1

Background

On July 21, 2025, this Court entered an *Order Granting the Trustee's Motions to Compel*[1] (ECF 278) wherein the Court ordered, in relevant part, that the Defendants, Afsoon Hagh, individually, Hagh Law, PLLC, and Manookian Law, PLLC, comply with certain discovery requests of the Trustee by July 25, 2025.[2] On July 30, 2025, the Trustee filed her first *Motion for Contempt* alleging that the Defendants, one and all, failed to comply with the July 21, 2025 Order as no submissions per the Trustee's discovery requests were tendered by any of the Defendants by the July 25, 2025, deadline.

On August 4, 2025, the Trustee filed her *Supplement to Motion for Contempt* (ECF 282) advising the Court that the discovery responses were received via U.S. Mail postmarked July 29, 2025. On August 8, 2025, the Court entered an *Order for Rule to Show Cause* (ECF 284) requiring the Defendants to appear and show cause why they should not be held in contempt.

On August 15, 2025, the Trustee filed her *Second Motion for Contempt and Sanctions* (ECF 290) citing to the Defendants failure to comply with this Court's August 8, 2025 *Order Awarding and Implementing Sanctions* (ECF 283) requiring the Defendants to pay sanctions in the form of attorney's fees by August 14, 2025. Consequently, this Court entered its *Order for Rule to Show Cause* (ECF 292) requiring the Defendants to appear and show cause why they should not be held in contempt.

---

[1] The Order also Denied the Trustee's requests with regard to Marty Fitzgerald, but those provisions are not relevant here.
[2] The July 21, 2025, Order incorporated two previous orders of this Court issued on April 14, 2022, and April 28, 2025 (ECF 149 and 260), respectively. Those orders contained clear and specific notice that any attempt to vexatiously and unreasonably delay or hinder the progression of this case will be met with sanctions of some measure – either monetary and/or litigatory. The Orders also included a clear description of the imposition of sanctions for failure to comply with orders of this Court.

On August 19, 2025, the Trustee filed her *Supplement to her Second Motion for Sanctions* (ECF 294) informing the Court that the Defendants made the required payment on August 19, 2025, at 2:00 pm. That would be yesterday, the day before this hearing at 2:00 in the afternoon. Eleven days after the Order of August 8, 2025, requiring the payment by August 14, 2025, and in obvious disregard for the provisions of this Court's Order.

In the initial response on behalf of all Defendants (ECF 288), counsel appeared to be explaining his client's non-performance as to discovery requests in a case in the Western District of Tennessee. Although the subject matter was uncannily similar to the issue here, the filing was irrelevant to this case.

In their Corrected Response (ECF 289), the Defendants state that the Trustee "alleged" the responses were due by July 25, 2025, and on that date Defendants' counsel requested an extension from the Trustee. Let me clear something up for the record, I *ordered* the responses be tendered by July 25, 2025. Not July 28, 2025, or July 30, 2025. My order stated July 25, 2025.

Moreover, as I have made clear several times, there will be no agreements to override provisions of an Order of this Court. You cannot agree your way out of an Order. For that matter, the Trustee did not agree to an extension anyway, so there was no reason to believe in good faith that putting the discovery in the mail three days after the deadline was not contempt. It absolutely was.

The Defendants now argue that contempt is not appropriate because the Defendants only had four days to gather the required information. Let me clear the record on that account: the July 21, 2025, Order was entered granting motions to compel regarding information requested three years ago with respect to Afsoon Hagh and Hagh Law, and nearly five years ago with

3

Case 3:20-ap-90002    Doc 295    Filed 08/20/25    Entered 08/20/25 17:47:35    Desc Main
Document    Page 3 of 8

regard to Manookian, PLLC. The Motions to compel were filed in June, a full month prior to entry of the July 21, 2025, Order.

Defendants' counsel also insists that contempt is not appropriate because the Defendants complied within a few days of the Ordered deadlines. There is not a "sort of" for purposes of contempt of these Orders. The Orders did not say to tender the discovery or sanction payments "within a few days of" or "when you feel like it." There were definitive dates by which to comply. Therefore, contempt occurred at 12:01 am on July 25, 2025, for the July 21, 2025, Order, and at 12:01 am on August 15, 2025, with respect to the August 8, 2025, Order because the Defendants had not complied by that time.

Analysis

The legal definition of an Order is: a command, direction, or instruction; mandate; a written direction or command authoritatively given. See *Black's Law Dictionary* (12th ed. 2024). The parties here are all lawyers. This proceeding is about lawyers and conducted by lawyers. Therefore, the parties are well aware of the effect of an Order.

Bankruptcy courts have wide discretion when tailoring an effective remedy to obtain compliance. Monetary sanctions are the starting point when "encouraging" a party's fulfilment of obligations imposed by Order of court. Those sanctions are imposed to elicit compliance. If, however, further imposition of monetary sanctions or enhanced monetary sanctions does not result in immediate and full compliance within a short window, the Court will have to move onto other "inspiring" measures such as that used by many bankruptcy courts, particularly when there has been a history of noncompliance – that is incarceration, as Judge Sontchi explained in *In re Vaso Active Pharmaceuticals, Inc.*, 524 BR 416 (Bankr. D. Del. 2014).

In *U.S. v. Bayshore Associates*, 934 F.2d 1391(1991), the 6th Circuit discussed the difference between civil and criminal contempt. To explain it as simply as possible, let me refer as they did to the Supreme Courts explanation in *Hicks v. Feiok*, 485 US 624 (1988) "[t]he critical feature that determines whether a remedy is civil or criminal in nature is not when or whether the contemnor is physically required to set foot in a jail but whether the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order." So, you see, if there is habitual failure to comply with the orders of this court imposing sanctions, this court is vested with contempt powers to coerce compliance and/or to compensate the other party for costs or losses sustained.

Section 105 states that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. This provision "supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code." *In re Vaso Active Pharmaceuticals*, Inc. at 421. It gives the court "general equitable powers ... insofar as those powers are applied in a manner consistent with the Code." *Id*. As a result, bankruptcy courts frequently find parties in civil contempt under the authority granted within this provision.

In the 6th Circuit, a party may be held in civil contempt for violation of a court order if that party had knowledge of a definite and specific order of the court that required performance or non-performance of a particular act or acts and the party failed to comply or perform. See *National Labor Relations Board v. Bannum, Inc*., 93 F.4th 973, 979 (C.A.6, 2024); *Electrical Workers Pension Trust Fund of Local Union |58, IBEW v. Gary's Elec. Service Co*., 340 F.3d 373, 379 (C.A.6 (Mich.), 2003); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (C.A.6

(Tenn.),1996). See also *In re Woodberry*, 619 B.R. 393, 396 (Bkrtcy.E.D.Mich., 2020); *In re Skandis*, 621 B.R. 218, 224 (Bkrtcy.W.D.Mich., 2020).

Here, the Court not only entered a very specific order, but the Court also read an oral statement into the record emphasizing the importance of compliance with Orders of this Court. The Court advised that sanctions would be imposed to deter any behavior that would delay or hinder these proceedings.

By their own admission in their response and counsel's representations to the Court today, the Defendants did not tender the discovery or sanction payments by the ordered deadlines. The Court takes judicial notice of the Defendants' filings and counsel's representations on the record in open court today.

Given the many, many administrative and litigation issues in this case thus far, to further assist the parties in the efficient and judicious administration of this case, the Court will set monthly status hearings at which counsel will appear in person to advise the Court of progress in the litigation process and any issues that arise so that they may be addressed timely.

Further, the Court reminded the parties at the hearing that failure to abide by any provision of an order subjects that party to a count of contempt. In other words, each provision in an order comes with its own separate requirement subject to a count of contempt for failure to abide. Of course, also in place is the ability to defend against and purge any contempt finding.

Ruling

As for the Trustee's first motion for contempt and sanctions, and this Court's first rule to show cause, regarding the Defendants' failure to timely comply with the discovery requirements and the July 21, 2025, Order, IT IS HEREBY ORDERED that:

1) The Trustee's motion is GRANTED.

2) The Defendants are found to be contempt of this Court's Order of July 21, 2025, and are sanctioned in the form of payment of the Trustee's attorney fees associated with the first motion for contempt.

3) The Defendants have now purged themselves of their contempt by complying with the Order and appearing here today to answer for their contempt.

4) Phillip G. Young, Jr. is to submit an affidavit for attorney fees for bringing the motion and for all services provided in securing compliance with the Order, including but not limited to fees for communications with opposing counsel, preparation of the motion, appearance in court, and preparation and filing of the affidavit of fees.[3]

5) The Court will prepare an Order awarding those fees and charging those fees to the Defendants as to encourage their adherence to this Court's orders.

As for the Trustee's Second motion for contempt and sanctions, and this court's rule to show cause, regarding the Defendants' failure to timely comply with the August 8, 2025, Order for payment of sanctions, IT IS HEREBY ORDERED that:

6) The Trustee's motion is GRANTED.

7) The Defendants are found to be in contempt of this Court's Order of August 8, 2025. The Court finds this contempt to be of an elevated nature in that it comes on the heels of another disregard for this Court's Order. Therefore, the Defendants are sanctioned in the form of payment of the Trustee's attorney fees associated with the Second Motion for Contempt,[4] as well as payment of a $1,000 donation to the Tennessee Lawyers' Assistance Program by Noon on August 22, 2025, with proof of timely payment filed on this Court's docket by 4:00 pm on August 22, 2025.

---

[3] See Fed. R. Civ. P. 37, made applicable to these proceedings by Fed. R. Bankr. P. 7037
[4] See FN 3

8) The Defendants have purged themselves of their contempt by complying with the Order and appearing here today to answer for their contempt.

9) Phillip G. Young, Jr. is to submit an affidavit for attorney fees for bringing the motion and for all services provided in securing compliance with the Order, including but not limited to fees for communications with opposing counsel, preparation of the motion, appearance in court, and preparation and filing of the affidavit of fees.

10) The Court will prepare an Order awarding those fees and charging those fees to the Defendants as to encourage their adherence to this Court's orders.

Furthermore, the Court will enter a pretrial order setting forth the next date for the parties to appear and advise the Court of the status of this litigation.

*** THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE ***