# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## AFFIDAVIT OF PHILLIP G. YOUNG, JR. REGARDING FEES ASSOCIATED WITH FIRST MOTION FOR CONTEMPT OF A PRIOR COURT ORDER AND FOR SANCTIONS

Phillip G. Young, Jr., being duly sworn, states as follows:

1. I am over eighteen years of age and have personal knowledge of the matters set forth herein.

2. I am an attorney licensed to practice law in the state of Tennessee and admitted to practice before all courts in the State of Tennessee. I am a member of Thompson Burton PLLC (the "Firm").

3. Thompson Burton, PLLC has been employed as special counsel for Jeanne Ann Burton, Trustee for the Debtor and Plaintiff herein.

4. The Trustee filed her Motion for Contempt of a Prior Court Order and for Sanctions (Doc. 280) (the "First Contempt Motion") due to the Defendants' violations of the terms

of the Court's Order Granting the Trustee's Motions to Compel (2) as to the Defendants, Denying the Motion as to Marty Fitzgerald and Setting Pretrial Conference (Doc. 278) (the "Discovery Order"). Subsequently, the Court entered an Order for Rule to Show Cause (Doc. 284) (the "First Show Cause Order").

5. On August 20, 2025, the Court conducted a show cause hearing and issued an Order Granting Trustee's Motions for Contempt and Sanctions (Doc. 295) (the "Contempt Order"). In the Contempt Order, the Court directed me to file an affidavit outlining all fees spent pursuing the First Contempt Motion.

6. My firm spent a total of 6.5 hours pursuing the First Contempt Motion; 6.0 of those hours were my time, and 0.5 of those hours were billed by Ronn Steen. Of that, 2.9 hours was spent drafting the First Contempt Motion and the Supplement thereto. 0.3 hours was spent on communications with opposing counsel. 1.4 hours was spent reviewing the Court's First Show Cause Order, performing the actions it directed this firm to take, and preparing for the hearing. 1.0 hours was spent traveling to and attending the hearing on the First Contempt Motion and First Show Cause Order.[1] 0.9 hours was spent drafting and filing this affidavit. At my hourly rate of $575.00 per hour, and Ronn Steen's hourly rate of $525.00 per hour, that totals $3712.50 in fees incurred by Thompson Burton, PLLC in pursuit of the First Contempt Motion (excluding $475.00 incurred by Justin Campbell).

---

[1] For attendance at the hearing, I divided the total time of 2.0 hours evenly among both motions that were heard that day. I did not include the time spent by Justin Campbell, who attended in case the Court asked me to testify. He likewise spent 2.0 hours between the two matters at a rate of $475.00 per hour.

FURTHER AFFIANT SAITH NOT.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Special Counsel for the Trustee

Case 3:20-ap-90002   Doc 298   Filed 08/21/25   Entered 08/21/25 14:52:20   Desc Main
Document       Page 3 of 3