**From:** Brian Manookian brian@tntriallawyers.com
**Subject:** Re: Cummings Manookian Pretrial Worksheet
**Date:** September 3, 2025 at 5:39 PM
**To:** John Spragens john@spragenslaw.com
**Cc:** Phillip Young phillip@thompsonburton.com, liz.tipping@wbd-us.com, Gabbert, Craig V. cgabbert@bassberry.com, Glenn B. Rose grose@bassberry.com

Ask him why he has not moved to disallow the Cummings claim despite it being filed laughably beyond the deadline and, relatedly, how much liability coverage he and the Trustee are carrying.

_____

**Brian Manookian**
**P.O. Box 150229 | Nashville, Tennessee 37215**
**T: 615.257.5660**

On Wed, Sep 3, 2025 at 5:12 PM John Spragens <john@spragenslaw.com> wrote:
> Thanks. I will review and consult with my clients and respond by Friday.
>
>> On Wed, Sep 3, 2025 at 5:09 PM Phillip Young <phillip@thompsonburton.com> wrote:
>> All,
>>
>> The Court directed us to confer about pretrial schedules and to submit the pretrial worksheet by September 8. I have attached Judge Walker's standard pretrial worksheet for reference.
>>
>> The first thing we need to discuss is whether we agree about the relationship between the Burton v. Hague et al case and the Cummings v. Hague et al case. My opinion is that they are sufficiently related such that they need to be administratively consolidated for trial. Since the Burton complaint seeks a portion of the Shoemaker fees as does the Cummings complaint, I do not see how the Court can decide one without necessarily deciding the other. Based on the Court's prior comments at pretrial conferences, I feel that he will likely agree with the consolidation suggestion. So that's the first question I would like to present: do you agree that these two cases should be consolidated for trial?
>>
>> If we agree on that, the next question is how long the plaintiff and defendants in the Cummings matter will need for discovery. I think it can be expedited if the parties agree that the Trustee can share all discovery she has been given in this case; if not, I think this is a much longer discovery period. But I think I've heard both sides say that they would still like some period for discovery irrespective of having access to the Trustee's discovery. I will defer to Liz and John, but I would think you all would need at least 90 days.
>>
>> Assuming all of that, I think we should set dispositive motion deadlines in January. I think that would likely put the trial (if any) in April. That timeline would be satisfactory to the Trustee.
>>
>> Please let me know your thoughts on consolidation of these matters, time for discovery in the Cummings matter, and timing of dispositive motions. I'm happy to take the lead on drafting the worksheet if we come to an agreement on these issues.
>>
>> ## Thompson Burton PLLC
>> *Redefining the Art of Law.*
>> _____
>>
>> **Phillip Young**
>> One Franklin Park
>> 6100 Tower Circle, Suite 200
>> Franklin, TN 37067
>> Direct Dial: (615) 465-6008
>> phillip@thompsonburton.com
>> www.thompsonburton.com
>>
>> 
>>
>> *Please refer to our email disclaimer page for important disclosures regarding this electronic communication.