**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No, 3:19-bk-07235** |
| | **Chapter 7** |
| **CUMMINGS MANOOKIAN, PLLC** | **Judge Walker** |
| Debtor. | **Adv. Proc. No. 3:20-ap-90002** |
| **JEANNE ANN BURTON, TRUSTEE** | |
| Plaintiff, | |
| v. | |
| **HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC,** | |
| Defendants. | |

**HAGH LAW PLLC, AFSOON HAGH, AND
MANOOKIAN PLLC'S PRETRIAL STATEMENT**

Hagh Law PLLC, Afsoon Hagh, and Manookian PLLC provide this pretrial statement in advance of the status conference to be held by the Court on September 10, 2025.

**I.     Preliminary Issues**

On August 25, 2025, the Court ordered the parties to this adversary proceeding to submit their Preliminary Pretrial Conference Worksheet by today's date.  The Court specifically noted that the time was ripe for doing so as "there are no pending discovery… issues to prevent moving forward with this case."  Doc. 303.

1

Rather than meeting and conferring with the Defendants – who are the <u>actual parties</u> to <u>this proceeding</u> – the Trustee chose to complete and submit a joint pretrial worksheet with an individual who is not a party to this adversary proceeding, Brian Cummings. Mr. Cummings is the Plaintiff in a separate adversary proceeding for which this Court has neither requested nor ordered a pretrial conference, including because no discovery or motion practice has yet to even occur in that case. *See,* Case No. 3:23-ap-90036, Docs. 34, 39, and 43 (Order Scheduling Status Conference without any request for a pretrial statement or worksheet).

The Trustee chose to do so, this Court's Order notwithstanding, in an attempt to relitigate and reopen discovery in this case by having it improperly consolidated with Mr. Cummings' case. Indeed, the Trustee requests that the Court consolidate these cases despite the fact that one is more than five years old and near the conclusion of pre-trial litigation and the other has not even begun discovery.

The Court should disregard and reject the Trustee's backdoor attempt to consolidate these cases without a properly filed motion and through an unsolicited "joint" pretrial statement that the Trustee submitted jointly with a non-party to this matter. The two cases have different plaintiffs, different defendants, different claims, and are at the opposite ends of the litigation timeline from one another.

## II.     Defendants' Pretrial Statement Proposal

Defendants propose moving this case swiftly to conclusion. Each of the Defendants has pending dispositive motions to which the Plaintiff did not file a timely response in opposition. Defendants believe this matter should and will be resolved on summary judgment, and, as part of their pretrial statement, renew their request for a hearing date for their Motions for Summary Judgment—***motions that have been pending for over three years.***

In the unlikely event that all matters are not resolved on summary judgment, Defendants propose trial to begin on December 8 or 15, 2025. Defendants have included detailed pretrial deadlines and dates in their worksheet and are prepared to discuss the same at the upcoming conference.

Date: September 8, 2025

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S, Suite 100
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed September 8, 2025 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*