## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>**CUMMINGS MANOOKIAN, PLLC**<br><br>   Debtor.<br><br>**JEANNE ANN BURTON, TRUSTEE**<br><br>   Plaintiff,<br><br>v.<br><br>**HAGH LAW, PLLC; AFSOON HAGH;**<br>**and MANOOKIAN PLLC,**<br><br>   Defendants. | **Case No, 3:19-bk-07235**<br>**Chapter 7**<br>**Judge Walker**<br><br>**Adv. Proc. No. 3:20-ap-90002** |

## DEFENDANTS AFSOON HAGH, HAGH LAW, PLLC, AND MANOOKIAN PLLC'S JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56, Afsoon Hagh, Hagh Law, PLLC, and Manookian PLLC submit this Statement of Undisputed Material Facts in Support of their joint Motion for Summary Judgment.

## UNDISPUTED MATERIAL FACTS

### "CUMMINGS MANOOKIAN"

1.      Cummings Manookian was formed as a professional limited liability company to provide legal services.

**SOURCE: Declaration of Brian Manookian, ¶ 2;[1] Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No.  15-16;[2] Deposition of Trustee Jeanne Ann Burton, Page 5:13-15.[3]**

**RESPONSE:**


2.      Cummings Manookian was comprised of two members: Brian Cummings and Brian Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 3; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No.  13-14.**

**RESPONSE:**


3.      Cummings Manookian specialized in representing Plaintiffs in medical malpractice cases.

**SOURCE: Declaration of Brian Manookian, ¶ 4; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No.  17.**

**RESPONSE:**

---

[1] Attached as Exhibit 7.
[2] Attached as Exhibit 5.
[3] Attached as Exhibit 6.

4.     Cummings Manookian primarily accepted cases on a contingency fee basis whereby Cummings Manookian was only paid if it recovered monies for their client.

**SOURCE: Declaration of Brian Manookian, ¶ 5; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 18.**

**RESPONSE:**

5.     Cummings Manookian entered into engagement agreements with its clients that laid out the duties and rights of both parties to the contract.

**SOURCE: Declaration of Brian Manookian, ¶ 6; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 21[4] (admitting the same as to "some clients" and claiming an inability to admit or deny as "all of Cummings Manookian's clients").**

**RESPONSE:**

6.     Cummings Manookian utilized a standard form engagement agreement whose content and terms with respect to the rights and duties of the parties generally did not vary from case to case ("the CM Engagement Agreement").

**SOURCE: Declaration of Brian Manookian, ¶ 7; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 24 (claiming an inability to admit or deny, but admitting that "most of the engagement agreements provided to Trustee appear to be based on upon a standard form").**

**RESPONSE:**

7.     The CM Engagement Agreement included terms regarding the parties' rights in the event that the client terminated Cummings Manookian, as well as terms defining the parties' rights in the event that Cummings Manookian withdrew from the engagement.

---

[4] Attached as Exhibit 4.

**SOURCE: Declaration of Brian Manookian, ¶ 8; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 22-23.**

**RESPONSE:**

8.      The CM Engagement Agreement required the client to pay Cummings Manookian an attorney's fee in the event that the client terminated Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 9; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 24.**

**RESPONSE:**

9.      The CM Engagement Agreement did not require the client to pay Cummings Manookian an attorney's fee in the event Cummings Manookian withdrew from the representation.

**SOURCE: Declaration of Brian Manookian, ¶ 10; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 25 (stating that the Trustee is unable to admit or deny and identifying Brian Manookian as the individual with knowledge on the issue).**

**RESPONSE:**

10.      Brian Cummings withdrew from Cummings Manookian effective September of 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 11.**

**RESPONSE:**

11.      Brian Manookian was suspended from the practice of law effective December of 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 12. Deposition of Trustee Jeanne Ann Burton,**

Page 16:8-10.

**RESPONSE:**

12.     By January 1, 2019, Cummings Manookian had no employees and no members or

partners with an active license to practice law.

**Declaration of Brian Manookian, ¶ 13; Manookian PLLC Second Set of Requests for**
**        Admission, No. 21, 25 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition**
**        of Trustee Jeanne Ann Burton, Page 20:16-21:1.**
**RESPONSE:**

"THE FITZGERALD CASE"

13.     On May 23, 2018, Cummings Manookian entered into an Agreement with Marty

and Melissa Fitzgerald whose terms are contained in Exhibit 2 ("the Fitzgerald Engagement

Agreement").

**SOURCE: Declaration of Brian Manookian, ¶ 14; Manookian PLLC Second Set of**
**Requests for Admission, No. 64 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition**
**of Trustee Jeanne Ann Burton, Page 45:2-15.**

**RESPONSE:**

14.     Exhibit 2 is a genuine copy of the attorney-client agreement between Cummings

Manookian and Marty Fitzgerald and Melisa Fitzgerald.[5]

**SOURCE: Declaration of Brian Manookian, ¶ 15; Manookian PLLC Second Set of Requests**
**        for Admission, No. 59, 60 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

---

[5] Attached as Exhibit 2.

15.     On May 23, 2018 Brian Manookian was a member of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 16; Manookian PLLC Second Set of Requests for Admission, No. 62 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 45:2-15.**

**RESPONSE:**

16.     On May 23, 2018, Brian Manookian had the authority to enter into the Fitzgerald Engagement Agreement with Marty and Melissa Fitzgerald on behalf of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 17; Manookian PLLC Second Set of Requests for Admission, No. 63 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 45:2-15.**

**RESPONSE:**

17.     The Fitzgerald Engagement Agreement was drafted by Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 18; Manookian PLLC Second Set of Requests for Admission, No. 65 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

18.     The Fitzgerald Engagement Agreement is a binding contract upon Cummings Manookian, Marty Fitzgerald, and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 19; Manookian PLLC Second Set of Requests for Admission, No. 67-69 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

19.     The Fitzgerald Engagement Agreement is the only written agreement between Cummings Manookian and Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 20; Manookian PLLC Second Set of Requests for Admission, No. 72 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**


20.     The Fitzgerald Engagement Agreement states that if the Fitzgeralds terminate Cummings Manookian as their lawyers, Cummings Manookian will be entitled to some portion of any recovered attorney's fee.

**SOURCE: Declaration of Brian Manookian, ¶ 21; Exhibit 2, Fitzgerald Engagement Agreement.[6]**

**RESPONSE:**


21.     The Fitzgerald Engagement Agreement states that if Cummings Manookian withdraws from representing the Fitzgeralds, Cummings Manookian will be entitled to advanced expenses.

**SOURCE: Declaration of Brian Manookian, ¶ 22; Exhibit 2, Fitzgerald Engagement Agreement.**

**RESPONSE:**


22.     The Fitzgerald Engagement Agreement does not provide for, or require, the payment of an attorney's fee to Cummings Manookian in the event Cummings Manookian withdraws from representing the Fitzgeralds.

**SOURCE: Declaration of Brian Manookian, ¶ 23; Exhibit 2, Fitzgerald Engagement Agreement.**

---

[6] Attached as Exhibit 2.

**RESPONSE:**


23. On December 7, 2018, Brian Manookian was the sole member of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 24; Manookian PLLC Second Set of Requests for Admission, No. 74-75 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**


24. On December 7, 2018, Brian Manookian was authorized to speak to Marty and Melissa Fitzgerald on behalf of Cummings Manookian on the topic of his and Cummings Manookian's representation of the Fitzgeralds.

**SOURCE: Declaration of Brian Manookian, ¶ 25; Manookian PLLC Second Set of Requests for Admission, No. 77 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**


25. Exhibit 3 ("the Fitzgerald Withdrawal Letter")[7] is a letter from Cummings Manookian to Marty and Melissa Fitzgerald dated December 7, 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 26; Manookian PLLC Second Set of Requests for Admission, No. 73 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

---

[7] Attached as Exhibit 3.

26. The Fitzgerald Withdrawal Letter was sent by Brian Manookian to Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 27; Manookian PLLC Second Set of Requests for Admission, No. 80 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

27. The Fitzgerald Withdrawal Letter was received by Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 28; Manookian PLLC Second Set of Requests for Admission, No. 81 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

28. The Fitzgerald Withdrawal Letter states that Brian Manookian and Cummings Manookian are withdrawing from their representation of Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 29; Manookian PLLC Second Set of Requests for Admission, No. 82 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

29. The Fitzgerald Withdrawal Letter requests that Marty and Melissa Fitzgerald obtain another attorney or firm to represent them.

**SOURCE: Declaration of Brian Manookian, ¶ 30; Manookian PLLC Second Set of Requests for Admission, No. 83 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

30. Cummings Manookian withdrew from representing Marty and Melissa Fitzgerald.

**SOURCE: Declaration of Brian Manookian, ¶ 31; Manookian PLLC Second Set of Requests for Admission, No. 70 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

31.    Cummings Manookian withdrew from representing Marty and Melissa Fitzgerald prior to receiving any settlement for them.

**SOURCE: Declaration of Brian Manookian, ¶ 32; Manookian PLLC Second Set of Requests for Admission, No. 71 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

32.    The Fitzgerald Withdrawal Letter states that because Cummings Manookian is withdrawing from the representation, it will not be entitled to any portion of an attorney's fee in the matter.

**SOURCE: Declaration of Brian Manookian, ¶ 33; Manookian PLLC Second Set of Requests for Admission, No. 84 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

33.    The Fitzgerald Withdrawal Letter states that Cummings Manookian specifically disclaims any attorney's fee in the Fitzgerald matter.

**SOURCE: Declaration of Brian Manookian, ¶ 34; Manookian PLLC Second Set of Requests for Admission, No. 85 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**

34.    Cummings Manookian disclaimed any attorney's fee in the Fitzgerald matter via

written letter to the Fitzgeralds dated December 7, 2018.

**SOURCE: Declaration of Brian Manookian, ¶ 35; Manookian PLLC Second Set of Requests for Admission, No. 86 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Pages 54:7-10; 55:10-16.**

**RESPONSE:**


"THE SHOEMAKER CASE"


35.     On April 19, 2017, Cummings Manookian entered into an Agreement with Brett Keefer whose terms are contained in Exhibit 1 ("the Shoemaker Engagement Agreement.")[8]

**SOURCE: Declaration of Brian Manookian, ¶ 36; Manookian PLLC Second Set of Requests for Admission, No. 1 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**


36.     Exhibit 1 is a genuine copy of the attorney-client agreement between Cummings Manookian and Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 37; Manookian PLLC Second Set of Requests for Admission, No. 2 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**


37.     The Shoemaker Engagement Agreement was drafted by Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 38; Manookian PLLC Second Set of Requests for Admission, No. 7 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)).**

**RESPONSE:**

---

[8] Attached as Exhibit 1.

38.     The Shoemaker Engagement Agreement is a binding contract upon Cummings Manookian and Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 39; Manookian PLLC Second Set of Requests for Admission, No. 9-10, 11 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**


39.     The Shoemaker Engagement Agreement is the only written agreement between Cummings Manookian and Brett Keefer or any representative of the Shoemaker Estate.

**SOURCE: Declaration of Brian Manookian, ¶ 40; Manookian PLLC Second Set of Requests for Admission, No. 18, 20 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**


40.     The Shoemaker Engagement Agreement states that if Brett Keefer terminates Cummings Manookian as his lawyers, Cummings Manookian will be entitled to some portion of any recovered attorney's fee.

**SOURCE: Declaration of Brian Manookian, ¶ 41; Exhibit 1, Shoemaker Engagement Agreement.**

**RESPONSE:**


41.     The Shoemaker Engagement Agreement states that if Cummings Manookian withdraws from representing Brett Keefer, Cummings Manookian will be entitled to advanced expenses.

**SOURCE: Declaration of Brian Manookian, ¶ 42; Exhibit 1, Shoemaker Engagement Agreement.**

**RESPONSE:**

42.     Cummings Manookian did not pay any costs or advance any expenses associated with any lawsuit filed on behalf of Brett Keefer or the Shoemaker Estate.

**SOURCE: Declaration of Brian Manookian, ¶ 43; Manookian PLLC Second Set of Requests for Admission, No. 17 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

43.     The Shoemaker Engagement Agreement does not provide for, or require, the payment of an attorney's fee to Cummings Manookian in the event Cummings Manookian withdraws from representing Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 44; Exhibit 1, Shoemaker Engagement Agreement.**

**RESPONSE:**

44.     Cummings Manookian withdrew from representing Brett Keefer.

**SOURCE: Declaration of Brian Manookian, ¶ 45; Manookian PLLC Second Set of Requests for Admission, No. 13 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 84:6-14.**

**RESPONSE:**

45.     Cummings Manookian withdrew from representing Brett Keefer prior to receiving a settlement for Mr. Keefer or the Shoemaker Estate.

**SOURCE: Declaration of Brian Manookian, ¶ 46; Manookian PLLC Second Set of Requests for Admission, No. 15 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

46.    As of January 1, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**SOURCE: Declaration of Brian Manookian, ¶ 47; Manookian PLLC Second Set of Requests for Admission, No. 21 (admitted pursuant to Fed. R. Civ. P. 36(3)(a); Deposition of Trustee Jeanne Ann Burton, Page 20:16-21:1, 25:17-25.**

**RESPONSE:**


47.    As of January 1, 2019, Cummings Manookian had no employees.

**SOURCE: Declaration of Brian Manookian, ¶ 48; Manookian PLLC Second Set of Requests for Admission, No. 25 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**


48.    The lawsuit in the Shoemaker matter was filed on February 11, 2019.

**SOURCE: Declaration of Brian Manookian, ¶ 49.**

**RESPONSE:**


49.    On February 11, 2019, Cummings Manookian had no members or partners with active licenses to practice law.

**SOURCE: Declaration of Brian Manookian, ¶ 50; Manookian PLLC Second Set of Requests for Admission, No. 23 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**


50.    On February 11, 2019, Cummings Manookian had no employees.

**SOURCE: Declaration of Brian Manookian, ¶ 51; Manookian PLLC Second Set of Requests for Admission, No. 27 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

51.     The Shoemaker lawsuit was filed by Brian Cummings on behalf of Cummings Law.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 15:24-16:7.**

**RESPONSE:**

52.     No attorney ever entered an appearance in the Shoemaker case that identified himself or herself as working for or on behalf of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 52; Manookian PLLC Second Set of Requests for Admission, No. 49 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

53.     No attorney ever signed a pleading in the Shoemaker case that identified himself or herself as working for or on behalf of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 53; Manookian PLLC Second Set of Requests for Admission, No. 48 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

54.     No attorney did any work for or on behalf of Cummings Manookian in the *Shoemaker v. VUMC*, Davidson County Circuit Court Case No. 19C358.

**SOURCE: Manookian PLLC Second Set of Requests for Admission, No. 53 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

Case 3:20-ap-90002   Doc 335   Filed 11/17/25   Entered 11/17/25 21:30:43   Desc Main
Document   Page 15 of 23

55.    The Shoemaker Case ultimately settled in 2021.

**SOURCE: Declaration of Afsoon Hagh, ¶ 2.[9]**

**RESPONSE:**

56.    Cummings Manookian was not involved in negotiating the settlement in the Shoemaker matter.

**SOURCE: Manookian PLLC Second Set of Requests for Admission, No. 57 (admitted pursuant to Fed. R. Civ. P. 36(3)(a)); Deposition of Trustee Jeanne Ann Burton, Page 98:16-23.**

**RESPONSE:**

57.    Cummings Manookian did not even correspond or communicate with Brett Keefer in 2019, 2020, or 2021.

**SOURCE: Declaration of Brian Manookian, ¶ 54; Manookian PLLC Second Set of Requests for Admission, No. 54-56 (admitted pursuant to Fed. R. Civ. P. 36(3)(a).**

**RESPONSE:**

"THE TRUSTEE'S CLAIMS REGARDING THE DEBTOR'S PURPORTED PROPERTY"

58.    In the cases in which Cummings Manookian represented clients, Cummings Manookian did not own the client file or the cause of action.

**SOURCE: Declaration of Brian Manookian, ¶ 55; Deposition of Trustee Jeanne Ann Burton, Page 34:10-13.**

---

[9] Attached as Exhibit 8.

**RESPONSE:**

59.     Cummings Manookian never owned any real property and did not own the office property at 45 Music Square West where it operated for a period of time.

**SOURCE: Declaration of Brian Manookian, ¶ 56; Deposition of Trustee Jeanne Ann Burton, Page 35:10-22; Trustee's Responses to Manookian PLLC First Set of Requests for Admission, No. 29.**

60.     Manookian PLLC has never received any property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 57.**

**RESPONSE:**

61.     Cummings Manookian has never transferred any property of any kind to Manookian PLLC.

**SOURCE: Declaration of Brian Manookian, ¶ 58.**

**RESPONSE:**

62.     Manookian PLLC has never caused Cummings Manookian to make or incur a transfer of property of any kind.

**SOURCE: Declaration of Brian Manookian, ¶ 59.**

**RESPONSE:**

63.     Manookian PLLC has never caused any person or entity to terminate any contract or business relationship with Cummings Manookian.

Case 3:20-ap-90002    Doc 335    Filed 11/17/25    Entered 11/17/25 21:30:43    Desc Main
Document    Page 17 of 23

**SOURCE: Declaration of Brian Manookian, ¶ 60.**

**RESPONSE:**


64.     Manookian PLLC is not and has never been in possession, custody, or control of any property belonging to Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 61.**

**RESPONSE:**


65.     Manookian PLLC does not and has never owed a debt that is property of Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 62.**

**RESPONSE:**


66.     Manookian PLLC has never used any real property, intellectual property, or property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Brian Manookian, ¶ 63.**

**RESPONSE:**


67.     Neither Afsoon Hagh or Hagh Law ("the Hagh Parties") has ever received any property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 3.**

**RESPONSE:**

68.     Cummings Manookian has never transferred any property of any kind to the Hagh Parties.

**SOURCE: Declaration of Afsoon Hagh, ¶ 4.**

**RESPONSE:**


69.     The Trustee admits she has no evidence that the Hagh Parties ever received a payment of any kind from Cummings Manookian.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 121:10-13.**

**RESPONSE:**


70.     The Hagh Parties have never caused Cummings Manookian to make or incur a transfer of property of any kind.

**SOURCE: Declaration of Afsoon Hagh, ¶ 5.**

**RESPONSE:**


71.     The Hagh Parties are not and have never been in possession, custody, or control of any property belonging to Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 6.**

**RESPONSE:**


72.     The Hagh Parties do not and have never owed a debt that is property of Cummings Manookian.

Case 3:20-ap-90002   Doc 335   Filed 11/17/25   Entered 11/17/25 21:30:43   Desc Main
Document      Page 19 of 23

**SOURCE: Declaration of Afsoon Hagh, ¶ 7.**

**RESPONSE:**


73.    Hagh Law has never used any real property, intellectual property, or property of any kind belonging to Cummings Manookian.

**SOURCE: Declaration of Afsoon Hagh, ¶ 8.**

**RESPONSE:**


74.    The Trustee admits that she has no evidence that the Hagh Parties have ever taken any property of any kind belonging to Cummings Manookian.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 117:5-8.**

**RESPONSE:**


75.    The Trustee admits that she has no evidence that the Hagh Parties ever set foot on the premises of the property where Cummings Manookian once operated at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 29:25-30:2.**

**RESPONSE:**


76.    The Trustee admits that she has no evidence that the Hagh Parties ever used office space at the property where Cummings Manookian once operated at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 119:25-120:3.**

**RESPONSE:**

Case 3:20-ap-90002    Doc 335    Filed 11/17/25    Entered 11/17/25 21:30:43    Desc Main
Document        Page 20 of 23

77.     The Trustee admits that she has no evidence that the Hagh Parties used office space, furnishings, or equipment located at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 30:20-31:16**

**RESPONSE:**


78.     The Trustee admits that she cannot identify any specific furnishings or equipment that the Hagh Parties used at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 31:14-16.**

**RESPONSE:**


79.     The Trustee concedes that she does not even know who owns or owned the furniture at 45 Music Square West.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 37:17-25.**

**RESPONSE:**


80.     The Trustee concedes that she cannot identify any damages that Cummings Manookian experienced as a result of any person using 45 Music Square West or the email addresses or phone numbers she claimed were wrongfully utilized in her Complaint.

**SOURCE: Deposition of Trustee Jeanne Ann Burton, Page 123:22-124:5.**

**RESPONSE:**


<u>"MARTY FITZGERALD'S DEPOSITION"</u>

81.     Marty Fitzgerald received a letter from Brian Manookian on behalf of Cummings Manookian dated December 7, 2018 in which Cummings Manookian withdrew from its representation of the Fitzgeralds and specifically disclaimed any right to an attorney's fee.

**SOURCE: Deposition of Marty Fitzgerald, Page 17:11-24**

**RESPONSE:**




82.     At the time of Cummings Manookian's withdrawal, Marty Fitzgerald understood that Brian Manookian and Afsoon Hagh were part of different law firms.

**SOURCE: Deposition of Marty Fitzgerald, Page 19:8-13**

**RESPONSE:**



83.     Marty Fitzgerald had no doubt that once Cummings Manookian ceased operations and Brian Manookian was suspended from practicing law that Cummings Manookian no longer represented the Fitzgeralds in the case arising out of their daughter's death.

**SOURCE: Deposition of Marty Fitzgerald, Pages 24:24-25:22**

**RESPONSE:**

Date:   November 17, 2025                    Respectfully submitted,


                                             /s/ John Spragens
                                             John Spragens (TN Bar No. 31445)
                                             915 Rep. John Lewis Way S
                                             Suite 100, Nashville, TN 37203
                                             T: (615) 983-8900
                                             F: (615) 682-8533
                                             john@spragenslaw.com

                                             *Attorney for Manookian PLLC and Brian*
                                             *Manookian*


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing was filed November 17, 2025 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


                                             /s/ John Spragens