# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | Case No, 3:19-bk-07235 |
| | Chapter 7 |
| CUMMINGS MANOOKIAN, PLLC | Judge Walker |
| Debtor. | Adv. Proc. No. 3:20-ap-90002 |
| JEANNE ANN BURTON, TRUSTEE | |
| Plaintiff, | |
| v. | |
| HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC, | |
| Defendants. | |

## DEFENDANTS AFSOON HAGH, HAGH LAW, PLLC, AND MANOOKIAN PLLC'S MOTION FOR LEAVE TO FILE REPLY BRIEF NOT TO EXCEED THIRTY-TWO (32) PAGES

Afsoon Hagh, Hagh Law PLLC, and Manookian PLLC respectfully request leave to file a consolidated reply brief not to exceed thirty-two (32) pages in support of their Motion for Summary Judgment. Although the Local Bankruptcy Rules do not themselves impose a page limit on reply briefs, Defendants recognize the Court's interest in focused, streamlined briefing and therefore seek a defined page cap for this single filing.

Good cause exists for the requested length. Three separate defendants — Afsoon Hagh, Hagh Law, PLLC, and Manookian PLLC — could each have filed separate reply briefs, which would have resulted in multiple submissions and substantially more pages in aggregate. Instead, Defendants have elected to submit one combined reply addressing all issues as to all parties in a

1

single document, which is more efficient for the Court and the parties but necessarily requires expanded length.

In addition, the Trustee's opposition brief introduced a number of new arguments and theories that were not pled in the Complaint, and which Defendants were obliged to address to avoid waiver and to ensure a complete record. Those new matters include, among others: (a) a brand-new fee theory framed as a quantum-meruit/co-counsel claim directly against successor counsel and as an additional basis for turnover and fraudulent-transfer relief, which Defendants address at pages 21–28 of the Reply; and (b) a new contention that the Debtor continued to practice law through Afsoon Hagh as its "employee/agent" under Tennessee's PLC statute, which Defendants address at pages 17–21 of the Reply. Responding to these newly asserted theories — while simultaneously addressing the Trustee's arguments on the claims actually stated in the Complaint — accounts for the bulk of the additional pages requested.

For the foregoing reasons, Defendants respectfully request leave to file a joint reply brief of not more than thirty-two (32) pages.

Date: December 1, 2025

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S., Suite 100,
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC, Afsoon Hagh and Hagh Law PLLC*

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed December 1, 2025 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

Case 3:20-ap-90002   Doc 362   Filed 12/01/25   Entered 12/01/25 23:04:44   Desc Main
Document    Page 3 of 3