IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: <br><br> CUMMINGS MANOOKIAN, PLLC <br><br> Debtor. <br><br> JEANNE ANN BURTON, TRUSTEE <br><br> Plaintiff, <br><br> v. <br><br> HAGH LAW, PLLC; AFSOON HAGH; and MANOOKIAN PLLC, <br><br> Defendants. | Case No, 3:19-bk-07235 <br> Chapter 7 <br> Judge Walker <br><br> Adv. Proc. No. 3:20-ap-90002 |

**DEFENDANTS AFSOON HAGH, HAGH LAW, PLLC, AND
MANOOKIAN PLLC'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO
STRIKE PHILLIP YOUNG AS A TRIAL WITNESS**

Afsoon Hagh, Hagh Law PLLC, and Manookian PLLC respond in opposition to the Plaintiff's Motion in Limine to Strike Phillip Young as a Trial Witness.

## I.  INTRODUCTION

The Trustee's motion asks this Court to do two things it should not. First, the Trustee asks the Court to strike Defendants' designation of Phillip Young as a trial witness – even though the Trustee herself has spent years using Young as a factual witness, declarant, and deponent and has repeatedly represented to this Court that his testimony is material to the central issues in this case. Second, the Trustee asks the Court to insulate her own strategic choice to employ Young as trial

counsel by invoking the "substantial hardship" exception to Rule 3.7, so that she may keep him as her advocate while preventing Defendants from examining him as a live witness.

The record is exactly the opposite of what the Trustee's motion presumes. From the outset of this bankruptcy and the related receivership, the Trustee has known that Young was a likely witness at trial. He served as the state-court receiver in the Fitzgerald matter, he signed declarations on the Trustee's behalf, he testified as a fact witness, and the Trustee's own dispositive motions repeatedly cite Mr. Young's deposition in this matter and his sworn statements as evidence supporting her claims.

Those filings treated Young's testimony as important and reliable enough to support summary judgment. Having built her case on that testimony, the Trustee cannot now rebrand Young as irrelevant, immaterial, or "a waste of the Court's time" simply because Defendants have listed him on their trial witness list.

Nor can the Trustee convert a conflict of her own making into a basis to deny Defendants their ordinary trial rights. The Trustee chose to employ Young as special counsel with full knowledge of his factual role. She then elected, again and again, to use his personal testimony as evidentiary support for her motions – including her motion for partial summary judgment and her statement of undisputed material facts within the last three weeks – thereby affirmatively representing to this Court that Young's knowledge bears directly on the core factual questions in dispute. Any tension between his role as a necessary witness and his role as trial counsel is the foreseeable, self-inflicted result of those choices.

Rule 3.7 addresses that problem by limiting the lawyer's role as advocate, not by stripping the opposing party of the ability to call a material witness. Defendants are entitled to examine at trial the same witness the Trustee has relied upon for years. The proper remedy for the conflict

the Trustee has created is not to strike Young as a witness; it is to recognize that, if (as the Trustee represented as recently as her November 15th Motion for Partial Summary Judgment) his testimony is necessary, he cannot also serve as trial counsel. For these reasons, as set out more fully below, the Court should deny the Trustee's motion to strike Phillip Young as a witness and should disqualify Young from serving as the Trustee's trial counsel under Rule 3.7.

## II. BACKGROUND

### A. Young's Role as Receiver and the Trustee's Witness

Before this adversary proceeding was ever filed, Phillip Young was appointed by the state court as receiver in the Fitzgerald matter. In that role, Young was charged with identifying and securing the Debtor's choses in action. As receiver, Young was the lawyer who sought and obtained the temporary restraining order governing the Fitzgerald settlement proceeds and later negotiated and signed off on the agreed order that dictated how those proceeds would be handled. He thus acquired first-hand knowledge of the amount of the Fitzgerald settlement, the one-third contingency fee, and other information the Trustee recited and recounted as material through his testimony.

The Trustee was fully aware of Young's factual role from the outset of this case. Her own narrative of events in this adversary proceeding is built on the very receivership orders Young obtained, the fee arrangements he monitored, and the fund transfers he oversaw. There has never been any doubt that Young was not merely a bankruptcy lawyer who arrived after the fact; he was one of the principal actors in the events the Trustee identifies as material.

### B. The Trustee's Decision to Employ Young as Counsel Despite His Factual Involvement

Against that backdrop, the Trustee elected to retain Young and his firm as her litigation counsel in this case. In her application to employ special counsel, the Trustee held up Young's

prior involvement as a reason he should be hired: she emphasized his role as receiver, his familiarity with the Fitzgerald matter, and his knowledge of the Debtor's receivables and potential claims. Young himself submitted a declaration in support of that application, recounting his receivership work and personal knowledge of the Fitzgerald fee and related transactions.

Defendants objected to that employment precisely because Young was not a detached, *post hoc* bankruptcy lawyer but a percipient witness to the facts now in dispute. The Court overruled that objection and entered an order approving Young's employment as special counsel. In doing so, the Court did not – and could not – erase Young's status as a fact witness. Instead, the Trustee made a conscious, strategic choice to proceed with a lawyer whose involvement in the case began as a receiver and factual actor, not as outside litigation counsel.

**C.     The Trustee's Repeated Use of Young's Testimony as Evidence**

Once employed, Young's role as both counsel and witness only deepened. The Trustee repeatedly deployed Young's personal testimony as evidence in this case. He submitted declarations and affidavits on her behalf. He testified about his receivership work, his knowledge of the Fitzgerald fee, and his communications with other actors. At the Trustee's insistence, Young's account of the facts became part of the evidentiary record, not just the litigation strategy.

The Trustee also produced Young for deposition. In that deposition, Young testified at length about the very topics the Trustee now characterizes as "irrelevant" or "cumulative": his appointment and authority as receiver, his receipt and handling of information about the Fitzgerald settlement and fee, his efforts to secure those funds, and his communications with the Debtor's former counsel. That deposition testimony is what the Trustee (through Mr. Young, himself) now cites, over and over again, as support for her supposedly "undisputed" facts.

4
Case 3:20-ap-90002    Doc 370    Filed 12/05/25    Entered 12/05/25 17:39:41    Desc Main
Document      Page 4 of 16

**D. The Trustee's Dispositive Motions Rest Heavily on Young's Testimony, Then She Moves to Strike Him**

The Trustee's motion for partial summary judgment and her statement of undisputed material facts make plain how central she herself has made Young's testimony. Those filings repeatedly cite "Young Depo." and his sworn statements to establish the amount and nature of the Fitzgerald settlement and fee, the terms and effect of the TRO and agreed order, the status of the funds at different points in time, and the Trustee's theory of how and when estate property was allegedly diverted. In other words, when it suited her purposes at the summary judgment stage, the Trustee (and Phillip Young himself as the author of those motions) treated Young's testimony as reliable, probative, and material to the heart of this case.

Only after Defendants served their trial witness list identifying Young as a witness did the Trustee change course. On the eve of trial, she now asserts that Young's testimony is suddenly unnecessary and a "waste of time" and asks the Court to strike him from Defendants' witness list while simultaneously invoking "substantial hardship" to preserve his role as her trial advocate. The procedural history shows that this conflict was neither hidden nor new. It is the direct result of the Trustee's deliberate decision to employ a known fact witness as her counsel <u>and then repeatedly use his testimony as evidence</u>, and it is against that backdrop that her present motion must be evaluated.

## III. DEFENDANTS ARE ENTITLED TO CALL THE WITNESS THE TRUSTEE HAS MADE MATERIAL

The Trustee's own filings foreclose her current effort to treat Phillip Young as disposable. In her application to employ Young, in his declarations, in Young's deposition, and most prominently in her *very recent* motion for partial summary judgment and statement of undisputed material facts, the Trustee has repeatedly held Young out as a witness with material, probative

knowledge about the very events that give rise to this adversary proceeding. She chose to rely on his personal testimony to attempt to carry her burden at the summary judgment stage. Having done so, she cannot now be heard to say that Young's testimony is irrelevant, immaterial, or a "waste of time" when Defendants seek to examine him at trial.

The Trustee's dispositive filings are not ambiguous on this point. They cite "Young Depo." again and again to establish what she describes as material facts: the existence and amount of the Fitzgerald settlement; the calculation and division of the one-third contingency fee; the scope and effect of the temporary restraining order and agreed order; the identification of what funds were or were not subject to those orders at particular times; and Young's communications with the Debtor's former counsel and others. The Trustee did not treat these matters as peripheral. She used Young's testimony as key support for her assertion that there are no genuine disputes of material fact and that she is entitled to judgment as a matter of law.

Having invited the Court to rely on Phillip Young's testimony for those purposes, the Trustee cannot credibly contend, in the next breath, that examining Young live on the same topics would somehow be irrelevant or wasteful.

Nor is there any legal principle that would allow the Trustee to unilaterally restrict Defendants to Young's deposition transcript. Rule 32 permits the use of depositions in lieu of live testimony in certain circumstances; it does not empower a party to prevent a live witness from appearing at trial. The default rule of our adversary system is that material factual disputes are resolved through live testimony subject to contemporaneous cross-examination, credibility assessments, and follow-up questions. Defendants are entitled to call Young and to examine him in person about the receivership, the Fitzgerald fee, the implementation of the state-court orders,

and his communications and knowledge – especially where the Trustee has already put those subjects at issue and relied upon his sworn account of them.

In short, it was the Trustee who made Young's testimony central to her version of events. Defendants are not attempting to inject an extraneous witness into this case; they are seeking to examine the very witness the Trustee has already placed at the center of her factual and legal arguments. Fundamental fairness, as well as the basic structure of the rules governing trials, entitles Defendants to call him. The Court should reject the Trustee's effort to deny Defendants that opportunity while preserving the benefit of her own prior reliance on Young's testimony.

### IV. RULE 3.7 REGULATES YOUNG'S ROLE AS ADVOCATE, NOT DEFENDANTS' RIGHT TO PRESENT HIS TESTIMONY

The Trustee's motion rests on a fundamental misreading of Rule 3.7. That rule does not empower a party to silence an opposing party's witness. It addresses a very different question: when a lawyer who is a likely witness may also serve as an advocate at trial. Tennessee Rule of Professional Conduct 3.7, like its federal and Model Rule counterparts, provides that a lawyer "**shall not** act as an advocate at a trial in which the lawyer is likely to be a necessary witness" except in narrow circumstances – for testimony on uncontested issues, for testimony about the nature or value of legal services, or where disqualification would work a "substantial hardship" on the client. Emphasis added. The rule is directed at the lawyer's dual role, not at the admissibility of relevant testimony.

The Trustee's motion attempts to invert that framework. Rather than confronting the conflict by limiting Young's role as advocate, the Trustee asks the Court to preserve Young as her trial counsel and to cure the conflict by barring Defendants from calling him as a witness at all. That is exactly backwards. If Young is, as the Trustee's own filings have long implied, a witness with material testimony on contested factual issues, Rule 3.7 does not give the Trustee a veto over

Defendants' ability to examine him. It instead prohibits his continued service as trial counsel. The Trustee cannot convert an ethics rule designed to protect the integrity of the fact-finding process into a tactical weapon that insulates her chosen lawyer-witness from cross-examination.

Defendants are asking the Court to apply Rule 3.7 as written and as mandated by the non-negotiable Rules governing the practice of all lawyers in Tennessee. The starting point is that relevant, non-privileged testimony from a material witness should be heard, particularly where that witness has already been used as a declarant, affiant, and deponent in support of the Trustee's own dispositive motions. Because the Trustee's own recent dispositive motions confirm that Young is "likely to be a necessary witness" within the meaning of the rule, the ethical consequence lies with his role as advocate, not with Defendants' ability to present his testimony. The proper application of Rule 3.7 here is therefore to allow Young to be called and examined as a witness at trial, and to address his dual-role problem by his function as the Trustee's trial counsel—not by striking him from Defendants' witness list.

## V.   THE TRUSTEE'S SELF-CREATED CONFLICT CANNOT CONSTITUTE "SUBSTANTIAL HARDSHIP" UNDER RULE 3.7(a)(3)

The Trustee's fallback request – that the Court preemptively bless Young's continued service as trial counsel under the "substantial hardship" exception to Rule 3.7(a)(3) – fares no better. That exception is narrowly drawn and, under controlling Sixth Circuit and Tennessee federal authority, does not apply where the hardship is the foreseeable result of the client's own choices. That is precisely the situation here.

### A.   Sixth Circuit and Tennessee Law Reject "Self-Inflicted" Hardship

The Sixth Circuit has made clear that "hardship" in this context does not mean any inconvenience or expense associated with changing lawyers. In *General Mill Supply Co. v. SCA Services, Inc.*, the court explained that "hardship" must be understood to mean a situation the

8

alleged victim "has not knowingly caused and could not reasonably foresee," and it expressly held that "a self-inflicted injury is not a hardship." 697 F.2d 704, 714–15 (6th Cir. 1982). That principle has been imported directly into the Rule 3.7 analysis.

In *Eon Streams, Inc. v. Clear Channel Communications, Inc*., the Eastern District of Tennessee applied *General Mill* in the advocate-witness context and held that a party who can see early in the litigation that its lawyer is likely to be a witness cannot later invoke "substantial hardship" to avoid disqualification. The court explained that "substantial hardship" is not a loose, open-ended concept and that "if a party is able to ascertain that its counsel may be called as a witness either early in the litigation or at the outset of litigation, then that party cannot later claim substantial hardship if its counsel is disqualified." 2007 WL 954181, at *4, *8 (E.D. Tenn. Mar. 27, 2007) (*quoting General Mill*).[1]  <u>Indeed, in this situation, Phillip Young was ethically required to disqualify himself pre-trial when he began citing his own deposition testimony in support of dispositive motions</u>.  "[T]he Sixth Circuit has long held that, 'when an attorney knows that he will or ought to be called as a witness, he should withdraw from representation.'" *Waltzer v. Transidyne Gen. Corp*., 697 F.2d 130, 134 (6th Cir.1983)).

In *Wyndham Vacation Ownership, Inc. v. Vacation Transfers Unlimited, LLC*, the Middle District of Tennessee reiterated that, for purposes of Rule 3.7, "hardship" refers to a situation where the client did not knowingly cause and could not reasonably have foreseen the problem. Where the potential for a lawyer's testimony was apparent from the outset, the court held, the client "cannot later claim substantial hardship if its counsel is disqualified." 2019 WL 1993519, at *7–8 (M.D. Tenn. Apr. 19, 2019) (citing *Eon Streams* and *General Mill*). *Harbin Enterprises General*

---

[1] Moreover, "doubts about whether a lawyer may be called as a witness should be resolved in favor of the lawyer being permitted to testify and against the lawyer acting as an advocate." *Id.* at *12.

*Partnership v. Ingram Micro Inc.* likewise confirms that "substantial hardship" is a narrow exception and that ordinary costs, duplication of effort, and the loss of preferred counsel are not enough to trigger it – particularly where the risk of disqualification was foreseeable. 2007 WL 9710345, at *4 (W.D. Tenn. Aug. 15, 2007); *see also*, *Eon Streams*, 2007 WL 954181, at *5 ("<u>A self-inflicted injury is not a hardship</u>.").

In upholding Magistrate Frensley's disqualification of two attorneys as witnesses in the *Wyndham* matter, Judge Waverly Crenshaw identified a second layer of disqualification that applies equally in this case – Attorney Young's role as an unsworn witness if he participates at trial:

> Moreover, should this case proceed to trial, there is a distinct possibility that Givens' and Mosher's representation could present an "unsworn witness problem." This problem "arises when an attorney was a participant in events to be explored at trial . . . [i]n that circumstance the attorney might convey 'first-hand knowledge of the events without having to swear an oath or be subject to cross examination.'" *United States v. Evanson*, 584 F.3d 904, 909 (10th Cir. 2009). Although this usually presents no problem for the client, he or she may gain "an unfair advantage," and the factfinding process can be compromised. ("An attorney who acts as an unsworn witness should be disqualified as counsel, in part to prevent the attorney from 'subtly impart[ing] to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross examination.'"). Indeed, "this scenario strikes at Rule 3.7's core concern, blurring the line between an attorney's role as advocate and as a witness with personal knowledge, impairing the fact-finding process.

*Wyndham Vacation Ownership*, M.D. Tenn., No. 3:18-cv-01399, Memorandum Opinion, January 10, 2020

Taken together, these cases establish a straightforward rule: Rule 3.7(a)(3)'s "substantial hardship" exception does not rescue a client from a conflict it knowingly created or could have reasonably anticipated. A self-created, foreseeable conflict is not "hardship" at all within the meaning of the rule.

B.     **The Trustee's Situation Is Exactly the Type of Self-Inflicted Hardship the Cases Reject**

The Trustee's asserted hardship falls squarely within the category that the cases above reject. From the beginning, the Trustee knew that Young was a material fact witness. She knew he had served as receiver in the Fitzgerald matter. She knew he had personally obtained the TRO and negotiated the agreed order governing the settlement funds. She knew he possessed first-hand knowledge of the very facts she now presents in support of her claims (as recently as three weeks ago). Despite that knowledge – and over objection – chose to employ Young and his firm as litigation counsel in this adversary proceeding.

The Trustee then doubled down on that choice by repeatedly using Young as a witness. She submitted his multi-page declaration reciting his personal knowledge of the Fitzgerald matter in support of her application to employ him. She produced him for deposition. Most importantly, she cited "Young Depo." over and over again in her motion for partial summary judgment and statement of undisputed material facts <u>just weeks ago</u> as proof of what she contends are central, dispositive facts. These were not stray or incidental references; Young's own testimony is woven throughout the Trustee's factual narrative and legal arguments. And it must be noted that <u>Mr. Young himself was the author of these motions repeatedly invoking his own personal knowledge and testimony to advance the Trustee's claims</u>.

Under *General Mill, Eon Streams, Wyndham*, and *Harbin*, any conflict or difficulty that now arises from this dual role is entirely foreseeable and entirely self-inflicted. The Trustee cannot seriously contend that she did not "knowingly cause" or "could not reasonably foresee" that employing the receiver as her litigation counsel, and then repeatedly using his testimony as evidence, might result in a Rule 3.7 problem at trial. That is exactly the scenario the case law describes: a party "able to ascertain that its counsel may be called as a witness either early in the

litigation or at the outset of litigation" who later seeks to label the predictable disqualification consequences as "substantial hardship." *Eon Streams*, 2007 WL 954181, at *8. The law does not permit it.

C. **The Presence of Experienced Co-Counsel Defeats Any Claim of Hardship in Any Event**

Even if the Trustee could clear the "self-inflicted" hurdle – and she cannot – her showing still would not amount to "substantial hardship." Courts evaluating Rule 3.7(a)(3) look to whether the client will truly be left without effective representation or whether there are other lawyers who can capably step into the trial role. *Eon Streams* is instructive on this point. There, the court rejected a hardship claim despite the lawyer-witness's deep familiarity with the case because the client remained represented by a law firm and by co-counsel who had already participated in the case. 2007 WL 954181, at *7–8. *Wyndham* and *Harbin* likewise recognize that the cost of having another lawyer within the same firm take over, or the loss of a particular attorney's "feel" for the case, does not amount to "substantial hardship" where the client's overall representation remains intact.

The Trustee here is in an even weaker position. She has at all times been represented not only by Young, but also by co-counsel from the same law firm, Ron Steen. Steen is an experienced litigator who has appeared in this case, signed filings, and is fully capable of trying the matter – as the Trustee herself concedes in her motion. Disqualifying Young as trial counsel would not leave the Trustee without counsel or even without her chosen firm; it would simply require that Steen assume the role of lead trial advocate. That very well may involve some duplication of effort and some allocation of cost, but those are ordinary, predictable consequences of the Trustee's decision to press forward with a dual-role lawyer, not the sort of extraordinary prejudice that Rule 3.7(a)(3) contemplates.

12
Case 3:20-ap-90002   Doc 370   Filed 12/05/25   Entered 12/05/25 17:39:41   Desc Main
Document      Page 12 of 16

In short, whatever inconvenience the Trustee now faces is the direct and foreseeable result of her own strategic decisions. Under the governing precedent, that is not "substantial hardship" as a matter of law. The "substantial hardship" exception therefore provides no basis for preserving Young's role as trial counsel while simultaneously depriving Defendants of their right to examine him as a witness. The appropriate application of Rule 3.7 is to recognize that the Trustee's self-created conflict does not excuse compliance with the advocate-witness rule and that Young's necessary testimony requires adjustment of his role as advocate, not suppression of his testimony.

## VII. THE PROPER APPLICATION OF RULE 3.7 IS TO DISQUALIFY YOUNG AS TRIAL COUNSEL, NOT TO STRIKE HIM AS A WITNESS

When Rule 3.7 is applied to the facts of this case, its implications are straightforward. The Trustee's own conduct – employing Young despite his role as a witness and then repeatedly re-christening him as a material witness by affirmatively using his sworn testimony as evidence – confirms that Young is "likely to be a necessary witness" on disputed, material issues. In that circumstance, the rule does not authorize the Court to bar his testimony. It requires the Court to prohibit his acting as an advocate at trial.

The Trustee's proposed solution is the opposite of what Rule 3.7 contemplates. She asks the Court to preserve Young in the role the rule most directly questions – trial advocate – while eliminating the role the rule assumes is proper – witness. That inversion would allow the Trustee to keep the benefit of her chosen counsel's advocacy and prior testimony while depriving Defendants of the opportunity to test that testimony through live examination at trial. It would also erode the basic policy underlying the advocate–witness rule: avoiding confusion and preserving the integrity of the fact-finding process by separating the lawyer who argues the case from the witness who supplies the facts.

The record here presents none of the circumstances that might justify such an inversion. The Trustee is not at risk of being left without counsel. She has long been represented by another experienced bankruptcy trial lawyer from the very same law firm, Ron Steen, who can assume the role of lead trial advocate. Indeed, the law firm Young practices with will remain in the case and will retain the benefit of his institutional knowledge. Any duplication of effort or additional expense involved in shifting trial responsibilities is a predictable consequence of the Trustee's own decision to proceed for years with a dual-role lawyer, not the sort of unexpected, external hardship that could justify overriding Rule 3.7.

By contrast, the harm from granting the Trustee's request would fall entirely on Defendants and on the integrity of the trial itself. Defendants would be denied the ability to examine, in person, the lawyer whose testimony the Trustee has asked this Court to credit in support of summary judgment. The Court would be asked to accept that testimony on paper while being denied the usual tools – live questioning, demeanor assessment, and the ability to probe gaps or inconsistencies – that trials exist to provide. There is no principled basis in Rule 3.7 or the case law permitting that result.

Perhaps most importantly, leaving Young in place as trial counsel welcomes reversible error. <u>If the Court permits that dual role, it not only contravenes Rule 3.7 but creates a serious likelihood that any judgment entered after trial will be vulnerable to reversal and that the parties will be forced to try the case all over again with a different judge who has not been subjected as a fact-finder to the taint Rule 3.7 prohibits.</u>

The proper remedy is the one the rule and the authorities anticipate. Defendants respectfully submit that the Court should (1) deny the Trustee's motion to strike Phillip Young from Defendants' witness list and (2) disqualify Young from acting as the Trustee's trial counsel

at the upcoming trial, leaving the Trustee represented by her existing co-counsel and firm while allowing the fact-finder to hear and evaluate Young's testimony in the ordinary way.

## VIII. CONCLUSION

The Trustee's motion is the culmination of a series of strategic choices that now have predictable consequences. From the earliest days of this case, the Trustee has known that Phillip Young was not a detached bankruptcy litigator but a fact witness to the underlying events the Trustee elected to make a part of her case in chief. With full knowledge of that role, the Trustee chose to employ Young as her litigation counsel. She (*and he*) then elected, repeatedly, to use Mr. Young's personal testimony as evidence – through declarations, through his deposition, and through extensive reliance on that testimony in her motion for partial summary judgment and statement of undisputed material facts.

Having made Mr. Young a central part of her narrative at the dispositive-motion stage, the Trustee cannot now prevent Defendants from doing at trial what the Rules of Civil Procedure and Evidence allow: examining him in open court.

Here, any tension between Young's necessary testimony and his service as trial counsel is entirely of the Trustee's own making. She chose to hire the receiver as her lawyer. She chose to use his testimony to support dispositive motions. She chose to wait until the eve of trial to raise the advocate–witness issue; and after Defendants identified Young on their witness list. Under the governing law, the resulting conflict cannot be converted into a basis to shield Young from cross-examination or to deprive Defendants of their right to present his live testimony.

The appropriate application of Rule 3.7 in these circumstances is straightforward. For all of these reasons, Defendants respectfully request that the Court (1) deny the Trustee's Motion to Strike Phillip Young as a witness for Defendants, and (2) disqualify Phillip Young from serving

as the Trustee's trial counsel in this matter pursuant to Rule 3.7. This result vindicates the purposes of the advocate–witness rule, preserves Defendants' right to present live testimony from a witness the Trustee herself has made material, and ensures that the Court, as fact-finder, has the benefit of a full and fair evidentiary record at trial.

Date: December 5, 2025             Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC, Afsoon Hagh and Hagh Law PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed December 5, 2025 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*