# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br><br>CUMMINGS MANOOKIAN, PLLC,<br><br>    Debtor.<br><br>JEANNE ANN BURTON, TRUSTEE,<br><br>    Plaintiff,<br>v.<br><br>HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST CITIZENS BANK & TRUST CO.,<br><br>    Defendants. | Case No. 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br><br>Adv. Proc. No. 3:20-ap-90002 |

## TRUSTEE'S REPLY REGARDING MOTION
## TO STRIKE PHILLIP YOUNG AS WITNESS

Plaintiff Jeanne Ann Burton ("Trustee"), Chapter 7 Trustee for Cummings Manookian PLC ("Debtor"), submits this brief Reply ("Reply") to Defendants Afsoon Hagh, Hagh Law, PLLC, and Manookian PLLC's Response to Plaintiff's Motion in Limine to Strike Phillip Young as a Trial Witness (Doc. 370) (the "Response"). The purpose of this Reply is to point out two potentially misleading omissions in the Response.

It is clear that the purpose of the Defendants' listing undersigned counsel as a witness is to attempt to prejudice the Trustee by disqualifying her counsel on the eve of trial. But the Tennessee Rules of Professional Conduct neither require, nor permit, this result. First, as the Trustee noted in her original motion, she does not believe that Phillip Young's testimony is relevant to this matter. However, to the extent his testimony would be relevant, it certainly would not concern any contested issue. Rule 3.7 of the Tennessee Rules of Professional Conduct contains a specific exception to disqualification if "the testimony relates to an uncontested issue." Rule 3.7(a)(1). The Trustee's case is based almost exclusively on documentary evidence and she believes that there are no material facts in dispute in this case whatsoever; and certainly none on which Mr. Young might opine.

Second, none of the cases on which the Defendants' Response relies are applicable to this trial, which is set to be heard by the presiding judge, not a jury. The cases on which the Defendants rely in their attempts to disqualify undersigned counsel each had jury demands: *Eon Streams, Inv. v. Clear Channel Communications, Inc.*, a case out of the Eastern District of Tennessee, and *Wyndham Vacation Ownership, Inc. v. Vacation Transfers Unlimited,* a case out of the Middle District of Tennessee.[1] As the Trustee pointed out in her motion, the drafters of Rule 3.7 specifically noted that the purpose of this rule is to prevent confusion among the trier of fact. Here, where the trier of fact is an experienced member of the federal judiciary as opposed to a jury, there is no possibility that Mr. Young's participation as counsel and as an ancillary witness would be misleading or confusing.

Disqualification of the Trustee's counsel, just days before the trial and six (6) years into this litigation, would severely prejudice the Trustee, especially considering the irrelevance of Mr. Young's testimony about uncontested matters. Disqualification at this point in the case would force the Trustee to file an emergency motion to continue the trial. If the Court thinks this testimony might be relevant, the Trustee has offered two satisfactory alternatives: admit Mr. Young's deposition testimony as evidence in this trial or allow him to testify while remaining involved as counsel in the remainder of the trial. Disqualification is a prejudicial and inequitable outcome not justified by the Rules of Professional Conduct.

Respectfully submitted,

*Phillip G. Young, Jr.*
Phillip G. Young, Jr. (BPR #021087)
THOMPSON BURTON, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008
phillip@thompsonburton.com
*Special Counsel to Trustee*

---

[1] The Response also cites *General Mill Supply Co. v. SCA Services, Inc.* and *Harbin Enterprises General Partnership v. Ingram Micro Inc. General Mill* was a 1982 case decided pre-ABA Model Code, and *Harbin* refused to disqualify counsel.

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that, on the same day as this filing, the foregoing document was electronically filed using the Court's CM/ECF system and served via the CM/ECF system upon all parties accepting electronic service, including counsel for the Defendants.

       *Phillip G. Young, Jr.*
       Phillip G. Young, Jr.